UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. _____<br><br>*IN ADMIRALTY* |

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioners, through undersigned counsel DUANE MORRIS LLP and BLANK ROME LLP, hereby file this Petition for Exoneration from or Limitation of Liability. Petitioners allege upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, and Petitioners assert an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules") because the vessel that is the subject of this action is presently located within this judicial District.

3. Petitioner GRACE OCEAN PRIVATE LIMITED ("Owner") is a corporation organized and existing under the laws of Singapore with its registered office in Singapore. Owner was at all relevant times the registered owner of the M/V DALI (IMO No. 9697428) (the "Vessel").

4.      Petitioner SYNERGY MARINE PTE LTD ("Synergy") is a corporation organized and existing under the laws of Singapore with its registered office in Singapore. At all relevant times, Synergy was the manager of the Vessel pursuant to an Agreement for Marine Services with Owner. Under the Agreement, Synergy was responsible for, among other things, manning and victualing the Vessel, procuring and providing deck, engine, and cabin stores, maintenance and repairs for hull and machinery, providing spare parts, maintenance and repairs for the Vessel, and communicating with Owner and the Vessel's time charterers. At all relevant times, Synergy had substantial control of and exercised dominion over the Vessel.

5.      The Vessel is a containership of 95,128 gross metric tons, registered under the laws of Singapore. The Vessel was built in 2015, and has a length overall of 299.92 meters, a molded breadth of 48.2 meters, and a molded depth of 24.80 meters.

6.      The Francis Scott Key Bridge ("Key Bridge") was a 1.6-mile span over the Patapsco River at the outer crossing of the Baltimore Harbor. It is owned by the Maryland Transportation Authority. The Key Bridge was completed in 1977 and made up part of Interstate 695, also known as the Baltimore Beltway.

7.      On March 26, 2024, the Vessel commenced a voyage from Baltimore, Maryland, bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The Vessel had a cargo of 4679 containers.

8.      At or about 00:40 local time on March 26, 2024, the Vessel left berth at the Port of Baltimore with two tugs alongside and a pilot onboard, as is the requisite procedure in the Port of Baltimore. At or about 00:55 local time, the aft tug cast off from the Vessel. At or about 00:57 local time, the Vessel turned to port. At or about 01:08 local time, the forward tug cast off from the Vessel.

9. The Vessel entered the shipping channel at or about 01:08 local time and was heading 141 degrees true. Approximately seven to ten (7-10) minutes later, the Vessel experienced a loss of power and propulsion in the shipping channel. The Vessel made efforts to regain power, which occurred briefly, but power was lost a second time shortly thereafter. The Vessel drifted to starboard, then dropped anchor in response to the loss of power and propulsion.

10. At or about 01:28 local time on March 26, 2024, the Vessel allided with the Key Bridge (the "Casualty").

11. As a result of the Casualty, portions of the Key Bridge collapsed and were damaged. The Vessel and certain cargo aboard also sustained damage.

12. Prior to the Casualty, eight (8) construction workers were on the bridge. Two (2) of these workers reportedly suffered injuries, two (2) died, and, at present, four (4) are missing but presumed dead following the Casualty.

13. The Casualty was not due to any fault, neglect, or want of care on the part of Petitioners, the Vessel, or any persons or entities for whose acts Petitioners may be responsible.

14. Alternatively, if any such faults caused or contributed to the Casualty, or to any loss or damage arising out of the Casualty, which is denied, such faults were occasioned and occurred without Petitioners' privity or knowledge.

15. The sound value of the Vessel at the time of the voyage did not exceed $90,000,000.

16. Substantial investigation of the damage to the Vessel as a result of the Casualty is ongoing; however, repair costs are presently estimated to be at least $28,000,000.

17. Salvage of the Vessel is ongoing; however, salvage costs are presently estimated to be at least $19,500,000.

18. Accordingly, the value of the Vessel at the termination of the voyage is presently estimated to be approximately $42,500,000.

19. There was pending freight in connection with the voyage of approximately $1,170,000.

20. Subject to an express reservation of rights, Petitioners offer an Interim Stipulation of Value in the amount of $43,670,000 (*i.e.*, sound value of the vessel plus pending freight less repair costs and salvage costs). Petitioners' Interim Stipulation is being filed herewith. The value in the Interim Stipulation is expected to be substantially less than the amount that has been or will be claimed for any losses or damages arising out of the Casualty. Petitioners will file an amended stipulation for value once the repair and salvage costs are finally determined.

21. Petitioners are aware of potential demands or claims against them and/or the Vessel arising out of the Casualty. The identity of all such potential claimants and the amounts of their claims have not yet been fully determined.

22. This Petition is timely filed.

23. Petitioners claim exoneration from liability for any and all losses or damage arising out of the Casualty and from any and all claims for damages that have been or may be filed. Petitioners further allege that they have valid defenses to any and all such claims.

24. Petitioners alternatively claim the benefits of limitation of liability provided by 46 U.S.C. §§ 30501, *et seq.*, as supplemented and amended (the "Limitation Act"). To that end, Petitioners are ready and willing to give a stipulation with sufficient surety for the payment into the Court of the value of the Vessel and its pending freight, and for costs, as provided for by the Limitation Act, Rule F of the Supplemental Rules, and the rules and practices of this Court.

WHEREFORE, Petitioners pray:

(a) That this Court issue an order directing Petitioners to file their Interim Stipulation, for the payment into the Court for the benefit of claimants, concerning the value of the Vessel and its pending freight in connection with the voyage with interest at the rate of 6% *per annum* from the date of said security, or whenever the Court shall so order, such stipulation to be subject to Court approval;

(b) That this Court issue an order directing the issuance of a notice to all persons asserting claims with respect to which this Petition seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve a copy of such claims upon Petitioners' attorneys on or before a date to be named in the notice;

(c) That this Court issue an order enjoining the commencement of or further prosecution of any claims or causes of action against Petitioners except in this action;

(d) That this Court determine that Petitioners are not liable for any loss or damage arising out of the Casualty;

(e) In the alternative, if the Court determines that Owner and/or Synergy is liable, that such liability be limited to the value of the Vessel and its pending freight in connection with the voyage, and that Petitioner(s) be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to be paid be divided pro-rata among the claimants that are successful in proving their claims, reserving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner(s) from all further liability; and

(f) That the Court may grant such other and further relief as the justice of the cause may require.

Dated: April 1, 2024

/s/
DUANE MORRIS LLP
Robert B. Hopkins (Bar No. 06017)
rbhopkins@duanemorris.com
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
100 International Drive, Suite 700
Baltimore, MD 21202
(410) 949-2900

BLANK ROME LLP
William R. Bennett III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Counsel for Petitioners*

SEWARD & KISSEL LLP
Bruce G. Paulsen (*not admitted in Maryland*)
Paulsen@sewkis.com
One Battery Park Plaza
New York, NY 10004

*Of Counsel for Synergy Marine Pte Ltd*

\*Applications for admission *pro hac vice* forthcoming