UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

NOW COMES Claimants/Respondents, American Publishing, LLC, Karen Austin, and Charles Austin, Jr. (collectively, "Claimants"), individually and on behalf of all others similarly situated, to respond to the Petition for Exoneration from or Limitation of Liability, by admitting, denying, and alleging, based on information and belief, as follows:

1. Claimants acknowledge the admiralty and maritime jurisdiction of this Court but specifically reserve the right to a jury trial in a preferred forum. Regarding the remaining content of Paragraph 1, no response is necessary from Claimants. Where a response is required, the allegations are denied.

2. Claimants acknowledge that the venue is appropriate in this Court.

3. Claimants recognize that Petitioners claim that GRACE OCEAN PRIVATE LIMITED ("Grace Ocean") is the registered owner of the M/V DALI (the "Dali" or "Vessel"). However, Claimants currently lack sufficient information to verify the other assertions in Paragraph 3, and therefore deny those claims.

1

4. Claimants recognize that Petitioners claim that SYNERGY MARINE PTE LTD ("Synergy") managed the Dali during the relevant periods mentioned but lack enough information to confirm the other assertions in Paragraph 4, thus denying those claims.

5. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 5 and therefore deny those claims.

6. Claimants acknowledge that the Francis Scott Key Bridge ("Key Bridge") spans 1.6 miles over the Patapsco River at the outer crossing of the Baltimore Harbor, was completed in 1977, and forms part of Interstate 695, also known as the Baltimore Beltway. Claimants dispute and deny the remaining assertions in Paragraph 6.

7. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 7 and therefore deny those claims.

8. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 8 and therefore deny those claims.

9. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 9 and therefore deny those claims.

10. Claimants confirm that at approximately 1:28 AM local time on March 26, 2024, the Dali collided with the Key Bridge.

11. Claimants agree that the collision caused parts of the Key Bridge to collapse and sustain damage, but lack sufficient information to confirm the other assertions in Paragraph 11, and therefore deny those claims.

12. Claimants agree that as a result of the collision, at least two construction workers were injured, four died, and two remain missing and are presumed deceased. Claimants lack sufficient information to confirm the other assertions in Paragraph 12.

13. Claimants dispute and deny the assertions and conclusions stated in Paragraph 13.

14. Claimants dispute and deny the assertions and conclusions stated in Paragraph 14.

15. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 15 and therefore deny those claims.

16. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 16 and therefore deny those claims.

17. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 17 and therefore deny those claims.

18. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 18 and therefore deny those claims.

19. Claimants lacks sufficient information to form an opinion on the assertions of Paragraph 19 and therefore deny those claims.

20. Claimants acknowledge that Petitioners have proposed an Interim Stipulation of Value at $43,670,000, which is substantially lower than the expected claims for losses and damages due to the Dali's collision with the Key Bridge. Claimants lack sufficient information to confirm the other assertions in Paragraph 20, and therefore deny those claims.

21. Claimants lack sufficient information to form an opinion on the assertions of Paragraph 21 and therefore deny those claims.

22. Claimants acknowledge the assertion of Paragraph 22.

23. Claimants disputes and deny the assertions, conclusions, and the entitlement to relief claimed by Petitioners in Paragraph 23.

24. Claimants dispute and deny the assertions, conclusions, and the entitlement to relief claimed by Petitioners in Paragraph 24.

## CLAIMANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations in the Petition for Exoneration from or Limitation of Liability do not establish a basis for relief to be granted.

### SECOND DEFENSE

Claimants reserve the right to contest the alleged value of the Dali, her engines, apparel, appurtenances, pending freight, and any other assets described or implied in the Petition, and the adequacy of the security posted.

### THIRD DEFENSE

The limitation fund is insufficient, and the Petition for Exoneration from or Limitation of Liability should be dismissed due to inadequate security deposit by Petitioners for the Vessel.

### FOURTH DEFENSE

Petitioners are not entitled to limit their liability because the Dali was operated in a willful, wanton, and reckless manner or, alternatively, the conduct and actions leading to Claimants' damages occurred with the privity and knowledge of Petitioners and the owners, managing owners, owners pro hac vice, and/or operators of the Dali.

### FIFTH DEFENSE

Petitioners are not entitled to limit their liability because the Dali was, at all relevant times, known to be unseaworthy by Petitioners and the managing parties due to inadequate training, maintenance, equipment, and oversight, which may be demonstrated at trial.

### SIXTH DEFENSE

Petitioners are not entitled to limit their liability because they and the managing parties did not exercise due diligence to ensure the vessel's seaworthiness at the start of the voyage during which the incident occurred.

**SEVENTH DEFENSE**

The incident and resulting damages were caused by the fault, negligence, and regulatory violations of Petitioners and their agents, which were within the privity and knowledge of Petitioners, thus precluding exoneration from liability.

**EIGHTH DEFENSE**

The incident and damages were caused by the unseaworthiness of the Dali and the negligence of its crew and shoreside management, precluding exoneration from liability.

**NINTH DEFENSE**

The Petition contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and a more definite statement of the allegations is required.

**TENTH DEFENSE**

The damages and losses were due to negligence, fault, or lack of due care by Petitioners or those under their responsibility, and/or the unseaworthiness of the Dali, all within the privity and knowledge of Petitioners, for which the Petition should be denied.

**ELEVENTH DEFENSE**

The damages and losses sustained by Claimants were not the result of any negligence, fault, or lack of due care on the part of Claimants.

**TWELFTH DEFENSE**

Claimants reserve all rights to pursue all available claims in federal court.

**THIRTEENTH DEFENSE**

Claimants reserve all rights to pursue all available claims and no part of this response shall be construed as a waiver of these rights.

**FOURTEENTH DEFENSE**

Claimants reserve the right to pursue all available claims in State Court, pursuant to the "Savings to Suitors" clause, the general maritime law, and all other remedies, for resolution of any issues beyond the determination of admiralty jurisdiction and limitation requirements.

**FIFTEENTH DEFENSE**

Claimants reserve the right to assert additional affirmative defenses as more facts become available.

WHEREFORE, Claimants American Publishing, LLC, Karen Austin, and Charles Austin, Jr. request that this Court deny the Petitioners' petitions for exoneration and limitation of liability and hold Petitioners jointly and severally liable for all damages arising from the collision of the Dali into the Key Bridge on March 26, 2024, including all claims of Claimants.

Dated: April 25, 2024					Respectfully submitted,

**SMOUSE & MASON, LLC**


/s/*Roy L. Mason*
Roy L. Mason (00922)
Zachary E. Howerton (20688)
223 Duke of Gloucester Street
Annapolis, Maryland 21401
Tel.: 410-269-6620
Fax: 410-269-1235
rlm@smouseandmason.com
zeh@smouseandmason.com

**MILBERG BRYSON COLEMAN
PHILLIPS GROSSMAN, PLLC**

Marc D. Grossman*
Gregory F. Coleman*
Victoria J. Maniatis*
James R. DeMay*
Melissa K. Sims*
800 South Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel.: 866-252-0878
mgrossman@milberg.com
gcoleman@milberg.com
vmaniatis@milberg.com
jdemay@milberg.com
msims@milberg.com

* pro hac vice motions to be filed

**LOCHNER LAW FIRM, P.C.**

*/S/ Todd D. Lochner*
Todd D. Lochner (25691)
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, Maryland 21401
Tel: 410-716-4400
tlochner@boatinglaw.com

*Counsel for Claimants*

7

**CERTIFICATE OF SERVICE**

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on the 25th day of April, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

/s/*Roy L. Mason*_____
Roy L. Mason