UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **In the Matter of the Petition** **of** **GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,** **and** **SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,** **for Exoneration from or Limitation of Liability** | **Docket No. JKB 24-cv-941** *IN ADMIRALTY* |

## CLAIMANT DAMON DAVIS' EMERGENCY MOTION FOR PRETRIAL CONFERENCE

COMES NOW Claimant Damon Davis ("Claimant"), by counsel William H. Murphy, Jr., Andrew K. O'Connell, Ronald E. Richardson and the law firm of Murphy, Falcon & Murphy, and Jason P. Foster, and the Pence Law Firm PLLC, and, pursuant to Rule 16 of the Federal Rules of Civil Procedure, states as follows in support of his Emergency Motion for Discovery Conference:

1) On April 12, 2024, counsel for Petitioners sent an email to counsel for various interested parties (excerpts of which are attached hereto as Exhibit 1), stating, in pertinent part, as follows: "1. **Witnesses** – We have already made clear that we fully intend for all crew members to remain aboard the vessel for the foreseeable future and that, *in the event it becomes necessary for a crew member to leave the vessel that we will give everyone as much notice as possible so that arrangements can be made to preserve their testimony*." (Bold in original, italics added).

2) On June 18, 2024, counsel for Petitioners sent an email to counsel for various interested parties (attached hereto as Exhibit 2) stating that several members of the crew of the

1

Dali were set to be released to their respective home countries "on or about June 20th" (the "Crew Release Email").

2) While counsel for certain interested parties were generally aware of the eventual release of the Dali's crew, the Crew Release Email was the <u>first</u> indication of the when the release may occur.

3) In the Crew Release Email, Petitioners represented, among other things, that, in anticipation of potential requests to depose crew members, ". . . we requested that USCG assist with securing temporary parole from CBP following their replacement in order to allow the crew members to briefly remain in the United States. USCG denied our request." *Id*.

4) Upon information and belief, all of the crew members of the Dali are from either India or Sri Lanka.

5) Upon information and belief, all of the crew members remain eligible to return to their employment in the international maritime industry.

6) Rule 16(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; . . . (4) improving the quality of the trial through more thorough preparation. . ."

7) According to Fed. R. Civ. Pro. 16(c)(2), "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . (F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37; . . . (L) adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual

proof problems; . . . and (P) facilitating in other ways the just, speedy, and inexpensive disposition of the action."

8) Pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, "[a]fter any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it."

9) In the present action, the return of the crew members of the Dali to their respective home countries without a plan for their respective depositions presents numerous legal and logistical issues that will exacerbate the inherent complexities and difficulties in this matter.

WHEREFORE, Claimant respectfully requests that, in light of the fact that certain members of the crew of the Dali may depart the United States as early as tomorrow and that the Courts will be closed tomorrow in observance of Juneteenth: (1) the Court convene an emergency conference call with all interested parties at 5:00 p.m., Eastern Standard Time, today; (2) that the Court convene an emergency pretrial conference as soon as practicable thereafter; and (3) enjoin any and all crew members of the Dali from the leaving the Court's jurisdiction until such time that the Court enters an Order addressing the matter of the scheduling of depositions of the crew of the Dali.

Dated this 18th day of June, 2024.

**DAMON DAVIS,**

**By Counsel:**

    /s/ Andrew K. O'Connell
William H. Murphy, Jr., Esq.
Andrew K. O'Connell, Esq.
Ronald E. Richardson, Esq.
Murphy, Falcon & Murphy
One South Street, 30th Floor

Baltimore, MD 21202
Telephone: (410) 951-8744
Facsimile: (410) 539-6599
Email:
Billy.murphy@murphyfalcon.com
Andrew.oconnell@murphyfalcon.com
Ronald.richardson@murphyfalcon.com

and

Jason P. Foster, Esq. (Pro hac vice admission pending)
Pence Law Firm PLLC
10 Hale Street, 4th Floor
Charleston, WV  25301
Telephone: (304) 345-7250
Facsimile: (304) 553-7227
Email: jfoster@pencefirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

## CERTIFICATE OF SERVICE

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on the 18th day of June, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

                                                      */s/ Andrew K. O'Connell*
                                                      Andrew K. O'Connell, Esq.