# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability** | * * * * * * |

**Civ. No. 24-00941-JKB**

*IN ADMIRALTY*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court are two emergency Motions from Claimants Damon Davis (ECF No. 43) and the Mayor and City Council of Baltimore ("the City") (ECF No. 44) requesting that the Court hold a telephone status call on an expedited basis, and that the Court issue an order enjoining certain crew members of the M/V Dali from leaving the United States to allow Claimants the opportunity to depose those crew members. The Claimants explain that the crew members are expected to return to their home countries in the immediate future, as soon as June 20, 2024. (ECF No. 43 at 2; ECF No. 44 at 2.) The Court will set in a Hearing to hear the Parties' positions regarding these Motions.

The Motions were filed with nearly no notice and seek immediate action from the Court, without providing any time for opposing parties to be heard in response and without citing to any authority that supports the relief requested. The only authority to which Davis cites is Federal Rule of Civil Procedure 16, but that rule simply gives the Court authority to hold conferences to adopt measures for managing the Court's docket; it provides no authority for the Court to forbid persons from leaving the jurisdiction. The City likewise fails to cite to any authority supporting the relief sought. Moreover, an order enjoining the crew members from leaving the jurisdiction would implicate their liberty interests. The Court would not take such an action lightly, and in

particular, not without assurance that (1) it had the authority to issue such an order, and (2) the crew members' rights would be adequately protected.

That said, the Claimants' filings bring to the Court's attention an email from Petitioners, Grace Ocean Private Limited and Synergy Marine Pte Ltd, which may have led Claimants to believe that the crew members would be available for depositions. It appears that counsel for Petitioners sent an email to many interested parties on April 12, 2024, assuring the parties that Petitioners "fully intend for all crew members to remain aboard the vessel for the foreseeable future and that, in the event it becomes necessary for a crew member to leave the vessel that we will give everyone as much notice as possible so that arrangements can be made to preserve their testimony." (ECF No. 43-1 at 1.) But then, at approximately 10:30 a.m. this morning, Tuesday, June 18, 2024, counsel for Petitioners explained that eight crew members would be leaving Baltimore "on or about June 20th." (ECF No. 43-2.) Counsel for Petitioners also stated in that email that they saw no need for depositions because criminal counsel for the crew members had already told Petitioners that, if the crew members were deposed, he would advise them to invoke their Fifth Amendment right to silence. (*Id.*)

Given this turn of events, the Court will set in a Hearing, requiring the presence of certain counsel. The Parties will be expected to discuss the Court's authority to order the relief sought in the Motions. The Court will also review the chain of events that led to Petitioners' email announcing the imminent departure of the crew members. While the Court is not enjoining the crew members' travel, the Court will direct Petitioners not to facilitate the departure of any crew members prior to the conclusion of the Hearing, and will direct the United States not to deport the crew members and to take whatever affirmative action is necessary to ensure the crew members' presence in this jurisdiction through the conclusion of the Hearing, pursuant to the Court's inherent

authority and the All Writs Act. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

Accordingly, it is ORDERED that:

1. A HEARING is set in for Thursday, June 20, 2024 at 10:00 a.m. in Courtroom 5A at 101 W. Lombard St. Baltimore, MD.  The following persons must appear at the Hearing:

    a. Counsel for Davis and for the City;

    b. Counsel for Grace Ocean Private Limited and Synergy Marine Pte, Ltd; and

    c. Counsel for the United States with authority to speak for the Department of Justice, United States Customs and Border Protection, the National Transportation Safety Board, and the United States Coast Guard.

2. Grace Ocean Private Limited and Synergy Marine Pte Ltd SHALL NOT FACILITATE the departure of any crew members from this jurisdiction prior to the Hearing.

3. The United States SHALL NOT DEPORT and SHALL OTHERWISE TAKE ANY APPROPRIATE ACTION necessary to facilitate the crew members' presence in this jurisdiction until the conclusion of the Hearing.

DATED this **18th** day of June, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge
