UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>IN ADMIRALTY |

**ANSWER OF CLAIMANT/RESPONDENT,
UNDERWOOD ENERGY INC.,
TO THE PETITION FOR EXONERATION FROM OR
<u>LIMITATION OF LIABILITY</u>**

COMES NOW, Claimant/Respondent, UNDERWOOD ENERGY INC., ("Claimant"), by and through undersigned counsel, and hereby answers the Petition for Exoneration from or Limitation of Liability filed herein by admitting, denying, and alleging, on information and belief as follows:

1. Claimant admits to the admiralty and maritime jurisdiction of this Court, but specifically demands the right to a trial by jury in a forum of its choice. As to the remaining allegations in Paragraph 1, no response is required of Claimant. To the extent that a response is required, the allegations are denied.

2. Claimant admits that Venue is proper in this Court.

3. Claimant admits that Petitioners allege that GRACE OCEAN PRIVATE LIMITED ("Grace Ocean") is a registered owner of the M/V DALI (the "Dali" or "Vessel"), but currently lacks sufficient information to form a belief about the other allegations in Paragraph 3 and, on that basis, denies those allegations.

4. Claimant admits that Petitioners allege that SYNERGY MARINE PTE LTD ("Synergy") was a manager of the Dali at all relevant times hereto, but currently lacks sufficient information to form a belief about the other allegations in Paragraph 4 and, on that basis, denies those allegations.

5. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 5 and, on that basis, denies those allegations.

6. Claimant admits that the Francis Scott Key Bridge ("Key Bridge") was a 1.6 mile span over the Patapsco River at the outer crossing of the Baltimore Harbor, and that the Key Bridge was completed in 1977 and made up part of Interstate 695, also known as the Baltimore Beltway. Claimant denies and disputes the remaining allegations set forth in Paragraph 6.

7. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 7 and, on that basis, denies those allegations.

8. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 8 and, on that basis, denies those allegations.

9. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 9 and, on that basis, denies those allegations.

10. Claimant admits that, at or about 1:28 am local time on March 26, 2024, the Dali allided with the Key Bridge.

11. Claimant admits that, as a result of the allision, portions of the Key Bridge collapsed and were damaged, but currently lacks sufficient information to form a belief about the other allegations in Paragraph 11 and, on that basis, denies those allegations.

12. Claimant admits that, as a result of the Dali's allision with the Key Bridge, at least two construction workers suffered injuries, four construction workers died, and two construction workers remain missing but are presumed dead. Claimant lacks sufficient information to form a belief about the other allegations in Paragraph 12.

13. Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 13.

14. Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 14.

15. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 15 and, on that basis, denies those allegations.

16. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 16 and, on that basis, denies those allegations.

17. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 17 and, on that basis, denies those allegations.

18. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 18 and, on that basis, denies those allegations.

19. Claimant currently lacks sufficient information to form a belief about the allegations in Paragraph 19 and, on that basis, denies those allegations.

20. Claimant admits that Petitioners have offered an Interim Stipulation of Value in the amount of $43,670,000. Claimant admits that this Interim Stipulation is substantially less than

the amount that will be claimed for losses and damages arising out of the Dali's allision with the Key Bridge. Claimant currently lacks sufficient information to form a belief about the other allegations in Paragraph 20 and, on that basis, denies those allegations.

21. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 21 and, on that basis, denies those allegations.

22. Claimant admits the allegation of Paragraph 22.

23. Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 23, and further denies that Petitioners are entitled to the relief claimed therein.

24. Claimant denies and disputed the allegations, beliefs, and legal conclusions set forth in Paragraph 24, and further denies that Petitioners are entitled to the relief claimed therein.

## CLAIMANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Petition for Exoneration from or Limitation of Liability fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Claimant reserves the right to challenge Petitioners' alleged value of the Dali, her engines, apparel, appurtenances, pending freight, and any other assets described or whose existence is implied in the Petition, and the adequacy of the security posted.

### THIRD DEFENSE

The limitation fund is inadequate and the Petition for Exoneration from Limitation of Liability should be dismissed because Petitioners have failed to deposit adequate security for the Vessel.

### FOURTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to Claimant's damages and losses took place with the privity and knowledge of Petitioners and the owners, managing owners, owners *pro hac vice,* and/or operators of the Dali.

### FIFTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was known by Petitioners and by the owners, managing owners, owners *pro hac vice,* and/or operators of the Dali to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and it appurtenances, failing to properly equip the vessel, failing to conduct adequate inspections of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the Dali and/or her crew, and/or other failure, acts, or omissions of the Petitioners and of the Dali which may be shown at trial.

### SIXTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice,* charterers, and/or operators of the Dali did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

### SEVENTH DEFENSE

The incident and resulting damages and losses which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the fault, negligence, breach of

warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

### EIGHTH DEFENSE

The incident and resulting damages which are the subject of the Petition for Exoneration from, or Limitation of Liability were caused by the unseaworthiness of the Dali and the negligence of the vessel's crew and shoreside management, and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

### NINTH DEFENSE

The Petition for Exoneration from or Limitation of Liability contains vague and ambiguous statement which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definite statements of the allegations, regardless of the nature, manner, and extent of the within Answer and Claim.

### TENTH DEFENSE

The events culminating in the damages and losses of Claimant were the result of negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the Dali, all of which was within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied.

### ELEVENTH DEFENSE

The events culminating in the damages and losses sustained by Claimant were not the result of any negligence, fault, or want of due care on the part of Claimant.

### TWELFTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in federal court.

### THIRTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims and no part of this Answer and Claim shall be construed to be a waiver of these rights.

### FOURTEENTH DEFENSE

Claimant specifically reserves the right to pursue all available claims in State Court, pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the general maritime law, and all other remedies (including state law remedies), for resolution of any and all issues beyond a determination of whether admiralty jurisdiction exists and whether limitation is required. The filing of this Claim is in no way a waiver of these rights and defenses, and Claimant is not agreeing to join all issues in this proceeding by filing this Claim.

### FIFTEENTH DEFENSE

Claimant presently lacks sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserves the right to later assert additional affirmative defenses in the event that additional facts become known to it that would justify the assertion of additional defenses.

**WHEREFORE,** Claimant, Underwood Energy Inc., requests that this Court deny Petitioners' petition for exoneration from liability, deny Petitioners' petition for limitation of liability, and find Petitioners jointly and severally liable for all damages arising from the allision of the Dali into the Key Bridge on March 26, 2024, including all claims of Claimant.

Dated: August 27, 2024

Respectfully submitted,

*Bryan Short*
_____
Bryan Short (MD Bar 2008050008)
Effectus, PLLC
800 Connecticut Ave., NW Suite 300
Washington, DC 20006
(202) 888-2107
bryanshort@effectus.legal
*Counsel for Underwood Energy Inc.*

**CERTIFICATE OF SERVICE**

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on this 27th day of August, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

Respectfully submitted,

*Bryan Short*
_____
Bryan Short (MD Bar 2008050008)
Effectus, PLLC
800 Connecticut Ave., NW Suite 300
Washington, DC 20006
(202) 888-2107
bryanshort@effectus.legal
*Counsel for Underwood Energy Inc.*