**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE, LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 1:24-cv-941<br><br>*IN ADMIRALTY* |

### ANSWER OF CLAIMANT/RESPONDENT, BRAWNER BUILDERS, INC. TO THE PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW Claimant/Respondent, Brawner Builders, Inc. ("Brawner"), which hereby answers the Petition for Exoneration from or Limitation of Liability filed herein by admitting, denying, and alleging, on information and belief, as follows:

1. Admitted in part, denied in part. Brawner admits to the admiralty and maritime jurisdiction of this Court, but specifically demands the right to a jury trial in a forum of its choice. The remaining allegations of this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied.

2. Denied. Upon information and belief, the subject vessel is no longer located within this judicial district. Furthermore, the allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied. To the extent a response is required to the factual allegations contained in this paragraph, they are denied and strict proof is demanded at the time of trial.

3.      Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

4.      Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied. To the extent a response is required to the factual allegations contained in this paragraph, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied and strict proof is demanded at the time of trial.

5.      Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

6.      Admitted in part, denied in part. Brawner admits that the Francis Scott Key Bridge was a bridge spanning over the Patapsco River. The remaining allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied. To the extent a response is required to any additional factual allegations contained in this paragraph, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied and strict proof is demanded at the time of trial.

7.      Admitted in part, denied in part. It is admitted that on March 26, 2024, the Vessel commenced a voyage from Baltimore, Maryland. As to the remaining allegations in this paragraph, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied and strict proof is demanded at the time of trial.

8. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

9. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

10. Admitted in part, denied in part. It is admitted that the Vessel allided with the Key Bridge. As to the remaining allegations in this paragraph, after reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied and strict proof is demanded at the time of trial.

11. Admitted in part, denied in part. It is admitted that parts of the Key Bridge collapsed and were damaged. As to the remaining allegations in this paragraph, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied and strict proof is demanded at the time of trial.

12. Denied. Prior to the Vessel alliding with the Key Bridge, seven Brawner employees and one inspector employed by Eborn Enterprises, Inc. were on the Key Bridge. Six of the seven Brawner employees were killed by the Vessel alliding with the Key Bridge and the resulting collapse. One Brawner employee suffered injuries but survived.

13. Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied. Furthermore, the allegations are specifically disputed.

14. Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied. Furthermore, the allegations are specifically disputed.

15. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

16. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

17. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

18. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

19. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

20. Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied. To the extent a response is required to the factual allegations contained in this paragraph, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore, they are denied and strict proof is demanded at the time of trial.

21. Denied. After reasonable investigation, Brawner is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, they are denied and strict proof is demanded at the time of trial.

22. Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied.

23. Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied.  Furthermore, the allegations are specifically disputed.

24. Denied. The allegations in this paragraph contain conclusions of law for which no responsive pleading is required and therefore, they are denied.  Furthermore, the allegations are specifically disputed.

## BRAWNER'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Petition for Exoneration from or Limitation of Liability fail to state a claim upon which relief maybe granted.

### SECOND DEFENSE

Brawner reserves the right to challenge Petitioners' alleged value of the Dali, her engines, appurtenances, pending freight and any other assets described or whose existence is implied in this Petition, and the adequacy of the security posted.

### THIRD DEFENSE

The limitation fund is inadequate and the Petition for Exoneration from or Limitation of Liability should be dismissed because Petitioners have failed to deposit adequate security for the Vessel.

**FOURTH DEFENSE**

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was operated in a willful, wanton, and/or reckless manner or, in the alternative, the conduct and actions which led to Brawner's damages and losses took place with the privity and knowledge of Petitioners and the owners, managing owners, owners *pro hac vice*, and/or operators of the Dali.

**FIFTH DEFENSE**

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was known by Petitioners and the owners, managing owners, owners *pro hac vice*, and/or operators of the Dali to be unseaworthy for, among other things, failing to operate the vessel in such a manner to avoid an allision with the Francis Scott Key Bridge, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to properly equip the vessel, failing to conduct adequate inspections of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the Dali and/or her crew, and/or other failures, acts, or omissions of the Petitioner and of the Dali which may be shown at trial.

**SIXTH DEFENSE**

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice*, charterers and/or operators of the Dali did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

**SEVENTH DEFENSE**

The incident and resulting damages and losses which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

**EIGHTH DEFENSE**

The incident and resulting damages which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the unseaworthiness of the Dali and the negligence of the vessel's crew and shoreside management and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

**NINTH DEFENSE**

The Petition for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Brawner seeks more definite statements of the allegations, regardless of the nature, manner and extent of the within Answer and Claim.

**TENTH DEFENSE**

The events culminating in the damages and losses of Brawner were the result of negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the Dali, all of which was within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied.

**ELEVENTH DEFENSE**

The events culminating in the damages and losses sustained by Brawner were not the result of any negligence, fault, or want of due care on the part of Brawner.

**TWELFTH DEFENSE**

In filing this Answer and Claim, Brawner specifically reserves all rights to pursue all available claims in federal court.

**THIRTEENTH DEFENSE**

Brawner specifically reserves all rights to pursue all available claims and no part of this Answer and Claim shall be construed to be a waiver of these rights.

**FOURTEENTH DEFENSE**

Brawner specifically reserves the right to pursue all available claims in State Court, pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the general maritime law, and all other remedies (including state law remedies), for resolution of any and all issues beyond a determination of whether admiralty jurisdiction exists and whether limitation is required. The filing of this Claim is in no way a waiver of these rights and defenses, and Brawner is not agreeing to join all issues in this proceeding by filing this Claim.

**FIFTEENTH DEFENSE**

Brawner presently lacks sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserves the right to later assert additional affirmative defense in the event that additional facts become known to it that would justify the assertion of additional defenses.

**WHEREFORE**, Claimant/Respondent, Brawner Builders, Inc., requests that this Court deny Petitioners' Petition for Exoneration From Liability, deny Petitioners' Petition for Limitation of

Liability, and find Petitioners jointly and severally liable for all damages arising from the allision of the Dali into the Key Bridge on March 26, 2024, including all claims of Brawner Builders, Inc.

                                                     **POST & SCHELL, P.C.**

*/s/ Andrew J Connolly*

**Dated:** 9/18/24

                                               Andrew J. Connolly, Esquire (20882)
Colin E. Burgess, Esquire (20665)
Post & Schell, P.C.
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Tel.: 215-587-1000
Fax: 215-587-1444
aconnolly@postschell.com
cburgess@postschell.com

**CERTIFICATE OF SERVICE**

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I HEREBY CERTIFY that on the 18th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CMF/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

_____
Andrew J. Connolly, Esquire (20882)