UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **In the Matter of the Petition**<br><br>**of**<br><br>**GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,**<br><br>**and**<br><br>**SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,**<br><br>**for Exoneration from or Limitation of Liability** | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**CLAIMANT DAMON DAVIS' ANSWER TO THE PETITION**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES NOW Claimant Damon Davis ("Claimant"), by counsel William H. Murphy, Jr., Andrew K. O'Connell, Ronald E. Richardson and the law firm of Murphy, Falcon & Murphy, and Jason P. Foster, and the Pence Law Firm PLLC, and respectfully answers the Petition for Exoneration from or Limitation of Liability.

Claimant is Damon Davis. At all times relevant to this action, Claimant was employed by Eborn Enterprises, as an inspector. The Maryland Transportation Authority engaged Eborn Enterprises to provide inspection services for the repair work being conducted on the Key Bridge. Claimant was assigned to perform those inspection services during the shift in which the Dali struck and destroyed the Key Bridge.

Claimant respectfully answers as follows:

1.  Claimant admits to the admiralty and maritime jurisdiction of this Court, but specifically reserves all rights to proceed at law under 28 U.S.C. § 1333(1) and the Seventh

1

Amendment of the United States Constitution, before a jury, on all claims and issues, against Petitioners and any other party, in a forum of their choice.

2.	Admitted.

3.	Claimant admits that Grace Ocean Private Limited is a Singapore-based company and was the registered owner of the *Dali* at the time of the incident. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

4.	Claimant admits that Synergy Marine Pte Ltd is a Singapore-based company and the technical manager of the *Dali* at the time of the incident. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

5.	Claimant admits the vessel is a containership. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

6.	Claimant admits the Key bridge spans the Patapsco River. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

7.	Claimant admits that the *Dali* was at the beginning of its voyage to Sri Lanka from Baltimore on March 26, 2024, when the incident occurred. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

8. Claimant admits that a pilot was onboard the vessel as the vessel left the berth at the Port of Baltimore. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

9. Claimant admits that the *Dali* lost power and propulsion in the Fort McHenry Channel. Claimant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore denies those allegations.

10. Admitted.

11. Admitted.

12. Claimant admits that eight workers were on the bridge at the time of the allision. Two workers suffered injuries and survived while six construction workers suffered injuries and died.

13. Denied.

14. Denied.

15. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

16. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

17. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

18. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

19. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

20. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

21. Claimant lacks knowledge and information sufficient to form a belief about the truth of this allegation and therefore denies this allegation.

22. Admitted the Petition is timely filed.

23. Denied.

24. Denied.

Claimant denies that Petitioners are entitled to their requested relief.

## CLAIMANT'S AFFIRMATIVE DEFENSES

1. The Petition fails to state a claim upon which relief may be granted.

2. Petitioners lack standing and/or authority to invoke the protections of the Limitation of Liability Act of 1851.

3. The Limitation Fund is inadequate because Petitioners' alleged value of the *Dali*, her engines, apparel, appurtenances, pending freight any other assets is incorrect, and the security posted is inaccurate.

4. The Limitation Fund is inadequate because it does not account for the additional funds required under 46 U.S.C. § 30524(b).

5. Petitioners are not entitled to reduce the limitation fund by cost of salvage.

6. 46 U.S.C. § 30524 applies to this action as *Dali* was a seagoing vessel.

7. Exoneration is not permitted because Petitioners, their officers, employees, managing agents, agents, superintendent, the master of the vessel, and crew members conducted negligent, reckless, willful and wanton acts and omissions proximately causing the allision and Claimant's injuries.

8. Petitioner Synergy is not an owner of the vessel and, therefore, is not entitled to invoke the protections of the Limitation of Liability Act.

9. Limitation is not permitted because Petitioners, their officers, employees, managing agents, agents, superintendent, master of the vessel, and crew members had privity and knowledge of the negligent, reckless, willful and wanton acts and omissions proximately causing the allision and Claimant's injuries.

10. Exoneration is not permitted because the vessel was unseaworthy.

11. Limitation is not permitted because Petitioners, their officers, employees, managing agents, agents, superintendent, master of the vessel, and crew members had privity and knowledge of the unseaworthiness of the vessel.

12. Claimant's damages and losses were not the result any negligence, fault or want of due care on behalf of Claimant.

13. Claimant should be permitted to offer appropriate stipulations protecting Petitioners' right to limitation such that this action should be abated, and Claimant should be allowed to pursue his claims against Petitioners at law and in a forum of his choice under 28 U.S.C. § 1333(1).

14. This proceeding and the associated injunction violate the Rules Enabling Act, 28 U.S.C. § 2071-77.

15. The injunction violates the anti-injunction act, 28 U.S.C. § 2283.

16. The Limitation of Liability Act of 1851 and the injunction on Claimant's prosecuting his common law claims against Petitioners "at law" violates the Seventh Amendment of the Constitution and the saving-to-suitor's clause, 28 U.S.C. § 1333(1).

17. Claimant has an absolute right under both 28 U.S.C. § 1333(1) and the Seventh Amendment of the United States Constitution to proceed at law, before a jury, on all aspects of his claims, including but not limited to damages, negligence, and "exoneration," in a forum of his choosing. Claimant specifically reserves all rights to pursue all available claims and venues and no part of this Answer and Claim shall be construed to be a waiver of these rights.

18. The Petition contains vague and ambiguous statements requiring more definite statements under Rule 12(e) of the Federal Rules of Civil Procedure.

19. This matter and any trial must be bifurcated such that Claimant can address all issues triable at law in a venue of Claimant's choice before a jury.

20. Claimant reserves the right to assert additional defenses.

## DEMAND FOR JURY TRIAL

Claimant demands a trial by jury on all issues so triable.

## RESERVATION OF SAVING-TO-SUITORS RIGHTS

Claimant reserves all rights to proceed at law under both 28 U.S.C. § 1333(1) and the Seventh Amendment of the United States Constitution, before a jury, on all claims and issues, against Petitioners, in a forum of his choice.

## PRAYER

Claimant requests that:

1. Petitioners be denied exoneration.

2. Petitioners be denied limitation.

3. Petitioners be adjudged liable, without limitation.

4. Claimant be permitted to proceed at law in a venue of his choice or, alternatively, be awarded all damages requested in his Claim.

5. The Petition be dismissed, and judgment rendered in favor of Claimant.

6. Claimant be awarded his costs of suit incurred in defense of this action with interest and attorneys' fees; and

7. The Court grant other such necessary and just relief.

                                                  Respectfully Submitted:

Dated this 20th day of September, 2024.

                                    **DAMON DAVIS,**

                                    **By Counsel:**

                            */s/ Ronald E. Richardson*
William H. Murphy, Jr., Esq. (Bar No. 07985)
Andrew K. O'Connell, Esq. (Bar No. 28168)
Ronald E. Richardson, Esq. (Bar No. 04673)
Jason P. Foster, Esq. (*Pro hac vice*)
Murphy, Falcon & Murphy
One South Street, 30th Floor
Baltimore, MD 21202
Telephone: (410) 951-8744
Facsimile: (410) 539-6599
Email:
Billy.murphy@murphyfalcon.com
Andrew.oconnell@murphyfalcon.com
Ronald.richardson@murphyfalcon.com
Jason. foster@murphyfalcon.com

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

## CERTIFICATE OF SERVICE

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on the 20th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

                                                      */s/ Ronald. E. Richardson*
                                        Andrew K. O'Connell, Esq. (Bar No. 28168)