UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED,<br>as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD,<br>as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941 |

**ANSWER TO THE PETITION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

Claimants respectfully answer the Petition for Exoneration from or Limitation of Liability. Claimants are: (1) Matthew Bogin, personal representative of the Estate of Alejandro Hernandez Fuentes; (2) Mariela Hernandez, the surviving spouse of the decedent and the mother of the decedent's four minor children: J.A.H., W.A.H., C.M.H., and J.N.H.

Claimants respectfully answer as follows:

1. Claimants admit to the admiralty and maritime jurisdiction of this Court, but specifically reserve all rights to proceed at law under 28 U.S.C. § 1333(1) on all claims and issues, against Petitioners and any other party, in a forum of their choice.

2. Admitted.

3. Claimants admit that Grace Ocean Private Limited is a Singapore-based company and was the registered owner of the *Dali* at the time of the incident. Claimants lack knowledge and

1

information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

4. Claimants admit that Synergy Marine Pte Ltd is a Singapore-based company and the technical manager of the *Dali* at the time of the incident. Claimants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

5. Claimants admit the vessel is a containership. Claimants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

6. Claimants admit the Key bridge spans the Patapsco River. Claimants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

7. Claimants admit that the *Dali* was at the beginning of its voyage to Sri Lanka from Baltimore on March 26, 2024, when the incident occurred. Claimants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

8. Claimants admit that a pilot was onboard the vessel as the vessel left the berth at the Port of Baltimore. Claimants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

9. Claimants admit that the *Dali* lost power and propulsion in the Fort McHenry Channel. Claimants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore deny those allegations.

10. Admitted.

11. Admitted.

12. Claimants admit that eight workers were on the bridge at the time of the allision. Two workers suffered injuries and survived while six construction workers suffered injuries and died.

13. Denied.

14. Denied.

15. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

16. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

17. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

18. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

19. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

20. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

21. Claimants lack knowledge and information sufficient to form a belief about the truth of this allegation and therefore deny this allegation.

22. Admitted the Petition is timely filed.

23. Denied.

24. Denied.

Claimants deny that Petitioners are entitled to their requested relief.

## CLAIMANTS' AFFIRMATIVE DEFENSES

1. The Petition fails to state a claim upon which relief may be granted.

2. Petitioners lack standing and/or authority to invoke the protections of the Limitation of Liability Act of 1851.

3. The Limitation Fund is inadequate because Petitioners' alleged value of the *Dali*, her engines, apparel, appurtenances, pending freight, and any other assets is incorrect and the security posted is inaccurate.

4. The Limitation Fund is inadequate because it does not account for the additional funds required under 46 U.S.C. § 30524(b).

5. Petitioners are not entitled to reduce the limitation fund by cost of salvage.

6. 46 U.S.C. § 30524 applies to this action as *Dali* was a seagoing vessel.

7. Exoneration is not permitted because Petitioners, their officers, employees, managing agents, agents, superintendent, the master of the vessel, and crew members conducted negligent, reckless, willful and wanton acts and omissions proximately causing the allision and Claimants' injuries.

8. Petitioner Synergy is not an owner of the vessel and, therefore, is not entitled to invoke the protections of the Limitation of Liability Act.

9. Limitation is not permitted because Petitioners, their officers, employees, managing agents, agents, superintendent, master of the vessel, and crew members had privity and knowledge of the negligent, reckless, willful and wanton acts and omissions proximately causing the allision and Claimants' injuries.

10. Exoneration is not permitted because the vessel was unseaworthy.

11. Limitation is not permitted because Petitioners, their officers, employees, managing agents, agents, superintendent, master of the vessel, and crew members had privity and knowledge of the unseaworthiness of the vessel.

12. Claimants' damages and losses were not the result of any negligence, fault or want of due care on behalf of Claimants or the Decedent.

13. Claimants should be permitted to offer appropriate stipulations protecting Petitioners' right to limitation such that this action should be abated and Claimants should be allowed to pursue their claims against Petitioners at law and in a forum of their choice under 28 U.S.C. § 1333(1).

14. This proceeding and the associated injunction violate the Rules Enabling Act, 28 U.S.C. § 2071-77.

15. The injunction violates the anti-injunction act, 28 U.S.C. § 2283.

16. The Limitation of Liability Act of 1851 and the injunction on Claimants' prosecution of their common law claims against Petitioners "at law" violates the saving-to-suitors clause, 28 U.S.C. § 1333(1).

17. Claimants have an absolute right under 28 U.S.C. § 1333(1) to proceed at law, before a jury, on all aspects of their claims, including but not limited to damages, negligence, and "exoneration," in a forum of their choosing. Claimants specifically reserve all rights to pursue all available claims and venues, and no part of this Answer and Claim shall be construed to be a waiver of these rights.

18. The Petition contains vague and ambiguous statements lacking the more definite statements required Rule 12(e) of the Federal Rules of Civil Procedure.

19. This matter and any trial must be bifurcated such that Claimants can address all issues triable at law in a venue of Claimants' choice before a jury.

20. Claimants reserve all rights to proceed at law under 28 U.S.C. § 1333(1) on all claims and issues, against Petitioners and any other party, in a forum of their choice.

21. Claimants reserve the right to assert other defenses.

## **DEMAND FOR JURY TRIAL**

Claimants demand a trial by jury on all issues so triable.

## **RESERVATION OF SAVING-TO-SUITORS RIGHTS**

Claimants reserve all rights to proceed at law under both 28 U.S.C. § 1333(1) on all claims and issues, against Petitioners, in a forum of their choice.

## **PRAYER**

Claimants request that:

1. Petitioners be denied exoneration.

2. Petitioners be denied limitation.

3. Petitioners be adjudged liable, without limitation.

4. Claimants be permitted to proceed at law in a venue of their choice or, alternatively, be awarded all damages requested in their Claim.

5. The Petition be dismissed and judgment rendered in favor of Claimants.

6. Claimants be awarded their costs of suit incurred in defense of this action with interest and attorneys' fees; and

7. The Court grant other such necessary and just relief.

Respectfully submitted,

*/s/ Bruce Plaxen*

      Bruce Plaxen, Esq.

**STEWART MILLER SIMMONS TRIAL LAWYERS**
55 Ivan Allen Jr Blvd NW #700,
Atlanta, GA 30308
(404) 529-3476

L. Chris Stewart, Esq. (pro hac vice pending)
cstewart@smstrial.com
Justin Miller, Esq. (pro hac vice pending)
jmiller@smstrial.com
Michael Roth, Esq. (pro hac vice pending)
mroth@smstrial.com


**KREINDLER & KREINDLER LLP**
485 Lexington Ave.
New York, NY 10017
(212) 687-8181

Daniel Rose, Esq. (pro hac vice pending)
drose@kreindler.com
Kevin Mahoney, Esq. (pro hac vice pending)
kmahoney@kreinder.com
Taylor Sandella, Esq. (pro hac vice pending)
tsandella@kreindler.com


**PLAXEN ADLER MUNCY, P.A.**
10211 Wincopin Circle, Suite 620
Columbia, MD 21044
575 S Charles St, Suite 504
Baltimore, MD 21201
Phone: 410-730-8030
Bruce Plaxen, Esq.
bplaxen@plaxenadler.com

*Counsel for Claimants*