**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| |
|---|
| In the Matter of the Petition |
| of |
| GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI, |
| and |
| SYNERGY MARINE PTE LTD, as Manager of the M/V DALI, |
| for Exoneration from or Limitation of Liability |

Docket No. JKB 24-cv-941

*IN ADMIRALTY*

**ANSWER OF CLAIMANT/RESPONDENT, BRAWNER BUILDERS, INC. AND
ZURICH AMERICAN INSURANCE COMPANY TO THE PETITION FOR
<u>EXONERATION FROM LIMITATION OR OF LIABILITY</u>**

COMES NOW Claimant/Respondent, BRAWNER BUILDERS, INC., AND ZURICH AMERICAN INSURANCE COMPANY (hereinafter "Claimant")[1], which hereby answer the Petition for Exoneration from, or Limitation of Liability filed herein by admitting, denying, and alleging, on information and belief, as follows:

1.      Claimant admits to the admiralty and maritime jurisdiction of this Court, but specifically demands the right to a trial by jury in a forum of its choice. As to the remaining allegations in Paragraph 1, no response is required of Claimant. To the extent a response is required, the allegations are denied.

2.      Claimant admits Venue is proper in this Court.

---

[1] Zurich American Insurance Company is the workers' compensation insurance carrier for Brawner Builders, Inc. ("Brawner"). Zurich issued a policy of workers' compensation insurance to Brawner that was in full force and effect on March 26, 2024, providing medical and indemnity benefits to Brawner's employees. Workers' compensation benefits have been paid, continue to be paid and are intended to be paid by Claimant to all six deceased workers and/or their dependents and the one worker permanently injured in this incident to which they are entitled, pursuant to Maryland Labor and Employment Act §9-901-903 *et. seq*. Claimant is entitled to reimbursement for the liens created by these workers compensation payments. Claimant's specific rights to reimbursement will be identified and set forth in separate Claim Petition filings.

3.      Claimant admits Petitioners allege GRACE OCEAN PRIVATE LIMITED ("Grace Ocean") is a registered owner of the M/V DALI (the "Dali" or "Vessel"), but currently lacks sufficient information to form a belief about the other allegations in Paragraph 3 and, on that basis, denies those allegations.

4.      Claimant admits Petitioners allege SYNERGY MARINE PTE LTD ("Synergy") was a manager of the Dali at all relevant times hereto, but currently lacks sufficient information to form a belief about the other allegations in Paragraph 4 and, on that basis, denies those allegations.

5.      Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 5 and, on that basis, denies those allegations.

6.      Claimant admits the Francis Scott Key Bridge ("Key Bridge") was a 1.6-mile span over the Patapsco River at the outer crossing of the Baltimore Harbor, and the Key Bridge was completed in 1977 and made-up part of Interstate 695, also known as the Baltimore Beltway. Claimant denies the remaining allegations set forth in Paragraph 6.

7.      Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 7 and, on that basis, denies those allegations.

8.      Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 8 and, on that basis, denies those allegations.

9.      Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 9 and, on that basis, denies those allegations.

10.    Claimant admits, at or about 1:28am local time on March 26, 2024, the Dali collided with the Key Bridge.

11.     Claimant admits, because of the allision, portions of the Key Bridge collapsed and were damaged, but currently lacks sufficient information to form a belief about the other allegations in Paragraph 11 and, on that basis, denies those allegations.

12.     Claimant admits with qualification the allegations of Paragraph 12. It is admitted that, at the time of the Dali's allision with the Key Bridge, eight workers were working on the Key Bridge. Further, it is specifically admitted that of these of eight workers, seven of Brawner's workers were performing maintenance on the Bridge, and because of the Dali's allision with the Bridge, six of Brawner's workers were killed and one sustained serious and permanent injuries. Claimant lacks sufficient information to form a belief about the other allegations in Paragraph 12 and, on that basis, denies those allegations.

13.     Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 13.

14.     Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 14.

15.     Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 15 and, on that basis, denies those allegations.

16.     Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 16 and, on that basis, denies those allegations.

17.     Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 17 and, on that basis, denies those allegations.

18.     Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 18 and, on that basis, denies those allegations.

19.     Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 19 and, on that basis, denies those allegations.

33641221v.1

20.     Claimant admits Petitioners have offered an Interim Stipulation of Value in the amount of $43,670,000.00. Claimant admits this Interim Stipulation is substantially less than the amount that will be claimed for losses and damages arising out of the Dali's allision with the Key Bridge. Claimant currently lacks sufficient information to form a belief about the other allegations in Paragraph 20 and, on that basis, denies those allegations.

21.     Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 21 and, on that basis, denies those allegations.

22.     Claimant admits the allegation of Paragraph 22.

23.     Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 23, and further denies that Petitioners are entitled to the relief claimed therein.

24.     Claimant denies and disputes the allegations, beliefs, and legal conclusions set forth in Paragraph 24, and further denies that Petitioners are entitled to the relief claimed therein.

## CLAIMANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Petition for Exoneration from or Limitation of Liability fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Claimant reserves the right to dispute the alleged value of the Dali, her engines, apparel, appurtenances, pending freight, and any other assets described or implied in the Petition, and the adequacy of the security posted.

## THIRD DEFENSE

The limitation fund is insufficient and the Petition for Exoneration from or Limitation of Liability should be dismissed because Petitioners have failed to deposit adequate security for the Vessel.

## FOURTH DEFENSE

Petitioners are not entitled to limit their liability because the Dali was operated in a willful, wanton, and reckless manner or, alternatively, the conduct and actions leading to Claimant's damages occurred with the privity and knowledge of Petitioners and the owners, managing owners, owners' pro hac vice, and/or operators of the Dali.

## FIFTH DEFENSE

Petitioners are not entitled to limit their liability because the Dali was, at all relevant times, known to be unseaworthy by Petitioners and the owners, managing owners, owners' pro hac vice, charterers and/or operators of the Dali due to inadequate training, maintenance, equipment, and oversight, which may be shown at trial.

## SIXTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners' pro hac vice, charterers and/or operators of the Dali did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject incident occurred.

## SEVENTH DEFENSE

The incident and resulting damages and losses were caused by the fault, negligence, and breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and

knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

## EIGHTH DEFENSE

The incident and resulting damages were caused by the unseaworthiness of the Dali and the negligence of its crew and shoreside management, and, therefore, Petitioners' exoneration from liability must be denied.

## NINTH DEFENSE

The Petition contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and a more definite statement of the allegations is required.

## TENTH DEFENSE

The damages and losses were due to negligence, fault, or lack of due care by Petitioners or those under their responsibility, and/or the unseaworthiness of the Dali, all within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The damages and losses sustained by Claimant were not the result of any negligence, fault, or lack of due care on the part of Claimant.

## TWELFTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in Federal Court.

## THIRTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims and no part of this Answer and Claim shall be construed to be a waiver of these rights.

33641221v.1

## FOURTEENTH DEFENSE

Claimant reserves the right to pursue all available claims in the Workers' Compensation, Administrative and State Courts, pursuant to the "Savings to Suitors" clause, the general maritime law, and all other remedies, including workers' compensation, administrative and state law remedies, for resolution of any issues beyond the determination of admiralty jurisdiction and limitation requirements. The filing of this Claim is in no way a waiver of these rights and defenses, and Claimant is not agreeing to join all issues in this proceeding by filing this Claim.

## FIFTEENTH DEFENSE

Claimant reserves the right to assert additional affirmative defenses as more facts and information become available.

**WHEREFORE**, Claimant, BRAWNER BUILDERS, INC., AND ZURICH AMERICAN INSURANCE COMPANY, request this Honorable Court deny Petitioners' Petition for Exoneration from Liability, deny the Petitioners' Petition for Limitation of Liability, and find Petitioners jointly and severally liable for all damages arising from the allision of the Dali into the Key Bridge on March 26, 2024, including all claims of Claimant.

Date: September 20, 2024          Respectfully submitted,

*/s/ Anthony J.M. Kikendall*
Anthony J. M. Kikendall (21905)
Robert M. Caplan (*pro hac vice*)
CoraAnn M. Foley (*pro hac vice*)
**WHITE AND WILLIAMS LLP**
600 Washington Avenue, Suite 303
Towson, Maryland 21204
(443)-761-6500
kikendalla@whiteandwilliams.com
*Attorneys for Attorneys Brawner Builders, Inc.*
*and Zurich American Insurance Company*

33641221v.1

## **CERTIFICATE OF SERVICE**

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on the 20th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*/s/ Anthony J.M. Kikendall*
Anthony J.M. Kikendall

33641221v.1