UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Case No.: 1:24-CV-00941 JKB<br><br>**IN ADMIRALTY** |

**CLAIM BY LIBERTY MUTUAL INSURANCE COMPANY
PURSUANT TO SUPPLEMENTAL FEDERAL RULE F(5)
IN RELATION TO THE KEY BRIDGE ALLISION**

Claimant LIBERTY MUTUAL INSURANCE COMPANY, by its attorneys, James D. Skeen, Terry L. Goddard Jr., and Skeen & Kauffman, L.L.P., as and for its claim pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims against Petitioners, GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD, as alleged owner and manager of the vessel M/V DALI herein (referred to herein as the "DALI" or "vessel"), alleges the following upon information and belief:

1. These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At and during all times hereinafter mentioned, Claimant had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof. Claimant is the insurer of certain cargoes lately laden aboard the M/V DALI, which may have been partially or totally damaged and/or who has been called upon

by Petitioners or vessel interests to guarantee salvage claims and/or General Average expenses which may be assessed if said cargoes have not been totally destroyed.

3. At and during all the times hereinafter mentioned, Petitioner, GRACE OCEAN PRIVATE LIMITED, was and now is a foreign corporation duly organized and existing under the laws of Singapore with its registered office in Singapore, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, maintained, repaired or controlled the M/V DALI, a containership that operates in regularly scheduled liner service between ports of the United States and Asia.

4. At and during all the times hereinafter mentioned, Petitioner, SYNERGY MARINE PTE LTD, was and now is a foreign corporation duly organized and existing under the laws of Singapore with its registered office in Singapore, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, maintained, repaired or controlled the M/V DALI, a containership that operates in regularly scheduled liner service between ports of the United States and Asia.

## GENERAL AVERAGE INDEMNITY AND/OR CONTRIBUTION

5. Claimant repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "4" hereof with the same force and effect as though the same were set forth herein in full and at length.

6. On or about the dates and at the ports of shipment stated in Schedule A, there was delivered to the M/V DALI and Petitioners in good order and condition the shipments described in Schedule A, which the said vessel and Petitioners received, accepted and agreed to transport for certain consideration to the respective destinations stated in Schedule A.

7. Since then, the cargoes have been delivered, but Claimant has been called upon by Petitioners to guarantee alleged General Average expenses and/or certain salvage claims.

8. Petitioners, by reason of the premises, and the unseaworthiness of the M/V DALI, breached its duties to the Claimant as common carrier by water for hire and/or otherwise and was otherwise at fault for the allision of the M/V DALI with the Francis Scott Key Bridge ("Key Bridge").

9. As a result of the allision of the M/V DALI with the Key Bridge, all of the above cargo taken off or discharged from the vessel and having value became subject to alleged liens of salvors and/or as a condition precedent to obtaining the release of the cargo formerly laden on board the M/V DALI, cargo Claimant was required to give security as a condition precedent to the release of the above cargo and/or to the salvors of same for amounts allegedly due for salvage services, Petitioners required cargo Claimant to give general average security for contributions to or for charges allegedly due from cargo in connection with the above voyage.

10. Claimant was the insurer or otherwise had a proprietary interest in the cargoes as described in Schedule A, and brings this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipments as their respective interests may ultimately appear, and Claimant is entitled to maintain this action.

11. Claimant has duly performed all duties and obligations on their part to be performed.

12. By reason of the premises, Claimant is entitled to indemnification and/or contribution from the Petitioners for any and all salvage and/or General Average charges or contributions and/or to be fully relieved from any and all alleged salvage and/or General Average contribution or obligation.

**WHEREFORE**, Claimant demands judgment against Petitioners:

1. In the amount of the claim of Claimant, as they may subsequently be proven, together with interest thereon and the costs and disbursements of this action;

2. Denying the petition of Petitioners for exoneration from or limitation of liability and that the claim of Claimant be allowed in full against Petitioners;

3. For indemnity or contribution for any and all salvage, general average and/or other special charges which Claimant is or may become liable for, together with interest thereon and costs and disbursements, and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of September, 2024.

/s/ James D. Skeen
James D. Skeen (00010)
Terry L. Goddard Jr. (15460)
Skeen & Kauffman, LLP
9256 Bendix Road, Suite 102
Columbia, MD 21045
T:  (410) 625-2252
F:  (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com

*Attorneys for Liberty Mutual Insurance Company*

**Certificate of Service**

I hereby certify that on the 23rd day of September, 2024, I uploaded the foregoing and any attachments/exhibits to the Court's CM/ECF system for filing and service on all interested parties.

/s/ Terry L. Goddard Jr.
Terry L. Goddard Jr.

4