UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. 1:24-CV-00941 JKB<br><br>IN ADMIRALTY |

**MOTION FOR EXTENSION OF TIME
FOR CARGO INTERESTS TO FILE CLAIMS IN THIS PROCEEDING**

W. E. COX CLAIMS GROUP (USA) LLC and W K WEBSTER & CO. LTD (together "Movants"), as agents and trustees acting on behalf of various cargo interests, hereby move this Honorable Court for an Order extending the date by which a certain class of interests, specifically those parties with an interest in cargoes shipped aboard the M/V DALI (the "Vessel"), may submit claims in response to the Petition for Exoneration from and/or Limitation of Liability, up to and including January 24, 2025.

**PRELIMINARY STATEMENT**

This motion to extend is submitted by claims agents W. E. Cox Claims Group (USA) LLC and W K Webster & Co Ltd, as agents and trustees on behalf of all parties who may be or become interested in certain shipments of containerized cargoes aboard the Vessel when it allided with the Francis Scott Key Bridge (the "Bridge") on March 26, 2024, including shippers, consignees, owners, and/or insurers of the cargoes (collectively "Cargo Interests"). Cargo

1

Interests include (but are not limited to) those entities more fully described in Exhibits A through E to the supporting Declaration of Justin M. Heilig, Esq. ("Heilig Declaration") submitted herewith.

On April 1, 2024, the Court ordered the Petitioners to issue a notice to all persons asserting claims with respect to which the Petition seeks exoneration from or limitation of liability, admonishing them to file claims with the Clerk of this Court on or before September 24, 2024.  (ECF no. 8.)

As many shipments have not yet been delivered to their intended destinations, and thus have not yet been inspected or surveyed, it is not yet known whether they suffered damage during the Casualty as described in the Limitation Petition.  Most Cargo Interests currently are not in a position to submit claims, such that the present deadline would prejudice those who later learn of damage to their cargoes and would otherwise elect to file claims in this proceeding.

Accordingly, Movants respectfully move to extend the deadline for all Cargo Interests (including but not limited to those identified in the exhibits to the Heilig Declaration) to file claims by four months to January 24, 2025.  The requested extension would apply only to claims by Cargo Interests, considering the circumstances that prevent them from determining whether their goods are damaged at this time.  The requested extension would not affect the timing of discovery between Petitioners and parties who have filed claims in this proceeding or third-party discovery. Movants expressly acknowledge that other parties wish to commence discovery immediately, and do not object to the commencement of such discovery prior to their filing of claims (if any).  For reasons described more fully below, Movants respectfully submit that the requested extension is consistent with Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure and case precedent.

As detailed in the supporting Heilig Declaration, Movants have conferred with counsel for the Petitioners and other claimants in this proceeding, including but not limited to the City of Baltimore, the State of Maryland, and the United States Department of Justice. Some did not express a position on the proposed motion. Of those who responded, no party opposed the extension so long as (a) the Court permits full discovery, including third-party discovery, to commence in the meantime, with Cargo Interests being bound by all discovery and court orders, and (b) the extension would only apply to claims asserted by Cargo Interests, including but not limited to those represented by the Movants herein. Movants do not object to the foregoing conditions, but note that Cargo Interests likely will not be able to *provide* discovery for several more months for the same reasons which prompted the extension request in the first place.

**BACKGROUND**

On April 1, 2024, within a week of the Vessel's allision with the Bridge, the putative Owner and Manager of the Vessel commenced this proceeding by way of a Petition for Exoneration from or Limitation of Liability ("Petition") for all claims and damages incurred during or arising out of the subject voyage. (ECF No. 8.) The Petition states that the Vessel was bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. (*Id.*) At this preliminary stage, it is believed that various cargoes may have suffered damage including those in containers stowed in the forward part of the Vessel upon which the Bridge collapsed, as well as perishable cargoes that may have been damaged by the interruption of power supply to refrigeration equipment and/or the substantial passage of time before delivery to destination. Other cargoes may have been damaged by causes that commonly occur during loading, discharge, transshipment, and ultimate delivery to destination. Typically, cargo damage (when detected) would be the subject of an insurance claim, inspection by a marine surveyor,

assessment of the nature of the damage consistent with the terms and conditions of the policy coverage, payment by the cargo insurers to their insured, and the filing of a claim or action against the ocean carrier or carrying vessel *in rem*. Under the U.S. Carriage of Goods by Sea Act ("COGSA"), the deadline for filing claims under bills of lading for shipments to or from the United States is one year after delivery of the cargo to destination or the date when the cargo should have been delivered. 46 U.S.C. § 30701 note (COGSA § 3(6)).

## LEGAL ARGUMENT

### I.  The Movants Have Standing to Seek an Extension

As referenced in the supporting declaration, Movants are claims agents for certain Cargo Interests including shippers, consignees, owners, and/or insurers of the cargoes aboard the Vessel at the time of the allision, all of whom ultimately may be entitled to assert and maintain claims in this proceeding. The liberal pleading standard and practice for maritime claims in the United States can be traced back to *The North Carolina*, in which the Supreme Court stated: "we consider it as well settled, in admiralty proceedings, that the agent of absent owners may libel, either in his own name, as agent, or in the name of his principals, as he thinks best; that the power of attorney, subsequent to the libel, is a sufficient ratification of what he had before done in their behalf…" 40 U.S. (15 Pet.) 40, 49 (1841); *see also Aunt Jemima Mills Co. v. Lloyd Royal Belge*, 34 F.2d 120, 122 (2d Cir. 1929) ("Undoubtedly, an agent's unauthorized act in filing a libel for absent owners may be subsequently ratified by them and proof of such ratification made before the decree is entered will be sufficient."); *Marathon Int'l Petroleum Supply Co. v. I.T.I. Shipping S.A.*, 766 F.Supp. 130, 135 (SDNY 1991) ("[Plaintiff] can initiate an admiralty action in its own name, subject to the ratification of its principal, based [on the quoted] language from *The North Carolina*…"). At least two district courts in Maryland have expressly

4

recognized this rule of agency and ratification under Federal Rule of Civil Procedure 17(a). *See Techem Chem. Co. Ltd. v. M/T Choyo Maru*, 416 F. Supp. 960, 971 (D. Md. 1976); *New Hampshire Fire Ins. Co. v. The Perla*, 84 F. Supp. 715, 717 (D. Md. 1949). Furthermore, the Fourth Circuit has remarked that, in admiralty proceedings, the principal or real party in interest can be deemed a party to the case where the proceedings were commenced on its behalf by an agent. *The Nichiyo Maru*, 89 F.2d 539, 544 (4th Cir. 1937).

**II.      The Requested Extension Is Warranted under Supplemental Rule F(4)**

The Federal Rules of Civil Procedure permit a court to grant an extension of time for cause shown, either with or without a formal motion or notice, as long as the request is made before the original deadline expires. Fed. R. Civ. P. 6(b); *Motsinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988); *Davis v. Trans Union, LLC,* 526 F. Supp. 2d 577, 583 (W.D.N.C. 2007). Moreover, Supplemental Rule F(4) provides that "[f]or cause shown, the court may enlarge the time within which claims may be filed."

Movants have made this application before the current filing deadline expires and respectfully submit that good cause exists to justify the requested extension. Many laden containers have not yet been delivered to their intended destinations. After the containers are delivered, time will be needed to survey the goods and determine both the quantum and extent of any damages. Thus, most Cargo Interests (including those represented by the Movants herein) simply are not in a position to submit claims by September 24, 2024, and the present deadline to file claims would prejudice those Cargo Interests who later learn of damage to their cargoes.

Finally, as stated above, Movants do not object to the conditions articulated by other parties, to wit: (i) the commencement of discovery, including third party discovery; and (ii) limiting the extension to the filing of claims by Cargo Interests. Likewise, Movants do not

object to being bound by all discovery and court orders, and would join any separate request for a status conference to address the parties' respective concerns about discovery with the Court.

## CONCLUSION

Wherefore, Movants respectfully request that the Court enter an Order granting this motion to extend the deadline for all Cargo Interests to file claims in this proceeding on or before January 24, 2025, subject to the foregoing conditions.

Respectfully submitted this 23rd day of September, 2024.

/s/ James D. Skeen
James D. Skeen (00010)
Terry L. Goddard Jr. (15460)
Skeen & Kauffman, LLP
9256 Bendix Road, Suite 102
Columbia, MD 21045
T:  (410) 625-2252
F:  (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com

*Attorneys for Liberty Mutual Insurance Company*

### Certificate of Service

I hereby certify that on the 23rd day of September, 2024, I uploaded the foregoing and any attachments/exhibits to the Court's CM/ECF system for filing and service on all interested parties.

/s/ Terry L. Goddard Jr.
Terry L. Goddard Jr.