**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

NOW COMES Claimant/Respondent, International Transportation Solutions, Inc. ("Claimant"), individually and on behalf of all others similarly situated, to respond to the Petition for Exoneration from or Limitation of Liability, by admitting, denying, and alleging, based on information and belief, as follows:

1. Claimant acknowledges the admiralty and maritime jurisdiction of this Court but specifically reserves the right to a jury trial in a preferred forum. Regarding the remaining content of Paragraph 1, no response is necessary from Claimant. Where a response is required, the allegations are denied.

2. Claimant acknowledges that the venue is appropriate in this Court.

3. Claimant acknowledges that Petitioners claim that GRACE OCEAN PRIVATE LIMITED ("Grace Ocean") is the registered owner of the M/V DALI (the "Dali" or "Vessel"). However, Claimant currently lacks sufficient information to verify the other assertions in Paragraph 3, and therefore denies those claims.

1

4. Claimant acknowledges that Petitioners claim that SYNERGY MARINE PTE LTD ("Synergy") managed the Dali during the relevant periods mentioned but lacks enough information to confirms the other assertions in Paragraph 4, thus denying those claims.

5. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 5 and therefore denies those claims.

6. Claimant acknowledges that the Francis Scott Key Bridge ("Key Bridge") spans 1.6 miles over the Patapsco River at the outer crossing of the Baltimore Harbor, was completed in 1977, and forms part of Interstate 695, also known as the Baltimore Beltway. Claimant disputes and denies the remaining assertions in Paragraph 6.

7. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 7 and therefore denies those claims.

8. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 8 and therefore denies those claims.

9. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 9 and therefore denies those claims.

10. Claimant confirms that at approximately 1:28 AM local time on March 26, 2024, the Dali collided with the Key Bridge.

11. Claimant agrees that the allision caused the Key Bridge to collapse, but lacks sufficient information to confirms the other assertions in Paragraph 11, and therefore denies those claims.

12. Claimant agrees that as a result of the collision, six construction workers died. Claimant lacks sufficient information to confirm the other assertions in Paragraph 12.

13. Claimant disputes and denies the assertions and conclusions stated in Paragraph 13.

14. Claimant disputes and denies the assertions and conclusions stated in Paragraph 14.

15. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 15 and therefore denies those claims.

16. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 16 and therefore denies those claims.

17. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 17 and therefore denies those claims.

18. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 18 and therefore denies those claims.

19. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 19 and therefore denies those claims.

20. Claimant acknowledges that Petitioners have proposed an Interim Stipulation of Value at $43,670,000, which is one percent of the expected claims for losses and damages due to the Dali's collision with the Key Bridge. Claimant lacks sufficient information to confirm the other assertions in Paragraph 20, and therefore denies those claims.

21. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 21 and therefore denies those claims.

22. Claimant acknowledges the assertion of Paragraph 22.

23. Claimant disputes and denies the assertions, conclusions, and the entitlement to relief claimed by Petitioners in Paragraph 23.

24. Claimant disputes and denies the assertions, conclusions, and the entitlement to relief claimed by Petitioners in Paragraph 24.

## CLAIMANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations in the Petition for Exoneration from or Limitation of Liability do not establish a basis for relief to be granted.

**SECOND DEFENSE**

Claimant reserves the right to contest the alleged value of the Dali, her engines, apparel, appurtenances, pending freight, and any other assets described or implied in the Petition, and the adequacy of the security posted.

**THIRD DEFENSE**

Petitioners' liability to the Claimant extends beyond the value of the DALI and Petitioners are not entitled to limit their liability because the Dali was operated in a willful, wanton, and reckless manner and the conduct and actions leading to Claimant' damages occurred with the privity created by the Petitioners, the owners, managing owners, owners pro hac vice, and/or operators of the Dali, who ordered the crew of the Dali to depart from the dock for profit driven motives despite their knowledge that an allision with the Key Bridge would likely occur because the Dali was not seaworthy.

**FOURTH DEFENSE**

Petitioners are not entitled to limit their liability because the Dali was, at all relevant times, known to be unseaworthy by Petitioners and the Dali crew due to inadequate training, maintenance, repairs, equipment, and oversight, which will be demonstrated at trial.

**FIFTH DEFENSE**

Petitioners are not entitled to limit their liability because they and the managing parties did not exercise any diligence to ensure the vessel's seaworthiness at the start of the voyage during which the incident occurred. Instead, the Petitioners ordered that the Dali leave the dock knowing that an allision was likely.

**SIXTH DEFENSE**

The incident and resulting damages were caused by the fault, intentional acts, and regulatory violations of Petitioners and their agents, which were within the privity and knowledge of Petitioners, thus precluding exoneration from liability.

**SEVENTH DEFENSE**

The incident and damages were caused by the known unseaworthiness of the Dali and the recklessness of its crew, Petitioners, and shoreside management, precluding exoneration from liability.

**EIGHTH DEFENSE**

Petitioners are not entitled to reduce the limitation fund by the cost of salvage, particularly where salvage was performed under a legal duty to remove the wreck of the Dali from the navigable channel. Petitioners also are not entitled to reduce the limitation fund by the cost of salvage not borne by Petitioners. The Claimant reserves the right to contest the value of the salvage costs sought by Petitioners to reduce the value of the limitation fund and the purported evidence supplied in the Petition related to the salvage costs.

**NINTH DEFENSE**

The Petition contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and a more definite statement of the allegations is required.

**TENTH DEFENSE**

The damages and losses were due to the criminal, intentional, and reckless acts by the Petitioners or those under their responsibility, and/or the unseaworthiness of the Dali, all within the privity and knowledge of Petitioners, for which the Petition should be denied.

**ELEVENTH DEFENSE**

The damages and losses sustained by Claimant were not the result of any negligence, fault, or lacks of due care on the part of Claimant.

**TWELFTH DEFENSE**

Claimant reserves all rights to pursue all available claims in federal court.

**THIRTEENTH DEFENSE**

Claimant reserves all rights to pursue all available claims and no part of this response shall be construed as a waiver of these rights.

**FOURTEENTH DEFENSE**

Claimant reserves the right to pursue all available claims in State Court, pursuant to the "Savings to Suitors" clause, the general maritime law, and all state or federal civil law remedies available in this Court or in state court, for resolution of any issues beyond the determination of admiralty jurisdiction and limitation requirements.

**FIFTEENTH DEFENSE**

Claimant reserves the right to assert additional affirmative defenses as more facts become available.

**SIXTEENTH DEFENSE**

Petitioner Synergy has not pleaded that it is an "owner" of the DALI, but only the ship's "technical manager." While Petitioner Synergy has irrevocably subjected itself to this Court's personal jurisdiction by bringing this Petition, it is not entitled to a limitation of liability because it is not the ship's "owner." 46 U.S.C. § 30523(a) ("[T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight." (emphasis added)). Accordingly, Petitioner Synergy faces unlimited liability for the damages caused in this disaster upon finding that it is at least 1% at fault.

WHEREFORE, Claimant International Trading Solutions, Inc., individually and on behalf of others similarly situated, requests that this Court denies the Petitioners' petitions for exoneration and limitation of liability and hold Petitioners jointly and severally liable for all damages arising from the collision of the Dali into the Key Bridge on March 26, 2024, including to all claims of Claimant.

Dated: September 23, 2024                    Respectfully submitted,

**MILBERG BRYSON COLEMAN PHILLIPS GROSSMAN, PLLC**

Gregory F. Coleman*
800 South Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel.: 866-252-0878
gcoleman@milberg.com

Marc D. Grossman*
Victoria J. Maniatis*
James R. DeMay*
Melissa K. Sims*
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel.: (866) 252-0878
mgrossman@milberg.com
vmaniatis@milberg.com
jdemay@milberg.com
msims@milberg.com


/s/*Roy L. Mason*
Roy L. Mason (00922)
Zachary E. Howerton (20688)
*Of Counsel*
Smouse and Mason, LLC.
223 Duke of Gloucester Street
Annapolis, Maryland 21401
Tel.: 410-269-6620
Fax: 410-269-1235
rlm@smouseandmason.com
zeh@smouseandmason.com

* pro hac vice motions to be filed

**LOCHNER LAW FIRM, P.C.**

*/S/ Todd D. Lochner*
Todd D. Lochner (25691)
Lochner Law Firm, P.C.
7076 Bembe Beach Road
Suite 201, Mailbox 6
Annapolis, Maryland 21403
Tel: 410-716-4400
Fax: 410-716-4405
tlochner@lochnerlawfirm.com

7

*Counsel for Claimant*

## CERTIFICATE OF SERVICE

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on the 23rd day of September, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

/s/*Roy L. Mason*_____
Roy L. Mason