IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * * | Civ. No. 24-00941-JKB<br><br>*IN ADMIRALTY* |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On April 1, 2024, this Court issued a Notice directing all persons asserting claims with respect to which Petitioners seek limitation or exoneration of liability to file such claims on or before September 24, 2024. (*See* ECF Nos. 8, 9.) At 7:41 p.m. on September 23, 2024, Movants W. E. Cox Claims Group USA LLC and W K Webster & Co. Ltd. filed a Motion for Extension of Time for Cargo Interests to File Claims in This Proceeding. (ECF No. 144.)

Movants purport to be "agents and trustees on behalf of all parties who may be or become interested in certain shipments of containerized cargoes aboard the [M/V Dali] when it allided with the Francis Scott Key Bridge[.]" (ECF No. 144 at 1.) Movants explain that "[a]s many shipments have not yet been delivered to their intended destinations, and thus have not yet been inspected or surveyed, it is not yet known whether they suffered damage during the Casualty as described in the Limitation Petition. Most Cargo Interests currently are not in a position to submit claims, such that the present deadline would prejudice those who later learn of damage to their cargoes and would otherwise elect to file claims in this proceeding." (*Id.* at 2.)

The substantive reason for Movants' request for a delay—that many parties with interest in cargo aboard the M/V Dali might not know whether their cargo was actually damaged in the allision by the September 24, 2024 deadline—is not unreasonable. However, Movants must have

known of their basic dilemma for months now. They could have moved for an extension, or at least alerted the Court that such a motion may be forthcoming, at any point in the last five-plus months. Instead, in a staggering display of procrastination, Movants chose to sit on this knowledge for months and wait until literally the night before the deadline to ask for an extension.

With the deadline barely twenty-four hours away, given the complexity of this case and the large number of parties who have already joined, there is not enough time for Petitioners and all other Claimants who may wish to be heard to present their positions on this issue. Nor is there enough time for the Court to give the Motion the consideration it requires. Under these circumstances, a summary denial of Movants' request is not without appeal. Nevertheless, given the potentially serious prejudice that some so-called "Cargo Interests" may face without some degree of extension, the Court will partially grant the Motion. The "Cargo Interests" represented by Movants' counsel will be granted an eight-day extension, until Wednesday, October 2, 2024. In addition, the Court will set in a hearing on Movants' Motion on Tuesday, October 1, 2024.

Accordingly, it is ORDERED that:

1. The Motion for Extension of Time for Cargo Interests to File Claims in This Proceeding (ECF No. 144) is GRANTED IN PART and DENIED IN PART, as follows. The deadline for the "Cargo Interests" represented by Skeen & Kauffman, LLP and/or Hill Rivkins LLP (*see* ECF No. 144-6) is extended to **October 2, 2024**. To be clear, this extension applies only to the interests represented by the above-identified counsel for Movants. For all other claimants, the deadline remains Tuesday, September 24, 2024.

2. A Hearing on the Motion for Extension of Time for Cargo Interests to File Claims in This Proceeding (ECF No. 144) is set in for **10:00 a.m. on Tuesday, October 1, 2024**, in the J. Frederick Motz Ceremonial Courtroom, Edward A. Garmatz United States Courthouse,

101 West Lombard Street, Baltimore, Maryland 21201.  Counsel for Movants and counsel for Petitioners MUST be present in person.  Counsel for all other parties may attend and participate at their option.  At this Hearing, counsel for Movants shall be prepared to explain the reason for the delay in filing the instant Motion, and shall explain why the Court should grant any further extension beyond October 2, 2024.  Counsel for Movants shall also be prepared to explain what exactly are the "Cargo Interests" they represent and what their relationship is to these interests.  Counsel shall explain why they cannot adequately protect their clients' interests by filing claims that generally set out both their likely damages and their theories on why exoneration and/or limitation are inappropriate.  (*Cf., e.g.*, ECF No. 116 at 9–10.)  Finally, Counsel shall explain why it would not be appropriate for the Court to deny any further extensions, simply because Counsel's Motion was so grossly untimely, in a case of this complexity and with scores of parties.

DATED this 23rd day of September, 2024.

BY THE COURT:

/s/ JAMES K. BREDAR
James K. Bredar
United States District Judge