UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI for Exoneration from or Limitation of Liability. | Case No.: 1:24-CV-00941 JKB<br><br>**IN ADMIRALTY** |

**CLAIMS BY NEW YORK MARINE AND GENERAL INSURANCE COMPANY AND CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, AXIS SYNDICATE 1686, PURSUANT TO RULE F(5) IN RELATION TO THE KEY BRIDGE ALLISION**

Claimants NEW YORK MARINE AND GENERAL INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, AXIS SYNDICATE 1686, ("Claimants") by their attorneys James D. Skeen, Terry L. Goddard Jr. and Skeen & Kauffman, L.L.P., as and for their claims, pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, against Petitioners GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD, as alleged owner and manager, respectively, of the M/V DALI herein (the "DALI" or "Vessel"), allege the following upon information and belief:

1. These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At and during all times hereinafter mentioned, Claimants had and now have the legal status and principal offices and places of business stated in Schedules A and B hereto, respectively, annexed and by this reference made a part hereof. Claimants are the insurers of

certain cargoes lately laden aboard the DALI, which may have been partially or totally damaged, and/or who have been called upon by Petitioners or Vessel interests to guarantee salvage claims and/or General Average expenses that may be assessed if said cargoes have not been totally destroyed.

3. At and during all the times hereinafter mentioned, Petitioner GRACE OCEAN PRIVATE LIMITED was and now is a foreign corporation duly organized and existing under the laws of Singapore, with its registered office in Singapore, and was engaged in business as a common carrier of merchandise by water for hire and owned, operated, managed, chartered, maintained, repaired or controlled the DALI, a containership that operates in regularly scheduled liner service between ports of the United States of America and Asia.

4. At and during all the times hereinafter mentioned, Petitioner SYNERGY MARINE PTE LTD was and now is a foreign corporation duly organized and existing under the laws of Singapore, with its registered office in Singapore, and was engaged in business as a common carrier of merchandise by water for hire and owned, operated, managed, chartered, maintained, repaired or controlled the DALI, a containership that operates in regularly scheduled liner service between ports of the United States of America and Asia.

## CLAIM FOR
## GENERAL AVERAGE INDEMNITY
## AND/OR CONTRIBUTION

5. Claimants repeat, reiterate and re-allege each and every allegation set forth in Paragraphs 1 through 4 hereof with the same force and effect as though the same were set forth herein in full and at length.

6. On or about the dates and at the Ports of Shipment stated in Schedules A and B, there were delivered to the DALI and Petitioners, in good order and condition, the shipments

described in Schedules A and B, which the said Vessel and Petitioners received, accepted and agreed to transport for certain consideration to the Ports of Discharge stated in Schedules A and B.

7. Since then, the cargoes have been detained by reason of the Vessel's allision with the Francis Scott Key Bridge (the "Key Bridge") on March 26, 2024 and have been or will be delivered, but Claimants have been called upon by Petitioners to guarantee alleged General Average expenses and/or certain salvage claims prior to the release of the cargoes for further carriage.

8. Petitioners, by reason of the premises, and the unseaworthiness of the DALI, breached their duties to the Claimants as common carrier by water for hire and/or otherwise and were otherwise at fault for the allision of the DALI with the Key Bridge.

9. As a result of the allision of the DALI with the Key Bridge, all of the above cargoes taken off or discharged from the Vessel and having value became subject to alleged liens of salvors and/or, as a condition precedent to obtaining the release of the cargoes formerly laden on board the DALI, cargo Claimants were required to give security as a condition precedent to the release of the above cargoes and/or to the salvors of same for amounts allegedly due for salvage services, Petitioners required cargo Claimants to give General Average security for contributions to or for charges allegedly due from cargoes in connection with the subject voyage.

10. Claimants were the insurers or otherwise had a proprietary interest in the cargoes as described in Schedules A and B and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipments as their respective interests may ultimately appear, and Claimants are entitled to maintain this action.

11. Claimants have duly performed all duties and obligations on their part to be performed.

12. By reason of the premises, Claimants are entitled to indemnification and/or contribution from Petitioners for any and all salvage and/or General Average and/or other special charges, expenses or contributions and/or to be fully relieved from any and all alleged salvage and/or General Average contribution or obligation.

**WHEREFORE**, Claimants demand judgment against Petitioners:

1. In the amount of the claims of Claimants, as they may subsequently be proven, together with interest thereon and the costs and disbursements of this action;

2. Denying the petition of Petitioners for exoneration from or limitation of liability and that the claims of Claimants be allowed in full against Petitioners;

3. For indemnity or contribution for any and all salvage, General Average and/or other special charges and expenses that Claimants are or may become liable for, together with interest thereon and costs and disbursements; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of September 2024.

/s/ Terry L. Goddard Jr.
James D. Skeen (00010)
Terry L. Goddard Jr. (15460)
Skeen & Kauffman, L.L.P.
9256 Bendix Road, Suite 102
Columbia, MD 21045
T: (410) 625-2252
F: (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com
Attorneys for Claimants

**Certificate of Service**

    I hereby certify that, on the 24th day of September 2024, I uploaded the foregoing and any attachments/exhibits to the Court's CM/ECF system for filing and service on all interested parties.

                /s/ Terry L. Goddard Jr.