**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>For Exoneration from or Limitation of Liability | Docket No.: JKB 24-cv-941<br><br>**IN ADMIRALTY** |

**ANSWER TO THE PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY BY CLAIMANT BALTIMORE COUNTY**

Claimant Baltimore County (the "County") hereby respectfully submits its Answer to the Petition for Exoneration from or Limitation of Liability (the "Petition") filed by Petitioners, Grace Ocean Private Limited ("Grace") and Synergy Marine PTE LTD ("Synergy" and, with Grace, the "Petitioners"). The County respectfully answers as follows:

1. The County admits to the admiralty and maritime jurisdiction of this Court, but specifically demands the right to proceed at law and receive a trial by jury in a forum of its choice. As to the remaining allegations in Paragraph 1, no response is required of the County. To the extent a response is deemed necessary, the County denies the allegations.

2. Admitted.

3. Admitted.

4. The County admits that Petitioners allege Synergy was a manager of the DALI at all relevant times hereto and that Synergy is a corporation organized and existing under the laws

of Singapore with its registered office in that country. The County lacks sufficient information to form a belief about the remaining allegations in Paragraph 4 and thus denies the remaining allegations.

5. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 5 and, on that basis, denies those allegations.

6. The County admits that the Francis Scott Key Bridge ("Key Bridge") was a 1.6-mile span over the Patapsco River at the outer crossing of the Baltimore Harbor, and that the Key Bridge was completed in 1977 and made up part of Interstate 695, also known as the Baltimore Beltway. The County denies the remaining allegations set forth in Paragraph 6.

7. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 7 and, and that basis, denies those allegations.

8. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 8 and, and that basis, denies those allegations.

9. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 9 and, and that basis, denies those allegations.

10. Admitted.

11. Admitted.

12. Denied. The County admits that eight workers were on the Key Bridge at the time of the allision. Two workers suffered injuries and survived while six other construction workers suffered injuries and died.

13. Denied.

14. Denied.

15. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 15 and, and that basis, denies those allegations.

16. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 16 and, and that basis, denies those allegations.

17. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 17 and, and that basis, denies those allegations.

18. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 18 and, and that basis, denies those allegations.

19. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 19 and, and that basis, denies those allegations.

20. The County admits that Petitioners offered an Interim Stipulation in the amount stated and that figure is substantially less than the amount claimed.  The County reserves the right to contest the Interim Stipulation.  The County currently lacks sufficient information to form a belief about the remaining allegations of Paragraph 20 and, and that basis, denies those allegations.

21. The County currently lacks sufficient information to form a belief about the allegations of Paragraph 21 and, and that basis, denies those allegations.

22. Admitted that Petitioners have asserted claims for exoneration from liability and allege that they have valid defenses to claims that may be asserted against them.  The County denies that Petitioners' claims for exoneration from liability and defenses to claims for liability are valid or otherwise applicable to the County's claims.

23. Admitted that Petitioners have asserted protections under 46 U.S.C. § 30501, *et. seq.*, but denied that Petitioners are offering a stipulation with sufficient surety for payment of

claims. The County further denies that Petitioners are entitled to the relief sought under 46 U.S.C. § 30501, *et seq.*

24. Denied.

The County specifically denies that Petitioners are entitled to their requested relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Petition fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The County reserves the right to challenge Petitioners' alleged value of the DALI, her engines, apparel, appurtenances, pending freight any other assets described or whose existence is implied in the Petition, and the adequacy of the security posted.

### THIRD DEFENSE

The limitation fund is inadequate and the Petition should be dismissed because Petitioners have failed to deposit adequate security for the DALI.

### FOURTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the DALI was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to the County's damages and losses took place with the privity and knowledge of Petitioners and the owners, managing owners, owners *pro hac vice*, and/or operators of the DALI.

### FIFTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the DALI was known by Petitioners and by the owners, managing owners, owners *pro hac vice*, and/or operators of the DALI to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to properly equip the vessel, failing to conduct adequate inspections of the vessel and its appurtenances, failing to properly

supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the DALI and/or her crew, and/or other failure, acts, or omissions of the Petitioners and of the DALI which may be shown at trial.

### SIXTH DEFENSE

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice*, charterers and/or operators of the DALI did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

### SEVENTH DEFENSE

The incident and resulting damages and losses which are the subject of the Petition were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

### EIGHTH DEFENSE

The incident and resulting damages which are the subject of the Petition were caused by the unseaworthiness of the DALI and the negligence of the vessel's crew and shoreside management, and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

### NINTH DEFENSE

The Petition for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and

the County seeks more definite statements of the allegations, regardless of the nature, manner and extent of its Answer and Claim.

## TENTH DEFENSE

The events culminating in the damages and losses of the County were the result of negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the DALI, all of which was within the privity and knowledge of Petitioners, for which the Petition should be denied.

## ELEVENTH DEFENSE

The events culminating in the damages and losses sustained by the County were not the result of any negligence, fault, or want of due care on the part of the County.

## TWELFTH DEFENSE

In filing its Answer and Claim, the County specifically reserves all rights to pursue all available claims in federal court.

## THIRTEENTH DEFENSE

The County specifically reserves all rights to pursue all available claims and no part of this Answer and Claim shall be construed to be a waiver of these rights.

## FOURTEENTH DEFENSE

The County specifically reserves the right to pursue all available claims in State Court, pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the general maritime law, and all other remedies (including state law remedies), for resolution of any and all issues beyond a determination of whether admiralty jurisdiction exists and whether limitation is required. The filing of this Claim is in no way a waiver of these rights and defenses, and the County is not agreeing to join all issues in this proceeding by filing this Claim.

**FIFTEENTH DEFENSE**

The County presently lacks sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserves the right to later assert additional affirmative defenses in the event that additional facts become known to it that would justify the assertion of additional defenses.

**SIXTEENTH DEFENSE**

Petitioner Synergy has not pleaded that it is an "owner" of the DALI, but only the ship's "technical manager." While Petitioner Synergy has irrevocably subjected itself to this Court's personal jurisdiction by bringing this Petition, it is not entitled to a limitation of liability because it is not the ship's "owner."

**WHEREFORE**, Claimant Baltimore County requests that this Court deny Petitioners' petition for exoneration from liability, deny Petitioners' petition for limitation of liability, and find Petitioners jointly and severally liable for all damages arising from the allision of the DALI into the Key Bridge on March 26, 2024, including damages associated with the County's claims.

Dated: September 24, 2024

Respectfully submitted,

James R. Benjamin, Jr.
County Attorney

By: _James R. Benjamin, Jr._

**BALTIMORE COUNTY OFFICE OF LAW**
James R. Benjamin, Jr. (Bar No. 27056)
jrbenjamin@baltimorecountymd.gov
Jennifer R. Frankovich (Bar No. 26052)
jfrankovich@baltimorecountymd.gov
401 Washington Avenue, Suite 219
Towson, Maryland 21204
Tel. (410) 887-4420
Fax. (410) 296-0931

**BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, L.L.C.**
Paul D. Bekman (Bar No. 00019)
bekman@mdtrialfirm.com
1829 Reisterstown Road, Suite 200
Baltimore, MD 21208
Tel. (410) 539-6633
Fax.: (410) 625-9554

**GRANT & EISENHOFER P.A.**
Kyle J. McGee (*pro hac vice* forthcoming)
kmcgee@gelaw.com
Kevin W. Boyle (*pro hac vice* forthcoming)
kboyle@gelaw.com
123 S. Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax.: (302) 622-7100

*Attorneys for Claimant Baltimore County*

## **CERTIFICATE OF SERVICE**

In compliance with Local Rule 102.1(c), I hereby certify that on the 24th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which wills end notice of electronic filing to all counsel who are CM/ECF participants.

/s/
Paul D. Bekman (Bar No. 00019)
Attorney for Claimant Baltimore County