**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager Of the M/V DALI,<br><br>For Exoneration from or Limitation of Liability | Civil Action No. 1:24 cv. 00941- JKB |

**ANSWER OF CLAIMANT, NAVISION SHIPPING DK A/S,
TO THE PETITION FOR EXONERATION FROM OR
<u>LIMITATION OF LIABILITY</u>**

Claimant NAVISION SHIPPING DK A/S f/k/a NAVISION SHIPPING A/S ("Navision Shipping"), by and through its undersigned attorneys and pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, respectfully contests the Petitioner's right to exoneration from or limitation of liability and submits this answer in response to the *Petition for Exoneration From or Limitation of Liability* (the "*Petition*") (Docket No. 1) filed by GRACE OCEAN PRIVATE LIMITED ("Grace Ocean") as owner and SYNERGY MARINE PTE LTD ("Synergy Marine" and, together, the "Petitioners") as manager of M/V DALI (the "Vessel"), and alleges upon information and belief as follows:

1. Claimant admits the allegations in paragraph 1 of the *Petition*.

2. Claimant denies that the Vessel is presently within this District, but otherwise admits the allegations in paragraph 2 of the *Petition*.

3. Claimant admits that Grace Ocean is a Singapore-based company and was the Vessel's owner, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 3 of the *Petition*.

4. Claimant admits that Synergy Marine is a Singapore-based company and was the Vessel's manager, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 4 of the *Petition*.

5. Claimant admits that the Vessel was a containership registered under the laws of Singapore, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 5 of the *Petition*.

6. Claimant admits that the Francis Scott Key Bridge (the "Key Bridge") spanned the Patapsco River at Baltimore Harbor, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 6 of the *Petition*.

7. Claimant admits that the Vessel departed Baltimore on March 26, 2024, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 7 of the *Petition*.

8. Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 8 of the *Petition*.

9. Claimant admits that the Vessel lost power while in the shipping channel, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 9 of the *Petition*.

10. Claimant admits that the Vessel allided with the Key Bridge, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 10 of the *Petition*.

11. Claimant admits that portions of the Key Bridge collapsed and were damaged as a result of the allision, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 11 of the *Petition*.

12. Claimant admits that six construction workers were killed and two others were injured when the Key Bridge collapsed after the allision, but otherwise lacks knowledge or information sufficient to for a belief about the allegations contained in paragraph 12 of the *Petition*.

13. The allegations contained in paragraph 13 of the *Petition* state conclusions of law which require no response. To the extent a response is required, Claimant denies the allegations contained in paragraph 13 of the *Petition*.

14. The allegations contained in paragraph 14 of the *Petition* state conclusions of law which require no response. To the extent a response is required, Claimant denies the allegations contained in paragraph 14 of the *Petition*.

15. Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 15 of the *Petition*.

16. Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 16 of the *Petition*.

17. Claimant lacks knowledge or information sufficient to for a belief about the allegations contained in paragraph 17 of the *Petition*.

18. Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 18 of the *Petition*.

19. Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 19 of the *Petition*.

20	Claimant admits that Petitioners have offered an Interim Stipulation of Value in the amount of $43,670,000, but otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 20 of the *Petition*.

21.	Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 21 of the *Petition*.

22.	The allegations contained in paragraph 22 of the *Petition* state conclusions of law which require no response. To the extent a response is required, Claimant lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 22 of the *Petition*.

23.	The allegations contained in paragraph 23 of the *Petition* state conclusions of law which require no response. To the extent a response is required, Claimant denies the allegations contained in paragraph 23 of the *Petition*.

24.	The allegations contained in paragraph 24 of the *Petition* state conclusions of law which require no response. To the extent a response is required, Claimant denies the allegations contained in paragraph 24 of the *Petition*.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations in the *Petition* fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Claimant reserves the right to contest Petitioners' alleged valuation and appraisal of the Vessel, her engines, apparel, appurtenances, pending freight, and any other assets described in the *Petition*, and the adequacy of the security posted.

### THIRD AFFIRMATIVE DEFENSE

The limitation fund is insufficient, and the *Petition* should be dismissed due to inadequate security deposit by Petitioners for the Vessel.

### FOURTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability because the Vessel was operated in a willful, wanton, and reckless manner, and the conduct and actions leading to Claimant's damages occurred within the privity and knowledge of Petitioners.

### FIFTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to exoneration from or limitation of liability in the instant case because at all relevant times the Vessel was known by the Petitioners to be unseaworthy and such unseaworthiness caused and/or contributed to the Claimant's injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability because the Vessel was, at all relevant times, known to be unseaworthy by Petitioners due to inadequate training, maintenance, equipment, and oversight.

### SEVENTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability because they did not exercise due diligence to ensure the Vessel's seaworthiness at the start of the voyage during which the allision occurred.

### EIGHTH AFFIRMATIVE DEFENSE

The incident and resulting damages were caused by the fault, negligence, and regulatory violations of Petitioners and their agents, which were within the privity and knowledge of Petitioners, their agents, servants, contractors, and/or employees, and/or the unseaworthiness of the Vessel, thus precluding exoneration from liability.

### NINTH AFFIRMATIVE DEFENSE

The allision and damages were caused by the unseaworthiness of the Vessel and the negligence of its crew and shoreside management, precluding exoneration from liability.

### TENTH AFFIRMATIVE DEFENSE

The *Petition* contains vague and ambiguous statements that are objectionable under the Federal Rules of Civil Procedure 12(e) and a more definite statement of allegations is required.

### ELEVENTH AFFIRMATIVE DEFENSE

The damages and losses suffered by Claimant were due to the negligence, fault, or lack of due care by Petitioners or those under their responsibility, and/or the unseaworthiness of the Vessel, all within the privity and knowledge of the Petitioners, for which the *Petition* should be denied.

### TWELFTH AFFIRMATIVE DEFENSE

The damages and losses sustained by Claimant were not the result of any negligence, fault, want of due care, or breach of any duty or obligation owed on part of Claimant or Claimant's agents.

### THIRTEENTH AFFIRMATIVE DEFENSE

Claimant reserves all rights, claims, defenses, and remedies in accordance with federal and state law, and the filing of this answer is in no way a waiver of this or any other right or defense.

### FOURTEENTH AFFIRMATIVE DEFENSE

Claimant reserves the right to amend its answer in accordance with the Federal Rules of Civil Procedure and any relevant order of this Court.

### FIFTEENTH AFFIRMATIVE DEFENSE

Claimants reserve the right to assert additional defenses as more facts become available.

**WHEREFORE**, Navision Shipping respectfully requests that this Court deny the *Petition*, enter judgment against Petitioners, and grant such other and further relief as this Court may deem appropriate.

Dated: September 24, 2024
      Baltimore, Maryland

Respectfully submitted,

*/s/ David McI. Williams*
David McI. Williams (Bar # 00357)
Ashley L. Ensor (Bar # 19902)
GORMAN & WILLIAMS
36 South Charles Street, Suite 900
Baltimore, MD 21201
Tel.:    (410) 528-0600
Fax:    (410) 528-0602
Email:    dmwilliams@gw-law.com
             aensor@gw-law.com

*and*

Robert E. O'Connor (*of counsel*)
Alfred J. Kuffler (*of counsel*)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, New York 10022
Tel.:    (212) 867-9500
Email:    roconnor@mmwr.com
             akuffler@mmwr.com

*Attorneys for Navision Shipping DK A/S*
*f/k/a Navision Shipping A/S*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September 2024, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program, and otherwise consented to receive notice and service via CM/ECF.

*/s/ Ashley L. Ensor*
Ashley L. Ensor