UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

In the Matter of the Petition

of

GRACE OCEAN PRIVATE LIMITED, as Owner of
the M/V DALI,

and

SYNERGY MARINE PTE LTD, as Manager of the
M/V DALI,

    for Exoneration from or Limitation of
Liability

Docket No. 1:24-cv-941-JKB

IN ADMIRALTY

## ANSWER

NOW COMES Claimant, CONSOL ENERGY INC. ("Consol" or "Claimant"), individually and on behalf of and its insurers and all others similarly situated, to respond to the Petition for Exoneration from or Limitation of Liability, by admitting, denying, and alleging, based on information and belief, as follows[1]:

    1.    Claimant acknowledges the admiralty and maritime jurisdiction of this Court but specifically reserves the right to a jury trial in a preferred forum. Regarding the remaining content of Paragraph 1, no response is necessary from Claimant. Where a response is required, the allegations are denied.

    2.    Claimant acknowledges that the venue is appropriate in this Court.

    3.    Claimant recognizes that Petitioners claim that GRACE OCEAN PRIVATE LIMITED ("Grace") is the registered owner of the M/V DALI (the "Dali" or "Vessel").

---

[1] To the extent that Consol's insurance carriers make payment on its claimed damages, they will assume subrogation rights to Consol's insured damages.

1

However, Claimant currently lacks sufficient information to verify the other assertions in Paragraph 3, and therefore denies those claims.

4. Claimant recognizes that Petitioners claim that SYNERGY MARINE PTE LTD ("Synergy") managed the Dali during the relevant periods mentioned but lacks enough information to confirm the other assertions in Paragraph 4, thus denying those claims.

5. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 5 and therefore denies those claims.

6. Claimant acknowledges that the Francis Scott Key Bridge ("Key Bridge") spans 1.6 miles over the Patapsco River at the outer crossing of the Baltimore Harbor, was completed in 1977, and forms part of Interstate 695, also known as the Baltimore Beltway. Claimant disputes and denies the remaining assertions in Paragraph 6.

7. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 7 and therefore denies those claims.

8. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 8 and therefore denies those claims.

9. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 9 and therefore denies those claims.

10. Claimant confirms that at approximately 1:28 AM local time on March 26, 2024, the Dali collided with the Key Bridge.

11. Claimant agrees that the collision caused parts of the Key Bridge to collapse and sustain damage, but lacks sufficient information to confirm the other assertions in Paragraph 11, and therefore denies those claims.

12.     Claimant agrees that as a result of the collision, at least two construction workers were injured, four died, and two remain missing and are presumed deceased. Claimant lacks sufficient information to confirm the other assertions in Paragraph 12.

13.     Claimant disputes and denies the allegations, beliefs, and legal conclusions set forth in Paragraph 13.

14.     Claimant disputes and denies the allegations, beliefs, and legal conclusions set forth in Paragraph 14.

15.     Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 15 and therefore denies those claims.

16.     Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 16 and therefore denies those claims.

17.     Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 17 and therefore denies those claims.

18.     Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 18 and therefore denies those claims.

19.     Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 19 and therefore denies those claims.

20.     Claimant acknowledges that Petitioners have proposed an Interim Stipulation of Value at $43,670,000.  Claimant admits that this Interim Stipulation is substantially less than the amount that will be claimed for losses and damages arising out of the Dali's allision with the Key Bridge. Claimant currently lacks sufficient information to form a belief about the other allegations in Paragraph 20 and, on that basis, denies those allegations

21. Claimant lacks sufficient information to form an opinion on the assertions of Paragraph 21 and therefore denies those claims.

22. Claimant acknowledges the assertion of Paragraph 22.

23. Claimant disputes and denies the assertions, conclusions, and the entitlement to relief claimed by Petitioners in Paragraph 23, and further denies that Petitioners are entitled to the relief claimed therein.

24. Claimant disputes and denies the assertions, conclusions, and the entitlement to relief claimed by Petitioners in Paragraph 24, and further denies that Petitioners are entitled to the relief claimed therein.

## CLAIMANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations in the Petition for Exoneration from or Limitation of Liability do not establish a basis for relief to be granted.

### SECOND DEFENSE

Claimant reserves the right to challenge Petitioners' alleged value of the Dali, her engines, apparel, appurtenances, pending freight any other assets described or whose existence is implied in the Petition, and the adequacy of the security posted.

### THIRD DEFENSE

The limitation fund is inadequate and the Petition for Exoneration from or Limitation of Liability should be dismissed because Petitioners have failed to deposit adequate security for the Vessel.

**FOURTH DEFENSE**

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to Claimant's damages and losses took place with the privity and knowledge of Petitioners and the owners, managing owners, owners *pro hac vice*, and/or operators of the Dali.

**FIFTH DEFENSE**

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was known by Petitioners and by the owners, managing owners, owners *pro hac vice*, and/or operators of the Dali to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the Vessel and its appurtenances, failing to properly equip the Vessel, failing to conduct adequate inspections of the Vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the Dali and/or her crew, and/or other failure, acts, or omissions of the Petitioners and of the Dali which may be shown at trial.

**SIXTH DEFENSE**

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice*, charterers and/or operators of the Dali did not use due diligence to make the Vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

**SEVENTH DEFENSE**

The incident and resulting damages and losses which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

**EIGHTH DEFENSE**

The incident and resulting damages which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the unseaworthiness of the Dali and the negligence of the Vessel's crew and shoreside management, and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

**NINTH DEFENSE**

The Petition for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definite statements of the allegations, regardless of the nature, manner and extent.

**TENTH DEFENSE**

The events culminating in the damages and losses of Claimant were the result of negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the Dali, all of which was within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied.

**ELEVENTH DEFENSE**

The events culminating in the damages and losses sustained by Claimant were not the result of any negligence, fault, or want of due care on the part of Claimant.

**TWELFTH DEFENSE**

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in federal court.

**THIRTEENTH DEFENSE**

Claimant specifically reserves all rights to pursue all available claims and no part of this Answer and Claim shall be construed to be a waiver of these rights.

**FOURTEENTH DEFENSE**

Claimant specifically reserves the right to pursue all available claims in state court, pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, general maritime law, and all other remedies (including state law remedies), for resolution of any and all issues beyond a determination of whether admiralty jurisdiction exists and whether limitation is required. The filing of this Claim is in no way a waiver of these rights and defenses, and Claimant is not agreeing to join all issues in this proceeding by filing this Claim.

**FIFTEENTH DEFENSE**

Claimant presently lacks sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserves the right to later assert additional affirmative defenses in the event that additional facts become known to it that would justify the assertion of additional defenses.

**WHEREFORE**, Claimant Consol Energy Inc. requests that this Court deny the Petitioners' Petition for Exoneration from and Limitation of Liability and hold Petitioners jointly and severally liable for all damages arising from the allision of the Dali into the Key Bridge on March 26, 2024, including all claims of Claimant.

    Respectfully submitted,

    */s/ Mark J. Stiller*
    Mark J. Stiller (Bar No.: 27408)
    Niles, Barton & Wilmer, LLP
    111 South Calvert Street, Suite 1400
    Baltimore, MD 21202
    410-783-6361
    410-783-6363 (facsimile)
    mjstiller@nilesbarton.com
    *Counsel for Consol Energy, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September 2024, a copy of the foregoing Answer to the Petitioners' Petition for Exoneration from or Limitation of Liability was served via the court's CM/ECF system on all counsel of record.

    */s/ Mark J. Stiller*
    Mark J. Stiller (Bar No.: 27408)