UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**CLAIM BY ZIM INTEGRATED SHIPPING SERVICES, LTD.
PURSUANT TO SUPPLMENTAL FEDERAL RULE F(5)
IN RELATION TO THE KEY BRIDGE ALLISION**

ZIM Integrated Shipping Services Ltd. ("ZIM"), by and through their attorneys, Palmer Biezup and Henderson, LLP, and subject to and without waiving any defenses contained in ZIM's Answer, files this Claim in Limitation against GRACE OCEAN PRIVATE LIMITED ("Grace") and SYNERGY MARINE PTE LTD ("Synergy") (together "Petitioners") pursuant to Supplemental Rule F(5) of the Federal Rules of Civil Procedure, and hereby states, upon information and belief, as follows:

**JURISDICTION**

1. The Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1333 because this is an admiralty or maritime dispute and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**PARTIES**

2. ZIM was and is a corporation or other business entity organized and existing under and by virtue of the laws of the country of Israel, with an office and principal place of business at 9 Andrei Sakharov St. Matam, P.O.B. 1723, Haifa 31016 Israel.

3. Upon information and belief, Grace is a foreign corporation existing under and by virtue of the laws of a foreign country, with a principal place of business in a foreign country.

4. Upon information and belief, Synergy is a foreign corporation existing under and by virtue of the laws of a foreign country, with a principal place of business in a foreign country.

5. Upon information and belief, Grace was at all relevant times engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the M/V DALI.

6. Upon information and belief, Synergy was at all relevant times engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the M/V DALI.

7. ZIM is and was at all relevant times a global shipping company that owns and operates shipping containers.

8. Upon information and belief, on or about March 26, 2024, at approximately 1:29 a.m. eastern daylight time, the M/V DALI allided with the Francis Scott Key Bridge ("Key Bridge").

9. As a result of this allision, damage was caused to containers and cargo aboard the M/V DALI and the Key Bridge.

10. ZIM was and is the owner and/or lessee of 1,275 shipping container shells that were aboard the M/V DALI.

11. The value of the 1,275 ZIM shipping container shells aboard the M/V DALI at the

#709066v1

time of the allision was approximately $3,092,100.00.

12. As a result of the allision, certain ZIM shipping container shells aboard the M/V DALI were damaged or destroyed.

13. ZIM has been unable to inspect all of its shipping container shells and accordingly it is unable to determine the exact cost of repairing or replacing its damaged or destroyed shipping container shells that were aboard the M/V DALI.

14. At all times relevant hereto ZIM was party to certain contracts of carriage by which ZIM agreed to transport loaded containers aboard the M/V DALI.

15. As a result of the allision, certain of the ZIM loaded containers which were being carried aboard the M/V DALI were damaged or destroyed.

16. Upon information and belief, claims will be brought against ZIM by the owners or subrogated insurers of the cargo damaged as the result of the M/V DALI allision.

17. The M/V DALI's allision with Key Bridge and resulting damages and losses occurred due to no fault or breach of contract on the part of ZIM or its agents.

18. As a result of the allision, salvage services were provided to the M/V DALI and the containers and cargo that were on board the M/V DALI.

19. Petitioners declared a General Average to obtain contributions from ZIM and other cargo interests toward the salvage expenses and other expenses alleged to have been incurred.

20. Petitioners called upon ZIM to guarantee salvage claims and alleged General Average expenses.

21. On or about April 24, 2024, a General Average Guarantee in the amount of $3,092,100.00 for the value of the 1,275 ZIM-owned and/or leased container shells was provided on behalf of ZIM in connection with the General Average.

22.     ZIM has incurred additional costs in an amount to be determined as the result of the damage to the cargo shipped aboard the M/V DALI. These claims include, but are not limited to, costs to transship cargo from containers damaged during the allision to new containers for shipment to the ultimate destination, onshipment costs to transport cargo which was loaded aboard the M/V DALI to their destinations aboard other vessels, survey expenses, contributions toward General Average and salvage, legal and expert fees and additional claims arising from the allision yet to be determined.

23.     For several months ZIM was also deprived of the use of its empty containers that remained aboard the Vessel; deprived of the ability to access its containers and other property located in the port of Baltimore; and deprived of the ability to carry cargoes by water for hire to or from the port of Baltimore, all of which resulted in damages to ZIM in amounts yet to be quantified.

24.     Petitioners, as owners and/or operators of the M/V DALI, owed duties to ZIM to properly man, manage, control, maintain, inspect, navigate and operate the M/V DALI with reasonable and ordinary care.

25.     Petitioners negligently breached the duties to properly man, manage, control, maintain, inspect, navigate and operate the M/V DALI with reasonable and ordinary care, proximately causing the allision and ZIM's damages by their negligence.

26.     Petitioners' conduct violated and/or failed to comply with U.S. and/or international and/or flag state statutes, regulations, and rules, which violations were a proximate or producing cause of the allision.

27.     At the start of the voyage and continuing until the time of the allision, Petitioners, as owners and/or operators of the M/V DALI, failed to exercise due diligence to maintain the M/V DALI in a seaworthy condition in all respects.

#709066v1

28. At the start of the voyage and continuing until the time of the allision, the M/V DALI was not tight, staunch, strong, and properly or competently manned, equipped, and supplied, and was not seaworthy and fit and proper for the service in which she was engaged.

29. 1,275 ZIM-owned and/or leased shipping container shells were delivered to the M/V DALI and Petitioners in good order and condition, which the said vessel and Petitioners received, accepted and agreed to transport.

30. Upon information and belief, 274 loaded containers shipped under ZIM issued bills of lading were delivered to Petitioners and the M/V DALI in good order and condition, and the Vessel and Petitioners received those loaded containers, accepted them and agreed to transport them to their respective destinations.

31. ZIM's shipping container shells and loaded containers have not been delivered in the same good order and condition in which they were received.

32. Petitioners were bailees of ZIM's owned and/or leased shipping container shells and loaded containers and, as such, they had a duty to exercise reasonable care to protect and preserve the shipping container shells and loaded containers.

33. Petitioners failed to exercise the requisite degree of care and as a result, an undetermined number of ZIM's shipping container shells and loaded containers were damaged or destroyed.

34. Petitioners breached their duties as bailees to deliver ZIM's shipping container shells and loaded containers in the same quantity and/or condition as when they were loaded aboard the M/V DALI.

35. ZIM has duly performed all of the duties and obligations required of ZIM.

36. Based upon their declaration of a General Average after the casualty and the General Average guarantees provided, Petitioners have sought General Average contributions from

#709066v1

ZIM and other cargo interests in connection with the allision of the M/V DALI with the Key Bridge.

37. ZIM denies that the Petitioners are entitled to General Average contributions from ZIM.

38. ZIM seeks a judgment declaring that Petitioners have no right to, and ZIM has no obligation to provide, any General Average contributions in connection with the casualty, and that any General Average Guarantees provided and issued on behalf of ZIM should be released and terminated.

39. Shippers or receivers of cargo shipped on the M/V DALI under bills of lading issued by ZIM will pursue claims against ZIM for damage to, or deterioration of, their cargoes shipped aboard the Vessel.

40. Any damage to, or deterioration of, cargo shipped under ZIM bills of lading, occurred not due to any fault or neglect on the part of ZIM but was solely the result of negligence, lack of due care, and/or inadequate training or practices and procedures of Petitioners, and/or the unseaworthiness of the M/V DALI.

41. If the accident, damages and losses alleged by the shippers or receivers of cargo are proven at trial to be true, said alleged accident, damages, allegations, injuries, and losses being specifically denied by ZIM, then said accident, damages, losses and/or injuries were caused in whole or in part by the fault or negligence, of the Petitioners, and without the fault or negligence of ZIM, and therefore ZIM should be granted recovery over and against, and be indemnified by and/or secure contribution from, the Petitioners for all sums so recovered against ZIM, inclusive of counsel fees and expenses incurred in defending against the claims brought by the cargo interests.

42. ZIM reserves the right to amend this Claim and assert further claims and/or causes of action after it has an opportunity to investigate more closely the facts and circumstances

giving rise to the damages it has incurred as a result of the incident.

## DAMAGES

43. ZIM is entitled to recover from Petitioners all its damages relating to the ZIM-owned or leased shipping container shells aboard the M/V DALI that were damaged or destroyed because of this casualty.

44. ZIM is entitled to recover from Petitioners all sums that ZIM pays or is required to pay by judgment or settlement for any claims made by cargo carried under ZIM bills of lading, including the attorneys' fees and costs incurred in the defense of said claims.

45. ZIM is entitled to recover from Petitioners all additional costs or expenses paid by ZIM as the result of the allision in an amount to be determined.

46. ZIM is entitled to recover from Petitioners all its attorneys' fees and expenses incurred in defending Petitioners' Petition and in prosecuting ZIM's Claim.

47. ZIM is entitled to recover from Petitioners pre-judgment interest on all of its damages and post-judgment interest at the maximum rate allowed by law.

48. ZIM is entitled to recover from Petitioners its costs of court.

49. ZIM is entitled to recover from Petitioners all additional relief or damages under all applicable law.

50. Since ZIM's damages are still being investigated and ongoing, ZIM reserves the right to amend its Claim as damages become known, are incurred and are quantified.

**WHEREFORE,** ZIM prays for judgment as follows:

A. Dismissing the Petition for Exoneration of Liability;

B. Granting ZIM's Claim and entering judgment in favor of ZIM and against Petitioners for any and all loss, damages, and/or injuries of ZIM, as may be finally determined by this Court;

#709066v1

C. Declaring that Petitioners have no right to, and ZIM has no obligation to provide, any General Average contributions in connection with the casualty, and that the General Average Guarantee provided and issued on behalf of ZIM be released and terminated;

D. Granting ZIM its costs, interest, and attorneys' fees; and

E. Granting ZIM such further and different relief as the Court deems just and proper.

Respectfully submitted,

**PALMER BIEZUP & HENDERSON LLP**

By:  /s/
Frank P. DeGiulio, Esq.
Federal Bar No.: 27059
222 Prince George Street, Suite 102
Annapolis, MD 21401
P (410) 267-0010
fpd@pbh.com

Kevin G. O'Donovan, Esq.*
Palmer Biezup & Henderson LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
odonovan@pbh.com

Attorneys for Claimant/Respondent
ZIM Integrated Shipping Services Ltd.

*Applications for admission *pro hac vice* forthcoming

Dated: September 24, 2024

#709066v1