UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. 1:24-cv-00941-JKB<br><br>*IN ADMIRALTY*<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.'S ANSWER TO PETITION |

Claimant MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), on its own behalf and as agent, assignee, and trustee on behalf of all parties who are or may become interested as their respective interests may ultimately appear, by its attorneys, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, as and for its Answer to the Petition GRACE OCEAN PRIVATE LIMITED ("GRACE"), and SYNERGY MARINE PTE LTD ("SYNERGY") (collectively referred to as "Petitioners"), alleges upon information and belief as follows:

1. Admits the allegations set forth in paragraph 1 of the Petition.

2. Admits the allegations set forth in paragraph 2 of the Petition.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Petition.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Petition.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Petition.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Petition.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Petition.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Petition.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Petition.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Petition.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Petition.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Petition.

13. Asserts that paragraph 13 of the Petition alleges conclusions of law for which no response is required, but to the extent that an answer is required, MSC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Petition.

14. Asserts that paragraph 14 of the Petition alleges conclusions of law for which no response is required, but to the extent that an answer is required, MSC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Petition.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Petition.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Petition.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Petition.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Petition.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Petition.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Petition.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Petition.

22. Admits the allegations set forth in paragraph 22 of the Petition.

23. Asserts that paragraph 23 of the Petition alleges conclusions of law for which no response is required, but to the extent that an answer is required, MSC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Petition.

24. Asserts that paragraph 24 of the Petition alleges conclusions of law for which no response is required, but to the extent that an answer is required, MSC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Petition.

**FIRST AFFIRMATIVE DEFENSE**

25. The amount of security alleged in the Petition and approved by the Court's Order of April 1, 2024, is insufficient and must be increased because, *inter alia*, such amount does not adequately reflect the value of the Vessel together with pending freight.

**SECOND AFFIRMATIVE DEFENSE**

26. The carriage of MSC's cargoes aboard the Vessel was subject to the terms and conditions of various bills of lading and/or other contracts of carriage. The loss of and/or damage to MSC's cargoes was caused in whole or in part by the Petitioners' acts, omissions, fault, and negligence.

**THIRD AFFIRMATIVE DEFENSE**

27. MSC relies upon the terms and conditions of the various agreements including the relevant time charter, cross-slot charter party, the bills of lading and/or sea waybills issued, and other agreements in effect at the time of the casualty. The filing of this Claim and Answer shall not be deemed to be a waiver of any rights or defenses that MSC may have under any agreement, including any arbitration agreement.

**FOURTH AFFIRMATIVE DEFENSE**

28. Petitioners fail to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

29. In the event that Petitioners right to limitation is denied, MSC reserves the right to benefit from that outcome.

WHEREFORE, Claimant MSC respectfully requests that the Court issue a Judgment:

a. Directing Petitioners to post additional financial security sufficient to reflect the actual value of the M/V DALI together with pending freight;

b.  Awarding Claimant MSC the full amount of its loss together with the costs and disbursements of this action; and

c.  Granting such other and further relief as the Court deems just and proper.

Dated: September 24, 2024

> BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
> Attorneys for Claimant
> MSC MEDITERRANEAN SHIPPING COMPANY S.A.
>
> By:  */s/ Jack R. Daley*
> Jack R. Daley (Bar No. 29187)
> 100 Light Street, 19th Floor
> Baltimore, MD 21202
> (410) 685-1120
>
> Edward P. Flood*
> Jon Werner*
> LYONS & FLOOD, PLLC
> The Towers
> 111 Great Neck Road, Suite 206
> Great Neck, NY 11021
> (212) 594-2400
> eflood@lyons-flood.com
> jwerner@lyons-flood.com
>
> * *pro hac vice* motions to be filed

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of September 2024, a copy of the foregoing was filed and served, electronically, via this Court's CM/ECF e-filing system, on all counsel of record.

*/s/ Jack R. Daley*
Jack R. Daley (Bar No. 29187)