UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. 1:24-cv-00941-JKB<br><br>*IN ADMIRALTY*<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.'S CLAIM |

Claimant MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), on its own behalf and as agent, assignee, and trustee on behalf of all parties who are or may become interested as their respective interests may ultimately appear, by its attorneys, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, as and for its Claim against GRACE OCEAN PRIVATE LIMITED ("GRACE"), and SYNERGY MARINE PTE LTD ("SYNERGY") (collectively referred to as "Petitioners"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

2. At all relevant times, MSC was and now is a business entity duly organized and existing under the laws of the Swiss Confederation with an office and place of business in Geneva, Switzerland, and at all relevant times was and is a common carrier by water for hire, and is engaged in the transportation of goods by water for hire between ports throughout the world.

- 2 -

3. Upon information and belief, GRACE is a corporation organized and existing under the laws of the Republic of Singapore with its registered office in Singapore, and was at all relevant times the registered owner of the M/V DALI (the "Vessel").

4. Upon information and belief, SYNERGY is a corporation organized and existing under the laws of the Republic of Singapore with its registered office in Singapore, and was at all relevant times the manager of the Vessel.

5. Upon information and belief, at all relevant times the Vessel was time chartered to non-party MAERSK LINE A/S ("Maersk"), a foreign corporation and common carrier by water for hire, engaged in the transportation of goods by water for hire between ports throughout the world.

6. At all relevant times there existed an agreement between MSC and Maersk, whereby the parties agreed to an arrangement for the carriage of MSC's containerized cargo aboard vessels owned, chartered, and/or operated by Maersk, including the Vessel (the "Vessel Sharing Agreement").

7. Prior to the subject casualty, and pursuant to the Vessel Sharing Agreement, approximately 507 containers loaded with cargo, moving under MSC bills of lading and/or sea waybills, as well as approximately 942 empty MSC containers, were stowed aboard the Vessel and destined for various ports.

8. On or about March 26, 2024, the Vessel experienced blackouts and a loss of propulsion and steering, prior to alliding with the Francis Scott Key Bridge in the City of Baltimore, with resultant severe damage to the Vessel; injury to members of the crew; injury and death to third parties; and damage to other property and certain cargo on the Vessel, including, but not limited to, cargo containers owned or leased by MSC, and cargo being shipped by

customers of MSC pursuant to contracts of carriage issued by MSC (hereinafter the "Casualty").

9. Following the Casualty, MSC was called upon by Petitioners to guarantee General Average expenses that may be assessed with respect to the containers, and other property and interests of MSC which were aboard the Vessel.

10. By reason of the Casualty, MSC has suffered direct damage and losses in the form of destruction of its property and containers; loss of insurance deductibles; General Average expenses; exposure to third-party claims for damage to cargo and for reimbursement of General Average expenses; claims for indemnity and contribution from other parties to this lawsuit subject to similar claims; and claims and other lawsuits and legal proceedings in the United States and abroad, all in amounts not yet quantified and Petitioners are liable to MSC for all liability, losses, and damages arising therefrom.

11. By reason of the Casualty, for several months MSC was also deprived of the use of its empty containers that remained aboard the Vessel; deprived of the ability to access its containers and other property located in the port of Baltimore; and deprived of the ability to carry cargoes by water for hire to or from the port of Baltimore, all of which resulted in damages to MSC in amounts not yet quantified.

12. Neither MSC nor its agents were careless, negligent, or reckless, nor were they in breach of any contractual duties with respect to the Vessel.

13. The Casualty and all of MSC's damages and losses as aforesaid are directly attributable to and caused by the aforesaid liability-producing conduct of Petitioners and/or their agents without any fault of MSC or its agents contributing thereto; and, therefore, the Petitioners should be held solely or jointly liable to MSC and/or all parties who have made claims against MSC.

14. In the event MSC is nevertheless held liable to any party to this action, or any other party to any other proceeding in the United States or abroad arising out of or relating to the Casualty, said liability being specifically denied by MSC, then such liability derives in whole or in part from the aforesaid liability-producing conduct and/or other liability-producing conduct of the Petitioners and/or their officers, agents, servants, and employees; and, therefore, MSC should be granted full recovery over and against, and be indemnified by, or secure contribution from the Petitioners for all sums so recovered against MSC, including of attorneys' fees, expenses, interest, and costs.

15. The Casualty was not caused or contributed to by any fault or neglect on the part of the MSC and/or its agents, servants, or employees.

16. By reason of the foregoing, the Petitioners violated their obligations and duties as owner, operator, and/or manager of the Vessel by failing to have delivered in like good order and condition as when shipped, and received by the Vessel, the cargo and containers moving under MSC bills of lading and/or other contracts of carriage which were stowed aboard the Vessel; and on the contrary, failed to deliver the containers entirely, or delivered them in a seriously damaged state that greatly impaired the value of the containers and the cargo contained therein.

17. In the event MSC is found responsible or liable for any cargo loss, shortage, damage, General Average expenses, and/or loss of any kind, which is denied, MSC seeks indemnity and/or contribution against the Petitioners for all amounts which MSC may be compelled to pay, as well as the costs, disbursements, and attorneys' fees incurred in regard to such claims whether in this proceeding or in any other proceeding. Responsibility and liability for such third-party claims rests with the Petitioners, and/or others to whom MSC is neither responsible nor liable, and said responsibility did not arise from any fault, breach of contract or

or warranty, neglect, or want of due care on the part of MSC.

18. In the event MSC is found responsible or liable for any cargo loss, shortage, damage, General Average expenses, and/or loss of any kind, which is denied, MSC seeks indemnity and/or contribution against the Petitioners for all amounts which MSC may be compelled to pay, as well as the costs, disbursements, and attorneys' fees incurred in regard to such claims whether in this proceeding or in any other proceeding. Responsibility and liability for such third-party claims rests with the Petitioners, and/or others to whom MSC is neither responsible nor liable, and said responsibility or liability did not arise from any fault, breach of contract or warranty, neglect, or want of due care on the part of MSC.

19. MSC submits this claim without prejudice and reserving all rights and defenses MSC has to the Petitioners, in arbitration or otherwise, and any third-party claimants, including third-party cargo claimants.

WHEREFORE, Claimant MSC prays:

a. That judgment be entered in favor of MSC and against the Petitioners in the amount of MSC's damages, as they may subsequently be proven, together with interest thereon and the costs and disbursements of this action;

b. That judgment be entered in favor of MSC and against the Petitioners for indemnity and/or contribution for any and all General Average, and/or other special charges which MSC is or may become liable for; all amounts for which MSC may be compelled to pay to third-party claimants, including, but not limited to, cargo claimants, together with interest thereon; and costs, disbursements, and attorneys' fees incurred in regard to any claims brought against MSC whether in this proceeding or in any other proceeding; and

c. For such other and further relief as this Court deems just and proper.

Dated: September 24, 2024

          BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
          Attorneys for Claimant
          MSC MEDITERRANEAN SHIPPING COMPANY S.A.

By:   */s/ Jack R. Daley*
      Jack R. Daley (Bar No. 29187)
      100 Light Street, 19th Floor
      Baltimore, MD 21202
      (410) 685-1120

      Edward P. Flood*
      Jon Werner*
      LYONS & FLOOD, PLLC
      The Towers
      111 Great Neck Road, Suite 206
      Great Neck, NY 11021
      (212) 594-2400
      eflood@lyons-flood.com
      jwerner@lyons-flood.com

      \* *pro hac vice* motions to be filed

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of September 2024, a copy of the foregoing was filed and served, electronically, via this Court's CM/ECF e-filing system, on all counsel of record.

      */s/ Jack R. Daley*
      Jack R. Daley (Bar No. 29187)