UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. 1:24-cv-00941-JKB<br><br>IN ADMIRALTY |

**ANSWER OF CLAIMANTS MSC MEDITERRANEAN SHIPPING COMPANY S.A. AND MSC MEDITERRANEAN SHIPPING COMPANY HOLDING S.A. TO THE PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Claimants MSC Mediterranean Shipping Company S.A. and MSC Mediterranean Shipping Company Holding S.A. (collectively, "Claimants" ), with respect to their property onboard the M/V DALI that was insured by TT Club Mutual Insurance Ltd. ("TT Club"), by and through their attorneys, Donovan & Rainie, LLC and Brown Gavalas & Fromm LLP (Pro Hac Motions to be filed), as and for its Answer to the Petition for Exoneration from or Limitation of Liability (the "Petition") of GRACE OCEAN PRIVATE LIMITED ("Grace") and SYNERGY MARINE PTE LTD ("Synergy") (together "Petitioners"), pursuant to Supplemental Rule F(5) and other Rules of the Federal Rules of Civil Procedure, hereby states, upon information and belief, as follows:

1. The allegations contained in paragraph "1" of the Petition consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Claimants deny the allegations contained in paragraph "1".

2. The allegations contained in paragraph "2" of the Petition consist of legal

1

conclusions to which no response is required. To the extent that a response is deemed necessary, Claimants deny the allegations contained in paragraph "2".

3. Claimants admit that Grace was the registered owner of the M/V DALI, but except as so admitted, Claimants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "3" of the Petition.

4. Claimants admit that Synergy allegedly managed the M/V DALI during the relevant periods mentioned, but except as so admitted, Claimants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4" of the Petition.

5. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Petition.

6. Claimants admit that the Francis Scott Key Bridge ("Key Bridge") was a 1.6-mile span over the Patapsco River at the outer crossing of the Baltimore Harbor, but except as so admitted, Claimants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "6" of the Petition.

7. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Petition.

8. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Petition.

9. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Petition.

10. Claimants admit that, at or about 1:29 am eastern daylight time on March 26, 2024, the M/V DALI allided with the Key Bridge.

11. Claimants admit that, as a result of the allision, containers carried aboard the

M/V DALI were damaged and/or lost, but except as so admitted, Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Petition.

12. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Petition.

13. Claimants deny the allegations contained in paragraph "13" of the Petition.

14. Claimants deny the allegations contained in paragraph "14" of the Petition.

15. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Petition.

16. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Petition.

17. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Petition.

18. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Petition.

19. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Petition.

20. Claimants admit that Petitioners have offered an Interim Stipulation of Value in the amount of $43,670,000 and that the Interim Stipulation is substantially less than the amount that will be claimed for losses and damages arising out of the M/V DALI's allision with the Key Bridge, but except as so admitted, Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Petition.

21. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Petition.

22. The allegations contained in paragraph "22" of the Petition consist of legal conclusions to which no response is required. To the extent that a response is deemed necessary, Claimants deny the allegations contained in paragraph "22".

23. Claimants deny the allegations contained in paragraph "23" of the Petition.

24. Claimants denies the allegations contained in paragraph "24" of the Petition.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The events culminating in the damages and losses sustained by Claimants were not the result of any negligence, fault, or want of due care on the part of Claimants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The amount of security posted by the Petitioners or on their behalf in this limitation proceeding is neither sufficient nor adequate to properly discharge Petitioners' liabilities and obligations, nor does it reflect the correct values required by law. This Court should, therefore, strike the Petition or, failing that, order Petitioners to submit their interests in the M/V DALI and other property for re-evaluation and thereafter direct that Petitioners file security in an increased amount to cover the claims herein.

## ADDITIONAL AFFIRMATIVE DEFENSES

Claimants reserve the right to assert any additional defenses that become apparent during the course of discovery, including but not limited to, the right to challenge Petitioners' right to exoneration from or limitation of liability pursuant to the Limitation Act, 46 U.S.C. § 30501, *et seq.*

**WHEREFORE**, Claimants pray that:

1. The Petition herein for Exoneration from or Limitation of Liability be dismissed;

2. Or, in the alternative, Petitioners must post additional financial security sufficient to discharge and secure the Petitioners' liabilities and obligations to the Claimant herein and the other Claimants;

3. Or, in the alternative, Petitioners must post additional financial security sufficient to reflect the actual value of the M/V DALI together with pending freight.

4. Claimants be awarded its damages, with interest thereon, plus the costs of these proceedings, attorneys' fees and interest; and

5. This Court grant such other and further relief as may be just and equitable.

Respectfully Submitted,

/s/
Priscilla A. Donovan (Bar No. 27031)
pard@donovanrainie.com
Daniel J. Donovan (Bar No. 22661)
djd@donovanrainie.com
DONOVAN & RAINIE, LLC
10278 Burleigh Cottage Lane
Ellicott City, MD 21042
Tel: (410) 685-8800


BROWN GAVALAS & FROMM LLP
Peter Skoufalos*
pskoufalos@browngavalas.com
Michael P. Naughton*
mpn@browngavalas.com
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 983-8500

*Attorneys for Claimant
MSC Mediterranean Shipping Company S.A. and
MSC Mediterranean Shipping Company Holding S.A.
with respect to its property onboard the M/V DALI
that was insured by TT Club Mutual Insurance Ltd.*

\*Motions for admission *pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day September 2024 a copy of the foregoing was served on all counsel who have appeared in this case, including counsel of record for Petitioners, via the ECF system.

_____/s/_____
Priscilla A. Donovan