**UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. 1:24-cv-00941-JKB<br><br>**IN ADMIRALTY** |

**CLAIM BY MSC MEDITERRANEAN SHIPPING COMPANY S.A. AND MSC MEDITERRANEAN SHIPPING COMPANY HOLDING S.A. PURSUANT TO SUPPLMENTAL FEDERAL RULE F(5) IN RELATION TO THE KEY BRIDGE ALLISION**

Claimants MSC Mediterranean Shipping Company S.A. and MSC Mediterranean Shipping Company Holding S.A. (collectively, "MSC" or "Claimants" ), with respect to their property onboard the M/V DALI that was insured by TT Club Mutual Insurance Ltd. ("TT Club"), by and through their attorneys, Donovan & Rainie, LLC and Brown Gavalas & Fromm LLP (pro hac vice motions to be filed), and subject to and without waiving any defenses contained in Claimants' Answer(s), file this Claim in Limitation against GRACE OCEAN PRIVATE LIMITED ("Grace") and SYNERGY MARINE PTE LTD ("Synergy") (together "Petitioners") pursuant to Supplemental Rule F(5) of the Federal Rules of Civil Procedure, and hereby states, upon information and belief, as follows:

**JURISDICTION**

1. The Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §1333 because this is an admiralty or maritime dispute and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**PARTIES**

2. Claimants are corporations or other business entities organized and existing under the laws of Switzerland with their principal place of business in Geneva, Switzerland.

3. Upon information and belief, Grace is a foreign corporation existing under and by virtue of the laws of a foreign country, with a principal place of business in a foreign country.

4. Upon information and belief, Synergy is a foreign corporation existing under and by virtue of the laws of a foreign country, with a principal place of business in a foreign country.

5. Upon information and belief, Grace was at all relevant times engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the M/V DALI.

6. Upon information and belief, Synergy was at all relevant times engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the M/V DALI.

7. Claimants were at all relevant times an ocean carrier engaged in business as a common carrier by sea for hire that owns and operates shipping containers.

8. TT Club was the insurer of Claimants' shipping container shells that were onboard the M/V DALI at all relevant times pursuant to Ship Operators Coverage it provided to Claimants.

**CLAIM**

9. Upon information and belief, on or about March 26, 2024, at approximately 1:29 a.m. eastern daylight time, the M/V DALI allided with the Francis Scott Key Bridge ("Key Bridge").

10. As a result of this allision, damage was caused to containers and cargo aboard the M/V DALI and the Key Bridge.

11. MSC was and is the owner and/or lessee of 1,422 shipping container shells that

2

were aboard the M/V DALI and insured by the TT Club (the "Shipping Container Shells").

12. The value of the 1,422 Shipping Container Shells aboard the M/V DALI at the time of the allision was approximately $3,346,100.00.

13. As a result of the allision, certain Shipping Container Shells aboard the M/V DALI were damaged or destroyed.

14. Due to the Shipping Container Shells not yet arriving at final destination, an inspection of all of the Shipping Container Shells has not been able to be conducted at this time.

15. Due to not being able to inspect the Shipping Container Shells, a determination of the exact cost to repair or replace the Shipping Container Shells that were aboard the M/V DALI as a result of the allision has not been made at this time, but will be made as soon as an inspection can be conducted.

16. At some point in the future, the TT Club may become subrogated to the rights of the Claimants in the damage and/or destroyed Shipping Container Shells.

17. The M/V DALI's allision with Key Bridge and resulting damages and losses occurred due to no fault on the part of the Claimants or the TT Club causing or contributing thereto.

18. As a result of the allision, salvage services were provided to the M/V DALI and the containers and cargo that were onboard the M/V DALI.

19. Petitioners declared a General Average to obtain contributions from Claimants and cargo interests toward the salvage expenses and other expenses alleged to have been incurred.

20. Petitioners called upon Claimants to guarantee salvage claims and alleged General Average expenses.

21. On or about April 25, 2024, a General Average Guarantee in the amount of $3,346,100.00 for the value of the 1,422 the Shipping Container Shells was provided by the TT Club on behalf of Claimants in connection with the Petitioners declared General Average.

22. Petitioners, as owners and/or operators of the M/V DALI, owed duties to Claimants to properly man, manage, control, maintain, inspect, navigate and operate the M/V DALI with reasonable and ordinary care.

23. Petitioners negligently breached the duties to properly man, manage, control, maintain, inspect, navigate and operate the M/V DALI with reasonable and ordinary care, proximately causing the allision and Claimants damages by their negligence.

24. Petitioners knew or should have known of the foregoing acts of negligence and fault and therefore those acts or negligence were within the privity and knowledge of Petitioners.

25. Petitioners' conduct violated and/or failed to comply with U.S. and/or international and/or flag state statutes, regulations, and rules, which violations were a proximate or producing cause of the allision.

26. At the start of the voyage and continuing until the time of the allision, Petitioners, as owners and/or operators of the M/V DALI, failed to exercise due diligence to maintain the M/V DALI in a seaworthy condition in all respects.

27. At the start of the voyage and continuing until the time of the allision, the M/V DALI was not tight, staunch, strong, and properly or competently manned, equipped, and supplied, and was not seaworthy and fit and proper for the service in which she was engaged.

28. 1,422 Shipping Container Shells were delivered to the M/V DALI and Petitioners in good order and condition, which the said vessel and Petitioners received, accepted and agreed to transport.

29. The Shipping Container Shells have not been delivered in the same good order and condition in which they were received.

30. Petitioners were bailees of the Shipping Container Shells and, as such, they had a duty to exercise reasonable care to protect and preserve the Shipping Container Shells.

31. Petitioners failed to exercise the requisite degree of care and as a result, an undetermined number of Shipping Container Shells were damaged or destroyed.

32. Petitioners breached their duties as bailees to deliver the Shipping Container Shells in the same quantity and/or condition as when they were loaded aboard the M/V DALI.

33. Claimants have duly performed all of the duties and obligations required of them.

34. Based upon their declaration of a General Average after the casualty and the General Average guarantees provided, Petitioners have sought General Average contributions from Claimants and other cargo interests in connection with the allision of the M/V DALI with the Key Bridge.

35. Claimants denies that the Petitioners are entitled to General Average contributions from them.

36. Claimants seek a judgment declaring that Petitioners have no right to, and Claimants have no obligation to provide, any General Average contributions in connection with the casualty, and that any General Average Guarantees provided and issued by the TT Club should be released and terminated.

37. Claimants reserves the right to amend this Claim and assert further claims and/or causes of action after it has an opportunity to investigate more closely the facts and circumstances giving rise to the damages it has incurred as a result of the incident.

## DAMAGES

38. Claimants are entitled to recover from Petitioners all their damages relating to the

Shipping Container Shells aboard the M/V DALI that were damaged or destroyed because of this casualty.

39. Claimants are entitled to recover from Petitioners all their attorneys' fees and expenses incurred in defending Petitioners' Petition and in prosecuting this Claim.

40. Claimants are entitled to recover from Petitioners pre-judgment interest on all of their damages and post-judgment interest at the maximum rate allowed by law.

41. Claimants are entitled to recover from Petitioners their costs of court.

42. Claimants are entitled to recover from Petitioners all additional relief or damages under all applicable law.

43. Since damages are still being investigated and ongoing, Claimants reserves the right to amend their Claim as damages become known, are incurred and are quantified.

**WHEREFORE,** Claimants pray for judgment as follows:

A. Dismissing the Petition for Exoneration from and Limitation of Liability, with prejudice;

B. Granting the Claim and entering judgment in favor of the Claimants and against Petitioners for any and all loss, damages, and/or injuries of Claimants, as may be finally determined by this Court;

C. Declaring that Petitioners have no right to, and Claimants have no obligation to provide, any General Average contributions in connection with the casualty, and that the General Average Guarantee provided and issued by the TT Club be released and terminated;

D. Granting Claimants their costs, interest, and attorneys' fees; and

E. Granting Claimants such further and different relief as the Court deems just and proper.

Dated: September 24, 2024

                        Respectfully submitted,

                        _____/s/_____
                        Priscilla A. Donovan (Bar No. 27031)
                        pard@donovanrainie.com
                        Daniel J. Donovan (Bar No. 22661)
                        djd@donovanrainie.com
                        DONOVAN & RAINIE, LLC
                        10278 Burleigh Cottage Lane
                        Ellicott City, MD 21042
                        Tel: (410) 685-8800


                        BROWN GAVALAS & FROMM LLP
                        Peter Skoufalos*
                        pskoufalos@browngavalas.com
                        Michael P. Naughton*
                        mpn@browngavalas.com
                        60 East 42nd Street, Suite 4600
                        New York, NY 10165
                        Tel: (212) 983-8500

                        *Attorneys for Claimants*
                        *MSC Mediterranean Shipping Company S.A. and*
                        *MSC Mediterranean Shipping Company Holding S.A.*
                        *with respect to their property onboard the M/V DALI*
                        *that was insured by TT Club Mutual Insurance Ltd.*

                        *Motions for admission *pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day September 2024 a copy of the foregoing was served on all counsel who have appeared in this case, including counsel of record for Petitioners, via the ECF system.

_____/s/_____
Priscilla A. Donovan