UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Case No.: 1:24-CV-00941 JKB<br><br>**IN ADMIRALTY** |

ANSWER OF CLAIMANTS/RESPONDENTS
NAJ LOGISTICS EXPRESS INC AND NEJOUM AL JAZEERA USED CARS LLC
TO THE PETITION FOR EXONERATION FROM OR
<u>LIMITATION OF LIABILITY</u>

NOW COME Claimants/Respondents NAJ LOGISTICS EXPRESS INC and NEJOUM AL JAZEERA USED CARS LLC ("Claimants"), by their attorneys James D. Skeen, Terry L. Goddard Jr. and Skeen & Kauffman, L.L.P., and hereby answer and respond to the Petition for Exoneration from or Limitation of Liability filed herein, by admitting, denying and alleging, based on information and belief, as follows:

1. Claimants admit to the admiralty and maritime jurisdiction of this Court. As to the remaining allegations in Paragraph 1, no response is necessary from Claimants. To the extent that a response is required, the allegations are denied.

2. Claimants admit that venue is proper in the Court.

3. Claimants admit that GRACE OCEAN PRIVATE LIMITED is a foreign based company and was the registered owner of the M/V DALI ("Vessel") at the time of the incident.

Claimants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore deny those allegations.

4. Claimants admit that SYNERGY MARINE PTE LTD. is a foreign based company and was the manager of the DALI at the time of the incident. Claimants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and therefore deny those allegations.

5. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny those allegations.

6. Claimants admit that the Francis Scott Key Bridge (the "Key Bridge") was a 1.6 mile long bridge over the Patapsco River owned by the State of Maryland, completed in 1977 and formed part of Interstate 695, which is known as the Baltimore Beltway. Claimants deny and dispute the remaining allegations set forth in Paragraph 6.

7. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore deny those allegations.

8. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore deny those allegations.

9. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore deny those allegations.

10. Claimants admit the allegations contained in Paragraph 10.

11. Claimants admit only that, as a result of the allision caused by the DALI, portions of the Key Bridge collapsed and were damaged. Claimants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 and therefore deny those allegations.

12. Claimants admit only that, as a result of the DALI alliding with the Key Bridge, at least two construction workers were injured and six construction workers died. Claimants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 12 and therefore deny those allegations.

13. Claimants deny the allegations contained in Paragraph 13.

14. Claimants deny the allegations contained in Paragraph 14.

15. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore deny those allegations.

16. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore deny those allegations.

17. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore deny those allegations.

18. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny those allegations.

19. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny those allegations.

20. Claimants acknowledge that Petitioners have proposed an Interim Stipulation of Value in the amount of $43,670,000, which appears to be substantially lower than the expected claims for the losses and damages caused by the DALI's allision with the Key Bridge. Claimants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 20 and therefore deny those allegations.

21. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny those allegations.

22. Claimants admit the allegations contained in Paragraph 22.

23. Paragraph 23 contains allegations of law to which a responsive pleading is not required; however, to the extent that a response is required, Claimants deny the allegations contained in Paragraph 23. Claimants specifically deny that Petitioners are entitled to exoneration from or limitation of liability, that Petitioners have valid defenses or that Petitioners are entitled to any other relief sought in the prayer or the relief sought in the Petition.

24. Paragraph 24 contains allegations of law to which a responsive pleading is not required; however, to the extent that a response is required, Claimants deny the allegations contained in Paragraph 24. Claimants specifically deny that Petitioners are entitled to exoneration from or limitation of liability, that Petitioners have valid defenses or that Petitioners are entitled to any other relief sought in the prayer or the relief sought in the Petition.

## FIRST DEFENSE/AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can be granted.

## SECOND DEFENSE/AFFIRMATIVE DEFENSE

Claimants reserve the right to challenge the alleged value of the DALI and Petitioners' alleged valuation of the DALI, her engines, apparel, appurtenances, pending freight and any other assets described or whose existence is implied in the Petition, and the adequacy of the security posted.

## THIRD DEFENSE/AFFIRMATIVE DEFENSE

The amount of security tendered by Petitioners in connection with the Petition is insufficient and must be increased because, *inter alia,* such amount does not adequately reflect the value of the DALI together with pending freight.

## FOURTH DEFENSE/AFFIRMATIVE DEFENSE

The amount of security tendered by Petitioners in connection with the Petition is insufficient and must be increased because, *inter alia*, such amount is inadequate to secure the liabilities and obligations of Petitioners to Claimants herein.

## FIFTH DEFENSE/AFFIRMATIVE DEFENSE

The cargoes loaded aboard the DALI were carried subject to the terms and conditions of various bills of lading and/or other contracts of carriage.  The loss of and/or damage to the cargoes of Claimants were caused in whole or in part by the negligent and/or willful breaches of those aforesaid contracts by Petitioners.

## SIXTH DEFENSE/AFFIRMATIVE DEFENSE

Prior to, and at all times referenced in the Petition, Petitioners failed to exercise due diligence to make the DALI seaworthy.  The DALI was at all relevant times not fit to undertake the service in which she was engaged.  The losses, damages and/or charges and expenses suffered by or in connection with Claimants' cargoes were caused in whole or in part by the failure of Petitioners to exercise due diligence to make the DALI seaworthy at the commencement of the voyage.

## SEVENTH DEFENSE/AFFIRMATIVE DEFENSE

The losses, damages and/or charges and expenses suffered by or in connection with the cargoes of Claimants, as well as the casualty alleged in the Petition and the subsequent events related thereto, were caused in whole or in party by the fault, design or neglect, or want of care of Petitioner and/or the DALI, and/or persons from whom Petitioners are responsible.

**EIGHTH DEFENSE/AFFIRMATIVE DEFENSE**

The losses, damages and/or charges and expenses suffered by or in connection with the cargoes of Claimant, as well as the casualty alleged in the Petition and the subsequent events related thereto, resulted from causes within the privity and knowledge of Petitioners and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Petitioners.

**NINTH DEFENSE/AFFIRMATIVE DEFENSE**

Petitioners are not a proper party for and are not entitled to exoneration from or limitation of liability pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 30501, *et seq*.

**TENTH DEFENSE/AFFIRMATIVE DEFENSE**

Petitioners are not entitled to limit their liability because, at all times relevant to this litigation, the DALI was operated in a willful, wanton and reckless manner or the conduct and actions which led to Claimants' damages and losses took place with the privity and knowledge of Petitioners and the owners, managing owners, owners *pro hac vice*, charterers, managers and/or operators of the DALI.

**ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE**

Petitioners are not entitled to limit their liability because, at all times relevant to this litigation, the DALI was known by Petitioners and by the owners, managing owners, owners *pro hac vice*, charterers, managers and/or operators of the DALI to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the Vessel and it appurtenances, failing to properly equip the Vessel, failing to conduct adequate inspections of the Vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe

6

equipment, improper management of the DALI and/or her crew, and/or other failure, acts or omissions of the Petitioners and of the DALI which may be shown at trial.

### TWELFTH DEFENSE/AFFIRMATIVE DEFENSE

The allision of the DALI with the Key Bridge and the resulting damages were caused by the negligence of the Petitioners, by or through their directors, officers, employees, contractors, servants or agents, and/or by the unseaworthy condition of the DALI, all of which occurred with the privity and knowledge of Petitioners. As such, Petitioners are not entitled to exoneration from or limitation of liability and are not entitled to any General Average or otherwise contribution from Claimants.

### THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice,* charterers, managers and/or operators of the DALI did not use due diligence to make the Vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

### FOURTEENTH DEFENSE/AFFIRMATIVE DEFENSE

The incident and resulting damages and losses which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability, limitation of liability and a contribution in General Average or otherwise from Claimants must be denied.

### FIFTEENTH DEFENSE/AFFIRMATIVE DEFENSE

The incident and resulting damages which are the subject of the Petition for Exoneration

from or Limitation of Liability were caused by the unseaworthiness of the DALI and the negligence of the Vessel's crew and shoreside management, and, therefore, Petitioners' prayer for a decree of exoneration from liability and a contribution in General Average or otherwise from Claimants must be denied.

### SIXTEENTH DEFENSE/AFFIRMATIVE DEFENSE

The events culminating in the damages and losses of Claimants were the result of negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible and/or the unseaworthiness of the DALI, all of which were within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied and a contribution in General Average or otherwise from Claimants must be denied.

### SEVENTEENTH DEFENSE/AFFIRMATIVE DEFENSE

The events culminating in the damages and losses sustained by Claimants were not the result of any negligence, fault or want of due care on the part of Claimants.

### EIGHTEENTH DEFENSE/AFFIRMATIVE DEFENSE

Claimants presently lack sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserve the right to later assert additional affirmative defenses in the event that additional facts become known to them that would justify the assertion of additional defenses.

**WHEREFORE**, Claimants demand judgment against Petitioners:

1. Dismissing the Petition in all respects, with prejudice;

2. In the alternative, direct and order that Petitioners post additional financial security to secure the liabilities and obligations of Petitioners to Claimants herein;

3. In the further alternative, directing Petitioners to post additional financial security sufficient to reflect the actual value of the M/V DALI together with pending freight;

4. Awarding Claimants damages in the amount of Claimants' claims, as they may be proven, together with interest thereon;

5. Awarding Claimants indemnity or contribution for any and all salvage, General Average and/or other special charges and expenses which Claimants are or may become liable for, together with interest thereon;

6. Awarding Claimants their costs and disbursements in this action; and

7. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of September 2024.

/s/ Terry L. Goddard Jr.
James D. Skeen (00010)
Terry L. Goddard Jr. (15460)
Skeen & Kauffman, L.L.P.
9256 Bendix Road, Suite 102
Columbia, MD 21045
T: (410) 625-2252
F: (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com
Attorneys for Claimants

**Certificate of Service**

I hereby certify that, on the 24th day of September 2024, I uploaded the foregoing and any attachments/exhibits to the Court's CM/ECF system for filing and service on all interested parties.

/s/ Terry L. Goddard Jr.
Terry L. Goddard Jr.