### UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition | |
| of | |
| GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI, | Case No.: 1:24-CV-00941 JKB |
| and | **IN ADMIRALTY** |
| SYNERGY MARINE PTE LTD, as Manager of the M/V DALI, | |
| for Exoneration from or Limitation of Liability. | |

### CLAIMS BY NAJ LOGISTICS EXPRESS INC AND
### NEJOUM AL JAZEERA USED CARS LLC
### PURSUANT TO RULE F(5)
### IN RELATION TO THE KEY BRIDGE ALLISION

Claimants NAJ LOGISTICS EXPRESS INC and NEJOUM AL JAZEERA USED CARS LLC ("Claimants"), by their attorneys James D. Skeen, Terry L. Goddard Jr. and Skeen & Kauffman, L.L.P., as and for their claims, pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, against Petitioners GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD, as alleged owner and manager, respectively, of the M/V DALI (the "DALI" or "Vessel"), allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

#### JURISDICTION

1.      The following issues concern the carriage of goods by sea from a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*,

and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.      The following issues also concern the loss of, damage to or delay of goods while being carried by sea from a port of the United States of America to a foreign port and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

<u>**PARTIES**</u>

4.      At and during all the times hereinafter mentioned, Claimants had and now have the legal status and offices and places of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

5.      Claimants are the shippers, consignees and/or receivers of the shipments described in Schedule A, and/or persons with a proprietary interest in the shipments described in Schedule A, and/or persons owning, holding or entitled to possession of the shipments or the bills of lading or waybills for the shipments described in Schedule A, and/or persons who are a "Customer" or a "Merchant" as defined in the bills of lading or waybills for the shipments described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons, and Claimants assert these Claims on their own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and Claimants are entitled to maintain these Claims.

6.      At and during all the times hereinafter mentioned, Petitioner GRACE OCEAN PRIVATE LIMITED was and now is a foreign business entity duly organized and existing under the laws of Singapore, with its registered office in Singapore, and was engaged in business as a common carrier of goods by sea for hire and owned, operated, managed, chartered, maintained, repaired or controlled the DALI, a container ship that operates in regularly scheduled liner service between ports of the United States of America and Asia.

7.      At and during all the times hereinafter mentioned, Petitioner SYNERGY MARINE PTE LTD was and now is a foreign business entity duly organized and existing under the laws of Singapore, with its registered office in Singapore, and was engaged in business as a common carrier of goods by sea for hire and owned, operated, managed, chartered, maintained, repaired or controlled the DALI, a container ship that operates in regularly scheduled liner service between ports of the United States of America and Asia.

## FACTS

8.      On or about the dates and at the Ports of Loading stated in Schedule A, there were tendered by the shippers and delivered to Petitioners and the DALI, as carrier or otherwise, the shipments described in Schedule A, then being in good order and condition, and Petitioners and the DALI then and there accepted said shipments so tendered and delivered to Petitioners and the DALI, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Petitioners and the DALI agreed to transport and carry said shipments to the Ports of Discharge stated in Schedule A, and deliver said shipments, in like good order and condition as when delivered to and received by Petitioners and the DALI, to the consignees named in Schedule A.

9.      The shipments described in Schedule A were in good order and condition when delivered to Petitioners and the DALI.

10.     A contract of carriage or other contract existed between Claimants and others in connection with the shipments described in Schedule A that Claimants are parties to, are third-party beneficiaries of or are otherwise entitled to enforce and that Petitioners and the DALI are parties to or otherwise ratified.

11.     Such contracts of carriage or other applicable contracts concern the carriage of goods by sea from a port of the United States of America to a foreign port.

12.     All obligations under the contracts of carriage or other applicable contracts to be performed on the part of Claimants were performed, waived or otherwise excused.

13.     Among other obligations and duties, Petitioners and the DALI had an obligation and duty to deliver the shipments described in Schedule A in good order and condition to the Ports of Discharge stated in Schedule A.

14.     The Vessel allided with the Francis Scott Key Bridge (the "Key Bridge") on March 26, 2024 (the "Allision").  Among other things, the Allision caused loss of, damage to and delays in delivery of the cargoes carried on board the Vessel.

15.     The shipments described in Schedule A have not been delivered to the consignees named in Schedule A as of the date of these Claims; and delivery of said shipments has been severely delayed.  Claimants do not know the condition of said shipments.

16.     The shipments described in Schedule A were never delivered to the Ports of Discharge stated in Schedule A and/or were misdelivered and/or were not delivered in good order and condition to said Ports of Discharge and/or were delayed in delivery, in violation of Petitioners' and the DALI's obligations and duties as a carrier of goods by sea for hire and/or in breach of the contracts of carriage or other applicable contracts and/or in breach of Petitioners' and the DALI's obligations and duties as a bailee for hire and/or in breach of Petitioners' and the DALI's other

obligations and duties.

17.    Claimants have been called upon by Petitioners or Vessel interests to guarantee General Average expenses and/or salvage claims that may be assessed if the shipments described in Schedule A have not been totally destroyed.

18.    Claimants suffered substantial losses and damages because of the loss of and damage to the shipments described in Schedule A and/or the misdelivery of said shipments and/or the delay in delivery of said shipments.

19.    The losses and damages sustained by Claimants, as nearly as the same can now be estimated, are in the amount of at least $9,387,939.99, in addition to any General Average or salvage expenses or charges.

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>(Particular Average Claim)</u>**

20.    Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 19 of these Claims with the same force and effect as if more fully set forth herein.

21.    The bills of lading, waybills, contracts of carriage and other applicable contracts for the shipments described in Schedule A, as well as said shipments themselves, are subject to the provisions of COGSA.

22.    The shipments described in Schedule A were in good order and condition when delivered to Petitioners and the DALI.

23.    The shipments described in Schedule A were never delivered to the Ports of Discharge stated in Schedule A and/or were misdelivered and/or were not delivered in good order and condition to said Ports of Discharge and/or were delayed in delivery.

24.    Under COGSA, Petitioners and the DALI are liable for the loss of and damage to the shipments described in Schedule A and/or for the misdelivery of said shipments and/or for the

5

delay in delivery of said shipments.

25.     Claimants are entitled to recover the losses and damages they suffered because of the loss of and damage to the shipments described in Schedule A and/or the misdelivery of said shipments and/or the delay in delivery of said shipments.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Particular Average Claim)

26.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 25 of these Claims with the same force and effect as if more fully set forth herein.

27.     To the extent they are not subject to the provisions of COGSA, Petitioners, the DALI, the bills of lading, waybills, contracts of carriage and other applicable contracts for the shipments described in Schedule A, as well as said shipments themselves, are subject to the provisions of the Harter Act.

28.     The shipments described in Schedule A were in good order and condition when delivered to Petitioners and the DALI.

29.     The shipments described in Schedule A were never delivered to the Ports of Discharge stated in Schedule A and/or were misdelivered and/or were not delivered in good order and condition to said Ports of Discharge and/or were delayed in delivery.

30.     To the extent they are not liable under COGSA, Petitioners and the DALI are liable under the Harter Act for the loss of and damage to the shipments described in Schedule A and/or for the misdelivery of said shipments and/or for the delay in delivery of said shipments.

31.     Claimants are entitled to recover the losses and damages they suffered because of the loss of and damage to the shipments described in Schedule A and/or the misdelivery of said shipments and/or the delay in delivery of said shipments.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Particular Average Claim)

32.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 31 of these Claims with the same force and effect as if more fully set forth herein.

33.     Petitioners and the DALI breached the contracts of carriage or other applicable contracts by failing to deliver the shipments described in Schedule A to the Ports of Discharge stated in Schedule A and/or by misdelivering said shipments and/or by failing to deliver said shipments in good order and condition to said Ports of Discharge and/or by delaying delivery of said shipments.

34.     Petitioners and the DALI otherwise breached the contracts of carriage or other applicable contracts.

35.     Claimants suffered losses and damages because of the breach of contract by Petitioners and the DALI.

36.     Claimants are entitled to recover the losses and damages they suffered because of the breach of contract by Petitioners and the DALI.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Particular Average Claim)

37.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 36 of these Claims with the same force and effect as if more fully set forth herein.

38.     The shipments described in Schedule A were entrusted to the care, custody and control of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable for delivery to the Ports of Discharge stated in Schedule A.

39.     The shipments described in Schedule A were in good order and condition at the time they were entrusted to Petitioners and the DALI and/or persons for whom Petitioners and the

7

DALI are vicariously liable.

40.     The shipments described in Schedule A were in the care, custody and control of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable at the time said shipments were lost or damaged and/or misdelivered and/or delayed in delivery.

41.     Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable failed to deliver the shipments described in Schedule A to the Ports of Discharge stated in Schedule A and/or misdelivered said shipments and/or failed to deliver said shipments in good order and condition to said Ports of Discharge and/or delayed the delivery of said shipments.

42.     Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable failed to return the shipments described in Schedule A in good order and condition.

43.     The loss of or damage to the shipments described in Schedule A was caused by or resulted from the acts or omissions of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable.

44.     The misdelivery of the shipments described in Schedule A was caused by or resulted from the acts or omissions of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable.

45.     The delay in delivery of the shipments described in Schedule A was caused by or resulted from the acts or omissions of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable.

46.     Claimants suffered losses and damages because of the acts or omissions of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable.

47.     Claimants are entitled to recover the losses and damages they suffered because of

the loss of and damage to the shipments described in Schedule A and/or the misdelivery of said shipments and/or the delay in delivery of said shipments.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**<u>(Particular Average Claim)</u>**

48.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 47 of these Claims with the same force and effect as if more fully set forth herein.

49.     The DALI was under the complete and exclusive control of Petitioners and/or persons for whom Petitioners are vicariously at the time of the Allision.

50.     The Allision is a type of marine casualty that ordinarily does not occur in the absence of negligence.

51.     Claimants bear no fault for the Allision.

52.     Based on the doctrine of *res ipsa loquitor*, Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable are presumed to be negligent under such circumstances.

53.     Petitioners cannot rebut the presumption of negligence or provide a reasonable excuse for the Allision.

54.     The negligence of Petitioners and the DALI and/or persons for whom Petitioners and/or the DALI are vicariously liable caused or resulted in the loss of, damage to or delay in delivery of the shipments described in Schedule A.

55.     As a result of the negligence of Petitioners and the DALI and/or persons for whom Petitioners and/or the DALI are vicariously liable, Claimants suffered losses and damages.

56.     Claimants are entitled to recover their losses and damages.

9

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Particular Average Claim)

57.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 56 of these Claims with the same force and effect as if more fully set forth herein.

58.     The shipments described in Schedule A were in good order and condition when delivered to Petitioners and the DALI.

59.     Among other duties, Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable were obligated to deliver the shipments described in Schedule A to the Ports of Discharge stated in Schedule A in like good order and condition.

60.     Among other duties, Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable were obligated to properly and carefully load, handle, stow, carry, keep, care for and discharge the shipments described in Schedule A.

61.     Among other duties, Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable had a duty to exercise such reasonable care and maritime skill as prudent vessel owners, vessel managers, carriers and mariners employ for the carriage of goods by sea.

62.     Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable breached these duties.

63.     The breach of these duties by Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable was the cause of the Allision.

64.     Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable were otherwise negligent in the following non-exclusive respects:

(a)     failing to navigate the DALI in a prudent and safe manner;

(b)     failing to provide a safe, seaworthy and properly maintained Vessel;

10

        (c)      failing to have a competent, experienced and properly trained crew aboard the DALI;

        (d)      violating the navigational rules of the road; and/or

        (e)      failing to exercise reasonable care.

65.     These other negligent acts or omissions of Petitioners and the DALI and/or persons for whom Petitioners and the DALI are vicariously liable were the cause of the Allision.

66.     The negligence of Petitioners and the DALI and/or persons for whom Petitioners and/or the DALI are vicariously liable caused or resulted in the loss of, damage to or delay in delivery of the shipments described in Schedule A.

67.     As a result of the negligence of Petitioners and the DALI and/or persons for whom Petitioners and/or the DALI are vicariously liable, Claimants suffered losses and damages.

68.     Claimants are entitled to recover their losses and damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Particular Average Claim)**

69.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 68 of these Claims with the same force and effect as if more fully set forth herein.

70.     The DALI was unseaworthy before and at the time of the Allision.

71.     The DALI was unseaworthy because, among other reasons, it:

        (a)      had an incompetent master and/or crew;

        (b)      was inadequately manned;

        (c)      was improperly maintained;

        (d)      was not reasonably fit for its intended use; and/or

        (e)      was not suitable in design, equipment and/or machinery to perform the voyage.

72.     The unseaworthiness of the DALI caused the Allision.

73.     The unseaworthiness of the DALI caused or resulted in the loss of, damage to or delay in delivery of the shipments described in Schedule A.

74.     As a result of the unseaworthiness of the DALI, Claimants suffered losses and damages.

75.     Claimants are entitled to recover their losses and damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Claim for General Average Indemnity and/or Contribution)**

76.     Claimants repeat and reallege each and every allegation set forth in Paragraphs 1 through 75 of these Claims with the same force and effect as if more fully set forth herein.

77.     Claimants were called upon by Petitioners to guarantee alleged General Average and/or certain salvage expenses and charges prior to the release of said shipments for further carriage or otherwise.  Claimants provided the security demanded by Petitioners.

78.     Petitioners, by reason of the premises and the unseaworthiness of the DALI, breached their duties to Claimants as common carrier by sea for hire and/or otherwise and are at fault for the Allision.

79.     As a result of the Allision, the shipments described in Schedule A have been or will be taken off or discharged from the Vessel and, having value, subject to alleged liens of salvors and, as a condition precedent to obtaining the release of said shipments, Claimants were required to give security to the salvors for amounts allegedly due for salvage services; and, as a condition precedent to the release of said shipments, Petitioners required Claimants to give General Average security for contributions to or for charges allegedly due from cargo in connection with the subject voyage, and Claimants incurred and paid additional freight charges for the carriage of certain said shipments to destination on conveyances other than the DALI.

80.     Claimants have duly performed all duties and obligations on their part to be performed.

81.     By reason of the premises, Claimants are entitled to indemnification and/or contribution from Petitioners for any and all General Average and/or salvage expenses or charges or contributions and/or for any and all other special charges, expenses or contributions and/or to be fully relieved from any and all alleged General Average and/or salvage contribution or obligation.

**WHEREFORE**, Claimants demand judgment against Petitioners:

A.      Denying the Petition for Exoneration from or Limitation of Liability and allowing their Claims against Petitioners in full;

B.      On the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action in favor of Claimants and against Petitioners awarding Claimants damages in an amount to be determined at trial, together with interest thereon;

C.      On the Eighth Cause of Action in favor of Claimants and against Petitioners awarding Claimants indemnity or contribution from Petitioners for any and all General Average and/or salvage expenses or charges or contributions and/or for any and all other special charges, expenses or contributions for which Claimants are or may become liable, together with interest thereon, and/or fully relieving Claimants from any and all alleged General Average and/or salvage contribution or obligation; and

D.      For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Respectfully submitted this 24th day of September 2024.

/s/ Terry L. Goddard Jr.
James D. Skeen (00010)
Terry L. Goddard Jr. (15460)
Skeen & Kauffman, L.L.P.
9256 Bendix Road, Suite 102
Columbia, MD 21045
T: (410) 625-2252
F: (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com
Attorneys for Claimants

**Certificate of Service**

I hereby certify that, on the 24th day of September 2024, I uploaded the foregoing and any attachments/exhibits to the Court's CM/ECF system for filing and service on all interested parties.

/s/ Terry L. Goddard Jr.
Terry L. Goddard Jr.