UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI, | For Exoneration from or Limitation of Liability<br><br><br><br><br><br>Case No.: 1:24-CV-00941 JKB<br><br>**IN ADMIRALTY** |

## SUPPLEMENTAL FEDERAL RULE F(5) CLAIM AND ANSWER BY WISCONSIN SPICE, INC IN RELATION TO THE KEY BRIDGE ALLISION

COMES NOW Claimant WISCONSIN SPICE, INC, and, through the undersigned counsel, and files a claim and answer pursuant to Supplemental Rule for Admiralty or Maritime Claims F(5) against Petitioners, GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD, as alleged owner and manager of the vessel M/V DALI (hereinafter the "Vessel" or "Dali") and answers the allegations in the Petition For Exoneration From Or Limitation Of Liability [Dkt. 1] and states its own claims as follows:

### ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Admitted that GRACE OCEAN PRIVATE LIMITED (hereinafter "GOPL") is the owner of the Vessel. The remainder is denied for lack of knowledge sufficient to form an opinion.

1

4. Admitted that SYNERGY MARINE PTE LTD (hereinafter "SMPL") was the manager of the Vessel at all relevant times. The remainder is denied for lack of knowledge sufficient to form an opinion.

5. Denied for lack of information sufficient to form an opinion.

6. Admitted that the Francis Scott Key Bridge was a 1.6 mile bridge over the Patapsco River at Baltimore Harbor, completed in 1977, comprising part of Interstate 695, also known as the Baltimore Beltway. The remainder is denied for lack of knowledge sufficient to form an opinion.

7. Admitted that the Vessel commenced a voyage from Baltimore, Maryland on March 26, 2024 bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The remainder is denied for lack of knowledge sufficient to form an opinion.

8. Denied for lack of information sufficient to form an opinion.

9. Denied for lack of information sufficient to form an opinion.

10. Admitted.

11. Admitted.

12. Denied for lack of information sufficient to form an opinion.

13. Denied.

14. Denied.

15. Denied for lack of information sufficient to form an opinion.

16. Denied for lack of information sufficient to form an opinion.

17. Denied for lack of information sufficient to form an opinion.

18. Denied for lack of information sufficient to form an opinion.

19. Denied for lack of information sufficient to form an opinion.

20. Admitted that Petitioners have proposed an Interim Stipulation of Value at $43,670,000. The remainder is denied for lack of information sufficient to form an opinion.

21. Admitted.

22. Admitted.

23. Denied: this paragraph states a legal conclusion to which no response is required.

24. Denied: this paragraph states a legal conclusion to which no response is required.

## FIRST DEFENSE

Claimant reserves the right to contest the alleged value of the Dali, her engines, apparel, appurtenances, pending freight, and any other assets described or implied in the Petition, and the adequacy of the security posted. Claimant similarly reserves the right to contest the value of the salvage costs alleged by Petitioners to reduce the value of the limitation fund and the purported evidence supplied in the Petition related to salvage costs.

## SECOND DEFENSE

Petitioners are not entitled to limitation of liability since Dali was operated in a willful, wanton, and reckless manner and the conduct and actions leading to Claimant's damages occurred with the privity created by the Petitioners, the owners, managing owners, owners pro hac vice, and/or operators of the Dali, who ordered the crew of the Dali to depart from the dock despite their knowledge that the Vessel was not seaworthy and that incidents such as the allision with the Francis Scott Key Bridge were the likely product of an unseaworthy vessel.

## THIRD DEFENSE

Petitioners are not entitled to limitation of liability because, as will be demonstrated at trial, the unseaworthy nature of the Vessel, namely, inadequate training, maintenance, repairs, equipment, and oversight, was known to them at all relevant times.

**FOURTH DEFENSE**

Petitioners are not entitled to limitation of liability because Claimant's damages were caused by the fault, intentional acts, and regulatory violations of Petitioners and their agents, which were within the privity and knowledge of petitioners at all relevant times.

**FIFTH DEFENSE**

Petitioners are not entitled to reduce the limitation fund by the cost of salvage, particularly where salvage was performed under a legal duty to remove the wreck from a navigable channel.

**SIXTH DEFENSE**

Claimant's damages were not caused by any negligence, fault, or lack of care by Claimant.

**SEVENTH DEFENSE**

Claimant reserves all rights to pursue all available claims in federal court, and in state court pursuant to the "Savings to Suitors" clause, the general maritime law, and all state or federal civil law remedies available to this Court or in state court, for resolution of any issues beyond the determination of admiralty jurisdiction and limitation requirements.

**EIGHTH DEFENSE**

Petitioner SMPL is precluded from claiming limitation of liability because this remedy is available only to vessel owners, and SMPL alleges itself to be the "manager of the Vessel pursuant to an Agreement for Marine Services with Owner [GOPL]," not an owner of the Vessel.

WHEREFORE Claimant Wisconsin Spice, Inc. requests that this Court deny the Petitioners' petitions for exoneration and limitation of liability and hold Petitioners jointly and severally liable

for all damages arising from the allision of the Dali into the Francis Scott Key Bridge on March 26, 2024 including for all claims of claimant.

## CLAIM

1. These are admiralty and maritime claims within the meaning Federal Rule of Civil Procedure 9(h).

2. Claimant is a Wisconsin corporation located at 478 S Industrial Park Rd. Berlin, WI, 54923.

3. Claimant is the owner of certain cargoes laden on the Dali: Container No. MRKU2738316 and MRSU5138560, corresponding to Bill of Lading No. 236566397 and 236566422, respectively (hereinafter, the "Shipments").

4. Claimant was made to guarantee salvage claims and/or general average expenses by Petitioners and now seeks indemnification and contribution from Petitioners for the same.

5. Claimant also seeks payment of damages incurred for additional transportation charges and any damage that may have occurred to Claimant's merchandise as a result of Petitioners' acts or omissions.

6. On or around March 17, 2024 the Shipments were delivered to Petitioners and the Vessel in good order and condition at the port of Newark, New Jersey.

7. Petitioners received, accepted, and agreed to transport for consideration the Shipments.

8. On March 26, 2024, the Vessel collided with the Francis Scott Key Bridge.

9. Because of the allision, salvage changes and general average charges were assessed against the cargo owners.

10. As a condition for release of the Shipments, Claimant was forced to guarantee general average and salvage claims arising from the allision in the amount of $18,847.08 for

    Container No. MRKU2738316 and $13,291.20 for Container No. MRSU5138560 for a total of $32,138.28.

11. Because of the disruption of the shipment caused by the allision, Claimant was forced to pay additional transportation costs in order to move the Shipments.

12. Additionally, one of the two Shipments has yet to arrive at its final destination, and its contents may be damaged by the allision.

13. Petitioners breached their duties to Claimant as a common carrier by water for hire by virtue of the unseaworthiness of the Vessel which, among other acts or omissions of the Petitioners, caused the allision.

14. Petitioners knew or should have known about the factors giving rise to unseaworthiness of the Vessel, *inter alia*, inadequate training, maintenance, repairs, equipment, and oversight, at the time of its departure from the Port of Baltimore.

15. Claimant has duly performed all duties and obligations on its part to be performed.

16. Due to Petitioners' negligent acts, omissions, and/or privity or knowledge of the acts and conditions that caused the allision, Claimant is entitled to indemnification and contribution from the Petitioners for any and all salvage and general average charges and to be fully relieved from any and all alleged salvage and general obligations that may arise from the allision.

WHEREFORE, Claimant respectfully requests this Court to enter judgment against Petitioners as follows:

1. An award in the amount of the Claimant's claim, to be proven at trial, but no less than $32,138.28 plus additional transportation costs, plus any damage to Claimant's merchandise discovered upon delivery of the second container.

2. Denial of the Petitioner's Petition for exoneration and limitation of liability.

3. An award of indemnity from all potential salvage and general average charges arising from the allision of the Vessel with the Francis Scott Key Bridge.

4. An award of costs, attorney's fees, and any other such relief that this Court deems just and proper.

Dated September 24, 2024

Respectfully submitted:

**Levin Gann PA**
/s/ Debra B Cruz
Debra B Cruz
1 W Pennsylvania Ave, Suite 900
Towson, MD 21204
dcruz@levingann.com
Tel: 410-321-4642
Fax: 833-801-1118
Aaron J Turner
1 W Pennsylvania Ave, Suite 900
Towson, MD 21204
Email: aturner@levingann.com
Tel: 410-321-0600
Fax: 833-801-1118

**LIANG + MOONEY PLLC**
Shanshan Liang
Fla Bar No. 112991
2104 Delta Way, Suite #1
Tallahassee, FL 32303-4236
Tel: (850)- 893-0670
Email: sliang@customscourt.com
*Pro hac vice pending*

*Attorneys for Defendant/Claimant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of September, 2024, I uploaded the foregoing and any attachments/exhibits to the Court's CM/ECF system for filing and service on all interested parties. Service was also made via email on the following parties:

| DUANE MORRIS, LLP | BLANK ROME, LLP |
|---|---|
| Robert B. Hopkins (Bar No. 06017)<br>rbhopkins@duanemorris.com | William R. Bennett III<br>William.Bennett@blankrome.com |
| Laurie G. Furshman (Bar No. 29604)<br>Lgfurshman@duanemorris.com | Thomas H. Belknap, Jr.<br>Thomas.Belknap@blankrome.com |
| | Kierstan L. Carlson<br>Kierstan.Carlson@blankrome.com |
| 100 International Drive, Suite 700<br>Baltimore, MD 21202<br>(410) 949-2900 | 1825 Eye St. NW<br>Washington, DC 20006<br>(202) 420-2200 |

                                              /s/ Debra B Cruz
                                              Debra B Cruz