UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Case No.:  1:24-CV-00941 JKB<br><br>**IN ADMIRALTY** |

**ANSWER OF CLAIMANTS/RESPONDENTS JLJ INTERNATIONAL HOLDINGS, LLC AND ATLANTIC SPECIALTY INSURANCE COMPANY TO THE PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW COMES Claimants/Respondents, JLJ International Holdings, LLC and Atlantic Specialty Insurance Company (collectively, "Claimant"), through undersigned counsel, and hereby responds to the Petition for Exoneration from or Limitation of Liability filed herein, by admitting, denying and alleging, based on information and belief as follows:

1. Claimant admits to the admiralty and maritime jurisdiction of this Court. As to the remaining allegations in Paragraph 1, no response is necessary from Claimant. To the extent that a response is required, the allegations are denied.

2. Claimant admits that venue is proper in the Court.

3. Claimant admits that Grace Ocean Private Limited is a foreign based company and was the registered owner of the M/V DALI ("vessel") at the time of the incident. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore denies those allegations.

4. Claimant admits that Synergy Marine Pte Ltd. is a foreign based company and was the manager of the M/V DALI at the time of the incident. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and therefore denies those allegations.

5. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies those allegations.

6. Claimant admits that the Francis Scott Key Bridge was a 1.6 mile long bridge over the Patapsco River owned by the State of Maryland, completed in 1977, and forms part of Interstate 695, which is known as the Baltimore Beltway. Claimant denies and disputes the remaining allegations set for the in Paragraph 6.

7. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies those allegations.

8. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies those allegations.

9. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies those allegations.

10. Claimant admits the allegations contained in Paragraph 10.

11. Claimant admits only that, as a result of the collision caused by the M/V DALI, portions of the Key Bridge collapsed and were damaged. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 and therefore denies those allegations.

12. Claimant admits only that as a result of the M/V DALI colliding with the Key Bridge at least two construction workies were injured, four construction works died and two construction workers remain missing but are presumed dead. Claimant lacks knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph and therefore denies those allegations.

13. Claimant denies the allegations contained in Paragraph 13.

14. Claimant denies the allegations contained in Paragraph 14.

15. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies those allegations.

16. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies those allegations.

17. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies those allegations.

18. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies those allegations.

19. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies those allegations.

20. Claimant acknowledges that Petitioners have proposed an Interim Stipulation of Value in the amount of $43,670,000, which appears to be substantially lower than the expected claims for the losses and damages caused by the M/V DALI's collision with the Key Bridge. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 20 and therefore denies those allegations.

21. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies those allegations.

22. Claimant admits the allegations contained in Paragraph 22.

23. Paragraph 23 contains allegations of law to which a responsive pleading is not required, however, to the extent that a response is required, Claimant denies the allegations contained in Paragraph 23. Claimant specifically denies that Petitioners are entitled to exoneration from or limitation of liability, that Petitioners have valid defenses or that Petitioners are entitled to any other relief sought in the prayer or the relief sought in the Petition.

24. Paragraph 24 contains allegations of law to which a responsive pleading is not required, however, to the extent that a response is required, Claimant denies the allegations contained in Paragraph 24. Claimant specifically denies that Petitioners are entitled to exoneration from or limitation of liability, that Petitioners have valid defenses or that Petitioners are entitled to any other relief sought in the prayer or the relief sought in the Petition.

## FIRST DEFENSE/AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can be granted.

## SECOND DEFENSE/AFFIRMATIVE DEFENSE

Claimant reserves the right to challenge the alleged value of the M/V DALI and Petitioners' alleged value of the M/V DALI, her engines, apparel, appurtenances, pending freight, and any other assets described or whose existence is implied in the Petition, and the adequacy of the security posted.

## THIRD DEFENSE/AFFIRMATIVE DEFENSE

The amount of security tendered by Petitioners in connection with the Petition is insufficient and must be increased because, *inter alia,* such amount does not adequately reflect the value of the M/V DALI together with pending freight.

**FOURTH DEFENSE/AFFIRMATIVE DEFENSE**

The amount of security tendered by Petitioners in connection with the Petition is insufficient and must be increased because, inter alia, such amount is inadequate to secure the liabilities and obligations of Petitioners to Claimant herein.

**FIFTH DEFENSE/AFFIRMATIVE DEFENSE**

The cargoes loaded aboard the M/V DALI were carried subject to the terms and conditions of various bills of lading and/or other contracts of carriage. The loss of and/or damage to the cargoes of Claimant were caused in whole or in part by the negligent and/or willful breaches of those aforesaid contracts by Petitioners.

**SIXTH DEFENSE/AFFIRMATIVE DEFENSE**

Prior to, and at all times referenced in the Petition, Petitioners failed to exercise due diligence to make the M/V DALI seaworthy. The M/V DALI was at all relevant times not fit to undertake the service in which she was engaged. The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes were caused in whole or in part by the failure of Petitioners to exercise due diligence to make the M/V DALI seaworthy at the commencement of the voyage.

**SEVENTH DEFENSE/AFFIRMATIVE DEFENSE**

The losses, damages and/or charges and expenses suffered by or in connection with the cargoes of Claimant, as well as the casualty alleged in the Petition and the subsequent events related thereto, were caused in whole or in party by the fault, design or neglect, or want of care of Petitioner and/or the M/V DALI, and/or persons from whom Petitioners are responsible.

**EIGHTH DEFENSE/AFFIRMATIVE DEFENSE**

The losses, damages and/or charges and expenses suffered by or in connection with the cargoes of Claimant, as well as the casualty alleged in the Petition and the subsequent events related

thereto, resulted from causes within the privity and knowledge of Petitioners, and/or their officers, directors, managers, supervisors, superintendents and/or such persons whose privity and knowledge are imputable to Petitioners.

### NINETH DEFENSE/AFFIRMATIVE DEFENSE

Petitioners are not a proper party for and are not entitled to exoneration from or limitation of liability pursuant to the Limitation Act, 46 U.S.C §30501, *et seq*.

### TENTH DEFENSE/AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability because, at all times relevant to this litigation, the M/V DALI was operated in a willful, wanton, and reckless manner or the conduct and actions which led to Claimant's damages and losses took place with the privity and knowledge of Petitioners and the owners, managing owners, owners *pro hac vice,* and/or operators of the M/V DALI.

### ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability because at all times relevant to this litigation the M/V DALI was known by Petitioners and by the owners, managing owners, owners *pro hac vice, managers* and/or operators of the M/V DALI to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and it appurtenances, failing to properly equip the vessel, failing to conduct adequate inspections of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the M/V DALI and/or her crew, and/or other failure, acts, or omissions of the Petitioners and of the M/V DALI which may be shown at trial.

### TWELFTH DEFENSE/AFFIRMATIVE DEFENSE

The collision of the M/V DALI with the Key Bridge and the resulting damages were caused

by the negligence of the Petitioners, by or through their directors, officers, employees, contractors, servants or agents, and/or by the unseaworthy condition of the M/V DALI, all of which occurred with the privity and knowledge of Petitioners. As such, Petitioners are not entitled to exoneration from or limitation of liability and are not entitled to any General Average or otherwise contribution from Claimant.

### THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice,* charterers, and/or operators of the Dali did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

### FOURTEENTH DEFENSE/AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability because Petitioners and the owners, managing agents, managing owners, owners pro hac vice, charterers and/or operations of the M/V DALI did not use due diligence to make the vessel seaworthy at the outset of the voyage upon which the subject casualty occurred.

### FIFTEENTH DEFENSE/AFFIRMATIVE DEFENSE

The incident and resulting damages and losses which are the subject of the Petition for Exoneration from or Limitation of Liability were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability, limitation of liability and a contribution in General Average or otherwise from Claimant must be denied.

**SIXTEENTH DEFENSE/AFFIRMATIVE DEFENSE**

The incident and resulting damages which are the subject of the Petition for Exoneration from, or Limitation of Liability were caused by the unseaworthiness of the M/V DALI and the negligence of the vessel's crew and shoreside management, and, therefore, Petitioners' prayer for a decree of exoneration from liability and a contribution in General Average or otherwise from Claimant must be denied.

**SEVENTEENTH DEFENSE/AFFIRMATIVE DEFENSE**

The events culminating in the damages and losses of Claimant were the result of negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the M/V DALI, all of which was within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied and a contribution in General Average or otherwise from Claimant must be denied.

**EIGHTEENTH DEFENSE/AFFIRMATIVE DEFENSE**

The events culminating in the damages and losses sustained by Claimant were not the result of any negligence, fault, or want of due care on the part of Claimant.

**NINETEENTH DEFENSE/AFFIRMATIVE DEFENSE**

Claimant presently lacks sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserves the right to later assert additional affirmative defenses in the event that additional facts become known to it that would justify the assertion of additional defenses.

**WHEREFORE**, Claimant demands judgment against Petitioners:

1. Dismiss the Petition in all respects, with prejudice;
2. In the alternative, direct and order that Petitioners post additional financial security

to secure the liabilities and obligations of Petitioners to Claimant herein;

3. In the further alternative, directing Petitioners to post additional financial security sufficient to reflect the actual value of the M/V DALI together with pending freight;

4. Awarding Claimant damages in the amount of Claimant's claims, as it may be proven, together with interest thereon and the costs and disbursements of this action;

5. Awarding Claimant indemnity or contribution for any and all salvage, general average and/or other special charges and expenses which Claimant is or may become liable for, together with interest thereon;

6. Awarding Claimant the costs and disbursements of their action; and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of September 2024.

*/s/ Terry L. Goddard Jr.*
James D. Skeen (00010)
Terry L. Goddard Jr. (15460)
Skeen & Kauffman, LLP
9256 Bendix Road, Suite 102
Columbia, MD 21045
T:  (410) 625-2252
F:  (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com

-AND-

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III (*pro hac vice* forthcoming/pending)
SAMUEL L. FULLER (*pro hac vice* forthcoming/pending)
BRENDAN N. HUGHES (*pro hac vice* forthcoming/pending)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
bnhughes@gallowaylawfirm.com

*Counsel for Atlantic Specialty Insurance Company and JLJ International Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system.

                                 */s/ Terry L. Goddard Jr.*
                                 TERRY L. GODDARD JR.