UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Case No.: 1:24-CV-00941 JKB<br><br>**IN ADMIRALTY** |

**CLAIM BY JLJ INTERNATIONAL HOLDINGS, LLC AND ATLANTIC SPECIALTY INSURANCE COMPANY PURSUANT TO SUPPLEMENTAL FEDERAL RULE F(5) <u>IN RELATION TO THE KEY BRIDGE ALLISION</u>**

Claimants, JLJ International Holdings, LLC ("JLJ") and Atlantic Specialty Insurance Company ("Atlantic Specialty") (collectively referred to as "Claimants"), by and through undersigned counsel, for their claims pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims against Petitioners, GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD, as alleged owner and manager of the vessel M/V DALI (referred to herein as "Petitioners" or "Vessel Interests" of the "DALI" or "vessel"), allege the following, upon information and belief:

1.     These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     At and during all times hereinafter mentioned, Claimants had and now have the legal status and principal office and place of business stated in Schedule A hereto annexed, and by this

reference made a part hereof. Claimants have an interest in certain cargoes (the "Cargo") lately laden aboard the DALI, which may have been partially or totally damaged and/or who has been called upon by Vessel Interests to guarantee salvage claims and/or General Average expenses which may be assessed if said Cargo has not been totally destroyed.

3. At and during all the times hereinafter mentioned, Petitioner, GRACE OCEAN PRIVATE LIMITED, was and now is a foreign corporation duly organized and existing under the laws of Singapore with its registered office in Singapore, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, maintained, repaired or controlled the DALI, a containership that operates in regularly scheduled liner service between ports of the United States and Asia.

4. At and during all the times hereinafter mentioned, Petitioner, SYNERGY MARINE PTE LTD, was and now is a foreign corporation duly organized and existing under the laws of Singapore with its registered office in Singapore, and was engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, maintained, repaired or controlled the DALI, a containership that operates in regularly scheduled liner service between ports of the United States and Asia.

## CAUSES OF ACTION

### GENERAL AVERAGE INDEMNITY AND/OR CONTRIBUTION

5. Claimants repeat, reiterate, and re-allege each and every allegation set forth in paragraphs "1" through "4" hereof with the same force and effect as though the same were set forth herein in full and at length.

6. On or about the dates and at the ports of shipment stated in Schedule A, there was delivered to the DALI and Vessel Interests in good order and condition the shipments described in Schedule

A, which the said vessel and Vessel Interests received, accepted, and agreed to transport for certain consideration to the respective destinations stated in Schedule A.

7. Since then, the Cargo has been discharged from the DALI, but has not re-entered the logistics stream and has yet to be inspected. Nevertheless, Claimants have been called upon by Petitioners to guarantee alleged General Average expenses and/or certain salvage claims.

8. Petitioners, by reason of the premises, and the unseaworthiness of the DALI, breached its duties to the Claimants as common carrier(s) by water for hire and/or was otherwise at fault for the allision of the DALI with the Francis Scott Key Bridge ("Key Bridge").

9. As a result of the allision of the DALI with the Key Bridge, all of the above Cargo taken off or discharged from the vessel and having value became subject to alleged liens of salvors and/or as a condition precedent to obtaining the release of the Cargo formerly laden on board the DALI, Claimants were required to give security as a condition precedent to the release of the above Cargo and/or to the salvors of same for amounts allegedly due for salvage services.

10. Petitioners required Cargo Claimants to give general average security for contributions to or for charges allegedly due from Cargo in connection with the above voyage.

11. Claimants have an insurable or proprietary interest in the Cargo as described in Schedule A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipments as their respective interests may ultimately appear, and Claimants are entitled to maintain this action.

12. Claimants duly performed all duties and obligations on their part to be performed.

13. By reason of the premises, Claimants are entitled to indemnification and/or contribution from the Petitioners for any and all salvage and/or General Average charges or contributions and/or

to be fully relieved from any and all alleged salvage and/or General Average contribution or obligation.

## BREACH OF MARITIME CONTRACT OF CARRIAGE

14. Claimants repeat, reiterate, and re-allege each and every allegation set forth in paragraphs "1" through "13" hereof with the same force and effect as though the same were set forth herein in full and at length.

15. The Cargo described in Schedule A was delivered in good order and condition and properly prepared for the subject voyage. Vessel Interests agreed, under a maritime contract of carriage, to a non-delegable duty to safely load stow, carry, and handle, and to act as the bailees of the Cargo, and to discharge the Cargo in good order and condition.

16. Vessel Interests failed to deliver the Cargo pursuant to the terms of the maritime contract of carriage. The failures and omissions of Vessel Interests, in connection with the non-performance and defective performances of its obligations, constitute material breaches of the contracts of carriage.

17. Under U.S. maritime law, the failures and omissions of Vessel Interests give rise to an admiralty claim by JLJ and Atlantic Specialty against Vessel Interests.

18. As a result of the material breaches of the applicable contracts of carriage, Claimants have suffered loss and damage, including but not limited to, the following:

a.) Losses, including demurrage, delay, and penalties, which are continuing, due to the non-performance of the obligations under the contracts of carriage and reliance on the performance of Petitioners of the terms and conditions of the aforesaid;

b.) Damages, including those owed to third parties on account of Petitioners failures and breaches.

c.) Further and additional loss and damage, as yet unascertained.

## **BREACH OF BAILMENT**

19. Claimants repeat, reiterate, and re-allege each and every allegation set forth in paragraphs "1" through "18" hereof with the same force and effect as though the same were set forth herein in full and at length.

20. As carrier, handler, or bailee with respect to the Cargo, Vessel Interests owed Claimants a duty of care to preserve, not damage, and not lose the Cargo.

21. Vessel Interests' conduct and breaches of its duties unreasonably deviated from the parties' expectations.

22. The consequence of such negligence and/or willful breaches is that, as alleged herein, Vessel Interests failed to take the necessary steps to transport Claimants' Cargo without damage or delay.

23. Under U.S. maritime law, the negligence, failures, and omissions of Vessel Interests give rise to a claim by JLJ and Atlantic Specialty against Vessel Interests.

24. In addition to damages resulting as a direct and proximate result of Vessel Interests' conduct, as listed in paragraph "17" above, Claimants also demand recovery of attorneys fees.

**WHEREFORE**, Claimants demand judgment against Petitioners:

A. In the amount of the claim of Claimants, as they may subsequently be proven, together with interest thereon and the costs and disbursements of this action;

B. Denying the petition of Petitioners for exoneration from or limitation of liability and that the claim of Claimants be allowed in full against Petitioners;

C. For indemnity or contribution for any and all salvage, general average and/or other special charges which Claimants are or may become liable for, together with interest thereon and costs and disbursements;

D. For damages for breach of a maritime contract and/or breach of bailment which Claimants have sustained as a result of Petitioners' material breaches of the maritime contract(s) of carriage; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of September 2024.

*/s/ Terry L. Goddard Jr.*
JAMES D. SKEEN (00010)
TERRY L. GODDARD JR. (15460)
SKEEN & KAUFFMAN, LLP
9256 Bendix Road, Suite 102
Columbia, MD 21045
T:  (410) 625-2252
F:  (410) 625-2292
jskeen@skaufflaw.com
tgoddard@skaufflaw.com

-AND-

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III (*pro hac vice* forthcoming/pending)
BRENDAN N. HUGHES (*pro hac vice* forthcoming/pending)
SAMUEL L. FULLER (*pro hac vice* forthcoming/pending)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
hugenesses@gallowaylawfirm.com
slfuller@gallowaylawfirm.com

*Counsel for JLJ International Holdings, LLC and Atlantic Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Eastern District of Louisiana using the CM/ECF system.

                */s/ Terry L. Goddard Jr.*
                TERRY L. GODDARD JR.