UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability, | Docket No.  JKB 24-cv-941<br><br>*IN ADMIRALTY* |

### ANSWER OF CLAIMANTS/RESPONDENTS, MARKEL SYNDICATE MANAGEMENT LIMITED ET AL., AND FURTHER AS ASSIGNEES OF PORTS AMERICA CHESAPEAKE, LLC, TO THE PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW INTO COURT come Claimants/Respondents, MARKEL SYNDICATE MANAGEMENT LIMITED (IN ITS CAPACITY AS MANAGING AGENT FOR SYNDICATE 3000 AT LLOYD'S), WHICH ISSUED POLICY NO. B1526MALIA2300913 ("Markel"); LIBERTY MUTUAL INSURANCE EUROPE SE, WHICH ISSUED POLICY NO. B1526MALIA2300905 ("Liberty"); QBE CORPORATE LIMITED, THE SOLE CORPORATE MEMBER OF SYNDICATE 1036, WHICH ISSUED POLICY NO. B1526MALIA2300907 ("QBE"); MUNICH RE SYNDICATE LIMITED, for and on behalf of LLOYD'S UNDERWRITER SYNDICATE NO. 457, WHICH ISSUED POLICY NO. B1526MALIA2300906 ("MunichRe"); AXA XL UNDERWRITING AGENCIES LIMITED for and on behalf of the CORPORATE MEMBER OF LLOYD'S SYNDICATE 2003, WHICH

ISSUED POLICY NO. B1526MALIA2300908 ("AXUAL"); EVANSTON INSURANCE COMPANY, WHICH ISSUED POLICY NO. MKLV1PPR000235 ("Evanston"); and CANOPIUS CORPORATE CAPITAL LTD., THE LEAD UNDERWRITER OF LLOYD'S SYNDICATE NO. 4444, WHICH ISSUED POLICY NO. B55695HBA ("Canopius" and together with Markel, Liberty, QBE, MunichRe, AXUAL, and Evanston, the "Insurers"), as subrogees of Ports America Chesapeake, LLC ("PAC"), and as assignees of PAC (collectively, "Claimants"), which hereby file this answer ("Answer") to the Petition for Exoneration from or Limitation of Liability ("Petition") filed herein by Petitioners, GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD, as alleged owner and manager of the vessel M/V DALI (the "Dali" or the "Vessel"), by admitting, denying, and alleging, on information and belief, as follows:

1. Claimants admit only to the admiralty and maritime jurisdiction of this Court, but specifically demand the right to a trial by jury in a forum of their choice. Because the remaining allegations merely purport to characterize the nature of Petitioners' requested relief, no response is required. To the extent any response is required, the allegations are denied.

2. Admitted.

3. Claimants admit only that Petitioners allege that GRACE OCEAN PRIVATE LIMITED ("Grace Ocean") is a registered owner of the Dali. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

4. Claimants admit only that Petitioners allege that SYNERGY MARINE PTE LTD ("Synergy") was a manager of the Dali at all times relevant hereto. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

5. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

6. Claimants admit only that the Francis Scott Key Bridge ("Key Bridge") was a 1.6-mile-long span over the Patapsco River at the outer crossing of the Baltimore Harbor, and that the Key Bridge was completed in 1977 and constituted part of Interstate 695, also known as the Baltimore Beltway. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

7. Claimants admit only that the Dali, on March 26, 2024, commenced a voyage from Baltimore, Maryland. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

8. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

9. Claimants admit on information and belief only that the Dali lost power as it approached the Key Bridge. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

10. Claimants admit only that, at or about 1:28 a.m. local time on March 26, 2024, the Dali allided with the Key Bridge ("Allision").

11. Claimants admit only that, as a result of the Allision, portions of the Key Bridge collapsed and were damaged. Claimants are without knowledge or information sufficient to form

a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

12. On information made available since the time Petitioners filed the Petition and belief, Claimants admit only that at the time the Dali allided with the Key Bridge, eight construction workers were on the bridge and, as a result of the Allision, six of them died. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

13. Claimants deny the allegations, opinions, and legal conclusions set forth in their entirety.

14. Claimants deny the allegations, opinions, and legal conclusions set forth in their entirety.

15. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

16. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

17. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

18. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

19. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

20. Claimants admit only that Petitioners have offered an Interim Stipulation of Value in the amount of $43,670,000 and that this Interim Stipulation of Value is substantially less than

the amount that will be claimed for losses and damages arising out of the Allision. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations and on that basis deny them.

21. Claimants are without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations and on that basis deny them.

22. Admitted.

23. Petitioners' allegations merely characterize the nature of their requested relief, to which no response is required. To the extent any response is required, Claimants deny the allegations, opinions, and legal conclusions set forth in their entirety.

24. Petitioners' allegations merely characterize the nature of their requested relief, to which no response is required. To the extent any response is required, Claimants deny the allegations, opinions, and legal conclusions set forth in their entirety.

In response to the "WHEREFORE" Paragraph, Claimants state that this paragraph purports to characterize the nature of Petitioners' requested relief, such that no response is required. To the extent a response is required, Claimants deny that Petitioners are entitled to any of the relief they seek.

## CLAIMANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Petition fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Claimants reserve the right to challenge Petitioners' alleged value of the Dali, her engines, apparel, appurtenances, pending freight, and/or any other assets described or whose existence is implied in the Petition, and the adequacy and/or sufficiency of the interim or final security posted.

## THIRD AFFIRMATIVE DEFENSE

The limitation fund is inadequate and the Petition should be dismissed because Petitioners have failed to deposit adequate security for the Dali.

## FOURTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this action, the Dali was operated in a willful, wanton, and reckless manner, or in the alternative, the conduct and actions which led to Claimants' damages and losses took place with the privity and/or knowledge of Petitioners and the owners, managing owners, owners *pro hac vice*, and/or operators of the Dali.

## FIFTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability in the instant case because Petitioners and the owners, managing owners, owners *pro hac vice*, charterers, and/or operators of the Dali did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

## SIXTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to limit their liability in the instant case because, at all times relevant to this litigation, the Dali was known by Petitioners and by the owners, managing owners, owners pro hac vice, and/or operators of the Dali to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to properly equip the vessel, failing to conduct adequate inspections of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the Dali and/or her crew, failure to repair and address pre-existing

mechanical problems and/or other failure, acts, or omissions of the Petitioners and of the Dali which may be shown at trial.

**SEVENTH AFFIRMATIVE DEFENSE**

The Petition contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek more definite statements of the allegations, regardless of the nature, manner and extent of the within Answer and Claim.

**EIGHTH AFFIRMATIVE DEFENSE**

The incident and resulting damages which are the subject of the Petition were caused by the unseaworthiness of the Dali and/or the negligence of the vessel's crew and shoreside management, which existed with the privity and/or knowledge of Petitioners, and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

**NINTH AFFIRMATIVE DEFENSE**

The incident and resulting damages and losses which are the subject of the Petition were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which were within the privity and knowledge of Petitioners and, therefore, Petitioners' prayer for a decree of exoneration from liability must be denied.

**TENTH AFFIRMATIVE DEFENSE**

The events culminating in the damages and losses sustained and/or to be sustained by Claimants were not the result of any negligence, fault, or want of due care on the part of Claimants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The events culminating in the damages and losses sustained and/or to be sustained by Claimants were the result of negligence, fault, or want of due care on the part of Petitioners and/or

those for whom Petitioners are responsible, and/or the unseaworthiness of the Dali, all of which was/are within the privity and/or knowledge of Petitioners, for which the Petition should be denied.

## TWELFTH AFFIRMATIVE DEFENSE

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in federal court.

## THIRTEENTH AFFIRMATIVE DEFENSE

Claimants specifically reserve all rights to pursue all available claims and no part of this Answer and/or Claim is intended as, nor shall be construed to be, a waiver of these rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

Claimants specifically reserve the right to pursue all available claims in State Court, pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the general maritime law, and any and all other remedies (including state law remedies), for resolution of any and all issues beyond a determination of whether admiralty jurisdiction exists and whether limitation is required. The filing of this Claim is in no way intended as, nor shall be construed to be, a waiver of these rights and defenses, and Claimants are not agreeing to join all issues in this proceeding by filing this Claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Claimants incorporate herein any and all defenses asserted by other Claimants, as appropriate, that are not otherwise specifically set forth in this Answer.

## SIXTEENTH AFFIRMATIVE DEFENSE

Claimants presently lack sufficient knowledge or information to formulate all affirmative defenses that may ultimately prove to be applicable herein and reserve the right to later assert

additional affirmative defenses in the event that additional facts occur or become known to them that would justify the assertion of additional defenses.

**WHEREFORE,** Claimants herein request that this Court deny Petitioners' petition for exoneration from liability, deny Petitioners' petition for limitation of liability, and find Petitioners jointly and severally liable for all damages arising from the Allision, including all claims of Claimants.

Dated: September 24, 2024

Respectfully Submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP
401 Ninth Street, NW
Suite 1000
Washington, D.C. 20004

By: */s/ Daniel Cohen*
　　Daniel W. Cohen (Bar No. 17517)
　　875 Third Avenue
　　New York, NY 10022
　　(212) 704-6256
　　(202) 654-5807 (fax)
　　Dan.Cohen@troutman.com

　　Richard J. Pratt*
　　401 Ninth Street, NW
　　Suite 1000
　　Washington, DC 20004
　　(202) 662-2077
　　(202) 654-5834 (fax)
　　Richard.Pratt@troutman.com

　　Matthew J. Griffin*
　　401 Ninth Street NW
　　Suite 1000
　　Washington, DC 20004

(202) 274-2949
Matthew.Griffin@troutman.com

\* *pro hac vice* motions to be filed

*Attorneys for Claimants
Markel Syndicate Management Limited (In Its Capacity as Managing Agent for Syndicate 3000 at Lloyd's), Liberty Mutual Insurance Europe SE, QBE Corporate Limited, the Sole Corporate Member of Syndicate 1036, Munich Re Syndicate Limited, for and on Behalf of Lloyd's Underwriter Syndicate No. 457, AXA XL Underwriting Agencies Limited for and on Behalf of the Corporate Member of Lloyd's Syndicate 2003, Evanston Insurance Company, and Canopius Corporate Capital Ltd., the Lead Underwriter of Lloyd's Syndicate No. 4444.*

## **CERTIFICATE OF SERVICE**

In compliance with Supplemental Federal Rule F(5), I HEREBY CERTIFY that on the 24th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

By: */s/ Daniel Cohen*
Daniel W. Cohen (Bar No. 17517)
875 Third Avenue
New York, NY 10022
(212) 704-6256
(202) 654-5807 (fax)
Dan.Cohen@troutman.com