UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition of<br><br>**GRACE OCEAN PRIVATE LIMITED,** as Owner of the M/V Dali,<br><br>and<br><br>**SYNERGY MARINE PTE LTD,** as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-CV-941<br><br>*IN ADMIRALTY* |

**ANSWER OF CLAIMANT/RESPONDENT, MUKESH DESAI, ON BEHALF OF R.M. METALS, A DIVISION OF R.M. CREATIONS, INC. TO THE PETITION FOR <u>EXONERATION FROM LIMITATION OR OF LIABILITY</u>**

COMES NOW Claimant/Respondent, Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc. (hereinafter "Claimant"), and respectfully answers the Petition for Exoneration from or Limitation of Liability (hereinafter "Petition:").

1. Claimant is Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc. At all times relevant to this action, Claimant was/is the owner of R.M. Metals, a Division of R.M. Creations, Inc.

2. Claimant respectfully answers the Petition for Exoneration from or Limitation of Liability as follows:

3. Claimant admits to the admiralty and maritime jurisdiction of this Court, but specifically demands the right to a trial by jury in a forum of its choice. As to the remaining allegations in Paragraph 1, no response is required of Claimant. To the extent a response is required, the allegations are denied.

4. Claimant admits Venue is proper in this Court.

5. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 3 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

6. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 4 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

7. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 5 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue, but based on information currently available, Claimant currently believes that the allegation is correct.

8. Claimant admits the Francis Scott Key Bridge ("Key Bridge") was a 1.6 mile span over the Patapsco River at the outer crossing of the Baltimore Harbor, and the Key Bridge was completed in 1977 and made-up part of Interstate 695, also known as the Baltimore Beltway. Claimant denies the remaining allegations set for in Paragraph 6.

9. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 7 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue, but based on information currently available, Claimant currently believes that the allegation is correct.

10. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 8 and, on that basis, is unable to admit or deny those allegations, , as the Petition does not have enough information on this issue, but based on information currently available, Claimant currently believes that the allegation is correct.

11. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 9 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue, but based on information currently available, Claimant currently believes that the allegation is correct.

12. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 10 and, on that basis, is unable to admit or deny those allegations, , as the Petition does not have enough information on this issue, but based on information currently available, Claimant currently believes that the allegation is correct.

13. Claimant admits Paragraph 11.

14. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 12 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue, but based on information currently available, Claimant currently believes that the allegation is correct.

15. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 13 and, on that basis, denies those allegations.

16. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 14 and, on that basis, denies those allegations.

17. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 15 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

18. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 16 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

19. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 17 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

20. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 18 and, on that basis, denies those allegations.

21. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 19 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

22. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 20 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

23. Claimant admits Paragraph 21.

24. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 22 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

25. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 23 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

26. Claimant currently lacks sufficient information to form a belief about the allegations of Paragraph 24 and, on that basis, is unable to admit or deny those allegations, as the Petition does not have enough information on this issue.

## CLAIMANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

27. The allegations of the Petition for Exoneration from or Limitation of Liability fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

28. Claimant reserves the right to dispute the alleged value of the M/V DALI, her engines, apparel, appurtenances, pending freight, and any other assets described or implied in the Petition, and the adequacy of the security posted.

### THIRD DEFENSE

29. The limitation fund is insufficient and the Petition for the Exoneration from or Limitation of Liability should be dismissed because Petitioners have failed to deposit adequate security for the M/V DALI.

### FOURTH DEFENSE

30. Petitioners are not entitled to limit their liability because the M/V DALI was operated in a willful, wanton, and reckless manner or, alternatively, the conduct and actions leading to Claimant's damages occurred with the privity and knowledge of the Petitioners and the owners, managing owners, owners' pro hac vice, and/or operators.

### FIFTH DEFENSE

31. Petitioners are not entitled to limit their liability because the M/V DALI was, at all relevant times, known to be unseaworthy by Petitioners and the owners, managing owners, owners' pro hac vice, charterers and/or operators of the M/V DALI, due to the inadequate training, maintenance, equipment, and oversight, which may be shown at trial.

**SIXTH DEFENSE**

32. Petitioners are not entitled to limit their liability because Petitioners and the owners, managing owners, owners' pro hac vice, charterers and/or operators of the M/V DALI, did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject incident occurred.

**SEVENTH DEFENSE**

33. The incident and resulting damages and losses were cause by the fault, negligence, breach of warranty, and/or statutory and regulatory violations of Petitioners, their agents, servants, contractors, and/or employees, all of which was within the privity and knowledge of Petitioners and, therefore Petitioners' prayer for a decree of exoneration from liability must be denied.

**EIGHTH DEFENSE**

34. The incident and resulting damages were caused by the unseaworthiness of the M/V DALI and the negligence of its crew and shoreside management and, therefore, Petitioners' exoneration from liability must be denied.

**NINTH DEFENSE**

35. The Petition contains vague and ambiguous statements that are objectionable under Federal Rules of Civil Procedure 12, and a more definite statement of the allegations is required.

**TENTH DEFENSE**

36. The damages and loses were due to negligence, fault, or lack of due care by Petitioners or those under their responsibility, and/or the unseaworthiness of the M/V DALI, all within the privity and knowledge of Petitioners, for which the Petition for Exoneration from or Limitation of Liability should be denied.

**ELEVENTH DEFENSE**

37. The damages and loses sustained by Claimant were not the result of any negligence fault, or lack of due care on part of Claimant.

**TWELFTH DEFENSE**

38. Claimant specifically reserves all rights to pursue all available claims in Federal Court.

**THIRTEENTH DEFENSE**

39. Claimant specifically reserves all rights to pursue all available claims and no part of this Answer and Claim shall be construed to be a waiver of these rights.

**FOURTEENTH DEFENSE**

40. Claimant reserves the right to pursue all available claims in the appropriate Administrative and State Courts, pursuant to the "Savings to Suitors" clause, the General Maritime Law of the United States, and all other remedies, including administrative and state law remedies, for resolution of any issues beyond the determination of admiralty jurisdiction and limitation requirements. The filing of this Answer and Claim are in no way a waiver of these rights and defenses, and Claimant is not agreeing to join all issues in this proceeding by filing this Answer and Claim.

**FIFTHTEENTH DEFENSE**

41. Claimant reserves the right to assert additional affirmative defenses as more facts and information become available.

42. Claimant needs not respond to Petitioners' prayer (paragraphs (a) through (f) on page 5 of the Petition), but if any answer is required, such allegations are denied.

## PRAYER

WHEREFORE, Claimant/Respondent, Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc., requests this Honorable Court deny Petitioners' Petition for Exoneration from Liability, deny Petitioners Petition for Limitation of Liability, and find Petitioners jointly and severally liable for all damages arising from the allision of the M/V DALI into the Key Bridge on March 26, 2024, including all claims of Claimant/Respondent, and all other relief that this Court deems just and proper at law, in equity and in Admiralty.

Dated: September 26, 2024.

Respectfully submitted,

/s/ Robert M. Schwartzman
Robert M. Schwartzman, Esq.
CFP No. 8011010339
SCHWARTZMAN LAW, LLC
2313 Hidden Glen Drive
Owings Mills, MD 21117
Tel: 410-852-7367
Email: rms@rs-atty.com
Attorney for Mukesh Desai,
on behalf of R.M. Metals, a
Division of R.M. Creations, Inc.

## CERTIFICATE OF SERVICE

In compliance with Supplemental Federal Rule F(5), I hereby certify that on the 26th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

/s/ Robert M. Schwartzman
Robert M. Schwartzman, Esq