**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **In the Matter of the Petition of**<br><br>**GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V Dali,**<br><br>and<br><br>**SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,**<br><br>**for Exoneration from or Limitation of Liability.** | Docket No. JKB 24-CV-941<br><br>*IN ADMIRALTY* |

**CLAIM BY MUKESH DESAI, ON BEHALF OF R.M. METALS, A DIVISION OF R.M. CREATIONS, INC., PURSUANT TO SUPPLEMENTAL FEDERAL RULE F(5) IN RELATION TO THE KEY BRIDGE ALLISION**

Specifically reserving all rights and defenses asserted in Claimant's accompanying Answer to the Petitioners' Petition for Exoneration from or Limitation of Liability, Claimant Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc. (hereinafter "Claimant"), hereby demands a jury trial and makes this claim pursuant to Rule F(5) of the Supplemental Rules of Admiralty or Marime Claims against Petitioners, GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTD LTD (hereinafter "Petitioners"), as alleged owner and manager of the subject vessel, the M/V DALI (hereinafter referred to as "DALI" or "ship") and in support thereof avers as follows:

**INTRODUCTION**

1. Claimant is Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc. At all times relevant to this action, Claimant was/is the owner of R.M. Metals, a Division of R.M. Creations, Inc.

2. On March 26, 2024, at approximately 12:45 a.m. E.S.T., the M/V DALI left its dock, located in the Port of Baltimore, Maryland, and began sailing toward the Chesapeake Bay.

3. The ship was supposed to sail down the Patapsco River, pass under the 1.6 mile area of the Francis Key Bridge (hereinafter "Key Bridge"), and sail out to the Chesapeake Bay.

4. This route was one that thousands of large container ships, similar to the M/V DALI, had previously and routinely sailed without incident.

5. Prior to March 26, 2024, no allision incidents with the Key Bridge had occurred in over 40 years. The Port of Baltimore is one of the busiest ports on the East Coast and the United States.

6. On March 26, 2024, approximately 12 minutes after the M/V DALI departed from its dock, the ship began to make a large arc, turning towards the Key Bridge.

7. At approximately 1:24 a.m. E.S.T., the ship's onboard data recorder recorded audio from the ship, indicating numerous auditory alarms. The data recorder stooped recording briefly, but then resumed recording again, this time using the ship's redundant power source.

8. At approximately 1:25 a.m., one minute after the auditory alarms began, the ship lost power, as it was continuing to travel towards the Key Bridge at approximately 7 knots per hour. The ship had insufficient power to steer itself and the cargo.

9. At approximately 1:28 a.m., the ship crashed into the Key Bridge, immediately causing the bridge's collapse. At least six individuals were killed as a result. Baltimore and Maryland property was destroyed, causing economic damages.

10. The ship's reports have shown that there were alarms indicating there was an inconsistent power supply, which sounded well before the ship left its dock in Baltimore.

11. The ship and its owners, charterers and operators, were aware of the ongoing power supply issues and, despite that, negligently left the Port of Baltimore and its dock.

12. Petitioners allowed an unseaworthy ship to sail into open waters. Petitioners were grossly negligent. Petitioners' actions have had wide-spread consequences that have affected small businesses, including Claimant, that rely on the Key Bridge for its operations.

13. Petitioners' liability should not be limited, nor should they receiver exoneration. Instead, an example should be made by Petitioners' actions to deter other unseaworthy vessels and to encourage due diligence, and more importantly, to avoid future unfortunate disasters like this.

## PARTIES

14. Claimant files this claim on behalf of itself as a small business owner whose business has been, and will continue to be, harmed.

15. Petitioner Grace Ocean Private Limited is a corporation organized and existing under the laws of Singapore and was the registered owner of the M/V DALI at all times relevant hereto.

16. Petitioner Synergy Marine PTE LTD is a corporation organized and existing under the laws of Singapore and was the manager of the M/V DALI at all times relevant hereto. Upon information and belief, Synergy Marine was responsible for manning the ship and its reserves, and procuring and providing maintenance and repairs to the ship.

## JURISDICTION AND VENUE

17. The subject incident occurred within the navigable waters of the United States and within the territorial waters of the State of Maryland. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the events or omissions giving rise to the claim

occurred in this district, and a substantial part of the property that is the subject of the action, including the vessel itself, is or during all related times has been situated in this district.

18. Pursuant to U.S. Constitution Article 3, Sec. 2, 28 U.S.C. § 1333, and Supplemental Rules for Admiralty and Maritime Claims, the subject incident is within the Court's admiralty and maritime jurisdiction.

## FACTUAL ALLEGATIONS

19. The Key Bridge finished being built in 1977, and was designed to alleviate significant traffic flow in and out of Baltimore, Maryland, and to facilitate the transport of "hazardous materials," the transportation of which was prohibited in the existing tunnel crossings, prior to the bridge's construction.

20. The Key Bridge has been routinely used by local and regional businesses, each of which have a vested interest in the bridge and recognize its crucial role in the economy.

21. It is estimated that approximately 30,000 daily commuters and local enterprises traveled the Key Bridge's 1.6 mile span, including R.M. Metals, Claimant herein.

22. On March 26, 2024, the date of the subject incident, in the hours leading up to the M/V DALI's departure, alarms on the ship's refrigerator reported unstable power supply aboard the ship.

23. These power supply alarms were overlooked, ignored or, at a minimum, insufficiently addressed.

24. On March 26, 2024, as the M/V Dali was turning towards the Key Bridge, the ship's onboard data recorder captured multiple alarms. These alarms momentarily stopped, then quickly resumed, relying on an auxiliary power source. This back-up power source was insufficient and inadequate for the ship's crew to regain control of ship.

25. Shortly thereafter, at approximately 1:24 a.m., the ship experienced a sudden and total loss of power. The ship's emergency diesel generator either failed to activate or did not provide a sufficient amount of power. Consequently, the ship became adrift, and continued towards the Key Bridge at approximately 7 knots per hour. The crew was unable to steer the ship.

26. At approximately 1:28 a.m., the ship collided with the Key Bridge, immediately causing it to collapse.

27. The Key Bridge's collapse resulted in the deaths of at least six individuals, caused property damage to Baltimore and Maryland, and ceased nearly all commercial maritime traffic to and from the Port of Baltimore.

28. The allision with the Key Bridge was foreseeable, avoidable and a direct and proximate result of Petitioners' negligence, gross negligence, recklessness, and unseaworthiness of the ship.

29. Petitioners:

   a. Employed a crew that lacked attentiveness to their responsibilities;

   b. Employed a crew that did not adhere to local navigational norms and customs;

   c. Employed a crew that navigated the vessel improperly;

   d. Employed a crew that was deficient in the necessary skills;

   e. Employed a crew that was deficient in necessary training;

   f. Failed to adequately staff the vessel;

   g. Mismanaged the vessel and its crew;

   h. Neglected to equip the vessel with suitable policies and procedures;

   i. Neglected to implement adequate policies, procedures, and training for safe vessel operation;

    j. Failed to oversee their fleet adequately to ensure safe operations;

    k. Utilized a vessel equipped with unfit systems and equipment;

    l. Neglected proper maintenance of the vessel;

    m. Failed to maintain or utilize the vessel's systems and equipment properly;

    n. Failed to maintain or utilize the vessel's engine adequately;

    o. Failed to maintain or utilize the vessel's propulsion system adequately;

    p. Failed to maintain or utilize the vessel's steering system adequately;

    q. Failed to equip the vessel adequately;

    r. Failed to provide a functioning engine;

    s. Failed to provide a functioning generator;

    t. Failed to provide an engine suitable for the vessel's intended use;

    u. Failed to address known or foreseeable hazards promptly;

    v. Failed to rectify known or foreseeable deficiencies promptly;

    w. Failed to conduct necessary inspections of the vessel;

    x. Failed to adhere to industry standards, customs, and practices.

30. The allision was a consequence of these and other failures, acts, or omissions by the Petitioners and the unseaworthiness of the ship, which may be further demonstrated at trial.

31. Commercial activities in and around the Baltimore, Maryland, area, including the business of Claimant, have been strained as a result of the allision.

32. Claimant had multiple containers on the ship at the time of the allision. As a result of the allision, Claimant has lost approximately $334,601.50 in damages, as of June 7, 2024.[1] These losses incurred by Claimant were a foreseeable consequence of the Petitioners' negligence,

---

[1] **Exhibit 1**: Claimant's spreadsheet outlining the containers and damages (calculated through June 7, 2024).

given their failure to ensure the seaworthiness of the vessel that led to the allision of the Key Bridge.

## **REQUEST FOR RELIEF**

WHEREFORE, Claimant, Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc., prays for judgment against Petitioners, Grace Private Limited and Synergy Marine PTE LTD, as follows:

a. The full amount of Claimant's damages as may be proven at trial;

b. Cost of suit;

c. Attorney's Fees;

d. Pre-judgment and post-judgment interest, allowed by law;

e. Injunctive relief;

f. Punitive damages; and

g. All other relief that this Court deems just and proper, in equity and in Admiralty.

Dated: September 26, 2024.                Respectfully submitted,

/s/ Robert M. Schwartzman
Robert M. Schwartzman, Esq.
CFP No. 8011010339
SCHWARTZMAN LAW, LLC
2313 Hidden Glen Drive
Owings Mills, MD 21117
Tel: 410-852-7367
Email: rms@rs-atty.com
Attorney for Mukesh Desai,
on behalf of R.M. Metals, a
Division of R.M. Creations, Inc.

## CERTIFICATE OF SERVICE

In compliance with Supplemental Federal Rule F(5), I hereby certify that on the 26th day of September, 2024, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

/s/ Robert M. Schwartzman
Robert M. Schwartzman, Esq