# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * * * * |

Civ. No. JKB-24-0941

*IN ADMIRALTY*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On September 24, 2024, the deadline passed for parties to file claims with respect to which Petitioners seek exoneration from or limitation of liability. Now pending before the Court is an "Unopposed Motion for Leave to Late-File Answer and Claim," filed by Claimant Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc. (ECF No. 311.)

In the Motion, Counsel for Claimant explains that the reason for the delay is that he was only hired on September 24, 2024. (ECF No. 311 at 2.) Counsel explains that, upon his hiring, he worked "quickly and in good faith" to file this Motion expeditiously. (*Id.*) Claimant states that it has conferred with Counsel for Petitioners, and that "Petitioners are unopposed to this Motion, provided Claimant agrees to abide by the agreement reached earlier between Petitioners and various cargo interests, as reported generally by Petitioners' counsel, Mr. Justin Helig." (*Id.* at 2–3.) The Court is not aware of any such agreement, and to the extent such agreement exists among the parties, it is in no way binding on the Court.[1]

---

[1] Claimant states that "[u]nder this cargo interests agreement, relevant parties agreed to a new filing deadline for claimants (including Claimant) asserting cargo-related claims, until and through January 25, 2025." (ECF No. 311 at 3.) It appears that Claimant is referring to the proposal suggested by certain other cargo interests that requested an extension of the deadline to file claims. (*See* ECF No. 144.) However, the Court denied the request for such a long extension, and instead granted an extension only to October 2, 2024 to a limited set of cargo interests. (*See* ECF No. 153.) To be crystal clear, the deadline for the filing of claims was September 24, 2024, for all parties other than those specifically granted a one-week extension in the Court's ECF No. 153 Order. The deadline for cargo interests to file claims is *not* January 24, 2025.

In a case of this magnitude and complexity, the Court expects all counsel—and indeed all parties—to conduct themselves with the highest degree of professionalism, courtesy, and attention to detail. When parties fail to adhere to Court-set deadlines, all other parties in the case risk suffering needless delays and costs. The parties are reminded that deadlines may only be modified by the Court.

The Court is satisfied that Counsel has a legitimate excuse for filing this late claim. But his client does not. That said, given that this filing was only two days late, that Counsel filed it as quickly as reasonably possible under the circumstances, and that no substantive proceedings have occurred in the interim, the Court will grant Claimant's Motion. However, all parties are on notice that the Court has little patience for late filings and will not be favorably inclined to granting future untimely requests for relief absent compelling circumstances.

Accordingly, it is ORDERED that Claimant's Motion (ECF No. 311) is GRANTED. Claimant SHALL FILE the pleadings attached to the Motion FORTHWITH.

DATED this 27 day of September, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge