UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>**IN ADMIRALTY** |

## ORDER

Certain Cargo Interests represented by the law firms of Skeen & Kauffman LLP and Hill Rivkins LLP moved this Court on September 23, 2024, for an Order extending the date by which a certain class of interests, specifically those parties with ownership, title and/or insurable interests in certain containerized cargoes carried on board the M/V DALI ("the Vessel") when the Vessel departed her berth at the Seagirt marine terminal on or about March 26, 2024, to submit claims in response to the Petition for Exoneration from and/or Limitation of Liability of Petitioners (ECF No. 144, "the Motion"). The Court heard argument on October 1, 2024, in connection with the Motion and issued a Memorandum and Order on October 1, 2024 (ECF No. 353, "the Oct. 1 Order") memorializing the basis and limited scope under which the Court would grant of the

1

Motion, and directing the parties to meet and confer and submit a Stipulation and Proposed order setting out the conditions agreed among the parties and acceptable to the Court for a limited extension of time to submit claims in this Limitation Proceeding, as well as specifying the cargoes and Movants to whom a Stipulation and Proposed order would apply. It appearing from the Parties' Stipulation with Appendix that the Parties have met and conferred as directed and specified in sufficient detail the scope and conditions on any extension of time to answer the Limitation Proceeding,

It is hereby **ORDERED** and **DECREED** that Motion is resolve as follows:

1. All cargoes and Movants to whom this Order and the accompanying Stipulation apply are set out in the annexed set of Schedule A;

2. Those cargoes that Movants currently have reason to believe are likely to have suffered physical loss or damage as a consequence of the Casualty described in the Limitation Petition in this matter are indicated on the attached Schedule A as "Category 1", consistent with the Court's designation in the Oct. 1 Order; all other cargoes on Schedule A denoted as "Category 2" consistent with the Oct. 1 order are cargoes still believed to be in transit and whose conditions are unknown as this date;

3. Counsel for Cargo Interests will file an Answer to the Limitation Petition with any counterclaims for Category 1 cargoes on or before October 9, 2024;

4. Counsel for Cargo Interests will file an Answer to the Limitation Petition with any counterclaims for Category 2 cargoes on or before November 22, 2024;

5. Subject to any appellate rights, Category 1 and Category 2 Cargo Interests will be bound by all Court orders—including dates and deadlines—issued from the inception of this case, and any objections to any prior activity in this case are deemed waived, notwithstanding that said Cargo Interests may not yet formally be party to this Limitation Proceeding;

6. The Cargo Interests set out in Schedule A will be bound by all discovery undertaken in this case is if they had answered the Limitation Petition on or before September 24, 2024, and none of said Cargo Interests will be heard to object to any discovery sought or conducted on the basis that such discovery was sought or conducted prior to their filing an answer to the Limitation Petition.

7. To the extent any other owner, insurer or other interested party in cargo carried aboard the Vessel on the voyage which is the subject of this action may have filed or seek to file a late claim in this Limitation Action, leave to do so shall only be granted upon good cause shown and only upon condition that such party accept the conditions defined in paragraphs 5 and 6 of this Order.  In no event shall any late filed cargo claim be accepted after November 22, 2024.  This order shall not be construed to apply to any other category of claim, the deadline for the filing of which has now passed without objection by any party.

_____                              _____
Date                                                Judge James K. Bredar
                                                    United State District Judge
                                                    District of Maryland

3