**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Civ. No. 24-00941-JKB<br><br>*IN ADMIRALTY* |

**[CLAIMANTS' PROPOSED] SCHEDULING ORDER**

Petitioners and Claimants (hereinafter the "Parties"), having come before this Court at the Status Conference held on October 29, 2024, it is hereby **ORDERED** and **ADJUDGED** that the following scheduling order deadlines shall apply until such time as the issues of exoneration from or limitation of liability are resolved.

1. This case is hereby bifurcated into two phases. During phase one, the Court will resolve questions of exoneration and limitation of liability. During phase two, the Court will resolve questions of Petitioners' liability as to any individual Claimants. *See* ECF 325 (Memorandum) at 2. The following deadlines pertain only to preliminary motions practice and phase one of the litigation, after the conclusion of which the Court will set further deadlines associated with the Petition. Only after resolution of the questions of whether Petitioners are entitled to exoneration from

**EXHIBIT 1**

or limitation of liability does the Court anticipate setting deadlines relating to phase two discovery and litigation.  *Id.* at 2-3.

2. This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

3. **RESPONSIVE PLEADINGS** shall be filed by November 19, 2024, or within thirty (30) days of the claim being filed, whichever date is later.

4. **PRE-DISCOVERY MOTIONS RELATING TO EXONERATION AND LIMITATION OF LIABILITY** shall be filed by November 22, 2024.  Response briefs shall be due December 6, 2024.  Reply briefs shall be due December 20, 2024.

5. **FACT DISCOVERY** shall commence immediately and shall be completed by May 29, 2025.

6. **EXPERT DISCLOSURES** by the Claimants shall be made by June 29, 2025.

7. **EXPERT DISCLOSURES** by the Petitioners shall be made by July 29, 2025.

8. **REBUTTAL DISCLOSURES** by the Claimants shall be made by August 15, 2025.

9. **EXPERT DEPOSITIONS** and any remaining expert discovery including all supplemental reports shall be completed by October 1, 2025.

10. **DISPOSITIVE MOTIONS** shall be filed by October 15, 2025.

11. **MOTIONS *IN LIMINE*** in relation to the admissibility of testimony, including any Daubert challenges to experts, shall be filed by October 31, 2025.

12. **ALL OTHER MOTIONS *IN LIMINE*** shall be filed by November 14, 2025.

13. **STATUS CONFERENCES** shall be at thirty (30) day intervals starting on XXX.

14. **TRIAL** on the issues of exoneration from or limitation of liability shall commence on December 1, 2025, and be anticipated to last 15 trial days. All counsel entered of record in this matter are hereby attached for trial during that time.

To ensure the efficient handling of this complex case, the following additional requirements are being set by the Court:

1. The only discovery moving forward pursuant to this schedule is related to matters related to issues of exoneration from or limitation of liability. Discovery related to damages or Petitioners' liability to any particular claimant is not ripe at this time.

2. All counsel should hold every Monday, Tuesday, and Wednesday during the months of November and December 2024 and January, February, March, April, and May 2025 for depositions of fact witnesses in this matter. If lead counsel for any party is unable to attend the deposition, they are expected to find coverage.

3. All counsel should hold every Monday, Tuesday, and Wednesday from August 15, 2025, through October 1, 2025, for depositions of expert witnesses in this matter. If lead counsel for any party is unable to attend the deposition, they are expected to find coverage.

4. If necessary, counsel are expected to double track depositions during the time period for depositions designated in Paragraphs 2 and 3 above. Furthermore, the requirements of Paragraphs 2 and 3 above are not intended to preclude the taking of depositions on a Thursday or Friday where suitable.

5. All depositions shall take place in person, with a link made available for participation via videoconference for parties desiring to do so, except that a

deposition may take place fully remotely upon agreement by the noticing and defending parties.

6. As the parties previously have agreed, the Court hereby Orders that Petitioners shall produce the former crew of the M/V DALI who have been repatriated to India or elsewhere to appear for depositions in London or the United States. The presumptive location for depositions of all other employees of Petitioners shall be the United States, subject to Petitioners' right to move for a protective order seeking to re-locate the deposition of a particular witness.

DATED this _____ day of _____, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge