**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | Civ. No. JKB-24-0941 *IN ADMIRALTY* |

\* \* \* \* \* \* \* \* \* \* \* \*

## CASE MANAGEMENT ORDER NO. 3

The Court held a Status and Scheduling Conference on October 29, 2024. Below is a summary of the Court's determinations with respect to the scope of Phase 1, the scope of discovery therein, discovery procedures more generally, and other case management issues. A Schedule appears at the end of this Case Management Order.

**Scope of Phase 1.** The Court will confine its determinations during Phase 1 to those necessary to resolving whether Petitioners are entitled to exoneration from or limitation of liability. While the Court may need to hear evidence about and consider the roles and responsibilities of entities other than the Petitioners, findings as to those entities' conduct and actions will be made only as necessary to determine the Petitioners' exoneration from or limitation of liability. The limitation action will focus, as it must, first on the M/V Dali's seaworthiness and/or Petitioners' negligence, and, if shown, then on Petitioners' knowledge and privity.

The Court's determination regarding the appropriate scope of Phase 1 is guided by two considerations: (1) the purposes and limits of a limitation action; and (2) the Court's intent to bring a practical, pragmatic perspective to this case. The Court will institute procedures consistent with these principles.

In a limitation action, first "the court must consider what acts of negligence or conditions of unseaworthiness caused the accident." *Empresa Lineas Maritimas Argentinas S.A. v. United*

*States*, 730 F.2d 153, 155 (4th Cir. 1984). The Claimants bear the burden at this stage. *See Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976); *Matter of Bridge Watersports, LLC*, 656 F. Supp. 3d 553, 562 (D. Md. 2023). If the Claimants meet that initial burden, the "shipowner seeking limitation of liability bears the burden of proving that [it] was without privity or knowledge of the condition or negligence responsible for the collision." *Hellenic Lines, Ltd. v. Prudential Lines, Inc.*, 730 F.2d 159, 166 (4th Cir. 1984). "Privity and knowledge, in the sense the words are used in this statute, have been construed to mean that a shipowner knew or should have known that a certain condition existed." *Id.*

The Court has considered Petitioners' view that the Court should expand Phase 1 to include determinations beyond Petitioners' exoneration from or limitation of liability, or else risk chaos at later stages of this litigation. However, the Court finds that taking a narrower role in this first stage better comports with the "limited purpose" of the Limitation of Liability Act. *See Wheeler v. Marine Navig. Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985). The Court is confident that ordinary principles of preclusion, as well as judicial tools such as abstention and stays, will mitigate the risk of future inconsistent judgments on questions of liability and apportionment of fault. In any event, it is not the purpose of a limitation action to protect the vessel owner from the possibility of a multiplicity of suits. *Skanska USA Civ. Se. Inc. v. Bagelheads*, 75 F.4th 1290, 1308 (11th Cir. 2023) (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 153–54 (1957)). Instead, the Court's narrow responsibility under the Limitation of Liability Act is to decide whether Petitioners are entitled to exoneration from or limitation of liability. *See, e.g.*, *Skanska*, 75 F.4th at 1307 ("[W]henever the court [denies limitation and exoneration], it is appropriate to dismiss the petition to protect the claimants' rights under the saving to suitors clause—even if that means forgoing (in

2

part or in entirety) a decision on the vessel owner's liability."); *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999).

The Court finds that cabining the scope of Phase 1 will result in the more efficient resolution of this case. As an initial matter, the Court has "the inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also* Fed. R. Civ. P. 16(c)(2)(L) (permitting the Court to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems"). Constraining the scope of Phase 1 will allow the Court to more expeditiously resolve certain key issues. It is the Court's experience that after gathering the relevant facts, examining the relevant law, and considering the answers to benchmark questions, sophisticated parties advised by experienced lawyers are able to resolve complex legal issues through negotiation and settlement. In short, the Court has dual responsibilities: moving this case toward trial to resolve key legal and factual issues and setting the case up for settlement of some or all of its component parts.

**Scope of Discovery.** While the Court plans to tightly constrain Phase 1 with respect to the findings it plans to make, it will not so tightly constrain the scope of discovery during this first phase. The parties will be permitted to conduct whatever fact and expert discovery they choose during this initial phase of discovery. In other words, the Court will permit discovery regarding questions of Petitioners' exoneration from or limitation of liability, third-party liability, damages, and any other topic relevant to the claims and defenses in this case. The parties will be constrained only by time, as set out in the Schedule below, and by the Federal Rules of Civil Procedure.

The same pragmatic and settlement-focused perspective that drives the Court's conclusions regarding the appropriate scope of any trial in Phase 1 also drives its conclusions regarding the

appropriate scope of discovery. The Court believes that—armed with relevant facts regarding limitation, liability, and damages—the parties will be better able to assess whether settlement is appropriate with respect to certain issues or claims. The parties agree that fact discovery should close before expert discovery begins. The Court finds this suggestion sound, and the below Schedule reflects that approach.

The Court anticipates reopening discovery after the conclusion of Phase 1. No party will be deemed to have waived discovery rights if they choose to refrain from pursuing certain lines of discovery (for example, discovery as to damages or other issues more focused on individual claims) until after Phase 1.

**Discovery Procedures.** Ordinarily, the Court limits the total number of deposition hours for fact witnesses. At this time, the Court declines to set such limits in this case on the assumption that the parties, motivated by the discovery deadline, will be efficient and practical. However, no individual fact witness deposition shall exceed seven hours over the course of one day (or fourteen hours over the course of two days, in the case of a fact witness who requires an interpreter), except by agreement of the parties or by Court order. The Court expects the parties to resolve issues regarding deposition length, timing, and venue without involvement of the Court.

Counsel are directed to set aside every Monday, Tuesday, and Wednesday from December 2, 2024 to December 11, 2024, and from January 6, 2025 through July 16, 2025, for fact witness depositions. Counsel are directed to set aside every Monday, Tuesday, and Wednesday from December 1, 2025 to December 10, 2025, and from January 5, 2026 through February 25, 2026, for expert witness depositions.

**Petitioners' Responsive Pleadings and Dispositive Motions Addressed to Particular Claims.** Answers to particular Claims not being germane to the successful completion of Phase 1

4

of this litigation, the Court will not require Petitioners to file answers at this time.  This comports with the Court's position that it will not address individual claims during Phase 1, and that Phase 1 will instead focus only on Petitioners' potential exoneration from or limitation of liability.  The Court expects to set deadlines for answers shortly after the commencement of the next phase of this litigation.

For the same reasons, dispositive motions addressed to particular claims have no utility in Phase 1.  The Court expects to deny without prejudice any such motions brought by Petitioners. Of course, the Court would expect to resolve any such motions early in a subsequent phase of this litigation.  Although the Court may have jurisdiction to resolve these questions during the first phase, a more prudent way of navigating the "tension [that] exists between the saving to suitors clause and the Limitation Act," *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001), is to resolve the limitation question first, and only then turn to the merits of individual claims, to the extent any remain in this forum.  *See generally In re Skanska USA Civ. Se. Inc.*, Civ. No. LAC-20-5980, 2021 WL 4955040, at *9 (N.D. Fla. July 28, 2021) ("[W]hile the court recognizes [Petitioner's] interest in obtaining a determination as to whether the bridge claimants have a cognizable claim for any damage award that might be forthcoming, that interest is outweighed, as a matter of sequencing, by [the purposes of the Limitation Act and the Saving-to-Suitors Clause].").

Moreover, the Court notes the practical reality that, even if certain Claims were dismissed early in the life of this case, there would no appreciable difference in the complexity of the Phase 1 trial, which would focus on the exact same issues regardless of which Claimants participated. *See In re Oil Spill by the Oil Rig Deepwater Horizon*, 808 F. Supp. 2d 943, 964–65 (E.D. La. 2011) (declining to address motions to dismiss claims before the limitation trial, in part because "no

matter how many of the individual claims might be dismissed, the trial would still go forward with essentially the same evidence" (cleaned up)).

**Motions Practice.** The Court expects counsel to file only those motions that are relevant to the issues in Phase 1, as the Court has described that Phase above. In addition, this being a trial to court, the Court does not currently anticipate entertaining motions for summary judgment. As expressly noted below in the Schedule, the Court does expect to entertain and resolve a Rule 12 motion and/or a Rule 56 motion to dismiss the Petition as to Synergy Marine Pte Ltd, as Manager of the M/V Dali.

Further, the Court directs (and fully expects, based on its experience so far) that, to the extent discovery disputes arise, counsel will resolve those issues without the involvement of the Court, as contemplated by the Local Rules. To the extent counsel are unable to resolve discovery disputes, the parties are reminded that motions to compel must be filed in accordance with Local Rule 104.8. Non-dispositive motions, including non-dispositive discovery disputes, will likely be referred to the Honorable Timothy J. Sullivan, Chief U.S. Magistrate Judge, who is designated to serve in this role for purposes of this case.

**Schedule.** Fact discovery may commence immediately upon issuance of this order. Based on the foregoing and on the Status and Scheduling Conference held on October 29, 2024, the Court sets in the following dates and deadlines for Phase 1 of the case:

| | |
|---|---|
| November 22, 2024: | Deadline for remaining Cargo Interests to file answers and claims |
| December 2, 2024: | Deadline for any motion addressing the partial lifting of the stay[1] |

---

[1] With respect to this and all other motions, the deadlines for parties to file responses and replies are set by Local Rule 105.2.

| December 2, 2024: | Deadline for Claimants to file any Rule 12 motion to dismiss the Petition as to Synergy Marine Pte Ltd, as Manager of the M/V Dali |
|---|---|
| June 2, 2025: | Deadline for moving for joinder of parties and amendment of pleadings relevant to Phase 1.[2] The pleadings relevant to Phase 1 are the Petition for Exoneration from or Limitation of Liability and the Claimants' Answers. |
| July 16, 2025: | Fact discovery deadline |
| July 16, 2025: | Deadline for Claimants to file any Rule 56 motion with respect to Synergy Marine Pte Ltd, as Manager of the M/V Dali |
| August 29, 2025: | Claimants' Rule 26(a)(2) disclosures[3] |
| October 31, 2025: | Petitioners' Rule 26(a)(2) disclosures |
| November 21, 2025: | Claimants' rebuttal Rule 26(a)(2) disclosures |
| February 27, 2026: | Expert discovery deadline (all expert depositions must be completed); deadline for supplementation of disclosures |
| February 27, 2026: | Deadline for the submission of a joint status report. The status report will address: whether discovery has been completed; whether any motions are pending; a brief description of the pretrial motions *in limine* each party plans to file; a certification that the parties have met to conduct serious settlement negotiations; and any other matter the parties believe should be brought to the court's attention. |
| March 9, 2026: | Requests for admission |
| March 12, 2026, 10:00 a.m.: | **Status Conference** in the J. Frederick Motz Ceremonial Courtroom. |

---

[2] To the extent that the case continues after Phase 1, the Court will provide for an additional opportunity for joinder and amendment of pleadings.

[3] This is an action in which Federal Rule of Civil Procedure 26(a)(1) disclosures need not be made.

| | |
|---|---|
| April 13, 2026: | Deadline for the submission of a draft pretrial order; this is to be filed electronically and must also be submitted in Microsoft Word format to MDD_JKBChambers@mdd.uscourts.gov. The draft pretrial order shall include those items listed in Local Rule 106.2, as well as proposed findings of fact, including stipulated facts, and conclusions of law. |
| | Counsel shall meet and confer with respect to the pretrial order, and to the fullest extent possible make a joint submission. |
| April 13, 2026: | Deadline for motions *in limine* |
| April 20, 2026: | Deadline for responses to motions *in limine* |
| May 5, 2026, 10:00 a.m.: | **Pretrial Conference** in the J. Frederick Motz Ceremonial Courtroom. All counsel planning to participate in the trial are required to be present; parties need not be present. The Court will hear argument with respect to motions *in limine* at this conference. |
| June 1, 2026, 9:30 a.m.: | **Bench Trial** begins in the J. Frederick Motz Ceremonial Courtroom. Counsel shall appear in court at 9:00 a.m. on the first day of trial to address miscellaneous matters with the courtroom deputy clerk prior to the commencement of the trial. The Court plans to conduct the trial on the following days: June 1–4, 8–11, 15–18, and 22–25. The normal trial day will commence at 9:30 a.m. and end at 5:00 p.m. |

The Court anticipates setting further dates and deadlines upon the conclusion of Phase 1 of the case. No changes to this schedule will be permitted except for good cause shown.

8

DATED this $\underline{7}$ day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge