**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

—————————————————————

| | |
|---|---|
| In the Matter of the Petition of | ) |
| | ) |
| **GRACE OCEAN PRIVATE LIMITED,** | ) |
| as Owner of the M/V DALI, | ) |
| | ) |
| **and** | ) |
| | ) |
| **SYNERGY MARINE PTE LTD,** | ) |
| as Manager of the M/V DALI, | ) |
| | ) |
| for Exoneration from or Limitation of Liability. | ) |
| | ) |

Civil Action No. 1:24-cv-00941

*IN ADMIRALTY*

—————————————————————

## JOINT PROPOSED PROTECTIVE ORDER

This case arises from the March 26, 2024 allision of the MV DALI with the Francis Scott Key Bridge and the subsequent collapse of the Francis Scott Key Bridge.  Given the existence of sensitive law enforcement and accident investigation materials, personal privacy concerns, and other sensitive information, the Court finds that there is good cause for issuance of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) which will govern the disclosure, use, and handling by the parties and their respective agents, successors, and personal representatives of certain information and items produced and received in discovery in the above-captioned action; accordingly,

IT IS ORDERED AS FOLLOWS:

1.      As used in the Protective Order, these terms have the following meanings:

   a) "Action" or "Litigation" shall mean the above-captioned case pending before the U.S. District Court for the District of Maryland, Case No. 1:24-cv-00941.

   b) "Attorneys" means counsel of record in the Action;

   c) "Confidential" documents are documents designated pursuant to paragraph 2;

1

d) "Information" means all materials within the scope of Fed. R. Civ. P. 34, including documents, electronically stored information, and tangible things, as well as information given orally;

e) "Outside Vendors" means messenger, copy, coding, e-discovery, and other clerical services vendors not employed by a party or its Attorneys; and

f) "Written Assurance" means an executed document in the form attached as Exhibit A.

g) "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. This includes the actual covered document, as well as the contents thereof, such that disclosing a copy, summary, paraphrasing, or derivative would be a disclosure of the document or information itself for purposes of this Protective Order.

h) "Document" shall mean all items described in Fed. R. Civ. P. 34(a)(1)(A).

i) "Challenging Party" shall mean any party who challenges a designation of Confidential Information under this Protective Order.

j) "Designating Party" and "Producing Party" shall mean any party to the Action who produces documents or information in discovery.

k) "Receiving Party" shall mean any party who receives designated Confidential Information.

2.     A Party may designate a document "Confidential" to protect Information within the scope of Fed. R. Civ. P. 26(c).

3.     All Confidential information shall be used solely for the purpose of this Action and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or

communicate in any way the information to any person other than those specified in paragraph 4. Any other use is prohibited.

    4.    Access to any Confidential document shall be limited to:

    a)    the Court and its staff;

    b)    Attorneys, their law firms, and their Outside Vendors;

    c)    persons shown on the face of the document to have authored or received it;

    d)    court reporters retained to transcribe testimony;

    e)    the parties to the Action, including any officers, directors, employees, insurers, reinsurers, auditors or agents of the parties who have a reasonable need of access to the Information in connection with the prosecution and/or defense of this Action;

    f)    outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained to furnish technical or expert services, and/or to give testimony in this Action.

Attorneys are responsible for employing reasonable measures to control access to and secure distribution of Confidential Information.

    5.    The designation "Confidential" shall be made prior to or at the time of the production or disclosure of the Information and shall be marked on each page to which the designation applies, or in the event that such marking is not feasible, on a prominent visible surface, envelope or container. When a tangible object is produced for inspection subject to this Protective Order, a photograph thereof shall be produced at the time of inspection labeled with the

desired designation; thereafter, any knowledge obtained as a result of the inspection of such object shall be subject to this Protective Order in accordance with the designation. Confidentiality of any document or tangible item by virtue of being part of the NTSB deliberative process shall be marked "Confidential NTSB". To the extent any documents or tangible evidence is designated "Confidential" by virtue of being labeled "Confidential NTSB", that designation shall be rendered null and void if and when the NTSB makes the designated information publicly available. Any recipient of Information designated "Confidential" must ensure that all copies reproducing such Information, including full or partial paper or electronic duplicates, are similarly marked or identified.

6.      Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential Information shall execute a "Written Assurance" in the form attached as Exhibit A.

7.      All deposition transcripts or portions of transcripts of depositions taken in this Action that contain Information designated "Confidential" may be similarly designated and thereby obtain the protections accorded other "Confidential" documents. The party claiming deposition testimony to be Confidential shall specify the page(s) and line(s) where it contends the testimony to be Confidential.  Confidentiality designations for depositions shall be made by written notice to the other party(ies) within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" Information shall be taken only in the presence of persons who are qualified to have access to such Information.

8.      Confidential Information Filed with Court.  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are

proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases.  The Interim Sealing Motion shall be governed by L.R. 105.11.  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as Confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph 9 of this Confidentiality Order.

9.      Challenging Designation of Confidentiality.  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.  The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

10.     By agreeing that a party may designate information as "Confidential" for purposes of the Litigation, the non-designating party is not entering into a binding admission as to the confidentiality of said information. If any party believes that a designation of any information as "Confidential" is inappropriate, the party may object to such designation and the Parties shall work together in good faith to resolve their disagreement regarding the appropriate designation of the information. If efforts to resolve the disagreement are unsuccessful, the matter shall be resolved by the Court and the party seeking the designation shall have the burden of demonstrating its necessity. However, the information at issue shall be treated as "Confidential" and subject to all of the restrictions of this Protective Order unless and until the Parties agree or the Court orders otherwise. The fact that there is a "Confidential" designation shall not be admissible as evidence

during the trial of the above Action. During the trial and at any hearing in this Action, the party proposing to present information designated as "Confidential" shall so inform the Court to allow the Court to take reasonable measures to protect the confidentiality of such information, including clearing the courtroom of persons not involved in the proceedings, and ordering all remaining persons to keep the information they receive in strict confidence.

11.    The protections conferred by this Protective Order do not cover any information or material that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

12.    Nothing in this Protective Order shall restrict the right of the Producing Party, including its employees, to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

13.    The obligations of this Protective Order shall continue after the conclusion of the Litigation, and the Parties shall continue to maintain confidentiality in accordance with this Order after the conclusion of this Action.

14.    Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

SO ORDERED this _____ day of _____, 2024.


_____
James K. Bredar
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____
                                                )
In the Matter of the Petition of                )
                                                )
**GRACE OCEAN PRIVATE LIMITED,**                )
as Owner of the M/V DALI,                       )          **Civil Action No. 1:24-cv-00941**
                                                )
and                                             )          *IN ADMIRALTY*
                                                )
**SYNERGY MARINE PTE LTD,**                     )
as Manager of the M/V DALI,                     )
                                                )
for Exoneration from or Limitation of Liability.  )
_____ )


## <u>CERTIFICATION</u>


1.      My name is_____


2.      I have read the Protective Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of the Protective Order, and agree to comply with and be bound by its provisions.  I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.


3.      I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____


by _____
                (Print Name)


Signed_____


8