IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability

Civ. No. JKB-24-0941

*IN ADMIRALTY*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Local counsel for Claimant Wisconsin Spice, Inc., Aaron J. Turner of the firm Levin Gann PA, has moved for leave to withdraw his appearance in this matter. (ECF No. 437.) He states that the firm has discovered an unspecified conflict of interest. (*Id.*) Mr. Turner is the only member of the Bar of this Court who has entered an appearance on behalf of Wisconsin Spice. Wisconsin Spice is also represented by Shanshan Liang, but Ms. Liang has been admitted only on a pro hac vice basis. The motion will be denied without prejudice for failure to comply with the requirements of the Local Rules.

Local Rule 101.2(b) governs the withdrawal of counsel representing entities. Under that provision, "appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files" an appropriate certificate. L.R. 101.2(b) (D. Md. 2023). Further, under Local Rule 101(b)(i), "[a]ny party represented by an attorney who has been admitted pro hac vice must also be represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court."

In a narrowly literal sense, "other counsel" (*i.e.*, Ms. Liang) has entered an appearance in this matter. But, because Wisconsin Spice may not be represented solely by an attorney appearing

pro hac vice, Mr. Turner's withdrawal would effectively leave Wisconsin Spice without counsel. It is well settled that corporations must be represented by counsel in federal court. Local Rule 101(a); *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022). Thus, Mr. Turner's withdrawal could leave Wisconsin Spice at risk of being dismissed from this action unless it promptly retained new local counsel—the exact concern that animates the disclosure and certification requirements of Local Rule 101.2(b). *See Redmonds Enter., Inc. v. CSX Trans., Inc.*, Civ. No. CCB-16-3943, at *6 (D. Md. July 27, 2018) (permitting the only local counsel for a corporate plaintiff to withdraw, but noting that the corporation "will need to retain new local counsel if it wishes to proceed further with this case").

The relevant provisions of the Local Rules are admittedly less than crystal clear on the issue. Nevertheless, the Court holds that, when local counsel for a party seeks leave to withdraw, and when the only other counsel representing that party is admitted on a pro hac vice basis, then leave of Court will be granted only if local counsel complies with the certificate filing requirement under Local Rule 101.2(b).

Here, the certificate accompanying Mr. Turner's Motion to Withdraw Appearance did not recite all of predicates required by Local Rule 101.2(b). As provided in Local Rule 101.2(b), the certificate must state "(a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it." In particular, Mr. Turner's certificate does not state whether he informed his client that it may be subject to the dismissal of its claims upon his withdrawal.

2

Accordingly, it is ORDERED that:

1. Mr. Turner's Motion to Withdraw Appearance (ECF No. 437) is DENIED WITHOUT PREJUDICE; and

2. Mr. Turner SHALL FILE any renewed motion to withdraw appearance, in compliance with the Local Rules, by Friday, November 22, 2024.

DATED this __14__ day of November, 2024.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge