UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

---------------------------------------------------------------x
In the Matter of The Petition of

GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,

And

SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,

For Exoneration from or Limitation of Liability.
---------------------------------------------------------------x

Docket No: 1:24-cv-00941

*IN ADMIRALTY*

## ACE AMERICAN INSURANCE COMPANY'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL LIFTING OF STAY

The State Claimants[1] have filed a Motion and Memorandum of Law in Support of a Partial Lifting of the Stay. Relevant to Ace American Insurance Company's Motion herein, the State Claimants contend in the main that certain claims for breach of contract are unaffected by the Limitation Act permitting them to prosecute those claims outside of this proceeding, consistent with their rights under the Savings-to-Suitors clause, 28 U.S.C. §1333(1). As Ace American Insurance Company ("Ace") stands in the shoes of and is subrogated to the rights of the Maryland Transportation Authority, should this Court grant the State Claimants' Motion, the same result should inure to Ace, i.e., a partial lifting of the stay permitting Ace to bring breach of contract claims outside of this limitation action.

---

[1] The State Claimants are the State of Maryland, by and through Attorney General Anthony G. Brown; the Maryland Transportation Authority, the Maryland Port Administration and the Maryland Department of the Environment. *See,* The State Claimants s Motion and Memorandum of Law in Support of Their Motion for Partial Lifting of the Stay at Docket Entry 451_0.

## STATE CLAIMANTS' MOTION

Ace incorporates by reference, adopts and reiterates the State Claimants' Motion (ECF Docket No. 451) herein.

## ACE IS SUBROGATED TO THE RIGHTS OF THE MARYLAND TRANSPORTATION AUTHORITY

Ace's right of subrogation is long-established under American admiralty jurisprudence. In Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 129 US 397, 462, 9 S. Ct. 469, 479 (1889), the Supreme Court held that an insurer, upon paying to the assured the amount of a loss, total or partial, becomes, without any formal assignment, or any express stipulation to that effect in the policy, subrogated in a corresponding amount to the assured's right of action, and may assert that right in its own name in a court of admiralty.  This law has long been applied in collision and limitation actions. See The St. Johns, 101 F. 469  (SDNY 1900) and American Commercial Lines, Inc. v. Valley Line Co., 529 F.2d 921  (8th Cir 1976). Indeed, in the context of admiralty claims against the United States Government under Subpart C, the federal code goes so far to state that with respect to insurance and subrogated claims that "[t]he claims of an insured (subrogor) and an insurer (subrogee) for damages arising out of the same incident constitute a single claim."  46 CFR § 327.43 (2024).

Here, where ACE has made payment in the amount of $350 million, it is entitled to proceed in the admiralty action as a subrogated party.

## ARGUMENT

As will be demonstrated in more detail below, the Maryland Transportation Authority ("MDTA") and Maryland Port Authority ("MPA") are both agencies of the Maryland Department of Transportation. See, Ex. 1

https://www.mdot.maryland.gov/OHR/OrganizationalCharts.pdf   The MDTA is an agency of

the State of Maryland and is entitled to the same sovereign immunity, and protections and privileges that the State of Maryland enjoys. *See,* Md. Code Ann. § 4-201; *Bugg v. Maryland Transp. Auth.*, 31 Md. App. 622, 358 A.2d 562 (1976), *Cert denied*, 429 U.S. 1082 (1977). In *Bugg,* the Court of Special Appeals analyzed the MDTA's existence in a condemnation proceeding. The Court held that "the Maryland Transportation Authority is an agency of the state and as such enjoys the same sovereign immunity as does the state for the reason that an agency of the state is but the alter ego of the state itself."

In this case, Ace stands in the shoes of and succeeds to all of the rights of the MDTA who is in and of itself, the alter ego of the State of Maryland. Accordingly, to the extent the State Claimants are entitled to a partial lifting of the stay to bring contractual claims, Ace enjoys the same rights. Therefore, should this Court grant the State Claimants' Motion, Ace respectfully requests that it be permitted to proceed alongside the State Claimants in the form of the State Claimants' choosing. A copy of the proposed Order is attached as Exhibit 2.

                                              Respectfully submitted,
                                              COZEN O'CONNOR

                                              By: /s/ Lawrence F. Walker
                                                  Lawrence F. Walker, Esq.
                                                  (D. MD. Bar ID 31059)
                                                  Robert Phelan, Esq. (D Md. Bar. ID 31070)
                                                  *Proctor in Admiralty*
                                                  Daniel J. Luccaro, Esq. (D. Md. Bar ID 31079)
                                                  One Liberty Place
                                                  1650 Market St., Suite 2800
                                                  Philadelphia, PA 19103
                                                  (800) 523-2900
                                                  rphelan@cozen.com
                                                  lwalker@cozen.com
                                                  dluccaro@cozen.com

Dated: December 2, 2024