IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * * * | Civ. No. JKB-24-0941<br><br>*IN ADMIRALTY* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

On November 13, 2024, the Court issued a Protective Order governing the use of confidential information in this litigation. (Case Management Order No. 4, ECF No. 440.) Now pending before the Court is correspondence submitted on behalf of all parties, which the Court will construe as a Motion to Amend the Protective Order. (ECF No. 450.) The request will be denied without prejudice.

The parties have submitted their proposed revised protective order to accommodate the concerns of the National Transportation Safety Board ("NTSB"), which is conducting an investigation into the allision of the M/V Dali with the Francis Scott Key Bridge, and which has evidence that may be relevant to this action. According to the parties, the "NTSB advised [them] that it was concerned that the Protective Order did not adequately cover its documents." (ECF No. 450 at 1.) The Court respects the NTSB's need for confidentiality as it conducts its investigation, and also understands that evidence in the NTSB's custody may be important to the resolution of this case. As a result, the Court intends to accommodate the NTSB's interests to the extent feasible.

That said, the Court must balance the parties' and NTSB's interests in confidentiality against the public's presumptive right of access to the judicial process. *See Doe v. Pub. Citizen*,

749 F.3d 246, 265–66 (4th Cir. 2014). This right arises under both the First Amendment and the common law, with the First Amendment right attaching only to certain categories of documents and the common law right applying to all judicial documents. *Id.* Although different standards apply depending on which right is at issue, the result is usually the same: "the right of public access, whether arising under the First Amendment or the common law, may be abrogated only in unusual circumstances." *Id.* at 266 (internal quotation marks omitted); *see also K.S. v. Ambassador Programs Inc.*, Civ. No. 1:10-439, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010) ("[C]ourts have uniformly emphasized that sealing should be the relatively rare exception, not the common practice."). As numerous courts in the Fourth Circuit have observed, courts have an independent obligation to safeguard the public's right of access, and must carefully scrutinize a motion to seal even when all parties consent to sealing. *See, e.g., Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006); *Hudson Ins. Co. v. Dollar Tree Stores, Inc.*, Civ. No. EA-23-2731, 2024 WL 4108567, at *2 (D. Md. Sept. 6, 2024); *Shook v. Bos. Sci. Corp.*, Civ. No. 1:20-00242-MOC-WCM, 2021 WL 2589698, at *5 (W.D.N.C. June 24, 2021); *White v. Bonner*, Civ. No. 4:10-105-F, 2010 WL 4625770, at *1 (E.D.N.C. Nov. 4, 2010); *K.S.*, 2010 WL 3565481, at *2.

As the Court noted in a footnote to the Protective Order, the Court revised the language of the parties' first proposed protective order "to emphasize the need for cooperation between the parties on matters relating to sealing, and to ensure that the parties do not propose overbroad redactions that would improperly infringe on the public's right of access to this Action." (ECF No. 440 at 1 n.1.) In the operative Protective Order, rather than permitting parties to file documents wholly under seal, the Court has required parties filing documents containing confidential information to apply narrowly-tailored redactions to documents that are publicly viewable on the Court's docket. (*See id.* at 5–6.) In the proposed revised protective order, however, the parties

have elected to jettison the Court's language, and instead would have the Court permit parties to file documents wholly under seal, without any publicly viewable version, so long as the documents contain any confidential information. (*See* ECF No. 450-1 at 5.) This the Court will not do.

Because the proposed revised protective order would allow for the wholesale sealing of documents and would not adequately protect the public's interest in access to this case, the Motion to Amend the Protective Order will be denied. The Court will give due consideration to any renewed motion to amend the Protective Order, but the parties are forewarned that any request for a protective order that contemplates wholesale sealing of documents—as opposed to the application of carefully limited redactions—will likely be denied. The Court also expects that any renewed motion will contain a redline of the current Protective Order against the proposed revised order.

Accordingly, it is ORDERED that the Motion to Amend the Protective Order (ECF No. 450) is DENIED WITHOUT PREJUDICE.

DATED this __3__ day of December, 2024.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge