UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **In the Matter of the Petition**<br><br>**Of**<br><br>**GRACE OCEAN PRIVATE LIMITED,** as Owner of the M/V DALI,<br><br>**And**<br><br>**SYNERGY MARINE PTE LTD,** as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**THE STATE CLAIMANTS' REPLY MEMORANDUM IN
SUPPORT OF THEIR MOTION FOR PARTIAL LIFTING OF STAY**[1]

Petitioners' Opposition (ECF No. 456) does not dispute that claims for breach of contract and claims for environmental penalties are beyond the scope of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*. ("Limitation Act"). That concession serves as an acknowledgement that such claims *will* be decided in another forum, the only question being *when*.

In support of their "later, not now" position, Petitioners offer a supposed policy defense and three other off-point arguments. All these arguments lack legal support and –

---

[1] The "State Claimants" are the State of Maryland, by and through Anthony G. Brown, Attorney General of Maryland, the Maryland Transportation Authority, the Maryland Port Administration, and the Maryland Department of the Environment.

1

if followed – would unjustifiably prejudice the State. The Petitioners' defenses are summarized below.

| **Petitioners' Arguments Against Partially Lifting the Stay** | **Why the Arguments Fail** |
|---|---|
| Policy considerations favor all claims remaining in the Limitation Proceeding until after resolution of Petitioners' right to limit their liability.[2] | **Incorrect**. Policy considerations only justify this Court's retention of claims that are potentially subject to limitation. No policy consideration or case law supports the retention of claims that are ineligible for limitation and will assuredly be decided in another venue. |
| This Court has supplemental jurisdiction over the State Claimants' claims.[3] | **Irrelevant**. Whether this Court has subject matter jurisdiction is an issue distinct from whether the Court has the right to decide the merits of claims that were filed in the limitation proceeding under protest. |
| The State Claimants' breach-of-contract claims are meritless.[4] | **Irrelevant (and Incorrect)**. The State's Motion to Partially Lift the Stay ("Motion") is procedural, not substantive. The merits of these claims will be decided in another forum. |
| The State Claimants' evaluation of their federal and state environmental claims is improper.[5] | **Irrelevant (and Incorrect)**. The Motion is procedural, not substantive. The merits of these claims will be decided in another forum. |

---

[2]  *See* Petitioners' Opposition to Claimants' Motions to Partially Lift Stay (ECF No. 456) at 4 (hereafter "Opposition").

[3]  *Id*. at 6.

[4]  *Id*. at 7.

[5]  *Id*. at 10.

2

### I.     Policy Considerations Favor the Movants, Not the Petitioners

Petitioners' lead argument is that policy considerations justify a decision not to lift the stay now, thereby keeping the State Claimant's breach-of-contract claims and environmental penalty claims bottled up in the limitation proceeding until resolution of the issues of exoneration and/or limitation.[6] This argument makes little legal or practical sense. To the contrary, both the case law and policy considerations favor immediate disposition of claims that are outside the scope of the Limitation Act.

### A.  The Case Law Favors the Movants, Not the Petitioners

Petitioners' Opposition cites some caselaw, but *none* of the cited cases stand for the proposition that claims that are immune from limitation ought to be retained in the limitation proceeding pending a determination on the vessel owner's liability. Indeed, one of the cases cited by Petitioners,[7] *The Quarrington Court*, 102 F.2d 916, 919 (2d Cir), *cert. denied*, 307 U.S. 645 (1939), made this observation: "We are referred to no decision where the courts have excepted certain claims from adjudication in a limitation proceeding (*unless*, like the death claims involved in Petition of Liverpool, Brazil & River Plate Steam Nav. Co, 2 Cir., 57 F.2d 176, *they were claims outside of the scope of the limitation statute*) . . . ." (emphasis added). That quote sums up the position of the State Claimants, who indeed have claims that Petitioners have acknowledged are outside the scope of the Limitation Act.

---

[6]   Opposition at 4-6.

[7]   *Id*. at 4.

3

In contrast, courts routinely lift limitation-related injunctions to allow parties to proceed in state court with causes of action that are outside the scope of the Limitation Act. *See*, *e.g.*, *In re Wilkie,* No. 11-00205, 2012 WL 1918775, at *3 (D. Alaska May 24, 2012) (permitting the State of Alaska to sue the petitioner in state court for environmental claims that were not subject to the Limitation Act); *United States v. CF Indus., Inc.*, 542 F. Supp. 952, 955-56 (D. Minn. 1982) (holding that the federal government could maintain a separate lawsuit for environmental penalties notwithstanding the injunction orders that had been issued by the courts that were adjudicating the defendants' limitation-of-liability proceedings).

In fact, some courts have expressed the view that injunctions based on the authority of Supplemental Admiralty Rule F(3) do not even apply to environmental penalty claims. The *CF Industries* case included claims under the Clean Water Act. In holding that public policy weighed in favor of allowing those environmental claims to proceed outside of the limitation proceeding, the court wrote: "Moreover, the public policies embodied in the CWA are stronger and more important than those embodied in the Limitation Act." *CF Indus.*, 542 F. Supp. at 956. Applying that reasoning here, this Court's existing restraining order (ECF No. 8) would not even apply to the claims at issue in this Motion.

### B. Practical Considerations Favor the Movants, Not the Petitioners

Lifting the stay now best serves the interests of the State Claimants and does not offend the rights of Petitioners. As the Opposition points out, it makes good sense to keep the concursus for claims that may be subject to limitation because the "heart of [the

limitation] system is a concursus of all claims to ensure the prompt and economical disposition of controversies in which there are often a multitude of claims," *citing Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 415 (1954).[8] But that purpose is not served if the claims at issue are immune from limitation because this Court's ultimate decision on Petitioners' requested relief will have no effect on the State Claimants' causes of action for breach of contract and environmental penalties. If, as the *Cushing* Court said, the heart of a concursus is to "to ensure the prompt and economical disposition of controversies," then the only way that goal can be fostered with respect to the claims at issue in this Motion is to send them to state court where that court will be empowered to consider the claims on their merits.

In addition, lifting the stay now best honors the State Claimants' rights under the savings-to-suitors' clause and their sovereign immunity. *See Wheeler v. Marine Navigation Sulphur Carriers*, 764 F.2d 1008, 1011 (4th Cir. 1985) ("With the reason for concursus and restraint of other proceedings removed, no reason remained to deprive plaintiffs of their choice of forum or of their statutory right to jury trials.").

It is important to note that Petitioners' Opposition does *not* advance any argument that defending against parallel litigation in state court would impair Petitioners' ability to defend themselves in the limitation action or that the parallel litigation would somehow disrupt or hamper the limitation proceeding.[9]

---

[8]   Opposition at 4.

[9]   The closest argument pressed by Petitioners is that the status quo "will also advance judicial economy and prevent significant delay and the waste of all parties' resources that will result

### C. This Issue Presented by this Motion – the Propriety of a Partial Lifting of the Stay – Has Not Yet Been Decided

Finally, Petitioners also argue that one of this Court's prior orders and one of the parties' prior pleadings have either decided or conceded the question of when to lift the stay. This argument is also incorrect.

First, Petitioners quote language from Case Management Order No. 3 (ECF No. 438), which states that the Court "will not address individual claims during Phase 1," suggesting that the holding extends to the contract claims and environmental claims at issue in this Motion.[10] That construction cannot be correct because CMO 3 also indicated that motions seeking a partial lifting of the stay should be filed by December 2. (ECF No. 438, at 6.) Had the "stay issue" been decided, no briefing would have been ordered.[11]

Second, Petitioners cite to the parties' Joint Status Report (ECF No. 406), in which the claimants advocated that "issues relating to 'relief as to any particular Claimant' would be addressed in Phase 2." Petitioners suggest this language is at odds with the relief requested in the pending Motion.[12] Again, this is a myopic construction that ignores other, on-point language in the Joint Status Report. On page 17 of that pleading, among a listing of "Additional Issues," the State Claimants included "[t]he possibility of a partial lifting of the stay against the prosecution of claims against Petitioners to the extent that certain

---

from separate actions in different forums at this early stage." Opposition at 5. The Opposition does not develop this imprecise argument in any way.

[10] Opposition at 1, 3, and 5.

[11] Furthermore, the issue of the partial lifting of the stay was discussed by counsel and the Court at the October 29 hearing. Tr. at 91-92.

[12] *Id*. at 5.

claims are not subject to limitation." (ECF No. 406, at 17.) As such, Claimants obviously did not concede this issue.

## II. Subject Matter Jurisdiction is a Red Herring

Petitioners' second argument is that the State Claimants have conceded that this Court has subject matter jurisdiction over their claims.[13] This assertion is only half-right, but more importantly, the argument is irrelevant.

In their Answer and Claim (ECF No. 157), the State Claimants acknowledged that supplemental subject matter jurisdiction extends to all their claims given that the claims arise out of the same case or controversy. *Id*. at 14. However, the State Claimants expressly stated that this averment was subject to their reservation of rights to assert their sovereign immunity and their rights under the savings-to-suitors clause. *Id*. Indeed, the State's Answer and Claim broadly preserves those affirmative defenses in multiple passages. *See id*. at 8, 14, and 52. Those reservations are not mentioned in Petitioners' Opposition.

More importantly for this Motion, however, the fact that a federal court has subject matter jurisdiction over a claim does not mean the court is required to adjudicate the merits of that claim. Federal courts can and do decline to address the merits of claims otherwise within their jurisdiction under several long-standing principles.[14] This is plainly true in the

---

[13] Opposition at 6.

[14] For example, the principle that federal courts with subject matter jurisdiction will often defer the merits of a dispute to state court is so established that it is articulated as *doctrine*—for example, the doctrine of *Burford* abstention ("federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy" (*Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943)), or *Colorado River* abstention ("*Colorado River* abstention is based on the policy of conserving

context of limitation proceedings. In *Langnes v. Green*, 282 U.S. 531, 541 (1931), the Supreme Court held that, in limitation proceedings, whether a district court decides the merits of a claim *is a matter of discretion, not jurisdiction*.[15] Indeed, where a shipowner has no right to limit its liability – which is the case with respect to the breach-of-contract claims and environmental penalty claims at issue – the federal court should lift the stay and allow the claimants their choice of forum. *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 827 (7th Cir. 1996).[16]

### III.   The Merits of the State's Claims are Irrelevant

Petitioners' final two arguments inexplicably attack the merits of the State's breach-of-contract claims and environmental claims.[17] Petitioners spend six pages arguing that

---

judicial resources in situations involving the contemporaneous exercise of concurrent jurisdictions." (*Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 707 (10th Cir.1988)). In analogous contexts, it is recognized as "vexatious" for a federal court to proceed where a state court suit would "present[] the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) (addressing exercise of subject matter jurisdiction in the Declaratory Judgment context). In addition, federal courts can decline to hear claims otherwise within their jurisdiction under the first-to-file rule, can transfer claims under 28 U.S.C. § 1404, or decline to exercise supplemental jurisdiction over state claims.

[15] As an example of the principle, the *Langnes* Court wrote: "Admiralty courts, for example, have complete jurisdiction over suits of a maritime nature between foreigners. Nevertheless, 'the question is one of discretion in every case, and the court will not take cognizance of the case if justice would be as well done by remitting the parties to their home forum.' . . . So, while the courts of this country have and may entertain jurisdiction of actions between nonresident foreigners for torts committed in a foreign country, they will exercise such jurisdiction in their discretion and only in special cases." 282 U.S. at 544.

[16] *See also Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449-51 (4th Cir. 1999).

[17] Opposition at 7-13.

those claims are either without merit or unripe.[18] But why they make these arguments is unclear.[19] Merits-based arguments in response to a procedural-only motion are misplaced, especially when the Motion's objective is to obtain permission for another court to resolve the merits of the claims. As discussed *supra*, Petitioners' brief lacks any case law supporting the proposition that claims outside the scope of the Limitation Act should be held in abeyance in a limitation proceeding

## **CONCLUSION**

Petitioners concede that claims for breach of contract and for environmental penalties are outside the scope of the Limitation Act. That means those claims will be decided in another venue, the only question being when. Petitioners cite no authority for the proposition that these claims should be detained in a limitation proceeding pending resolution of Petitioners' liability. Indeed, the case law and common sense suggest otherwise. Accordingly, the State Claimants respectfully request this Court immediately modify the current restraining order (ECF No. 08) to allow them to prosecute the following causes of action in their venue of choice: Counts XI, XII, and XIII (contractual claims based on the MPA Tariff), and Counts VI, VII, VIII, IX, and X (environmental claims).

---

[18] As one example, Petitioners write: "Granting the State Claimants' motion with respect to their claims for breach of contract would require the Court to conclude that the Vessel was bound, at the time of the Casualty . . . by a "Terminal Services Schedule" issued by the Maryland Port Authority . . . that applies to vessels berthed at Maryland terminal facilities." (ECF No. 456 at 7). That question is exactly the sort of decision the state court will need to decide, but it is unnecessary to resolve for this motion.

[19] The State Claimants were careful to point out that resolution of this Motion did not require the Court to consider the merits of any claim. (ECF No. 451 at 4.). Perhaps Petitioners hope to distract the Court from the lack of legal support for their procedural defenses.

Respectfully submitted,


ANTHONY G. BROWN
Attorney General of Maryland

Robert A. Scott (24613)
Howard R. Feldman (05991)
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
rscott@oag.state.md.us
(410) 576-6324

and

*/s/ Melissa E. Byroade*
Melissa E. Byroade (31335)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
mbyroade@kelleydrye.com
(202) 342-8400

Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG &
KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

R. Keith Jarrett, T.A.*
David L. Reisman, T.A.*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000

New Orleans, Louisiana 70139-5099
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com
(504) 581-7979

Scott S. Partridge*
Partridge LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Andrew W. Homer*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
ahomer@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
(212) 808-7800

Mark Lanier*
Alex Brown*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N

11

Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
(713) 659-5200

*Assistant Counsel to Claimants*

*\*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

     I CERTIFY that on this 20th day of December 2024, the foregoing was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this failing to all counsel of record.

                                      */s/ Melissa E. Byroade*
                                      Melissa E. Byroade