IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * * | Civ. No. JKB-24-0941<br><br>*IN ADMIRALTY* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CASE MANAGEMENT ORDER NO. 5 - AMENDED PROTECTIVE ORDER

The Court issued a Protective Order on this matter (ECF No. 440). The parties have submitted a request to amend the protective order. The Court has reviewed the submission and finds that there is good cause for the entry of an Amended Protective Order

This case arises from the March 26, 2024, allision of the MV DALI with the Francis Scott Key Bridge and the subsequent collapse of the Francis Scott Key Bridge. Given the existence of sensitive law enforcement and accident investigation materials, personal privacy concerns, and other sensitive information, the Court finds that there is good cause for issuance of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) which will govern the disclosure, use, and handling by the parties and their respective agents, successors, and personal representatives of certain information and items produced and received in discovery in the above-captioned action.

Accordingly, it is ORDERED as follows:

I.  As used in this Protective Order, these terms have the following meanings:

a) "Action" or "Litigation" shall mean the above-captioned case pending before the United States District Court for the District of Maryland, Civil No. JKB-24-00941.

b) "Attorneys" means counsel of record in the Action.

c) "Confidential" documents are documents designated pursuant to paragraph 2.

d) "Information" means all materials within the scope of Fed. R. Civ. P. 34, including documents, electronically stored information, and tangible things, as well as information given orally.

e) "Outside Vendors" means messenger, copy, coding, e-discovery, and other clerical services vendors not employed by a party or its Attorneys.

f) "Written Assurance" means an executed document in the form attached as Exhibit A.

g) "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. This includes the actual covered document, as well as the content thereof, such that disclosing a copy, summary, paraphrasing, or derivative would be a disclosure of the document or information itself for purposes of this Protective Order.

h) "Document" shall mean all items described in Fed. R. Civ. P. 34(a)(l)(A).

i) "Challenging Party" shall mean any party who challenges a designation of Confidential Information under this Protective Order.

j) "Designating Party" and "Producing Party" shall mean any party to the Action who produces documents or information in discovery.

k) "Receiving Party" shall mean any party who receives designated Confidential Information.

2. A Party may designate a document "Confidential" to protect Information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential Information shall be used solely for the purpose of this Action and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

   a) the Court and its staff;

   b) Attorneys, their law firms, and their Outside Vendors;

   c) persons shown on the face of the document to have authored or received it;

   d) court reporters retained to transcribe testimony;

   e) the parties to the Action, including any officers, directors, employees, insurers, reinsurers, auditors or agents of the parties who have a reasonable need of access to the Information in connection with the prosecution and/or defense of this Action;

   f) persons retained by party to furnish technical or expert services in this Action, and/or to give testimony in this Action.

   Attorneys are responsible for employing reasonable measures to control access to and secure distribution of Confidential Information.

5. The designation "Confidential" shall be made prior to or at the time of the production or disclosure of the Information and shall be marked on each page to which the designation applies, or in the event that such marking is not feasible, on a prominent visible surface, envelope or container. When a tangible object is produced for inspection subject to this

Protective Order, a photograph thereof shall be produced at the time of inspection labeled with the desired designation; thereafter, any knowledge obtained as a result of the inspection of such object shall be subject to this Protective Order in accordance with the designation. Any recipient of Information designated "Confidential" must ensure that all copies reproducing such Information, including full or partial paper or electronic duplicates, are similarly marked or identified.

6. Any documents produced by the National Transportation Safety Board ("NTSB") to any party to this action pursuant to the NTSB Protective Agreement and Addendum to Protective Agreement (collectively "the NTSB Protective Agreement") shall be treated as "Confidential" under this Agreement. To the extent any document or tangible evidence is designated as "Confidential" by virtue of its production by the NTSB under the NTSB Protective Agreement, if it is subsequently made public in accordance with the NTSB rules and procedures, then the "Confidential" designation shall be rendered null and void.

7. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential Information shall execute a "Written Assurance" in the form attached as Exhibit A.

8. All deposition transcripts or portions of transcripts of depositions taken in this Action that contain Information designated "Confidential" may be similarly designated and thereby obtain the protections accorded other "Confidential" Information. The party claiming deposition testimony to be Confidential shall specify the page(s) and line(s) where it contends the testimony to be Confidential. Confidentiality designations for depositions shall be made by written notice to the other party or parties within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such Information.

9. Confidential Information Filed with Court.

    a) To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed on the docket under seal (by the filing party). The filing party shall, in its sealed filing, highlight any text or images containing Confidential Information proposed to be redacted pursuant to paragraph 8(b). The filing party shall also file a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by Local Rule 105.11, and must include appropriate citation to authority and a proffer of evidence in support of the relief sought. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as Confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 9 of this Confidentiality Order.

    b) Contemporaneous with the filing of materials under seal and the Interim Sealing Motion as described in paragraph 8(a), the filing party shall also file an unsealed, publicly viewable version of the materials, with redactions applied as necessary to protect Confidential Information. These redactions must be narrowly tailored, in accordance with the public's presumptive right of access to judicial proceedings. *See Doe v. Pub. Citizen,* 749 F.3d 246, 265-66 (4th Cir. 2014).

c) Before the filing of the Interim Sealing Motion, the filing party shall meet and confer in good faith with lead counsel for Claimants and counsel for Petitioners to obtain agreement, to the extent possible, on the extent of redactions. The filing party shall indicate in the title of the Interim Sealing Motion whether such motion is unopposed. It is the Court's expectation that the parties will be able to reach agreement with respect to the appropriate extent of any redactions. The Court will rely on the professionalism of the attorneys to work in good faith, within the confines of the adversarial system, to propose narrowly tailored redactions that are neither overbroad nor calculated to expose sensitive personal or law enforcement information, trade secrets, or similar such material.

d) As to any information provided by the NTSB which the NTSB has not made public as of the date of the filing, the filing party shall also meet and confer with the NTSB to reach agreement, to the extent possible, on the extent of redactions. The filing party shall indicate in the Interim Sealing Motion whether the NTSB opposes any part of the motion. In the event the NTSB does maintain an objection with respect to the scope of proposed redactions or sealing of documents, then within fourteen (14) days of the filing of the Interim Sealing Motion, NTSB must file a further motion to seal, if NTSB believes in good faith that the material, or any portion thereof, should continue to be sealed. If NTSB does not file a motion to seal within this timeframe, NTSB waives the right to have the material sealed. However, in the event that NTSB files an extension motion as to fourteen (14) day deadline, the filing party shall not file the provisionally sealed material on the public docket while such motion remains pending. If NTSB does file such a motion to seal, the material will remain under seal provisionally unless and until the Court rules otherwise.

10. By agreeing that a party may designate information as "Confidential" for purposes of the Litigation, the non-designating party is not entering into a binding admission as to the confidentiality of said information. If any party believes that a designation of any information as "Confidential" is inappropriate, the party may object to such designation and the Parties shall work together in good faith to resolve their disagreement regarding the appropriate designation of the information. If efforts to resolve the disagreement are unsuccessful, the matter shall be resolved by the Court and the party seeking the designation shall have the burden of demonstrating its necessity.[1] However, the information at issue shall be treated as "Confidential" and subject to all of the restrictions of this Protective Order unless and until the Parties agree or the Court orders otherwise. It is the intent of this Protective Order that Information is not "Confidential" if it (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

11. The fact that there is a "Confidential" designation shall not be admissible as evidence during the trial of the above Action. During the trial and at any hearing in this Action, the party proposing *to* present Information designated as "Confidential" shall so inform the Court to allow the Court to take measures the Court deems reasonable to protect the confidentiality

---

[1] As explained in paragraph 9, the Court's expectation is that the parties will cooperate in good faith to obviate the need for Court resolution of disputed sealing issues.

of such Information, which could include clearing the courtroom of persons not involved in the proceedings, and ordering all remaining persons to keep the Information they receive in strict confidence.

12. Nothing in this Protective Order shall restrict the right of the Producing Party, including its employees, to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

13. The obligations of this Protective Order shall continue after the conclusion of the Litigation, and the Parties shall continue to maintain confidentiality in accordance with this Order after the conclusion of this Action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

DATED this __7__ day of __January__, 2025

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States ~~Magistrate~~ District Judge

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In the Matter of the Petition of ) | |
| ) | |
| GRACE OCEAN PRIVATE LIMITED, ) | |
| as Owner of the M/V DALI, ) | Civil Action No. 1:24-cv-00941 |
| ) | |
| and ) | *IN ADMIRALTY* |
| ) | |
| SYNERGY MARINE PTE LTD, ) | |
| as Manager of the M/V DALI, ) | |
| ) | |
| for Exoneration from or Limitation of Liability. ) | |

## **CERTIFICATION**

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____

by _____
       (Print Name)

Signed_____