UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **In the Matter of the Petition** **Of** **GRACE OCEAN PRIVATE LIMITED,** as Owner of the M/V DALI, **And** **SYNERGY MARINE PTE LTD,** as Manager of the M/V DALI, **for Exoneration from or Limitation of Liability** | Docket No. JKB 24-cv-941 *IN ADMIRALTY* |

**THE STATE OF MARYLAND'S CONSENTED TO
MOTION TO AMEND THE PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel, comes the State of Maryland, by and through Anthony G. Brown, Attorney General of Maryland, on its own behalf and on behalf of all its agencies (the "State"); the Maryland Transportation Authority ("MDTA"), the Maryland Port Administration ("MPA"), and the Maryland Department of the Environment ("MDE") (collectively, "Claimants"), who respectfully moves this Court, with the consent of all parties to Amend the Protective Order (ECF No. 467). In support of this motion, the State states as follows:

(1)　On November 8, 2024, the parties submitted a Joint Proposed Protective Order for the Court's consideration. (ECF No. 439-1).

(2)　On November 13, 2024, the Court issued Case Management Order No. 4 –

(3)　Protective Order (CMO 4). (ECF No. 440).

(4)　In footnote one of CMO 4, the Court noted as follows:

1

      i. Most of the language of this order is identical to that of the parties' proposed order, with the most significant changes being to the terms of paragraph 8, "Confidential Information Filed with the Court." The Court's changes are intended both to emphasize the need for cooperation between the parties on the matters relating to sealing, and to ensure that the parties do not propose overbroad redactions that would improperly infringe on the public's right of access to this Action.

(5) On December 2, 2024, the parties submitted a First Amended Joint Proposed Protective Order for the Court's consideration. (ECF No. 450-1). The proposed amendments to paragraphs 5 and 6 were to address concerns raised by the NTSB.

(6) The First Amended Joint Proposed Protective Order was a revised version of the Joint Proposed Protective Order originally submitted by the parties and did not include the changed language on sealing documents that was included by the Court in Paragraph 8 of the Protective Order.[1]

(7) The Court construed the First Amended Joint Proposed Protective Order submitted by the parties as a Motion to Amend the Protective Order.

(8) On December 3, 2024, the Court issued a Memorandum and Order denying the Motion to Amend the Protective Order without prejudice. The Court noted that the parties had failed to include the Court's revised language relating to the sealing of documents.

(9) On January 2, 2025, Claimant Ace American Insurance Company, with the review and assent of all parties and the NTSB, filed a renewed motion to Amend the Protective Order (ECF No. 463).

(10) On January 7, 2025, the Court issued Case Management Order No. 5 – Protective Order ("Protective Order"). (ECF No. 467).

(11) After Claimant Ace American Insurance Company filed its motion to amend on January 2, 2025, third parties who have been served with subpoenas duces tecum as party of the

ongoing discovery in this Action raised concerns about their inability to designate certain documents produced as confidential under the Protective Order. This inability to designate documents as confidential would mean responding to a lawful subpoena could require a third party to violate confidentiality obligations it has to its customers or to release proprietary information with no way to ensure it stays proprietary.

(12) Amending the Protective Order to allow those third parties who are issued subpoenas duces tecum to designate specific documents as confidential is critical to ensuring that the Claimants in this Action are able to obtain information critical to prosecuting their claims.

(13) The State, with the review and assent of all parties now files a renewed motion to Amend the Protective Order and requests the Court issue the attached Joint Proposed First Amended Protective Order. The State has also attached a reline of the Protective Order tracking the proposed changes to the original version.

(14) As the Court will see from reviewing the tracked changes, the attached Joint Proposed Amended Protective Order contains identical language to the Protective Order (ECF No. 467) with the exception of the following:

   a. Change to paragraph 1(j) which adds to the definition of "Designating Party" and "Producing Party" the following: "any person or entity who produces information in response to a Subpoena, Letter of Request, or Letter Rogatory issued in relation to the Action."

   b. Change to paragraph 2 which replaces the word "Party" with "Designating or Producing Party."

   c. Changes to paragraph 9(c) which inserts "the Designating Party" and "confidential business information."

   d. Changes to paragraph 10 which changes the word "party" to "person" and inserts "Designating Parties" and "Designating Party."

(15) All parties to this action have consented to the Motion and agreed to the revised language should address the confidentiality concerns of any subpoenaed third party.

  WHEREFORE, the State respectfully requests that the Court grant this Motion and issue the Joint Proposed Amended Protective Order.

        Respectfully submitted,

        ANTHONY G. BROWN
        Attorney General of Maryland

        Robert A. Scott (24613)
        Howard R. Feldman (05991)
        Assistant Attorneys General
        Office of the Attorney General
        200 Saint Paul Place, 20th Floor
        Baltimore, Maryland 21202
        rscott@oag.state.md.us
        (410) 576-6324

        and

        */s/ Margaret Fonshell Ward*
        Margaret Fonshell Ward (04586)
        DOWNS WARD BENDER HERZOG &
        KINTIGH, P.A.
        1350 McCormick Road
        Executive Plaza 3, Suite 400
        Hunt Valley, Maryland 21031
        mward@downs-ward.com
        (410) 584-2800

        R. Keith Jarrett, T.A.*
        David L. Reisman, T.A.*
        Raymond T. Waid*
        Elizabeth B. McIntosh*
        Jessie E. Shifalo*
        Elizabeth A. Strunk*
        LISKOW & LEWIS
        701 Poydras Street, Suite 5000

New Orleans, Louisiana 70139-5099
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com
(504) 581-7979

Scott S. Partridge*
Partridge LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Andrew W. Homer*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
ahomer@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
(212) 808-7800

Melissa E. Byroade (31335)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
mbyroade@kelleydrye.com
(202) 342-8400

5

Mark Lanier*
Alex Brown*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
(713) 659-5200

*Assistant Counsel to Claimants*

*Admitted pro hac vice*

### CERTIFICATE OF SERVICE

I CERTIFY that on this 30th day of January 2025, the foregoing was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this failing to all counsel of record.

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward