UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>Of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>And<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Case No. 24-cv-941-JKB<br><br>*IN ADMIRALTY* |

**CLAIMANTS' REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL PETITIONERS
TO SUBMIT TO DEPOSITION IN THE DISTRICT OF MARYLAND**

Petitioners' lengthy Opposition (R. Doc. 482) puts forth a variety of arguments in hopes of evading the long-standing federal rule that corporate plaintiffs, plus their agents and employees, must appear for deposition in the district where they filed suit. Not one of Petitioners' arguments is supported by the law or the facts of this case.

Although Petitioners claim otherwise, there is indeed a general rule – a rule this Court has previously recognized – that governs the location for depositions of a plaintiff. Furthermore, there is also a well-settled standard a plaintiff must meet if it wants to depart from the general rule. The Opposition simply confirms that Petitioners cannot meet that standard for every witness but one.[1]

---

[1] The only witness for whom Petitioners make a convincing case is Narayanan K. Krishnamachari. According to Petitioners, Mr. Krishnamachari is unable to leave India for religious reasons. Given that news, Claimants withdraw their request to depose Mr. Krishnamachari in Baltimore. (As an aside, it appears that Mr. Krishnamachari is a relatively unimportant witness. He looks to be a procurement agent whose name appears on only 28

## ARGUMENT

### A. Both the general rule that a plaintiff must be deposed in the venue it selected, and the standard a plaintiff must meet to overcome that rule, are well settled.

Petitioners claim that "there is no settled rule in this judicial district regarding plaintiffs making themselves available for deposition in the forum in which they brought suit." Opposition, p. 3. In support thereof, Petitioners rely on a statement from Former District of Maryland Judge Paul Grimm published in an American Bar Association article that "[j]udicial discretion being what it is, however, **the cases are all over the lot**." *Id.*, p. 10 (emphasis in Opposition).

Tellingly, however, Petitioners do not offer any authority from this district either disavowing the general rule or failing to apply it. Just the opposite. In *Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276, 279 (D. Md. 2012), a case cited by both parties, it was Judge Grimm himself who applied the general rule and ordered the plaintiff to appear for deposition in Maryland, explaining:

> Plaintiff, by initiating this lawsuit, selected this forum. Generally, plaintiffs "must make themselves 'available for examination in the district in which suit was brought.'" *EEOC v. Denny's Inc.*, No. WDQ–06–2527, 2009 WL 3246940, at *1 (D. Md. Oct. 2, 2009) (quoting 8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2112 (2d ed. 2009)). This rule "is based on the rationale that the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition." *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012).

Judge Bredar has held similarly. *See Loeser v. Noble Supply & Logistics, LLC,* No. 23-2657, 2024 WL 2155219, at *2, n.2 (D. Md. May 14, 2024) (Bredar, J.) (requiring the plaintiff to appear for his deposition in Baltimore, as "'[o]rdinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the

---

documents (out of 600,000+). If Claimants choose to depose him, they will make alternate arrangements with Petitioners.)

forum, he or she will not be heard to complain about having to appear there for a deposition.'") (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (3d ed.)). Not only is Petitioners' characterization of the general rule unsubstantiated, it is contrary to decisions from this very Court.

Petitioners also make the erroneous argument that "Claimants have muddied the waters as to the applicable standards and burdens of proof." Opposition, p. 2. Petitioners assert that the "good cause" standard applied by this Court in *Webb* is inappropriate, arguing instead for the standard set forth in *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010). *Id.*, n. 4. Again, Petitioners miss the mark. In *Webb*, this Court found that the "good cause" standard had not been met because – quoting *In re Outsidewall Tire Litig.* – the plaintiff "failed to establish that 'travel to the forum district for [her] deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair[.]" *Webb*, 283 F.R.D. at 279, n.4. That is precisely the same standard that Claimants advanced in their motion, where they pointed out that if Petitioners are to overcome the general rule, they had to "persuasively demonstrate" – in accordance with *In re Outsidewall Tire Litig.* – "that requiring [them] to travel to the forum district for [their] deposition[s] would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair." *See* Claimants' motion, pp. 9-10.

Contrary to Petitioners' assertions, both the general rule and the burden to overcome that rule are clear. Equally clear is Petitioners' inability to satisfy their burden, meaning the depositions at issue should go forward in accordance with the general rule.

**B.     Petitioners Fail to Carry Their Burden of Proof**

    **1.  Petitioners fail to "persuasively demonstrate" that travel to Baltimore is "practically impossible" or "fundamentally unfair."**

The Opposition concedes the principal reason Petitioners' witnesses do not want to travel to Baltimore for deposition: "they are concerned they would be detained by the U.S. Department of Justice as material witnesses in connection with its ongoing criminal investigation concerning the Casualty, and would not be able to return home for a very long time." Opposition, pp. 5-6. That concern does not justify an exception to the general rule.

As Claimants previously pointed out, courts routinely reject fear of arrest as a justification for deviating from the general rule. The Opposition asserts that those authorities are "irrelevant" to the witnesses' reason for not wanting to travel to Baltimore. Opposition, n. 9. But Petitioners fail to offer any basis for differentiating between a fear of detention and a fear of arrest. It is apparent these are two sides of the same coin.

Furthermore, with the exception of Mr. Krishnamachari, Petitioners fail to "persuasively demonstrate" that any of their witnesses are not permitted to travel to the United States. They state that Capt. Melroy Dsouza does not have a visa, but they fail to allege or prove that he ***cannot*** obtain one. Likewise, while Petitioners assert that Karthik Nair "recently" had an application for a visa rejected, they offer only speculation as to why his application was rejected and provide no proof that a subsequent application would meet the same result.[2]

---

[2] In the interest of cooperation, Claimants are willing to try to help Mr. Nair secure a visa, failing which alternative arrangements can be considered.

### 2. Petitioners fail to demonstrate that London is a more practical venue than Baltimore.

Arguments that Baltimore is not the more practical forum ring hollow. The first two depositions took place earlier this week in Baltimore. (The deponents were the DALI's Master, Chandrashekar Sabhapathy, and Chief Engineer, Karthikeyan Deenadayalan.) The depositions were well-attended. Thirteen lawyers appeared in person (11 for Claimants and 2 for Petitioners). More lawyers had planned to attend before learning in advance that these witnesses would be invoking the Fifth Amendment as to all questions. For the witnesses at issue in this motion, Petitioners have represented that they will not invoke the Fifth Amendment and will instead provide substantive testimony. Accordingly, it is likely that even more attorneys will attend those depositions. It is undeniably more efficient for the deponents to travel to the United States than to require both the deponents and over a dozen lawyers to travel to London.

Petitioners also push back against Claimants' anticipated use of voluminous documents at the depositions, arguing that the documents can be "uploaded to a sharefile and clearly displayed during depositions." Opposition, p. 15. As an initial matter, Claimants used hard copies of the exhibits during the recent depositions. As a second point, Claimants are sure to use even more exhibits with witnesses who are providing substantive testimony. Moreover, some of the upcoming witnesses may be asked to make drawings and markings on the exhibits, for which paper copies will be required.

In addition, while Petitioners downplay the potential need for judicial intervention during the upcoming depositions, it bears note that the depositions earlier this week were testy, and included unnecessary ad hominems and speaking objections. If the witnesses had been providing substantive testimony, recourse to the Court may have been required. It is likely that future

depositions, with witnesses providing substantive testimony, will be even more contentious and will require judicial intervention.

### 3. Legal reasons and practical reasons support a venue in Baltimore.

While Petitioners would like to avoid further domestic depositions, argument does not equal evidence. They have failed to satisfy their burden of proving any recognized hardship, practical impossibility, or fundamental unfairness that would justify such an exception here.[3] Moreover, the recent depositions have confirmed the practicality of a Baltimore venue. Thus, application of the general rule requiring Petitioners and their agents and employees to appear in Baltimore – where suit was filed – makes both legal and practical sense.

### C. The general rule applies to the witnesses at issue in this motion.

Unable to successfully dispute the existence of the general rule, and unable to meet the burden for overcoming that rule, Petitioners advance a series of irrelevant arguments in support of an alternate venue.

#### 1. The rule applies to Petitioners' key management employees.

Petitioners first argue that the rule should not apply because the witnesses at issue are ordinary 30(b)(1) witnesses and not officers, directors, or "managing agents" of the company. Opposition, p. 5. That argument is contrary to the law and to Petitioners' own assertions. As Claimants noted in their motion, the general rule applies to a corporate plaintiff's officers, agents, and employees. *See Radian Asset Assur., Inc. v. College of Christian Bros. of New Mexico*, 2010 WL 5150718, at *5 (D.N.M. 2010) ("Because Radian Asset, a corporate plaintiff, chose the litigation forum, the Court finds it reasonable to require Radian Asset to produce its officers,

---

[3] Again, with the exception of Mr. Krishnamachari.

employees, and agents in the forum for depositions."); *see also HTC Corp. v. Tech. Props.*, No. 08-882, 2008 WL 5244905, at *2 (N.D. Cal. Dec. 16, 2008) (requiring depositions of both 30(b)(6) designees and non-30(b)(6) designated officers, directors, or employees to take place in the forum district).

Even if "managing agent" status is required, such status is easily met here. In *In re Honda American Motor Company, Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540-41 (D. Md. 1996), this Court set forth the following factors to be considered in determining whether a person is a managing agent: (1) whether the corporation has invested that person with discretion to exercise his judgment; (2) whether the employee can be depended upon to carry out the employer's directions; (3) whether the individual can be expected to identify himself with the interests of the corporation as opposed to the interests of the adverse party; and (4) the degree of the individual's supervisory authority and responsibilities regarding the matters at issue in the litigation. "The 'paramount test' is whether the individual can be expected to identify with the corporation's interests as opposed to an adversary's." *Id.* at 541. Any doubts about an individual's status as a managing agent at the discovery stage are resolved in favor of the examining party. *Id.* at 540.

Here, as Petitioners concede, the witnesses at issue all served in key management and supervisory roles with respect to the M/V DALI. *See* Opposition, pp. 4-5 (identifying Balaji Vanmeeksean as Fleet Manager, Capt. Ravi Sekhar BV as Marine Manager/Designated Person Ashore, Rajesh Inigo as QHSE Manager, Vishal C. Prabhu as QHSE Superintendent, R. Karthik Nair as Technical Superintendent, and Capt. Melroy Dsouza as Marine Superintendent). Petitioners do not – and cannot seriously – dispute that these employees were "depended upon to carry out the employer's directions" and can be expected to "identify…with the interests of the corporation as opposed to the interests of the adverse party." *In re Honda*, 168 F.R.D. at 540-41.

In fact, Petitioners admit throughout their Opposition that "some 30(b)(1) witnesses may be designated to address certain of the topics in any eventual 30(b)(6) notice." Opposition, p. 7; *see also* n. 6 ("There may also be topics identified in Claimants' eventual 30(b)(6) Notices that could be covered by Petitioners' 30(b)(1) witnesses, so it would make sense to conduct those depositions simultaneously.").

Petitioners cannot have it both ways. They cannot downplay the important role these individuals serve within the company or their key roles in the pertinent issues in this litigation, while simultaneously acknowledging that these same witnesses may be designated to testify on behalf of the company at its corporate deposition. Because these individuals clearly meet the criteria for "managing agents" (assuming such status is legally required), they should be subject to the general rule and required to appear for deposition in Baltimore.

### 2. Petitioners disingenuously argue they did not choose the venue.

Petitioners argue that the general rule should not apply here because they "had no choice of forum in this matter." Opposition, p. 12. Again, this argument is contrary to law and fact.

Petitioners' Opposition correctly stated the law: "if a vessel has not been arrested or attached, **suit has not been commenced,** and the vessel is located in a particular district, then that district is where the limitation proceeding must be commenced." Opposition, p. 4 (citing Fed. R. Civ. P. Supp. R. F (9)) (emphasis added). Of the choices available to them, Petitioners perceived strategic advantages to bringing a limitation action before they were sued. That choice led to suit in this district. Petitioners had other options. They could have filed their limitation action in any district where they were sued. Or, if they had not yet been sued, and the vessel had not yet been arrested or attached, they could have filed their limitation action in any district where the vessel

-8-

was located.[4]  Fed. R. Civ. P. Supp. R. F(9).  Finally, they could have asserted the same limitation defense in any of the lawsuits that the victims were certain to bring and thereby preserved their ability to object to appearing for deposition in this district.  But because they perceived strategic advantages to "filing first," Petitioners chose to file suit in Maryland.  That voluntary choice subjects them to application of the well-settled general rule that their witnesses must appear here.

### 3. Claimants did not agree that these depositions would take place in London.

Petitioners misrepresent that Claimants previously agreed that the depositions of the witnesses at issue would proceed in London.  Opposition, p. 2.  Over eight months ago, Claimants agreed to take the depositions of certain witnesses in London because the witnesses were being released by the Department of Justice and forced to leave the United States within 48 hours.  Under those constraints, Claimants had no choice but to agree with Petitioners' offer to take depositions of those crewmembers in London or risk not being able to take the depositions at all. Critically, however, the witnesses in those discussions were ***not*** the same persons as the witnesses at issue in this motion (they were low-level crew members who were unlikely to have material, first-hand knowledge with respect to the cause of the casualty).  And the parties' agreement included explicit language that it "shall have no precedential effect with respect to any other witness."[5]  Petitioners' attempt to expand the parties' prior agreement beyond its boundaries violates the spirit and letter of the agreement, and should be rejected.

---

[4]  The DALI was removed from the District of Maryland within three months of the incident, which would have allowed the limitation action to have been filed elsewhere if the vessel had not yet been arrested/attached and had suit not yet been filed against Petitioners.

[5]  *See* E-mails exchanged between Counsel for Petitioners and Counsel for the State, dated June 19-20, 2024, attached hereto as Exhibit A.

**D.     Claimants' motion is not premature.**

Petitioners' final argument is that this motion is premature. But that's not right either. Courts routinely consider motions to compel a deposition location absent a deposition notice. *See, e.g.*, *Curry v. HSBC N. Am. Holdings, Inc.*, No. 14-2420, 2015 WL 4911447, at *2, n. 2 (M.D. Fla. Aug. 17, 2015); *Mullins v. Premier Nutrition Corp.*, No. 13-1271, 2014 WL 4058484 (N.D. Cal. Aug. 15, 2014); *HTC Corp.*, 2008 WL 5244905, at *1.[6]

Petitioners seem to be suggesting that a better procedure would have been for Claimants to have unilaterally noticed the depositions at a location of Claimants' choosing – which they knew from the parties' meet-and-confer process would be objectionable to Petitioners. Ironically, that approach would have placed the onus on Petitioners to file a motion to quash or for a protective order. Claimants' proactive approach to resolution – in advance of unilateral deposition notices – ought to be commended by Petitioners, not criticized.

## CONCLUSION

The Opposition confirms that Petitioners cannot meet their burden of overcoming the general rule that requires a corporate plaintiff and its agents and employees to appear for deposition in the district where the plaintiff filed suit. As so happens, requiring the witnesses at issue to appear for deposition in Baltimore also makes the most practical sense. Therefore, Claimants respectfully request an order compelling Petitioners and their identified key management personnel to appear for deposition in this judicial district.

---

[6] While it is true that Claimants have not yet noticed the 30(b)(6) depositions of either Petitioner or the 30(b)(1) depositions of their shoreside employees, Petitioner fail to acknowledge that they have not yet fully responded to Claimants' discovery requests, which were propounded on November 13, 2024. Complete discovery responses are a prerequisite to these deposition notices. This motion is intended to avoid further delays.

ANTHONY G. BROWN
Attorney General of Maryland

Robert A. Scott (24613)
Howard R. Feldman (05991)
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
rscott@oag.state.md.us
T: (410)576-63214

and

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

*/s/ David L. Reisman*
R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
T: (504) 581-7979
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive

Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*
**Attorneys for State of Maryland**

Daniel O. Rose
Kreindler & Kreindler LLP
485 Lexington Avenue

Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
*Lead Counsel for Personal Injury and*
*Wrongful Death Claimants*

Robert W. Phelan
Cozen O Connor
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
rphelan@cozen.com
Telephone: (212) 908-1274
Facsimile: (866) 850-7490
*Lead Counsel for Property Damage Claimants*

Adam J. Levitt
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
*Lead Counsel for Local Government Claimants*

Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
*Lead Counsel for Private Economic Loss Claimants*

Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road
Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
Telephone: (410) 625-2272

                                                  Facsimile: (443) 817-0744
                                              *Lead Counsel for Cargo Claimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February 2025, a copy of the foregoing pleading was served via the court's CM/ECF system on all counsel of record.

                                                  */s/ David L. Reisman*
                                                  David L. Reisman (La. Bar # 21833)