IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * | Civil No. JKB-24-0941  *IN ADMIRALTY* |

\*       \*       \*       \*       \*       \*

**MEMORANDUM AND ORDER**

This case was referred to me for all discovery matters. ECF No. 477. Pending before the Court is Claimants' Motion to Compel Petitioners to Submit to Deposition in the District of Maryland ("Motion") (ECF No. 475). Having considered the parties' submissions (ECF Nos. 475, 482 & 487), the Court finds that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion is **GRANTED**.

Claimants seek an order requiring Petitioners and their management agents and employees (collectively, the "witnesses") to appear for deposition in the District of Maryland. ECF No. 475. They argue that there is no reason to depart from the general rule that a plaintiff must make itself available for examination in the district in which suit was brought. ECF No. 475-1 at 4. Petitioners object. ECF No. 482. They argue that the witnesses should not have to travel from their homes in India and Singapore for depositions in Maryland, especially when they have agreed to travel to London to be deposed.

The Court has broad discretion in determining where depositions will be held. *See, e.g., Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020); 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed.) ("On a motion the court has a wide discretion in selecting the place of examination

and in attaching conditions concerning the payment of expenses."). Under the circumstances presented here, requiring the witnesses to appear for deposition in the District of Maryland is in the interests of justice.

The most important factor is the convenience of the parties. All attorneys of record have offices in the continental United States. Most have offices within 200 miles of Baltimore. It will be more convenient for the attorneys of record to conduct the depositions in this district. Claimants expect approximately 18 attorneys to appear at the witnesses' depositions on behalf of the Claimants. Requiring these attorneys to travel to London for the depositions would impose an extraordinary cost on Claimants.

There are six witnesses at issue in the Motion, and they all live in India or Singapore.[1] All of the witnesses will be required to travel great distances for their depositions. Petitioners have not identified any health concerns that would impair the witnesses' ability to travel Maryland. Nor do they contend that the witnesses would be unable to afford the trip.

Petitioners' primary concern is that if the witnesses are required to travel to the United States to appear for depositions in Maryland, "they will be detained indefinitely by the U.S. Department of Justice as material witnesses." ECF No. 482 at 19. The Court has no information about whether any of the witnesses have been identified as material witnesses in any criminal proceeding. But even if that were the case, the witnesses would have recourse under 18 U.S.C.

---

[1] Claimants have withdrawn their request to depose a seventh witness, Narayanan K. Krishnamachari. ECF No. 487 at 1 n.1. In their response to the Motion, Petitioners identified this witness as a brahmin priest who has taken a three-year break from employment at Synergy to attend to his religious duties in India. ECF No. 482-1 at 3. If he crosses the borders of India, "he will no longer be allowed to perform the ceremonies in the temple," and his role as a priest and ability to perform ceremonies for his family would cease. *Id.* Claimants believe he is an unimportant witness who they will not seek to depose, but if they do, they will make alternate arrangements with Petitioners. ECF No. 487 at 1 n.1.

§ 3144, either by requesting release conditions under § 3142 or by requesting that their deposition be taken pursuant to Fed. R. Crim. P. 15(a)(2). Petitioners' concern about the possible detention of their employees does not justify relocating the depositions outside this district, especially when the witnesses will be able to avail themselves of legal remedies from this very Court if detained.

Petitioners' concerns about the witnesses' visas do not justify moving the depositions from Maryland to London. Four of the witnesses have existing visas that would permit their entry to the United States. ECF No. 482-1 at 4. And while Petitioners report that two of the witnesses "are not permitted to travel to the United States because of visa issues," it is not clear that these witnesses will be unable to obtain visas if they try. ECF No. 482 at 19. One witness does not have a visa, but nothing suggests that his application for a visa would be denied. ECF No. 482-1 at 4. Another witness recently had their visa application denied, apparently because he could not locate a lost passport. Claimants offer to assist Petitioners' counsel with obtaining a visa for this witness. ECF No. 487 at 4 at n.2.

Claimants make other arguments in their Motion, but they do not factor into the Court's decision. They argue that the "availability of the Court to resolve any disputes that may arise during the depositions favors taking them locally." ECF No. 475-1 at 6. But the Court does not ordinarily make itself available for "emergency" discovery disputes that arise during depositions. If such disputes arise, the parties should attempt to resolve them without judicial intervention. Otherwise, the parties should make a record, complete the deposition as best they can, and promptly present the dispute to the Court on CM/ECF. And if the parties anticipate that a dispute will arise before a deposition, they may seek the Court's guidance by filing a joint letter that briefly describes the anticipated dispute and the parties' respective proposals for resolving it. *See* Guideline 1(f), App'x A, Loc. R. Claimants also argue that depositions in Maryland are preferable because of the large

number of documents that may be used as exhibits. ECF No. 475-1 at 6. But the number of documents Claimants might use is of no import. Counsel can convert paper documents into electronic files to be displayed on screens during the depositions. And if counsel need to produce paper copies for the witnesses to write on, there is only a minimal burden in transporting boxes of such documents, regardless of the location.

One final point is worth mentioning. Petitioners state that "[u]nder Indian law, Synergy as a company cannot force these employees to travel to the United States to participate in depositions for a foreign litigation." ECF No. 482 at 10. The Court is confident that Petitioners will act in good faith to comply with the Court's Order. Likewise, if the two witnesses with visa issues are unable to obtain the visas necessary for travel to the United States, the Court expects that the Claimants will accommodate them by taking their depositions in London or by remote means.

For these reasons, the Motion (ECF No. 475) is **GRANTED**. Petitioners and their management agents and employees shall make themselves available for deposition in the District of Maryland.

<u>February 26, 2025</u>      <u>         /s/                              </u>
Date          Timothy J. Sullivan
          Chief United States Magistrate Judge