UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PTE LTD., as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**PETITIONERS' OBJECTION AND APPEAL TO DISTRICT JUDGE
OF MAGISTRATE JUDGE'S ORDER (ECF NO. 489)**

Petitioners, through undersigned counsel BLANK ROME LLP and DUANE MORRIS LLP, hereby object to and appeal the Magistrate Judge's Memorandum and Order granting Claimants' Motion to Compel Petitioners to Submit to Deposition in the District of Maryland ("Motion to Compel") dated February 26, 2025 ("Order"). ECF No. 489.[1]

**INTRODUCTION**

Pursuant to Rule 72(a) and Local Rule 301.5(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pre-trial matter within fourteen days. Fed. R. Civ. P. 72(a); L.R. 301.5(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28

---

[1] As noted in Petitioners' Opposition to Claimants' Motion to Compel, Petitioners made best efforts to abide by this Court's admonition that the Parties should "resolve issues regarding deposition length, timing, and venue without involvement of the Court." ECF No. 482 at 8 (citing ECF No. 438). We regret having to raise this objection, but are left with no choice given the stakes at issue for the Synergy witnesses discussed herein.

U.S.C. § 636(b)(1)(A). "An order is clearly erroneous when even though there is some evidence to support the order, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Eli Lilly and Company*, 580 F.Supp.3d 334, 337 (E.D. Va. 2022) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10-cv-121, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010)).

    The Magistrate Judge's Order granting Claimants' Motion to Compel is both clearly erroneous and contrary to law. The Order analyzes the appropriate location for depositions of the non-party witnesses using the standard for a corporate witness and fails to account for the fact that the identified Synergy Marine Pte Ltd ("Synergy") employees are not party witnesses that can be noticed pursuant to Fed. R. Civ. P. 30(b)(1) and were not offered by Petitioners as corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6). As was explained in the Declaration of Anand Sashidharan ("Sashidharan Declaration") submitted in connection with Petitioners' Opposition to Claimants' Motion to Compel, ECF No. 482-1, the personnel identified in Claimants' Motion are not officers, directors, or managing agents of Synergy. Moreover, they have their own personal interest in determining whether or not to agree to travel to the United States to appear for depositions in this matter in light of the potential risk that they may be detained by the United States Department of Justice as material witnesses. Accordingly, they are not subject to deposition by notice under Fed. R. Civ. P. 30(b)(1). Rather, these employees should be treated as any other non-party and must be served with a subpoena pursuant to Fed. R. Civ. P. 45 or, because they are based abroad, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or other principles of international comity.

## I. The Witnesses in Question are Not Party Witnesses and Are Not Subject to Deposition by Notice.

Where, as here, an employee of a party corporation is not an officer, director, or managing agent, their deposition testimony must be secured by deposition pursuant to Fed. R. Civ. P. 45. *See E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48 (E.D. Va. 2010); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 587 (D. Minn. 1999) ("As a threshold matter, a distinction should be drawn between ADM's ordinary employees, and its directors, officers, and other high-level representatives."); *see also Rapoca Energy Co., L.P. v. Amci Exp. Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001) ("Under the Federal Rules of Civil Procedure, however, there is a distinction between agents or officers of a corporate party, who may be compelled to attend a deposition based on notice only, and employees who are not officers, directors or managing agents of the corporate party and who must be served with a subpoena to compel their testimony."); *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2008 U.S. Dist. LEXIS 112372, at *2 (S.D. Fla. Sept. 29, 2008) (finding that Rule 45 subpoena "need not be issued if the person to be deposed is a party, officer, director, or managing agent of a party."); *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) ("[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. . . . Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized.").

Courts have acknowledged that the law surrounding the identification of a managing agent is "sketchy," and should be determined on a "case-by-case basis." *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 349 (N.D. Ohio 1999) (quoting *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1452 (D.C. Cir. 1986)). The Magistrate Judge

did not conduct any analysis as to the "managing agent" status of the relevant Synergy employees, address any of the cases on this point cited in the Parties' briefs, or address the fact that the only evidence Claimants put forward as to the witnesses' employment status was their job titles. Claimants asserted that "as Petitioners concede, the witnesses at issue all served in key management and supervisory roles with respect to the M/V Dali," but Petitioners conceded no such thing. ECF No. 487 at 7. Rather, Petitioners' Opposition acknowledged only that these employees have "knowledge of day-to-day operations of the vessel." ECF No. 482 at 4. Moreover, the Sashidharan Declaration, which the Order does not reference or cite and which the Claimants do not rebut with evidence, expressly states that "[n]one of the identified individuals are officers, directors, or managing agents of the company." ECF No. 482-1 at ¶ 4.

In this district, the controlling factors used in deciding whether an individual is a managing agent of a corporation include:

1) whether the corporation has invested the person with discretion to exercise his judgment;

2) whether the employee can be depended upon to carry out the employer's directions; and

3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the adverse party.

*In re Honda Am. Motor Co.*, 168 F.R.D. 535, 540 (D. Md. 1996). Other factors to consider include the degree of supervisory authority that the person has in a given area and his or her general responsibilities regarding the matters at issue in the litigation. *See id.* (citing *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985)). The "paramount test" is whether the individual can be expected to identify with the corporation's interests. *Id.* The burden of proof rests on the party seeking discovery. *Id.*

To the extent the Magistrate Judge even considered this analysis in reaching his decision, he ignored the most critical factor. Synergy wants to make these witnesses available for deposition. It recognizes that they are likely to have evidence that is material to the issues to be litigated in this matter. As noted in the Sashidharan Declaration, however, Synergy also recognizes that these employees have their own personal considerations in determining whether to travel to the United States, and Synergy cannot, under Indian law, require its employees to travel to the United States for this purpose.

Counsel for Petitioners have determined that, in an abundance of caution, Synergy's employees are entitled to and should be given an opportunity to seek independent legal advice regarding how to respond to Synergy's request that they make themselves available for deposition in the United States. Accordingly, Synergy has arranged for each of these employees to have independent counsel who can advise them of their rights and of the potential pros and cons of traveling to the United States to give a deposition in this matter. Ultimately, each individual witness will need to determine, based on independent legal advice, whether they will agree to come to Baltimore for a deposition.

As a practical matter, Synergy will have no alternative but to abide by each employee's decision, taken upon advice of his own counsel. And moreover, courts have considered an individual's willingness to risk sanctions by failing to appear for a deposition as indicative that such party's interests may not be so aligned with a party as to consider them a managing agent pursuant to the factors set forth in *Honda*. *See, e.g.*, *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 220 F.R.D. 235, 238 (S.D.N.Y. 2004) (where witnesses "made it clear that they will not appear in the future, even at the expense of sanctions for the entity defendants, [ ] it cannot be said that their interests are identified with those of the entity defendants.").

## II. 18 U.S.C. §§ 3142, 3144 and Fed. R. Crim. P. 15(a)(2) Provide Insufficient Recourse and Petitioner's Employee's Burden Would Outweigh the Benefit to Claimants.

The Order also is contrary to law because the Magistrate Judge's proposed recourse from criminal detention for these witnesses is not adequate and does not, as a practical matter, protect the witnesses in these circumstances. The Order provides:

> The Court has no information about whether any of the witnesses have been identified as material witnesses in any criminal proceeding. But even if that were the case, the witnesses would have recourse under 18 U.S.C. § 3144, either by requesting release conditions under § 3142 or by requesting that their deposition be taken pursuant to Fed. R. Crim. P. 15(a)(2). Petitioners' concern about the possible detention of their employees does not justify relocating the depositions outside this district, especially when the witnesses will be able to avail themselves of legal remedies from this very Court if detained.

ECF No. 489 at 2-3.

These suggested legal remedies, however, provide no actual comfort to the witnesses. In particular, Rule 15(a)(2) only pertains to a detained material witness, *i.e.*, someone detained pursuant to 18 U.S.C. § 3144. In order for Rule15(a)(2) or 18 U.S.C. § 3142 to provide any protection, therefore, the witnesses would first need to come to Baltimore and be arrested as a material witness, for which there is a reasonable likelihood. Even then, there is no guarantee that they would succeed on a 15(a)(2) motion, nor is there any set time for how long it would take to arrange a material witness deposition. As noted above, the Synergy employees will need to determine how to proceed after consultation with independent counsel; however, Petitioners raise these arguments because of the potential impact of the Magistrate Judge's Order.

"[D]epositions in criminal proceedings, unlike their civil counterparts, are the exception not the rule; they are in other words, disfavored." *United States v. Rosen*, 240 F.R.D. 204, 208 (E.D. Va. 2007). Further, as explained in *United States v. Ordonez*, 242 F.Supp.3d 466, 472 (E.D. Va. 2017), the Rule 15 Advisory Committee notes provide that a court should grant depositions

only "if it appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' testimony is material, and (c) the prospective witness' testimony is necessary to prevent a failure of justice."

In this regard, the Order states that "the most important factor is the convenience of the parties." ECF No. 489 at 2. Nothing about potential detention of up to seven of its employees for an unknown period of time is convenient to Petitioners – much less the witnesses themselves.[2]

## CONCLUSION

**WHEREFORE**, Petitioners respectfully request that the Court grant an order:

a. Sustaining Petitioners' Objection and setting aside or modifying the Magistrate Judge's Order Requiring Petitioners to Submit to Deposition in the District of Maryland;

b. Ordering that the named employees of Petitioner Synergy are not managing agents, officers, or directors of Synergy and their attendance at depositions must be subpoenaed pursuant to Fed. R. Civ. P. 45 or, because they are based abroad, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or other principles of international comity.

c. Granting such other and further relief as the Court may deem just and appropriate.

Dated: March 12, 2025                                  DUANE MORRIS LLP

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com

---

[2] The Order references the "extraordinary cost" for 18 attorneys to travel to London. In depositions of crew members that occurred this week in Baltimore, however, only about 10-12 attorneys representing the claimants attended in person whereas about 15 attended remotely by video. In any event, Petitioners have previously offered to defray some of these travel costs (ECF No. 482 at 8), and are prepared to revisit this discussion with Claimants to see if an agreement as to costs can be reached.

Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200
*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 12th day of March 2025, the foregoing was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

> /s/ Laurie G. Furshman
> Laurie G. Furshman (Bar No. 29604)
> Lgfurshman@duanemorris.com