**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>In the Matter of the Petition of GRACE<br>OCEAN PRIVATE LIMITED, <i>et al.</i>, for<br>Exoneration from or Limitation of<br>Liability</td><td>*<br><br>*<br><br>*</td><td>Civ. No. 24-00941-JKB<br><br><i>IN ADMIRALTY</i></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Petitioners Grace Ocean Private, Ltd. ("Grace") and Synergy Marine Pte Ltd ("Synergy")

filed an Objection and Appeal to the magistrate judge's memorandum and order of February 26,

2025 (ECF No. 489), which directed Petitioners to make certain witnesses available for deposition

in the District of Maryland. (ECF No. 492.) For the following reasons, the Objection and Appeal

will be overruled without prejudice, but the February 26 order will be stayed in part and the matter

recommitted to the magistrate judge for further proceedings.

**I.    Background**

This action relates to the allision of the M/V Dali with the Francis Scott Key Bridge on

March 26, 2024. Following that incident, Petitioners filed suit, seeking the protections of the

Limitation of Liability Act, 46 U.S.C. §§ 30501–30530, and various Claimants filed Answers and

Claims for damages. The case is currently in fact discovery, which is scheduled to conclude on

July 16, 2025. (Case Mgmt. Order No. 3, ECF No. 438 at 7.)

On February 4, 2025, Claimants filed a Motion to Compel, which sought an order requiring

Petitioners to make certain individuals associated with Grace and Synergy available for

depositions in Baltimore, Maryland. (ECF No. 475.) Two days later, the Court entered an order

referring the Motion to Compel, and all other discovery matters, to Chief Magistrate Judge Timothy J. Sullivan. (ECF No. 477.) On February 26, 2025, after receiving briefing from the parties, Judge Sullivan granted the Claimants' Motion to Compel and ordered that "Petitioners and their management agents and employees shall make themselves available for deposition in the District of Maryland." (ECF No. 489 at 4.)

Judge Sullivan began by observing that "[t]he Court has broad discretion in determining where depositions will be held." (*Id.* at 1 (first citing *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020), and then citing 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2112 (3d ed. 2025).) In this case, Judge Sullivan determined that "[t]he most important factor is the convenience of the parties." (*Id.* at 2.) He explained that the six individuals Claimants seek to depose all live in India or Singapore. And, regardless of whether the depositions are held in London (as Petitioners suggested) or Baltimore (as Claimants requested), the witnesses "will be required to travel great distances for their depositions." (*Id.*) On the other hand, however, requiring approximately eighteen Claimants' lawyers to travel to the United Kingdom for depositions would "impose extraordinary costs on Claimants" as compared to holding depositions in Baltimore, given that all the lawyers live in the continental United States and most have offices within 200 miles of Baltimore. (*Id.*)

Judge Sullivan found other concerns raised by Petitioners unpersuasive. He noted that Petitioners did not identify any medical or financial issues that would make travel difficult. (*Id.*) He also considered Petitioners' "primary concern" that, if the witnesses come to the United States, "they will be detained indefinitely by the U.S. Department of Justice as material witnesses." (*Id.* (citing ECF No. 482 at 19).) He found this concern unavailing, both because there was no evidence before the Court suggesting that the witnesses had been identified as material witnesses in a

criminal proceeding, and because—even assuming that they were detained—they would have adequate remedies at law. (*Id.* at 2–3.) Furthermore, as to concerns about the witnesses' ability to obtain visas permitting travel to the United States, Judge Sullivan noted that four of the six already have visas, and that it is "not clear that [the remaining two] witnesses will be unable to obtain visas if they try." (*Id.* at 3.) Finally Judge Sullivan noted Petitioners' contention that Synergy is unable, under Indian law, to compel the witnesses to travel to the United States for depositions. (*Id.* at 4.) He expressed "confiden[ce] that Petitioners will act in good faith to comply with the Court's Order," and stated that—if visa issues make travel to the United States impossible—then he "expects that the Claimants will accommodate them by taking their depositions in London or by remote means." (*Id.*)[1]

Petitioners' Objection and Appeal followed. (ECF No. 492.) The Court set a briefing schedule (ECF No. 493), and the matter is now ripe for decision.

## II.   Standard of Review

The district court may refer non-dispositive pretrial matters such as discovery disputes to a magistrate judge for disposition. 28 U.S.C. § 636(b)(1). Upon a timely objection of the magistrate judge's ruling, the district court "may accept, reject, or modify" it "in whole or in part," or "recommit the matter to the magistrate judge with instructions." *Id.* Under Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to factual findings; the "contrary to law" standard applies to legal conclusions. *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014), *aff'd on other grounds*, 885 F.3d 271 (4th Cir. 2018).

---

[1] Judge Sullivan noted other arguments presented by Claimants in favor of holding the depositions in Baltimore, but found that they "d[id] not factor into the Court's decision." (*Id.* at 3.)

The factual findings of the magistrate judge constitute the considered determination of an independent judicial officer and are ordinarily due great deference. This deference is compelled both by law—district courts may overturn such findings only if "clearly erroneous," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)—and, especially when it comes to discovery disputes, as a matter of good practical sense—the magistrate judge is typically closer to the facts and in a better position to evaluate the most just and pragmatic outcome in a given case. *See United States v. Performance Food Grp.*, Civ. No. MJG-13-1712, 2015 WL 2226252, at *1 (D. Md. Apr. 23, 2015) ("[T]he district court should, normally, give great deference to the judgment calls necessarily made by a Magistrate Judge in the course of resolving discovery disputes."). Thus, when reviewing the magistrate judge's factual findings, the district court does not "ask whether the finding is the best or only conclusion," or even if it was the conclusion that the district court itself would have made in the first instance; instead, the district court's role is limited to "determin[ing] whether the magistrate judge's findings are reasonable and supported by the evidence." *Sky Angel*, 28 F. Supp. 3d at 479–480 (citation omitted).

## III.   Analysis

Here, Judge Sullivan acted well within his discretion in determining that the convenience of the parties militated in favor of holding depositions in Baltimore, rather than London. While London might be somewhat more convenient for the Singaporean and Indian witnesses, the reality is that these witnesses would have to take at least one long and expensive flight to get to either city. By contrast, Judge Sullivan found (and Petitioners do not dispute) that all of Claimants' lawyers live in the continental United States, and most have their offices within 200 miles (*i.e.*, within a day's drive or train ride) of Baltimore. Thus, Judge Sullivan reasonably concluded that the marginal cost for Claimants in going to London rather than Baltimore would be fairly high,

while the marginal cost for Petitioners' witnesses to go to Baltimore rather than London would be fairly low. As to Petitioners' concerns about the witnesses' being detained as material witnesses, Judge Sullivan rightly observed that "[t]he Court has no information about whether any of the witnesses have been identified as material witnesses in any criminal proceeding," and that even if they were so identified, they would have legal recourse under 18 U.S.C. § 3144. (ECF No. 489 at 2–3.)[2] Thus, it was not an abuse of discretion or clearly erroneous for Judge Sullivan to conclude that Baltimore was a more convenient destination for the depositions than London.

That said, a wrinkle has emerged in the briefing of the Objection and Appeal that necessitates a remand to Judge Sullivan for further proceedings. Although this issue was raised only somewhat obliquely in the briefing before Judge Sullivan (*see* ECF No. 482 at 14–16), Petitioners argue that the witnesses at issue are not officers, directors, or managing agents of Synergy, and that accordingly they are not subject to deposition by notice under Federal Rule of Civil Procedure 30(a). *See E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48 (E.D. Va. 2010). If the examining party fails to show that the witness falls into one of these categories, then the "witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); *accord In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996). Petitioners represent to the Court that the witnesses have obtained their own

---

[2] Petitioners object that this provision "provide[s] no actual comfort to the witnesses." (ECF No. 492 at 6.) But 18 U.S.C. § 3144 is hardly toothless. *See United States v. Matus-Zayas*, 655 F.3d 1092, 1100 (9th Cir. 2011) ("A district court *must* order a material witness' deposition and prompt release when it has been demonstrated that the material witness' testimony can adequately be secured by deposition, and that further detention is not necessary to prevent a failure of justice." (cleaned up) (emphasis in original)). As for Petitioners' contention that it is "common in U.S. investigations and well-known in the maritime industry" for foreign seafarer witnesses to be indefinitely detained under "Security Agreements," Petitioners offer no evidence in support of this claim beyond Counsel's bare assertion in briefing. (*See* ECF No. 497 at 2.)

separate counsel who may or may not advise the witnesses to travel to the United States. (ECF Nos. 492 at 5, 497 at 8.)

On the record before it, the Court lacks sufficient basis to determine whether the six witnesses at issue are officers, directors, or managing agents subject to deposition by notice. Ordinarily, courts resolve such doubts in favor of the examining party, *see E.I. DuPont*, 268 F.R.D. at 49, but the Court is not sure that such an approach would make sense in the unique context of this case. If the witnesses maintain that they are entitled to insist on the protections of the Hague Convention or other treaty, then as a practical matter the Court has no way to immediately force them to come to the United States. Experience has taught the Court that any Hague Convention proceeding will likely take many months, if not over a year, to resolve.

Given that fact discovery is scheduled to close in three months, and that trial is set to begin in just over a year, the Court is loath to countenance any actions that will lead to delay. Therefore, as a matter of pure pragmatism, if the witnesses are willing to come to London without delay, it may make more sense to direct the depositions to occur there (or some other mutually agreeable foreign location), rather than risk months of extra litigation in trying to make the witnesses come to Baltimore. Because Judge Sullivan is in a better position than this Court to determine the most prudent next step, the Court will recommit the matter to him with appropriate instructions, pursuant to 28 U.S.C. § 636(b)(1).

## IV.    Conclusion

Petitioners have not shown that Judge Sullivan's memorandum and order was clearly erroneous or contrary to law. But further proceedings before Judge Sullivan are appropriate to determine the most just and efficient way of accomplishing the depositions at issue. Accordingly, it is ORDERED that:

1. The Objection and Appeal (ECF No. 492) is OVERRULED, without prejudice. However, to the extent that the February 26 order required Petitioners to make their employees "available for deposition in the District of Maryland" (ECF No. 489 at 4), that order is STAYED until Judge Sullivan or this Court orders otherwise.

2. Pursuant to 28 U.S.C. § 636(b)(1), the Court RECOMMITS the matter to Judge Sullivan for further consideration. On remand, and after taking additional briefing and/or holding a hearing as he deems appropriate, Judge Sullivan should determine on a case-by-case basis, whether—given considerations of efficiency and need to avoid delay—any or all of the six witnesses should be deposed in London (or some other mutually agreeable location) rather than Baltimore.

DATED this __15__ day of April, 2025.

BY THE COURT:

James K. Bredar
United States District Judge