**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**
-------------------------------------------------------------x

In the Matter of The Petition of

GRACE OCEAN PRIVATE LIMITED, as Owner
of the M/V DALI,

           And

SYNERGY MARINE PTE LTD, as Manager of the
M/V DALI,

For Exoneration from or Limitation of Liability.
-------------------------------------------------------------x

Docket No: 1:24-cv-00941

*IN ADMIRALTY*

REDACTED DOCUMENT

## CLAIMANTS' MOTION TO STRIKE THE CONFIDENTIALITY DESIGNATIONS TO THE M/V DALI VESSEL EMPLOYEES' DEPOSITION TRANSCRIPTS

Claimants, by their undersigned counsel, respectfully submit this Motion, pursuant to Fed. R. Civ. P. 26, Paragraph 10 of Case Management Order No. 6 (ECF No. 474) and the law of the case. By this motion, Claimants ask the Court to strike the confidentiality designations made to eight deposition transcripts of the M/V Dali employees. The broad designations greatly restrict Claimants' counsel from their ability to advocate for their clients by making it virtually impossible to discern what testimony can and cannot be discussed in open court. Further, the designations require blanket sealing of the vast majority of testimony in this case of immense public interest. This Court explicitly warned the parties at the outset of this dispute that redactions of documents "must be narrowly tailored in accordance with the public's presumptive right of access to judicial proceedings." ECF Doc. No. 440 at 7 (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 256-66 (4th Cir. 2014)).

Eight *Dali* crewmembers have been deposed as of May 9. ████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████. Following those depositions, their

1

personal counsel and counsel for the Vessel Interests (hereinafter collectively "Designating Parties"), effectively designated the entirety of those deposition transcripts as "confidential." According to the Designating Parties, Claimants' counsel cannot even generally discuss what occurred during these depositions.

The Designating Parties, however, are incorrect.  Indeed, under the Federal Rules of Civil Procedure and the existing Case Management Orders that are the law of the case, the mere fact that a witness ████████████████████████████ ████████████████ ████████ should not justify the wholesale designation of confidentiality requiring these transcripts to be sealed from the public record of this litigation. Furthermore, any purported security interests of the witnesses can be protected by far more narrowly tailored means, *i.e.*, redaction of personal identifiers.  Claimants respectfully request that this Court strike the confidentiality designations of the witnesses except for confidentiality designations relating to their personal information.

Respectfully submitted this 19th day of May 2025.

COZEN O'CONNOR

By:_____
Robert Phelan
D. Md. Bar. ID 31070
Lawrence F. Walker
D. Md. Bar ID 31059
*Proctor in Admiralty*
Daniel J. Luccaro
D. Md. Bar ID 31079
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania  19103
T: (800) 523-2900

rphelan@cozen.com
lwalker@cozen.com
dluccaro@cozen.com
**Counsel for Claimant Ace American Insurance
Company**

ANTHONY G. BROWN
Attorney General of Maryland
Robert A. Scott (24613)
Howard R. Feldman (05991)
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
rscott@oag.state.md.us
T: (410)576-63214

and

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

*/s/ David L. Reisman*
R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com
T: (504) 581-7979

Scott S. Partridge*

3

PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N
Suite 100
Houston, Texas 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200
*Admitted *Pro hac vice*
***Attorneys for State of Maryland***

/s/ *Adam J. Levitt*
Adam J. Levitt
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602

alevitt@dicellolevitt.com
T: (312) 214-7900
***Lead Counsel for Local Government Claimants***

/s/ *Daniel O. Rose*
Daniel O. Rose
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com
T: (212) 973-3414
***Lead Counsel for Personal Injury and Wrongful***
***Death Claimants***

/s/ *Todd D. Lochner*
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite 201 Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
***Lead Counsel for Private Economic Loss***
***Claimants***

/s/ *Terry L. Goddard, Jr.*
Terry L Goddard, Jr.
SKEEN & KAUFFMAN LLP
9256 Bendix Road Suite 102
Columbia, Maryland 21045
tgoddard@skaufflaw.com
T: (410) 625-2272
***Lead Counsel for Cargo Claimants***

## **TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………    2

I.    BACKGROUND……………………………………………………    5

    A.  The Protective Orders are the Law of the Case…………………………    5

    B.  The Depositions and Confidentiality Designations……………………..    7

II.    ARGUMENT……………………………………………………………...    8

    A.  The Designations Violate Rule 26 and this Court's Order………………    8

    B.  This is a Public Proceeding…………………………………………...    13

III.    CONCLUSION……………………………………………………………    15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Binh Hoa Le v. Exeter Fin. Corp.*,
   990 F.3d 410 (5th Cir. 2021) ...............................................14

*Doe v. Pub. Citizen*,
   749 F.3d 246 (4th Cir. 2014) ...................................................5, 13, 14

*Hall v. Hartzell Engine Techs., LLC*,
   2020 WL 5545121 (M.D. Tenn. 2020) ...................................10

*Hobley v. Chicago Police Commander Burge*,
   225 F.R.D. 221 (N.D. Ill. 2004) ...............................................12, 13

*Rushford v. New Yorker Mag., Inc.*,
   846 F.2d 249 (4th Cir. 1988) ...............................................14

*United States v. Procter & Gamble Co.*,
   356 U.S. 677 (1958) ...............................................7

*Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*,
   278 F.R.D. 136 (D. Md. 2011) ...............................................11

*THK Am., Inc. v. NSK Co.*,
   157 F.R.D. 637, 645 (N.D. Ill. 1993) ...............................................9

*In re Ullico Inc. Litig.*,
   237 F.R.D. 314, 317-18 (D.D.C. 2006) ...............................................9

*Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc.*,
   122 F.R.D. 433 (S.D.N.Y. 1988) ...............................................11, 12

*Procaps S.A. v. Patheon Inc*.,
   2013 WL 4773433, at *3 (S.D. Fla. Sept. 4, 2013) ...............................................9

*Mendez v. City of Chicago*,
   No. 2019 WL 6210949 (N.D. Ill. 2019) ...............................................13

*Miller v. Rodriguez*,
   2018 WL 6416928 (D.N.J. Dec. 6, 2018) ...............................................9

*Minogue v. Modell*,
   No. 03-3391, 2011 WL 1308553 (D. Md. 2011)……… ...............................................9

**Other Authorities**

49 C.F.R. § 837 ...............................................................................................................5

First Amendment ................................................................................................ *passim*

████████████████████████████████████████

Case Management Order No. 3 ...........................................................................................2

Case Management Order No. 4 ...........................................................................................5

Case Management Order No. 5 ........................................................................................5, 6

Case Management Order No. 6 ...........................................................................................6

Fed. R. Civ. P. 26 ............................................................................................... *passim*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**
------------------------------------------------------------x
In the Matter of The Petition of

GRACE OCEAN PRIVATE LIMITED, as Owner          Docket No: 1:24-cv-00941
of the M/V DALI,

                                                                            *IN ADMIRALTY*

                    And

SYNERGY MARINE PTE LTD, as Manager of the
M/V DALI,

For Exoneration from or Limitation of Liability.
------------------------------------------------------------x

### CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE CONFIDENTIALITY DESIGNATIONS TO THE M/V DALI VESSEL EMPLOYEES' DEPOSITION TRANSCRIPTS

Dated:  May 19, 2025

1

## INTRODUCTION

Through undersigned counsel, claimants submit this Motion to Remove and Strike Confidentiality Designations to eight specific deposition transcripts, pursuant to Fed. R. Civ. P. 26 and pursuant to Paragraph 10 of Case Management Order No. 6.

This Court initially issued Case Management Order No. 3, providing that fact discovery and testimony be completed by July 16, 2025. (ECF No. 438.) Under that schedule, eight employees of the Vessel, separately represented by private defense counsel and the Vessel Interests operating under a Joint Defense Agreement, were noticed to appear and provide testimony in this Limitation Action commenced by their employer. In anticipation of their clients' respective testimony, before the commencement of the deposition, each counsel asserted blanket confidentiality designations to the entirety of the testimony. The depositions were then taken both by stenographic record and recorded by video. ████████████████████████████

████████████████████████████████████████████████

██ ████████████████    After the transcripts were received, counsel for all witnesses reiterated the confidentiality designations to nearly every page of the transcript, including down to the "z" word index.

For the aid of the Court, below is a summary of the designations at issue in this motion.

1) **The Captain and Master of the M/V Dali**. The Captain's deposition was taken on February 17, 2025. The resulting transcript is 352 pages long. (Exhibit 1, *Captain Deposition*). His counsel designated Page 13 (Line 1) to Page 15 (Line 16); Page 21 (Line 16) to Page 26 (Line 1); and Page 26 (line 18) through the remaining **326 pages** as confidential under this Court's protective order. (Exhibit 2, *Captain Designation Letter*).

2) **The Chief Engineer of the M/V Dali**. The Chief Engineer's deposition was taken on February 18, 2025. The resulting transcript is 294 pages long. (Exhibit 3, *Chief Engineer Deposition*). His counsel designated Page 22 (line 17) to Page 22 (Line 21) and Page 23 (line 17) through the remaining **271 pages**, including the index, as confidential under the Court's protective order. (Exhibit 4, *Chief Engineer Designations*).

3) **The Dali's Electrician**, The Electrician's deposition was taken on February 26, 2025. (Exhibit 5, *Electrician Deposition*). The resulting transcript is 224 pages long. His counsel designated, page 14, Line 4 through the remaining **210 pages**, including the index, as confidential under the Court's protective order.  (Exhibit 6, *Electrician Designations*)

4) **The Dali's Bosun**. The Bosun's deposition was taken on March 10, 2025 (Exhibit 7, *Bosun Deposition*). The resulting transcript is 276 pages long. His counsel designated, page 15, Line 22 through the remaining **254 pages**, including the index and all exhibits, as confidential under the Court's protective order.  (Exhibit 8, at 2, *Remaining Crew Designations*).

5) **The Dali's Second Officer**. The Second Officer's deposition was taken on March 11, 2025 (Exhibit 9, *Second Officer Deposition*). His deposition transcript is 342 pages long. His counsel designated, page 16, Line 21 through the remaining **326 pages**, including the index and all exhibits, as confidential under the Court's protective order.  (Ex. 8, at 2).

6) **The Dali's First Officer**. The First Officer's deposition was taken on March 12, 2025 (Exhibit 10, *First Officer Deposition*). His deposition transcript is 341

3

pages long. His counsel designated, page 15, Line 21 through the remaining **326 pages**, including the index and all exhibits, as confidential under the Court's protective order.  (Ex. 8, at 2).

7) **The *Dali's* Oiler.** The Oiler was deposed on March 17, 2025 (hereinafter, the "Oiler Deposition," Exhibit 11). His deposition transcript is 63 pages long. His counsel designated, page 28, Line 17 through the remaining **35 pages**, including the index and all exhibits, as confidential under the Court's protective order.

8) **The *Dali's* Fourth Engineer**. The Fourth Engineer's deposition was taken on March 17, 2025 (Exhibit 12, *Fourth Engineer Deposition*). His deposition transcript is 237 pages long. His counsel designated, page 30, Line 10 through the remaining **207 pages**, including the index and all exhibits, as confidential under the Court's protective order.  (Ex. 8, at 2).

During a meet and confer, Claimants, as Objecting Parties, offered less restrictive alternatives, such as maintaining the confidentiality of the witness's names, addresses, personal identifiers, images, and the video recordings of the depositions. The Designating Parties refused any compromise and insisted on wholesale confidentiality. This Court has recognized that while confidentiality interests may be important to the parties and the government, there must be a balance between those interests and the public's "presumptive right of access to the judicial process" that is protected by the First Amendment and common law. This case, and the concerns raised by the deponents, do not present the "rare exception" that would permit wholesale confidentiality ███████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

4

The confidentiality designations proposed by Designating Parties and Petitioners are facially overbroad in light of the common law, First Amendment, and this Court's Orders. Accordingly, Claimants seek the Court's ruling striking the wholesale designations of confidentiality that have been asserted.

I.    **BACKGROUND**

    A.    **The Protective Orders Are the Law of the Case**

Three Case Management Orders and one existing decision are the law of the case and govern confidential discovery in this matter.

**Case Management Order No 4 (ECF No. 440).** The first Case Management Order concerning confidentiality was in response to a request from the non-party National Transportation Safety Board ("NTSB"). Claimants' counsel submitted a Request for Documents to the NTSB pursuant to 49 C.F.R. § 837. The NTSB agreed to produce certain responsive documents, but only pursuant to a Protective Order approved and first ordered by this Court. Accordingly, on November 8, 2024, all parties jointly submitted a Proposed Protective Order. The Court approved the proposed order with some changes and, on November 13, 2024, issued Case Management Order No. 4 – Protective Order (ECF No. 440) (hereinafter "CMO No. 4"). The Court warned that redactions of documents "must be narrowly tailored in accordance with the public's presumptive right of access to judicial proceedings." *Id.* at 7 (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 256-66 (4th Cir. 2014).

**Case Management Order No. 5 (ECF No. 455)**. Next, after reviewing CMO No. 4, the NTSB counsel requested an amendment for language to address additional concerns. As parties to the litigation, Claimants undertook to coordinate the issuance of Amended Protective Order. However, the Court denied the Motion to Amend CMO No. 4, without prejudice, on December 3, 2024 (ECF No. 455). In so holding, this Court explained:

> [T]he Court must balance the parties' and NTSB's interests in confidentiality against the public's *presumptive right of access* to the judicial process. This right arises under both the First Amendment and the common law, with the First Amendment right attaching only to certain categories of documents and the common law right applying to all judicial documents. Although different standards apply depending on which right is at issue, the result is usually the same "the right of public access, whether arising under the First Amendment or the common law, may be abrogated only in unusual circumstances."

ECF No. 455 at 1–2 (emphasis added) (citations omitted).

In accordance with these firmly established principles, this Court refused to assent to "the wholesale sealing of documents" because that practice "would not adequately protect the public's interest in access to this case." *Id.* at 3. This Court ended with a warning that "any request for a protective order that contemplates the wholesale sealing of documents—as opposed to the application of *carefully limited redactions*—will likely be denied." *Id.* (emphasis added).

In response to this Court's Order, the parties made changes to their Motion for an Amended Protective Order that resulted in a First Amended Protective Order dated January 7, 2025 (Case Management Order No. 5 or hereafter "CMO No. 5") (ECF No. 467).

**Case Management Order No. 6 (ECF No. 474).** Subsequently, another protective order was sought to address concerns raised by an additional non-party that was presented with a subpoena. As a result, on February 3, 2025, this Court issued the most recent Second Amended Protective Order (Case Management Order No. 6 or hereafter "CMO No. 6") (ECF No. 474) to "govern the disclosure, use, and handling by the parties and their respective agents, successors, and personal representatives of certain information and items produced and received in discovery" in this case. CMO No. 6 at 1.

**B.      The Depositions and Confidentiality Designations**

As described above, personal counsel for the deponents and counsel for the Vessel Interests, acting in concert under a Joint Defense Agreement, have asserted near blanket confidentiality to every page of the depositions, including the word index.

There are two classes of witnesses: ████████████████████████████████████

████████ Claimants' counsel, as the Objecting Party, requested and held separate meet and confers with the Designating Parties for each crew member. During each meet and confer, the

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████.[2] Claimants' counsel in turn offered to mark the videos as confidential. This offer was rejected.[3]

All Designating Parties also raised vague and non-specific concerns about their clients' physical safety should the video of their depositions be made public. The witnesses have not made any more concrete or precise justifications. No evidence of actual threats against the witnesses was proffered, and none of them have even been charged with a crime. No facts have been presented indicating that blanket confidentiality of the transcripts is required to maintain the integrity of the pending federal investigation.

Importantly, during a meet and confer, Claimants, as Objecting Parties, offered less restrictive alternatives, such as maintaining the confidentiality of the witness' names, addresses

---

[1] ██████████████████████████████████████████████  ████████████

[2] ████████████████████████████████████████████████████████████

[3] Claimants do not seek a ruling regarding the confidentiality of the videos at this time and, therefore, they remain confidential under the protective order. Claimants, however, reserve the right to move the Court to remove the videos' confidentiality designations at a later date.

and personal identifiers. The Designating Parties nonetheless refuse any compromise and are insisting on wholesale confidentiality of anything substantive in the transcripts.

The Petitioners' counsel joined in support of their co-counsel under the Joint Defense Agreement during the meet and confers. The Petitioners have concluded that sealing the record is also in their best interests.

Thus, despite a good faith attempt to resolve the disagreement regarding the appropriateness of the transcript redactions, the designating and objecting parties cannot resolve the issue. This motion followed.

## II.    ARGUMENT

The Designating Parties' effort to designate essentially entire transcripts as confidential harms the Claimants as litigants, violates this Court's orders, and is an affront to the public's presumptive right to access judicial records in this immensely important proceeding.

### A.    The Designations Violate Rule 26 and this Court's Order

As noted, the Court has already clarified that the scope of its protective order is no broader than Rule 26(c) protections. *See* ECF Doc. No. 467, ¶ 2. Under Rule 26(c), "good cause" is required for courts to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Appropriate topics for confidentiality in the District of Maryland under Rule 26(c) are narrow: they include discrete materials such as trade secrets, confidential research, development, commercial information, and sensitive business information. *See, e.g.*, *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 142–43 (D. Md. 2011) (denying motion to seal identities of employees where company claimed that competitors could use information to "poach" its employees because company failed to provide any "specific demonstrations of fact" or "concrete examples" of such conduct by its competitors).

8

To justify confidentiality under Rule 26(c), a designating party must present "'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.'" *Waterkeeper Alliance*, 278 F.R.D. at 140 (quoting *Minogue v. Modell*, No. 03-3391, 2011 WL 1308553, *4 (D. Md. 2011)). Unreasonably high percentages of designated material alone can suggest bad faith by the designator. *See e.g., THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (finding a designation of 79% of produced documents to be "absurdly high"); *In re Ullico Inc. Litig*., 237 F.R.D. 314, 317-18 (D.D.C. 2006) (noting designation of over 99% of documents as confidential in finding lack of good faith); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *3 (S.D. Fla. Sept. 4, 2013) (condemning the designation of 35% of discovery confidential); *Miller v. Rodriguez,* 2018 WL 6416928, at *2, n.2, *4 (D.N.J. Dec. 6, 2018) (criticizing designations of between 60% and 77% of documents as AEO).

Here, as shown by the scope of their designations, the Designating Parties fail to articulate a specific, compelling, and protectible interest under Rule 26 justifying wholesale redaction and sealing their testimony. Their assertions of harm are too broad and conclusory to satisfy Rule 26(c)'s narrow standard.

### The Designations of the Bosun, First and Second Officers' Depositions

The *Dali*'s Bosun and her First and Second Officers ███████████████ ████████████ argue that their testimony cannot be filed or even publicly discussed to protect imprecise and uncorroborated security concerns. These designations require redaction and sealing of testimony regarding basic technical topics ███████████████

9

██████" Ex. 7, at 51:1), answers to rudimentary questions about the authentication of documents ("████████████████████████████████████████ ████████████████ Ex. 9, at 144:13) and even mundane banter ████████████████ Ex. 10, 220:5). These designations make it clear that the witnesses' counsel spent little to no time considering their proposed redactions. These limitless designations violate explicit orders from this Court and Rule 26(c).

These witnesses only assert that they are *potential* witnesses in a criminal prosecution, and therefore, everything they say about this case is protected by Rule 26. However, no evidence has been presented that the United States Department of Justice (the only entity with a vested interest in the integrity of the investigation) believes the testimony must be sealed to protect a federal criminal investigation. And, of course, more narrowly tailored solutions are available to address any asserted privacy or security concerns.

No other justifications are presented by the witnesses for the designations. And it is not Claimants (or the Court's) burden to justify why thousands of lines of testimony must be secretly filed in this case. That burden is always on the designating party. ECF No. 474, ¶ 9.

Unfortunately, however, the enormous practical burdens of over-designation fall solely on Claimants and this Court. For example, the witnesses' counsel served a brief one-page letter listing every page of the disputed transcripts as protected.  Now, the Claimants must draft and file meritless motions to seal, needlessly covering their public filings with heavy redactions. The Court must also waste its sparse judicial resources considering and ruling on those motions. *See Hall v. Hartzell Engine Techs., LLC*, 2020 WL 5545121, at *2 (M.D. Tenn. 2020) ("[W]ere Plaintiffs to

faithfully apply the protective order's terms to Defendant's production, the Court would bear the burden of reviewing a slew of needless and likely meritless motions to seal."). Finally, Claimants' counsel must walk on eggshells in open court and in depositions with parties not subject to the protective order, lest they be accused of violating the witnesses' limitless designations. The adverse impact on Claimants' counsels' advocacy by Petitioners' limitless interpretation of the protective order is extremely prejudicial to Claimants.

The improper confidentiality designations made by the Bosun, First Officer, and Second Officers should be struck, except as they relate to personal identifiers.

*The Designations of* ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

11

a ███████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████. The asserted resulting harms are too vague and imprecise to justify wholesale sealings of basically every line of testimony in this case. And far narrower and more reasonable means are available to address the interests claimed.

   **B.    This is a Public Proceeding.**

   The Court should not overlook the First Amendment implications of these overly broad designations. These are not secret proceedings. Blanket confidentiality designations, as this heavily redacted brief makes clear, inevitably lead to blanket sealing of judicial records. And this Court has repeatedly admonished the parties that concrete measures must be taken to ensure public access to this important proceeding.  (ECF No. 440 citing *Doe,* 749 F.3d at 256-66).

██████████████████████████████████████████████████████

███████████████████████████████ the sole remaining issue requiring resolution by the Court, the clash between the public's presumptive right of access, ensured by *Doe,* common law and First Amendment, ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████ And are there no more narrowly tailored alternatives than conducting secret proceedings?

███████████████████████████████████████

███████████████████████████████████████

████  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Doe*, 749 F.3d at 266 (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)) "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). No such interest is at stake here. The witnesses' concerns are only stated in exceedingly vague and imprecise terms. Yet, virtually every line of testimony in this case must be sealed from public view and, according to the Crewmembers and Petitioners, cannot even be openly *discussed*.

The Designating Parties' designation of the eight depositions defies this Court's declarations and the legal standard for appropriately designating sworn testimony as confidential. Indeed, the wholesale designation of transcripts as confidential is precisely the opposite of what this Court and the law demand. *See e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). ("To be sure, *entrenched* litigation practices harden over time, including overbroad sealing practices that shield judicial records from public view for unconvincing (or unarticulated) reasons. . . . we urge litigants and our judicial colleagues to zealously guard the public's right of access to judicial records—their judicial records—so 'that justice may not be done in a corner.'"). The redactions are facially overbroad, not narrowly tailored, and fail to account for the public's presumptive right of access to judicial proceedings.

The Designating Parties' proposed designations of confidentiality are facially overbroad, considering the commands of the Protective Order, and there is no sufficiently compelling basis

14

on which to entirely abrogate the public's presumptive right of access and litigants' ability to file the transcripts. They should be stricken.

## III.    <u>CONCLUSION</u>

WHEREFORE, Claimants respectfully request that this Court strike the confidentiality designations of the witnesses except as to name, identifying information, and images.


Respectfully submitted,

COZEN O'CONNOR

By:_____
    Robert Phelan
    D. Md. Bar. ID 31070
    Lawrence F. Walker
    D. Md. Bar ID 31059
    *Proctor in Admiralty*
    Daniel J. Luccaro
    D. Md. Bar ID 31079
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pennsylvania  19103
    T: (800) 523-2900
    rphelan@cozen.com
    lwalker@cozen.com
    dluccaro@cozen.com
    **Counsel for Claimant Ace American Insurance Company**

    ANTHONY G. BROWN
    Attorney General of Maryland
    Robert A. Scott (24613)
    Howard R. Feldman (05991)
    Assistant Attorneys General
    Office of the Attorney General
    200 Saint Paul Place, 20th Floor
    Baltimore, Maryland 21202
    rscott@oag.state.md.us
    T: (410)576-63214

15

and

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

/s/ *David L. Reisman*
R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com
T: (504) 581-7979

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

16

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
THE LANIER LAW FIRM
10940 W. Sam Houston Pkwy N
Suite 100
Houston, Texas 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200
*Admitted *Pro hac vice*
**Attorneys for State of Maryland**

/s/ *Adam J. Levitt*
Adam J. Levitt
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900
**Lead Counsel for Local Government Claimants**

/s/ *Daniel O. Rose*
Daniel O. Rose
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com
T: (212) 973-3414
**Lead Counsel for Personal Injury and Wrongful Death Claimants**

/s/ *Todd D. Lochner*
Todd D. Lochner

17

LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite 201 Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
***Lead Counsel for Private Economic Loss
Claimants***

/s/ *Terry L. Goddard, Jr.*
Terry L Goddard, Jr.
SKEEN & KAUFFMAN LLP
9256 Bendix Road Suite 102
Columbia, Maryland 21045
tgoddard@skaufflaw.com
T: (410) 625-2272
***Lead Counsel for Cargo Claimants***

Dated: May 19, 2025

18