

**David L. Reisman**
dreisman@liskow.com
D: 504.556.4016

June 6, 2025

**VIA ECF**

United States District Court
District of Maryland (Baltimore)
101 West Lombard Street
Baltimore, MD 21201

Attention:   Judge James K. Bredar and
Chief Magistrate Judge Timothy J. Sullivan

Re:   *In the Matter of the Petition of Grace Ocean Private Limited as Owner of the M/V DALI and Synergy Marine PTE Ltd. as Manager of the M/V DALI*, United States District Court, District of Maryland, Northern Division, No. 24-00941-JKB

Dear Judges Bredar and Sullivan:

On behalf of the Claimants, I am writing to request a status conference to address an issue involving the timing of depositions of the shoreside managers of Petitioner Synergy Marine PTE Ltd.

The Court is aware that the timing and location of these depositions has been the subject of extensive motion practice. *See* ECF Nos. 489 and 500. After Judge Bredar's Memorandum and Order of April 15, 2025 (ECF No. 500) and Judge Sullivan's Order of April 17, 2025 (ECF No. 503), Petitioners and Claimants reached an agreement to take these management depositions in London. That agreement was memorialized in the parties' Joint Status Report Concerning Deposition Logistics which was filed with the Court on April 23 (ECF No. 506). In particular, the Parties agreed that the deposition of R. Karthik Nair, Synergy's Technical Superintendent for the DALI, was anticipated to be taken in June. *Id.* at 2. Discovery to date has revealed that Mr. Nair is the most significant shore-based witness in the case given his role and responsibilities with respect to the DALI.



June 6, 2025

    In the last few days, while finalizing the logistics of the June depositions in London, including specifically a deposition of Mr. Nair on June 23 (a date cleared by counsel for the parties), Claimants have learned that Mr. Nair will not be produced for deposition until the very end of July or the first week in August.

    This scheduling problem is the result of conflicts with the calendar of Mr. Nair's criminal attorney (David Gerger). This problem is not Mr. Gerger's fault; he was only retained by Synergy a few weeks ago. Rather, Synergy retained Mr. Gerger to represent Mr. Nair without ensuring that he would be free to honor Synergy's prior commitment to produce Mr. Nair for deposition in June.

    Given Mr. Nair's prominent role in this case and the likelihood that follow-up discovery and depositions will be needed after his deposition, taking his deposition in late July would impose material prejudice to the Claimants and create a very real risk that critical discovery will be foreclosed or that the Court's scheduling order (ECF No. 510) will be impacted.

    Although the parties have worked hard throughout this case to resolve discovery differences without Court intervention, this particular issue requires the Court's assistance. Given the time sensitivity of Mr. Nair's deposition and the fact that this issue touches on both the scheduling order and discovery, the Claimants request a video or in-person status conference with Judges Bredar and Sullivan at their earliest availability.

    We appreciate your attention to this matter.

Respectfully yours,

David L. Reisman

CC:    All counsel of record via ECF
        David Gerger (*via* email)

2