**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| IN RE GRACE OCEAN PRIVATE LIMITED, *et al.*,<br><br>Petitioners. | Civil Action No. 24-cv-000941-JKB<br><br>IN ADMIRALTY<br><br>███████████████ |

**OPPOSITION OF NONPARTY RESPONDENT**
**KARTHIKEYAN DEENADAYALAN**
**TO MOTION TO STRIKE CONFIDENTIALITY DESIGNATIONS**

Dated: June 9, 2025

Gregg L. Bernstein (#01340)
John J. Connolly (#09537)
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
Tel: 410 332 0444/Fax: 410 659 0436
gbernstein@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Nonparty Respondent*
*Karthikeyan Deenadayalan*

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

MATERIAL FACTS ......................................................................................................2

ARGUMENT.................................................................................................................7

    A.  ██████████████████████████████████████████ ...................................... 7

    B.  Respondent has compelling interests in maintaining confidentiality over his deposition transcript. ..................................................................... 13

    C.  █████████████████████████████████████ ......................................17

CONCLUSION................................................................................................ 18

## TABLE OF AUTHORITIES

**CASES**

███████████████████████████████████  ███████
████████████████████████████████████████████
██████████████████████████████████  █████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████  ████████
████████████████████████████████████████████
██████████████████████████████████  █████████
████████████████████████████████████████████
███████████████████████████████████  ████████

## RULES

D. Md. Local R. 104.5 .......................................................................................17

Fed. R. Civ. P. 26(c) .....................................................................................13, 16

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I .......................................................................................17

█████████████████████████████████████████████

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| IN RE GRACE OCEAN PRIVATE LIMITED, *et al.*,<br><br>Petitioners. | Civil Action No. 24-cv-000941-JKB<br><br>IN ADMIRALTY<br><br>███████████████ |

## OPPOSITION OF NONPARTY RESPONDENT
## KARTHIKEYAN DEENADAYALAN
## TO MOTION TO STRIKE CONFIDENTIALITY DESIGNATIONS

Nonparty respondent Karthikeyan Deenadayalan (Respondent), by his undersigned counsel, opposes Claimants' motion to strike the confidentiality designations in the transcript of his deposition taken by Claimants in the referenced action.

### INTRODUCTION

Respondent is the former chief engineer of the *M/V Dali*. He has been marooned in Baltimore for 14 months, more than 8,000 miles from his home and family in Chennai, India, as U.S. officials and private lawyers conduct exhaustive investigations into the *Dali*'s allision with the Francis Scott Key bridge. ████████████████████ ███████████████████████████████████████████████ ████████████████████████████████

Claimants' motion to strike presents no such question. Respondent has explained to Claimants that their motion is at best premature, as no party has an existing need to rely on Respondent's deposition transcript in any filings or appearances in this Court, and that need may never arise. And even if the need does arise, Claimants' argument is dead wrong on the merits. ███████████████████████████████████

[REDACTED]

For the reasons set forth below, the motion should be denied.

## MATERIAL FACTS

Respondent was serving as the chief engineer aboard the *M/V Dali* on March 26, 2024, the date of the allision with the Key bridge. [REDACTED]

████████████████████████████████████████████████████████████

████████

On April 15, 2024, the FBI executed a search warrant of the vessel and its crew, seizing most electronic devices of crew members on board at the time. ███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████[1]

On December 9, 2024, Claimants communicated that they intended to take Respondent's (and certain other crew members') depositions in "early 2025." ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

After cooperative, counsel-to-counsel discussions concerning deposition scheduling and document production, Claimants served a subpoena *duces tecum* on Respondent on February 4, 2025. The subpoena was much broader than Respondent anticipated based on the counsel discussions, █████████████████████████████████████████

█████████████████████████████████████████████. Meanwhile the parties

---

[1] ███████████████████████████████████████████████████████████████

████████████████████████████████████████████████

arranged for deposition dates, and on February 6, 2025, Claimants served a subpoena for a testimonial deposition to occur on February 18, 2025. (By agreement, Respondent's counsel accepted email service of both subpoenas.)

[REDACTED]

Coincidentally, while Respondent was considering these options, the parties submitted a Second Amended Protective Order, which the Court signed on February 3, 2025. (ECF No. 474) The new version of the order permitted third parties like Respondent to designate as confidential discovery information they produced. That change gave Respondent an option to move forward with the deposition [REDACTED] and without delaying the civil litigation or obstructing Claimants' ability to use his

testimony. Respondent then informed Claimants that he would produce certain documents as confidential within the meaning of the protective order, and that Respondent would designate his entire deposition transcript as confidential. *See* Mot. Strike Ex. 3, at 18-19 (deposition exchange reflecting agreement between counsel regarding confidentiality). Claimants' counsel did not object, and at the start of the deposition both Claimants' counsel and Respondent's counsel stated on the record that Respondent was designating the deposition as confidential within the meaning of the protective order. *Id.* at 19-22. No counsel objected at the deposition. *See id.*

On February 28, 2025, however, counsel for Claimant ACE Insurance emailed that he believed "the purported blanket 'confidential' advance designations of testimony announced at the beginning of the depositions are inappropriate" and requested that Respondent "review the actual transcripts to specify the pages and lines where you content that the specific testimony should be designated as confidential." Ex. B. On March 10, 2025, Respondent informed lead Claimants' counsel that no one had objected to Respondent's prior confidentiality designations. Nevertheless, without agreeing that line-and-page designations were required, Respondent ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

The parties thereafter had a meet-and-confer session that was not productive.

████████████████████████████████████████████



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

**ARGUMENT**

**A.**     ███████████████████████████████████████████████

███████████████████████████████

Federal district courts have authority under the rules of civil procedure and their

discretionary powers to manage civil discovery ████████████████████████████

████████████████████████████████████ How courts exercise

that authority varies given individual circumstances, but courts are nearly uniform on the

issue presented in this motion: ██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████ ████████████████████

---

[2] ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

[3] ███████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████



*Id.* Of course, the media is perfectly capable of downloading the transcripts Claimants have now filed from this Court's electronic docket if their motion is granted, and given the public interest in this case, it will be no surprise to see those transcripts published in newspapers and recited in visual media.

Ironically, Claimants now imply that *Respondent* is acting unreasonably because he did not accept Claimants' exploratory half-measures, like sealing the videotape. But Respondent, having reviewed the law in advance, had taken a reasonable position from the outset, and his position remains not only reasonable but virtually impenetrable under the overwhelming authorities cited above.

██████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

███████

**B.  Respondent has compelling interests in maintaining confidentiality over his deposition transcript.**

Claimants' motion either misunderstands or ignores Respondent's compelling interests in maintaining confidentiality over his deposition transcript. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████

---

[5] ████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████

**C.** ███████████████████████████████████
█████████████████████

Claimants present a handful of maxims in a section titled "This is a Public Proceeding," but none of them adds up to a coherent argument. To the extent Claimants are relying on the First Amendment right of access to court proceedings, their argument is untenable. Respondent's deposition transcript, like all pre-trial discovery, "stands on a wholly different footing than does a motion filed by a party seeking action by the court." *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). As the Supreme Court has explained, "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co.* v. *Rinehart*, 467 U.S. 20, 33 (1984) (footnote and citation omitted). Indeed, by rule in this Court parties are prohibited from filing discovery responses, including deposition transcripts, unless otherwise ordered. *See* D. Md. Local R. 104.5. Claimants cannot manufacture a public access issue by filing a preliminary motion on the ground that they *might* need to rely on Respondent's transcript in a substantive motion, such as a motion for summary judgment, at some point in this case. *See Waterkeeper Alliance*, 278 F.R.D. at 144 (de-designating only those confidential documents "that actually are attached as exhibits to motions for or in opposition to summary judgment, and are referenced therein, or are used in hearings or at trial."); ██████████████████
████████████████████████████████████████████████
████████████████████████████████████████,[6]

---

[6] ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

Claimants also insist that Respondent has made indiscriminate, "wholesale" or "blanket" confidentiality designations in contravention of the Court's expectations. *E.g.* Mot. Strike at 14. On the contrary, ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████

## CONCLUSION

For the reasons stated, Respondent respectfully requests that the motion to strike be denied.

---

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Dated: June 9, 2025

Respectfully submitted,

/s/ *Gregg L. Bernstein*
Gregg L. Bernstein (#01340)
John J. Connolly (#09537)
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
Tel: 410 332 0444 / Fax: 410 659 0436
gbernstein@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Nonparty Respondent*
*Karthikeyan Deenadayalan*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of June, 2025, I caused copies of the foregoing document to be served through the ECF system (for the public version) and via e-mail on all registered counsel of record.

*/s/ John J. Connolly*
John J. Connolly (09537)
