## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| IN RE GRACE OCEAN PRIVATE, LIMITED, *et al.*,<br><br>　　　　　　Petitioners. | Civil Action No. 24-cv-000941-JKB<br><br>IN ADMIRALTY<br><br>███████████ |

## OPPOSITION OF NONPARTY RESPONDENTS',
## STEPHEN F.X. JAYAKUMAR, ROHIT S. BISHT, CHARLES M.A.J.J. VAZ,
## NISHANTH PITCHAIAH, AND SUBRAMANIAN GANESHKUMAR,
## TO CLAIMANTS MOTION TO STRIKE CONFIDENTIALITY DESIGNATIONS

### INTRODUCTION

This matter is before the Court on the Motion of the Civil Claimants who are seeking to recover damages from the Owner and Manager of the M/V DALI in this action as a consequence of the M/V DALI striking the Francis Scott Key Bridge on March 26, 2023. Certain of the Officers and Crew of the M/V DALI, who are not parties to the litigation, have been deposed as witnesses by the Civil Claimants pursuant to subpoenas. Those Officers and Crew have designated portions of the transcripts of their depositions to be "confidential" so as to prevent access to their testimony beyond parties and persons who have a reasonable need of access to the information in connection with the prosecution and/or defense of this action.

The Civil Claimants, in reliance on Fed. R. Civ. 26, Case Management Order No. 6, and the law of the case, ask the Court to strike the confidentiality designations on the primary basis that treating the Officers' and Crews' testimony to be "confidential" is limiting their ability to prosecute their claims in this action. They maintain that only those confidentiality designations that relate to personal "identifiers" should remain.

Nonparty respondents Stephan F.X. Jayakumar, Rohit S. Bisht, Charles M.A.J.J. Vaz, Nishanth Pitchaiah, and Subramanian Ganeshkumar, by their undersigned counsel, now jointly submit this Opposition to the Claimants' Motion to Strike the Confidentiality Designations of the transcripts of their depositions taken by Claimants in the above-captioned action.

## THE FACTS

Nonparty respondents are some[1] of the former Officers and Crew who were serving on board the M/V DALI when the vessel struck the Francis Scott Key Bridge on March 26, 2023. Stephan F.X. Jayakumar was the M/V DALI's First Officer ("First Officer"), Rohit S. Bisht was the vessel's Second Officer ("Second Officer"), Charles M.A.J.J. Vaz was the vessel's Bosun ("Bosun"), Nishanth Pitchaiah was the vessel's Fourth Engineer ("Fourth Engineer"), and Subramanian Ganeshkumar was the vessel's Oiler ("Oiler") (collectively referred to hereinafter as the "M/V DALI Crew").

All of the M/V DALI crew are Indian nationals.



Because of the time that they were already serving on the M/V DALI before the accident on March 26, 2024, the majority of the M/V DALI Crew have been away from home for much longer than thirteen

---

[1] Three other Officers of the M/V DALI, i.e., the Captain, the Chief Engineer, and the Electrical Officer, are separately represented, and they are separately opposing the Motion to Strike the Confidentiality Designations.

months[3]. The M/V DALI crew have been isolated together in Baltimore for a long time without having the immediate or close support of their families and friends in India.

Immediately following the accident on March 26, 2024, and while the M/V DALI Crew has been detained in Baltimore, the National Transportation Safety Board ("NTSB") commenced an investigation of the accident to determine the cause of the accident so as to ultimately make recommendations for preventing future accidents. The NTSB investigation is ongoing.

And, in large part because six people who were working on the Francis Scott Key Bridge at the time of the accident were killed, ███████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████

███████████████████████████████

█████████████████████████████████

██████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

---

[3] The Second Officer has not been home for almost 2 years as he joined the vessel in July of 2023, █████████████ ████████████████████ the Fourth Engineer to return home for a short period of time in August of 2024 to attend his sister's wedding in India.
[4] ██████████████████████████████████
████████████████

███████████████████████████████, this action began on April 1, 2024

when the Owner and Manager of the M/V DALI filed a Petition for Exoneration from or

Limitation of Liability. ECF #1 ("this Action" or "the Limitation Proceeding"). Numerous

parties, i.e., the Civil Claimants, thereafter, filed Answers to that Petition and asserted

claims for damages against the Owner and Manager of the M/V DALI in this Action. See

e.g., ECF #142, Amended Claim of the City of Baltimore and ECF #157, Answer and

Claim of the State of Maryland. ████████████████████████████

███████████████████████████████ the Civil Claimants are

prosecuting their claims for damages in this action against the Owner and Manager of

the M/V DALI with specific allegations that the actions and/or inactions of the M/V

DALI Crew, either on their own or as employees of the Owner or Manager of the M/V

DALI, were responsible or at fault for the M/V DALI to strike the Francis Scott Key

Bridge on March 26, 2024. See e.g., ECF #157, Answer and Claim of the State of

Maryland at Counts I Negligence, II Unseaworthiness, & III Gross Negligence (for but

one example, the State of Maryland alleges that the crew failed to adequately and

appropriately respond to power failures before and after the vessel departed from

Baltimore. ECF #157, at Count I, pg. 30 of 56). Those same concerns of the M/V DALI

Crew with the allegations in this Action ███████████████████

██████████ are all still valid today.

    In this Action, the Court entered Case Management Order No. 3 on November 7,

2024, which set the date for the completion of Phase I fact discovery as July 16, 2025

(later extended to August 29, 2025 by ECF #510), and for a trial to begin on June 1,

2026. ECF #438. On November 13, 2024, the Court entered Case Management Order

No. 4, which found good cause for a Protective Order given the "existence of sensitive

law enforcement and accident investigation materials, personal privacy concerns, and other sensitive information." ECF #440. Case Management Order No. 4 also provided for deposition transcripts or portions of deposition transcripts to be designated as "Confidential" ECF #440, ¶ 7, and the same Order provided the procedure for parties to object to the designation of information as confidential if they believed the designation was "inappropriate." ECF #440, ¶ 9.

███████████████████████████████████, the M/V DALI Crew were deposed pursuant to subpoenas issued by the Civil Claimants in Baltimore in March of 2025. Prior to the depositions of the M/V DALI Crew, counsel for the M/V DALI Crew requested that the deposition transcripts be treated as "confidential" pending receipt and review of the transcripts. The First Officer, the Second Officer, and the Bosun testified ██████████████████████. The Fourth Engineer and the Oiler also testified, ████████████████████. Following receipt and review of the transcripts, counsel for the M/V DALI Crew designated the majority of the deposition transcripts of the M/V DALI Crew to be "confidential" as provided for in the Court's Case Management Orders.


## ARGUMENT

In determining whether good cause exists to support a confidentiality or protective order, courts have a great deal of discretion. *See* Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 432-33 (1991)); accord, Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390,

402 (4th Cir. 2003) ("district courts have broad discretion in their resolution of discovery problems that arise in cases pending before them."). To resolve discovery issues like those presented in this Motion, Courts must balance the interests involved — the harm to the party seeking the protection versus the importance of public disclosure. <u>Rech v. Wal-Mart Stores East, L.P.</u>, 2020 U.S. Dist. LEXIS 107418, at * 4, 2020 WL 3396723, at *2 (D.S.C. June 18, 2020) (The District Court considered the defendant's request for an order confirming its prior designation of certain documents to be "confidential," and the defendant's motion to confirm the confidentiality was granted.).

The M/V DALI Crews' designation of portions of their deposition transcripts was not inappropriate. There was good cause for the Court to enter the Protective Order with a specific provision for keeping deposition transcripts confidential last November, and there is still good cause for access to the deposition transcripts of the M/V DALI crew to remain limited to the parties and persons who have a reasonable need of access to the information in connection with the prosecution and/or defense of this action. The Civil Claimants have not shown otherwise in the Motion to Strike the Confidentiality Designations for the following reasons.

**POINT I**

**Maintaining the Confidentiality Designations
will continue to Protect the M/V DALI Crew's Legitimate Interests
<u>in Limiting the Dissemination of their Deposition Transcripts</u>**

The M/V DALI Crew have compelling and legitimate interests to maintain the confidentiality of their deposition transcripts. The compelling interests arise from ███

███████████████████████████████████████████,

6

and they also have valid personal privacy concerns which involves protection of their personal safety and not subjecting them to embarrassment.





- *The deposition transcripts of the M/V DALI Crew for this Action should be kept "confidential" to protect the Crew's personal privacy concerns.*

The M/V DALI Crew maintains that their personal privacy concerns status as subjects in the DOJ's Criminal Investigation is a compelling reason for keeping their deposition transcripts in the civil case to be confidential. As noted above, these concerns are based on maintaining the M/V DALI Crews' personal safety and protecting them from embarrassment that would be occasioned by the public disclosure of deposition transcripts where they were subjected to leading questions on sensitive topics that often

8

followed the allegations set forth in the Civil Claimants' pleadings, namely that the M/V DALI Crew was somehow incompetent and/or failed to adequately or appropriately respond to events related to the Francis Scott Key Bridge accident on March 26, 2003.

In support of their position with regard to their privacy concerns, the M/V DALI Crew incorporates by reference and adopts all the arguments as to "personal safety" and "embarrassment" interests that are presented in the Opposition of Respondent Karthikeyan Deenadayalan at page 15 of that Opposition as if set forth in full herein. Suffice it to say, it should be self-evident from the magnitude and notoriety of the Francis Scott Key Bridge accident that the M/V DALI Crews' concerns with "personal safety" and "embarrassment," are genuine concerns.

## POINT II

### There is No Reasonable Need for Public Disclosure
### of the M/V DALI Crew's Deposition Transcripts

Claimants' Motion identifies only two interests that would be served by striking the confidentiality designations of the deposition transcripts. Primarily, it is argued, that the confidentiality designations "greatly restrict their [claimants'] ability to advocate for their clients." Apart from that, claimants broadly maintain that the confidentiality designations should be stricken because this is a case of "immense interest." Neither is a persuasive interest that warrants striking the confidentiality designations in the circumstances of this case.

First of all, this Action is still in the discovery phase, there is a lot more discovery to taken, and the trial of this matter is not scheduled for another year. The Claimants'

9

have obtained discovery from the M/V DALI Crew[5], and the confidentiality designations of the M/V DALI Crew's deposition transcripts are not infringing in any way on the Claimants' ability to discover further evidence that may be relevant or necessary for the prosecution of their claims against the Owner and Manager of the M/V DALI. And, as noted by Respondent Karthikeyan Deenadayalan, "no party has an existing need to rely on Respondents deposition transcript in any filings or appearances in this Court, and that need may never arise." And if that need does arise with respect to substantive motions, there are still procedures available to maintain the confidentiality designations and, at the same time, protect the Claimants' advocacy interests, i.e., motions to seal that would only involve selected portions of the deposition testimony that was necessary for a substantive motion. Indeed, the generalized argument that the confidentiality designations are restricting the Claimants' ability to prosecute their claims is belied by the fact that Claimant The State of Maryland filed a motion last week for Leave to File an Amended Complaint to provide more detail to its factual allegations based on information it obtained through discovery and they further represented that an amended complaint will not cause any prejudice because "discovery is ongoing." (ECF # 536). Simply put, the confidentiality designations are not restricting the Claimants' ability to advocate for their clients and there is no prejudice to the Claimants.

And the fact that this case may be of "immense interest" to the general public is not a compelling interest for jeopardizing the rights of the MV DALI Crew in the circumstances of this case. Initially, and again as noted by Respondent Karthikeyan

---

[5] In addition to the 5 members of the M/V DALI Crew that are now opposing the Motion to Strike, the Claimants deposed others who were serving as crew on the M/V DALI at the time of the Francis Scott Key Bridge accident, i.e., the vessels Third Officer, an able-bodied Seaman, and a Trainee Engineer, in London this past May.

10

Deenadayalan, the deposition transcripts are pre-trial discovery that stands on a different footing than documentation that is routinely filed in the court and they are not routinely made accessible to the general public. More importantly for the case at hand, however, the public interest is more than adequately being served by the NTSB. The NTSB makes regular public announcements as to the status of its investigation into the cause of the Francis Scott Key Bridge and it maintains a website that provides regular updates for the general public that includes safety updates. See, NTSB.gov, Investigation ID DCA A24MM031. The NTSB has already released to the public selected transcripts of its appropriately redacted interviews with the M/V DALI Crew. And just last week, on June 2, 2025, the NTSB released the transcripts of the M/V DALI's voyage data recorder that span from the afternoon of March 25, 2024, through the Francis Scott Key Bridge accident and immediate aftermath. In these circumstances, there is no persuasive public interest to be served by striking the M/V DALI Crew's confidentiality designations of their deposition transcripts.

### POINT III

#### A Proper Balance of the Interests Involved
#### Necessitates Maintaining the Status Quo

The M/V DALI Crew are foreigners detained in the United States because they were working as crewmembers on a container ship that struck the Francis Scott Key Bridge on March 26. 2024. None of them could have ever imagined ████████████ ████████████████████████ when they signed onboard to work on the M/V DALI as they had done throughout their seagoing careers. But unfortunately the M/V DALI struck the Francis Scott Key Bridge and ████████████████████ ████████████████████████████████████████

████████████████████████████████████████

████████████████████████ The M/V DALI Crew, therefore, have a strong, strong

interest to see that the transcripts of their testimony that was provided for a civil case

against the Owner and Manager of the container ship remain confidential.

Most importantly, the M/V DALI Crew are not parties to the civil case, i.e. this

action. As such, they naturally have different expectations than the parties to this

Action. Just because they have information that falls within the scope of party discovery

does not mean that their rights should be compromised nor does it mean that their

privacy needs to be compromised. As non-party fact witnesses to this Action, the M/V

DALI Crew should be afforded greater protection from the release of sensitive

information to the public.

By contrast, the importance of public disclosure of their pre-trial deposition

testimony is not strong at all. The confidentiality designations are not preventing the

Claimants from prosecuting their claims against the Owner and Manager of the M/V

DALI. The best they can be said by the Claimants is that they may be inconvenienced if

they need portions of the testimony for possible substantive motions down the road. But

inconvenience and down the road do not add up to a need for public disclosure at this

point in the litigation.

And the M/V DALI Crew – who benefit from the confidentiality designation – are

not public figures or officials. As such, any need or any entitlement to public scrutiny of

their testimony has little credence. And this is especially so where the NTSB is more

than adequately serving the public interest.

The balance of equities tip in favor of the M/V DALI Crew, and their

confidentiality designations of their testimony as set forth in their respective deposition

transcripts are appropriate in the circumstances of this Action and at this stage of the litigation.

## CONCLUSION

For the reasons stated, the M/V DALI Crew, i.e., respondents Stephan F.X. Jayakumar, Rohit S. Bisht, Charles M.A.J.J. Vaz, Nishanth Pitchaiah, and Subramanian Ganeshkumar, respectfully request that the Motion to Strike be denied.

Dated; June 9, 2025

Respectfully submitted,

**MALLON LLC,**

*/s/ Marshall N. Perkins*
Joseph T. Mallon, Jr. (Fed. Bar No. 22878)
Marshall N. Perkins (Fed. Bar No. 25514)
Suite 815
300 E. Lombard Street
Baltimore, Maryland 21202
(410) 727-7887
Fax: (410) 727-4770
jmallon@mallonllc.com
mperkins@mallonllc.com

*Counsel for Interested Parties*
*Stephan Fernando Kwinteen Jayakumar,*
*Rohit Singh Bisht, Kumararaja Kuppuswamy,*
*Antony Xavier Fernando Goodwin, Nishanth Pitchaiah,*
*Charles Vaz, and Subramanian Ganeshkumar*

Owen F. Duffy, Esquire (*Pro hac vice*)
**Law Office of Owen F. Duffy**
56 Garden City Avenue
Point Lookout, NY 11569
(516) 721-8793
Fax: (516) 259-8972
owen@oduffy-law.com

13

*Counsel for Interested Parties*
*Stephan Fernando Kwinteen Jayakumar,*
*Rohit Singh Bisht, Kumararaja Kuppuswamy,*
*Antony Xavier Fernando Goodwin, Nishanth Pitchaiah,*
*Charles Vaz, and Subramanian Ganeshkumar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2025, I caused copies of the foregoing document to be served through the ECF system on all registered counsel of record.

_____/s/ Marshall N. Perkins_____
Marshall N. Perkins (Fed. Bar No. 25514)

14