**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**
-----------------------------------------------------------------x

In the Matter of The Petition of

GRACE OCEAN PRIVATE LIMITED, as Owner          Docket No: 1:24-cv-00941
of the M/V DALI,

                                                *IN ADMIRALTY*

              And

SYNERGY MARINE PTE LTD, as Manager of the
M/V DALI,

For Exoneration from or Limitation of Liability.
-----------------------------------------------------------------x

### CLAIMANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE CONFIDENTIALITY DESIGNATIONS TO THE M/V DALI VESSEL EMPLOYEES' DEPOSITION TRANSCRIPTS

Claimants, through undersigned counsel, respectfully submit this reply brief in further

support of their Motion to Strike the Confidentiality Designations to the M/V Dali Vessel

Employees' Deposition Transcripts. (ECF No. 513).

The crewmembers' briefs fail to address the text of the controlling Case Management

Orders that are the law of the case. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████



The Designating Parties' vague concerns do not justify the considerable burdens that the parties and Court must undertake in the face of these designations. So far, those burdens include sealing of public proceedings, wholesale redactions of public filings, and pre-filing review of adversarial briefing. Claimants cannot even state in an open courtroom basic facts about these depositions. These needless measures greatly prejudice the Claimants' ability to litigate their case and will require the parties to conduct large portions of this litigation in secret, something the Court forewarned the parties it would not tolerate.

The designations should be struck.

Respectfully submitted this 23rd day of June 2025,

COZEN O'CONNOR

By:_____

  Robert Phelan, Esq.
  D. Md. Bar. ID 31070
  *Proctor in Admiralty*
  Lawrence F. Walker, Esq.
  D. Md. Bar ID 31059
  Daniel J. Luccaro, Esq.
  D. Md. Bar ID 31079
  One Liberty Place
  1650 Market St., Suite 2800
  Philadelphia, PA 19103
  (800) 523-2900
  rphelan@cozen.com
  lwalker@cozen.com
  dluccaro@cozen.com
  **Counsel for Claimant Ace American Insurance Company**

ANTHONY G. BROWN
Attorney General of Maryland
Robert A. Scott (24613)
Howard R. Feldman (05991)
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
rscott@oag.state.md.us
(410)576-63214

and

*/s/* Margaret Fonshell Ward
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

/s/ David *L. Reisman*
R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com
(504) 581-7979

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
(212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
(858) 795-0426

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
(713) 659-5200
*Admitted *Pro hac vice*
**Attorneys for State of Maryland**

Daniel O. Rose
Kreindler & Kreindler LLP
485 Lexington Avenue Ste 28th Floor
New York, NY 10017
drose@kreindler.com
(212) 973-3414
**Lead Counsel for Personal Injury and Wrongful Death Claimants**

Adam J. Levitt
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
(312) 214-7900
*Lead Counsel for Local Government Claimants*

Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201 Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
(443) 716-4400
*Lead Counsel for Private Economic Loss
Claimants*

Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
(410) 625-2272
Facsimile: (443) 817-0744
*Lead Counsel for Cargo Claimants*

## <u>TABLE OF CONTENTS</u>

**Page**

I.  ARGUMENT ............................................................................................................ 1

    A.  The Designating Parties Fail to Address this Court's Case Management Orders ............................................................................................................. 1

    B.  The Designating Parties Fail to Articulate a Rationale Justifying Blanket Sealing and Closed-Door Judicial Proceedings. ...................................................... 3

    C.  This is Not a Secret Proceeding ............................................................................. 7

II.  CONCLUSION ...................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adkins v. Roberts*,
　No. 5:18cv271-MCR-MJF, 2020 WL 9073446 (N.D. Fla. Aug. 3, 2020) ...............................4

*Beaty v. Schriro*,
　2004 WL 7324720 (D. Ariz. July 15, 2004) ...........................................................................4

*Benedict v. Hankook Tire Company Limited*,
　323 F.Supp.3d 747 (E.D. Va. 2018) .......................................................................................3

*Digital Equipment Corp. v. Currie Enterprises*,
　142 F.R.D. 8 (D. Mass. 1991) .................................................................................................4

*Fidelity Nat'l Title Ins. Co. v. National Title Resources Corp.*,
　980 F. Supp. 1022 (D. Minn. 1997) ........................................................................................4

*In re CFS-Related Secs. Fraud Litig.*,
　256 F. Supp. 2d 1227 (N.D. Okla. 2014) .............................................................................3, 4

*Innovative Therapies, Inc. v. Meents*,
　302 F.R.D. 364 (D. Md. 2014)................................................................................................3

*Lakeside v. Oregon*,
　435 U.S. 333 (1978)................................................................................................................6

*Lizarraga v. City of Nogales*,
　2007 WL 215616 (D. Ariz. 2007) ..........................................................................................4

*Republic Credit Corp. I v. Autorino*,
　No. CIV399CV286PCD, 2001 WL 789310 (D. Conn. June 1, 2001).....................................4

*Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc.*,
　886 F. Supp. 1134 (S.D.N.Y. 1995).........................................................................................4

*United States v. Hames*,
　2020 WL 10139368 (N.D. Al., Nov. 20, 2020) .......................................................................4

*Waldbaum v. Worldvision Enterprises, Inc.*,
　84 F.R.D. 95 (S.D.N.Y. p979) ................................................................................................4

## **Other Authorities**

First Amendment ....................................................................................................................7

████████ ............................................................................................. *passim*

ECF No. 43-2 ...........................................................................................................1, 5

ECF No. 440 ¶ 1 .........................................................................................................7

ECF No. 455 ¶ 3 ......................................................................................................1, 7

ECF No. 467, ¶ 2 .........................................................................................................3

ECF No. 467, ¶ 9(a) .....................................................................................................2

ECF No. 467 ¶ 9(c) ......................................................................................................2

ECF No. 542 ¶ 2 ..........................................................................................................1

ECF No. 542 ¶¶ 12-13 ..............................................................................................2, 4

ECF No. 542 ¶ 15 ........................................................................................................6

ECF No. 542 ¶ 17 ........................................................................................................7

Fed.R.Civ.P. § 26 .....................................................................................................3, 7

Fed. R. Civ. P. § 26(c) ..............................................................................................3, 7

L.R. 105.11 .................................................................................................................2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**
----------------------------------------------------------------x
In the Matter of The Petition of

GRACE OCEAN PRIVATE LIMITED, as Owner          Docket No: 1:24-cv-00941
of the M/V DALI,

                        And                          *IN ADMIRALTY*

SYNERGY MARINE PTE LTD, as Manager of the
M/V DALI,

For Exoneration from or Limitation of Liability.
----------------------------------------------------------------x



**CLAIMANTS' MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE**
**THE CONFIDENTIALITY DESIGNATIONS TO THE M/V DALI VESSEL**
**<u>EMPLOYEES' DEPOSITION TRANSCRIPTS</u>**

## I.    <u>ARGUMENT</u>

The Designating Parties do not address the clear text of the Court's controlling case management orders, which prohibit "the wholesale sealing of documents." (ECF No. 455 at 3). And they do not articulate a coherent rationale for their limitless designations, which greatly hamper Claimants' counsel's ability to advocate for their clients. Since the designations were made, for example, a status conference has been closed to the public in this matter, vast amounts of judicial records have been needlessly redacted, and Claimants have had to forward adversarial briefing to opposing counsel for pre-filing review. ████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Claimants request that the Court strike the disputed confidentiality designations.

### A.    The Designating Parties Fail to Address this Court's Case Management Orders.

At outset of this case, this Court warned that confidentiality designations must be used sparingly. Judge Bredar explicitly prohibited "the wholesale sealing of documents" because that practice "would not adequately protect the public's interest in access to this case." (ECF No. 455 at 3). The Designating Parties cannot square their arguments with the Court's explicit orders and so they avoid confronting them. Instead, they assert that "the public has no right to pretrial discovery." (ECF No. 542 at 2). But this dispute does not involve attempts to obtain discovery material by non-parties; it involves a violation of a court order that severely prejudices Claimants. The Designating Parties argue that Claimants cannot even *describe* in open court the testimony of these important witnesses. This untenable position has profoundly negative

implications for the significant amount of briefing and hearings that will precede the Limitation Trial next June. Claimants should not be required to obtain pre-approval of their briefs for the remainder of this litigation. Claimants should not have to file needless and burdensome motions to seal every time they file a substantive motion in this case. And the Court should not have to waste its scarce time and resources considering those meritless motions.[1]

As none of the Designating Parties' oppositions squarely address the Court's case management orders, Claimants' arguments in favor of compliance with those orders remain unrebutted. Indeed, the Designating Parties' ignorance as to the orders is evident throughout their papers. They confusingly argue that Claimants did not properly object to their confidentiality designations at the outset of the testimony. (*See, e.g.*, ECF No. 542 at 12-13). But all depositions are presumptively confidential under the Court's order for fourteen days after the receipt of the transcript. (ECF No. 467, ¶ 8). In that period, the designating party is obliged to identify their designations *in writing*, specifying page and line numbers. (*Id.*). There is no obligation to address the incorrect and untimely designation by designating counsel at the beginning of any deposition and no deposition could efficiently proceed if there was such an obligation.

The Designating Parties' designations clearly violate the plain language of this Court's orders. They should be struck.

---

[1] As the Court is aware, the sealing process under the Court's local rules and the operative protective order is very involved and clearly contemplates very limited sealing of judicial records. Any time something is sealed, filing parties must present an Interim Sealing Motion identifying the reasons for the sealing and an explanation for why there are no less restrictive alternatives. L.R. 105.11. The Court must then wait 14 days to rule on the motion. *Id.* In the sealed filing, the filing party must highlight all information that he intends to seal. ECF Doc. No. 467, ¶ 9(a). Additionally, the filing party must file the sealed filing on the public docket, with redactions. *Id.* 9(a). And prior to filing the redacted copy of the materials, he must confer with his adversary, who has the right to review the redactions, to ensure they are as narrow in scope as possible. *Id.* 9(c).

B.    **The Designating Parties Fail to Articulate a Rationale Justifying Blanket Sealing and Closed-Door Judicial Proceedings.**

The Case Management Order is as clear on substantive matters as it is on procedure. The order provides no greater protections than those available under Rule 26(c). *See* ECF No. 467, ¶2 ("A party may designated a document 'Confidential' to protect information within the scope of Fed. R. Civ. P. 26(c)"). To justify their blanket confidentiality designations under Rule 26(c), the Designating Parties "must set forth specific and particular facts, rather than broad conclusory statements" as to why the Claimants and the Court must bear the burdens imposed by a protective order. *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014). Relatedly, the Fourth Circuit required that a party seeking to seal any part of a judicial record bears the heavy burden of showing that the material, if publicly filed, will work a *clearly defined* and serious injury to the party seeking disclosure. *See e.g.*, *Benedict v. Hankook Tire Company Limited*, 323 F.Supp.3d 747 (E.D. Va. 2018).









███████████████████████████████████████████████████████████████

The Designating Parties assertions of harm are just too broad and conclusory to satisfy Rule 26(c)'s exceedingly narrow standards. The designations should be struck.

C.     **This is Not a Secret Proceeding**

The Designating Parties shrug their shoulders at the First Amendment implications of their improper designations. The Court's warnings that the parties take concerted steps to preserve the public's right of access to this vitally important proceedings are not mere "maxims." (ECF No. 542 at 17). The Court itself has made this very clear. At the outset of this matter, Judge Bredar *sua sponte* revised the parties' proposed protective order "to ensure that the parties do not propose overbroad redactions that would improperly infringe on the public's right of access to this Action." (ECF No. 440 at 1). When the parties later attempted to "jettison" the Court's sealing procedures in a subsequent amended protective order, their efforts were rejected and the Court "forewarned [the parties] that any request for a protective order that contemplates wholesale sealing of documents—as opposed to the application of carefully limited redactions— will likely be denied." ECF No. 455, at 3. The Designating Parties' blanket designations flout the Court's clear admonitions.

More mass sealing of documents will certainly occur if the designations are not struck now. The critical issue for claimants at the Limitation Trial is, of course, the Petitioners' privity and knowledge of the numerous negligent acts giving rise to this disaster. ███████████ ████████████████████████████████████████████████████████████████ ██████████████████████ This fact was admitted by the Designating Parties here. If the

depositions remain confidential, the Court will be making critical evidentiary decisions upon sealed records, and the public will not understand the rationale behind the Court's decision-making in this important case.

Lastly, as already described, the designations have enormous practical burdens. Claimants must walk on eggshells in court and in depositions with parties not subject to the protective order, lest they be accused of violating the witnesses' limitless designations. The latest status conference had to be entirely sealed, and members of the public and the bar were removed by the Court from the Courtroom. █████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████ Finally, all briefing describing these important depositions will have to be pre-reviewed by opposing counsel. The designations at issue do not merit these time-consuming measures. Claimants request that the Court make this clear now, before pre-trial briefing begins and strike the improper designations.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Claimants respectfully request that this Court strike the

confidentiality designations, except as to personal identifiers.

Respectfully submitted,

COZEN O'CONNOR

By:_____
   Robert Phelan, Esq.
   D. Md. Bar. ID 31070
   *Proctor in Admiralty*
   Lawrence F. Walker, Esq.
   D. Md. Bar ID 31059
   Daniel J. Luccaro, Esq.
   D. Md. Bar ID 31079
   One Liberty Place
   1650 Market St., Suite 2800
   Philadelphia, PA 19103
   (800) 523-2900
   rphelan@cozen.com
   lwalker@cozen.com
   dluccaro@cozen.com

   *Counsel for Claimant Ace American Insurance*
   *Company*

Dated: June 23, 2025