## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>Of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>And<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

### CLAIMANTS' MOTION TO COMPEL PETITIONERS TO ANSWER CLAIMANTS' INTERROGATORY SEEKING BASIC WITNESS INFORMATION

Claimants, appearing herein through court-appointed lead counsel, respectfully move this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling Petitioners, Grace Ocean Private Ltd., Synergy Marine Pte. Ltd., to answer Claimants' single interrogatory seeking the identification of Petitioners' anticipated trial witnesses. Counsel for the Claimants and Petitioners met and conferred on August 1, 2025, but were unable to resolve this issue.

Petitioners refuse to provide this basic information, stating only that they will provide a list of witnesses by the deadline in the Case Management Order, which is October 31, 2025.[1]  The obvious problem is that discovery closes two months earlier, on August 29.[2]  Claimants have fought for and diligently pursued discovery from key witnesses, spending weeks abroad to depose members of the DALI's crew and shoreside managers that Claimants identified through their industrious discovery efforts.  But if Petitioners select new or different witnesses for trial—perhaps as a strategic response to prior deposition testimony—the revelation of those witnesses will come too late for Claimants.  Knowing what witnesses Petitioners are likely to call and what their anticipated testimony will be informs the discovery efforts Claimants must take in the precious little time remaining.

The grounds for compelling Grace Ocean Private Ltd. and Synergy Marine Pte. Ltd. to respond are set forth in greater detail in the accompanying memorandum.

WHEREFORE, Claimants respectfully move this Court to require Petitioners to answer Claimants' Interrogatory and to identify the witnesses that Claimants will or may call at the trial, whether live or by deposition, and the nature of the anticipated testimony.

---

[1]  ECF Doc. 438, p. 7.

[2]  ECF Doc. 510, p. 1.

Respectfully submitted this 1st day of August 2025,

*/s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

*/s/ David L. Reisman*
R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
T: (504) 581-7979
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

-3-

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*
**Attorneys for State of Maryland**

Daniel O. Rose
Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
***Lead Counsel for Personal Injury and
Wrongful Death Claimants***


Robert W. Phelan
Cozen O Connor
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
rphelan@cozen.com
Telephone: (212) 908-1274
Facsimile: (866) 850-7490
***Lead Counsel for Property Damage Claimants***


Adam J. Levitt
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
***Lead Counsel for Local Government Claimants***


Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
***Lead Counsel for Private Economic Loss
Claimants***

Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road
Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
Telephone: (410) 625-2272
Facsimile: (443) 817-0744
***Lead Counsel for Cargo Claimants***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of August 2025, a copy of the foregoing Motion to Compel was served via the court's CM/ECF system on all counsel of record.

*/s/ David L. Reisman*
David L. Reisman (La. Bar # 21833)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>Of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>And<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**MEMORANDUM IN SUPPORT OF CLAIMANTS' MOTION
TO COMPEL PETITIONERS TO ANSWER CLAIMANTS'
INTERROGATORY SEEKING BASIC WITNESS INFORMATION**

On June 29, 2025, Claimants served a Second Set of Interrogatories on Petitioners Grace Ocean Private Ltd. and Synergy Marine Pte. Ltd.  The discovery consisted of a single interrogatory (Interrogatory No. 75 to Synergy, and No. 68 to Grace Ocean) which sought the following information:

**INTERROGATORY**

Please Identify each and every witness that You will or may call at the trial of this case, describe in detail the nature of each witness's anticipated testimony, state whether the witness will testify at trial or whether the

witness may testify at trial, and state whether You intend
to offer the testimony by deposition or live.

On July 29, 2025, the last possible day (and after the close of business),
Petitioners responded by providing no substantive information and objecting to the
request as privileged, unduly burdensome, and premature. The response then stated
that "Petitioner will provide a list of its witnesses in accordance with the
requirements of LR 106 by the deadline set forth in Case Management Order No.
3."[1] That is October 31, 2025—more than two months *after* the close of discovery
on August 29.

Petitioners' objections are not well-founded. "Clearly, there is nothing
irrelevant, overly broad, harassing, burdensome, vague, ambiguous, or otherwise
improper about an interrogatory asking for the names and contact information of
potential witnesses and the facts which they possess." *Jones v. Bank of Am., N.A.*,
No. 3:14-CV-11531, 2015 WL 1808916, at *4 n.1 (S.D. W.Va. Apr. 21, 2015);
*Nesselrodte v. Underground Casino & Lounge, LLC*, No. 3:11-CV-92, 2012 WL
4378168, at *4 (N.D. W.Va. Sept. 25, 2012) (noting that requesting witness
information through interrogatories is "permissible discovery that is not overbroad
or unduly burdensome"). Petitioners even acknowledge that they must supply this

---

[1] *See* Exhibit 1 – Grace Ocean's Response to Second Set of Interrogatories and Exhibit 2 – Synergy's Response to Second Set of Interrogatories.

information eventually.  The only question is **when**.  And, because much of the requested information would have been required under standard Rule 26(a)(1) Initial Disclosures had the Court not struck that requirement, Petitioners have had a many-month reprieve to provide this basic information.

In any case, the waiver of initial disclosures does not excuse a party from identifying witnesses during discovery, particularly when such information is requested through interrogatories.  Under Rule 26(e), a party must supplement discovery responses if they learn "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  In other words, if the Petitioners currently have knowledge of witnesses they "will or may call at the trial of this case," they have "a duty to identify [such] witnesses in [its] interrogatory response." *Wondimante v. Assefa*, No. CV DKC 2004-3718, 2006 WL 8456990, at *13 (D. Md. Oct. 12, 2006).[2]

---

[2] Failing to comply with that "continuing obligation" subjects a party to "sanctions authorized by Fed. R. Civ. P. 37(c)(1)," including "the exclusion of evidence and witnesses." *Wondimante*, 2006 WL 8456990, at *13.  And, as relevant here, exclusion is partially appropriate when a party seeks to disclose known witnesses "after the discovery period has closed," without substantial justification for the delay. *Childress v. Roberts*, No. CV 7:17-2529-HMH-JDA, 2019 WL 211089, at *4 n.2 (D.S.C. Jan. 16, 2019) (quoting Fed. R. Civ. P. 37(c)(1)).  Any result otherwise "goes against the fundamental purpose of discovery," and "creates a perverse incentive for parties to delay" disclosure "by waiting to the last possible moment" and "surprise

-3-

Courts in this Circuit routinely hold that disclosing witnesses post-discovery severely prejudices the opposing party. *See, e.g.*, *Folse v. McCormick*, No. 2:22-CV-00435, 2024 WL 3085143, at *4 (S.D.W. Va. June 21, 2024); *Gomez v. Haystax Tech., Inc.*, No. 1:16-CV-1433, 2017 WL 11506331, at *11 (E.D. Va. Oct. 17, 2017); *Harris v. Copeland*, No. 2:11-CV-02209-GRA, 2013 WL 5428520, at *9 (D.S.C. Sept. 26, 2013); *Yates v. Computer Scis. Corp.*, No. 1:12CV1494, 2014 WL 10295361, at *2 (E.D. Va. Mar. 5, 2014); *Quesenberry*, 267 F.R.D. at 481; *Wondimante*, 2006 WL 8456990, at *14. But that prejudice would be even more pronounced here considering the distinctive nature of this litigation: This matter is one where Rule 26(a)(1) Initial Disclosures were waived, where witness lists will follow after the close of discovery, where the process of discovery has entailed and may continue to entail significant international travel and depositions abroad, where most witnesses are beyond the subpoena power of the Court, and where the case itself presents issues of great importance to the public.

No authority cited in Petitioners' objections justifies their dilatory tactics and refusal to provide Claimants with this critical information. In the interest of fairness and in consideration of the exigencies of international discovery, this Court has ample discretion to enter an order compelling Petitioners to answer Claimants'

---

opponents with key witnesses at trial." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 481-82 (W.D. Va. 2010).

Interrogatory and provide the witnesses who may or will be called, whether they will be called live or by deposition, and the nature of their anticipated testimony. *See Jones*, 2015 WL 1808916, at *4 n.1; *Nesselrodte*, 2012 WL 4378168, at *4.

Respectfully submitted this 1st day of August 2025,

> Margaret Fonshell Ward (04586)
> DOWNS WARD BENDER HERZOG
> & KINTIGH, P.A.
> 1350 McCormick Road
> Executive Plaza 3, Suite 400
> Hunt Valley, Maryland 21031
> mward@downs-ward.com
> (410) 584-2800
>
> */s/ David L. Reisman*
>
> R. Keith Jarrett, T.A. *
> David L. Reisman, T.A. (La. Bar # 21833)*
> Raymond T. Waid*
> Elizabeth B. McIntosh*
> Jessie E. Shifalo*
> Elizabeth A. Strunk*
> LISKOW & LEWIS
> 701 Poydras Street, Suite 5000
> New Orleans, Louisiana 70139-5099
> T: (504) 581-7979
> dreisman@liskow.com
> rkjarrett@liskow.com
> rwaid@liskow.com
> ebmcintosh@liskow.com
> jshifalo@liskow.com
> eastrunk@liskow.com
>
> Scott S. Partridge*

-5-

PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064

-6-

mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*
**Attorneys for State of Maryland**

Daniel O. Rose
Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
**Lead Counsel for Personal Injury and
Wrongful Death Claimants**

Robert W. Phelan
Cozen O Connor
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
rphelan@cozen.com
Telephone: (212) 908-1274
Facsimile: (866) 850-7490
**Lead Counsel for Property Damage Claimants**

Adam J. Levitt
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
**Lead Counsel for Local Government Claimants**

Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6

-7-

Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
***Lead Counsel for Private Economic Loss
Claimants***


Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road
Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
Telephone: (410) 625-2272
Facsimile: (443) 817-0744
***Lead Counsel for Cargo Claimants***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August 2025, a copy of the foregoing pleading was served via the court's CM/ECF system on all counsel of record.

*/s/ David L. Reisman*
David L. Reisman (La. Bar # 21833)