UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>Of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>And<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**CLAIMANTS' MOTION AND INCORPORATED MEMORANDUM
FOR EXPEDITED REVIEW OF MOTION TO COMPEL
PETITIONERS TO ANSWER CLAIMANTS'
INTERROGATORY SEEKING BASIC WITNESS INFORMATION**

Claimants, appearing herein through court-appointed lead counsel, respectfully move this Court for expedited review of Claimants' Motion to Compel Petitioners to Answer Claimants' Interrogatory Seeking Basic Witness Information.[1]

**Factual Background**

Claimants' Motion to Compel seeks an answer to a single interrogatory

---

[1] ECF Doc. 586

Claimants served on Petitioners on June 29, 2025. That interrogatory asked Petitioners to identify the names and expected testimony of witnesses Petitioners may call at trial. Petitioners waited until July 29, 2025, the last possible day (and after the close of business) to respond, and yet, their answer contained no substantive information, but only objections to the request.

Within approximately 15 minutes of receiving Petitioners' response, lead counsel for Claimants, David Reisman, contacted Petitioners to schedule a meet and confer to the address the issue. Prompt resolution of this issue is necessary because fact discovery closes in this matter on August 29, 2025. If Petitioners wait to disclose additional witnesses until after fact discovery closes, it will be too late for Claimants to conduct appropriate discovery efforts. The meet and confer was held at the earliest possible time for the parties, 11:30 Eastern Time on August 1, 2025. At the meet and confer, it became clear that no resolution would be reached without the Court's intervention. Claimants maintain that they are entitled to a timely, substantive response while Petitioners intend to stand on the objections they provided.

Claimants now respectfully seek expedited review of their Motion to Compel, and specifically an exception from the requirements of Local Rule 104.8, in light of the circumstances of this case and the exigency of this particular issue.

## **Argument**

This Court explained the ordinary process for filing motions to compel in

*Induction Therapies, LLC v. Ingenes, LLC*, No. DKC-21-0604, 2023 WL 3848370, at *1 (D. Md. Mar. 21, 2023) (Sullivan, J.):

> Local Rule 104.8 sets the procedure regarding motions to compel. If a party is dissatisfied with a response to an interrogatory or document production request, and the party has been unable to resolve the dispute informally, the party may serve a motion to compel on the responding party within 30 days of the deficient discovery response. Loc. R. 104.8(a). The motion is not to be filed with the Court. Id. Thereafter, the responding party has 14 days to serve its response to the motion, and then another 14 days for the moving party to serve its reply. Once the motion, response, and reply have been served, the parties are required to meet and confer to make sincere attempts to resolve the dispute. Loc. R. 104.7; 104.8(b). If the parties are unable to resolve their dispute during their conference, the moving party may then file the motion, response, reply, and Local Rule 104.7 Certificate on CM/ECF.

However, the Court's local rules also contemplate that expedited procedures may be warranted under the circumstances. *See* United States District Court for the District of Maryland, Local Rules, Appendix A, Discovery Guidelines, at Guideline 1(g).

This Court has further noted: "A party's failure to comply with Local Rule 104.8 does not require the denial of the party's motion to compel in all instances." *United States v. Ayyad*, No. CV PX-18-1784, 2021 WL 2471509, at *3 (D. Md. June 11, 2021) (Sullivan, J.) (citing *Chavis v. Plumbers & Steamfitters Loc. 486 Pension Plan*, No. 17-2729-ELH, 2019 WL 4879015, at *4 (D. Md. Oct. 3, 2019) (excusing moving party from Local Rule 104.8 where good cause existed and the non-moving party would not suffer any undue prejudice); *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 497 (D. Md. 2000) ("[A]n absolute rule requiring [dismissal]

without first determining whether the opposing party would suffer any real prejudice if the motion is granted would be too harsh a construction of the local rule.")). This case presents such a circumstance where an expedited procedure is warranted and an exception from Local Rule 104.8 should be made.

The disputed issue here is whether Petitioners are entitled to wait until after fact discovery closes—on August 29, 2025, less than 30 days from now—to respond to Claimants' request for the names and testimony of witnesses Petitioners may call at trial. If Claimants are required to follow Local Rule 104.8, they will be unable to complete the requisite process, obtain a ruling on their Motion, and perform the resulting additional discovery before the fact discovery deadline. As the Court is well aware, the discovery process in this case has entailed significant international travel and depositions abroad, all conducted within a compressed timeframe due to the more than 6-months taken by Petitioners to complete their production of documents requested by Claimants. A delayed ruling on Claimants' Motion to Compel is of no benefit to Claimants if they are unable to perform discovery with respect to the witnesses that Petitioners ultimately identify.

WHEREFORE, Claimants respectfully submit that good cause exists for this Court to permit a deviation from the Local Rules and to conduct an expedited review of the Claimants' Motion to Compel Petitioners to Answer Claimants' Interrogatory

Seeking Basic Witness Information.

Respectfully submitted this 1st day of August 2025,

/s/ *Margaret Fonshell Ward*
Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

/s/ *David L. Reisman*

R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
T: (504) 581-7979
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com

(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*

*Attorneys for State of Maryland*

Daniel O. Rose
Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
*Lead Counsel for Personal Injury and Wrongful Death Claimants*


Robert W. Phelan
Cozen O Connor
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
rphelan@cozen.com
Telephone: (212) 908-1274
Facsimile: (866) 850-7490
*Lead Counsel for Property Damage Claimants*


Adam J. Levitt
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
*Lead Counsel for Local Government Claimants*


Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400

*Lead Counsel for Private Economic Loss Claimants*


Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road
Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
Telephone: (410) 625-2272
Facsimile: (443) 817-0744
*Lead Counsel for Cargo Claimants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August 2025, a copy of the foregoing pleading was served via the court's CM/ECF system on all counsel of record.

/s/ David L. Reisman
David L. Reisman (La. Bar # 21833)