**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PTE LTD., as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**PETITIONERS' OPPOSITION TO**
**CLAIMANTS' MOTION TO COMPEL PETITIONERS TO RESPOND**
**TO CLAIMANTS' INTERROGATORY**
**<u>SEEKING A LIST OF TRIAL WITNESSES AND ANTICIPATED TESTIMONY</u>**

## <u>TABLE OF CONTENTS</u>

Page

SUMMARY OF OPPOSITION ................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND .................................................. 4

ARGUMENT ........................................................................................................... 6

    A.    Claimants' Interrogatory seeking a list of Petitioners' trial witnesses is premature in light of Fed. R. Civ. P. 26(a)(3) and Local Rule 106.4 ...................................... 6

    B.    Claimants' Interrogatory request for detailed summaries of the anticipated testimony of Petitioners' trial witnesses is unduly burdensome .......................... 13

    C.    Claimants' Interrogatory is also violative of the work product doctrine ............. 15

CONCLUSION ....................................................................................................... 17

Petitioners, through undersigned counsel BLANK ROME LLP and DUANE MORRIS LLP, submit this Memorandum in Opposition to "Claimants' Motion to Compel Petitioners to Answer Claimants' Interrogatory Seeking Basic Witness Information" at ECF No. 586 ("Motion to Compel" or "Motion").

## SUMMARY OF OPPOSITION

In bringing this Motion to Compel, Claimants seek to impose disclosure obligations on Petitioners, earlier in time, and greater in scope, than required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and their interpreting case law in this district. Claimants say they are merely asking Petitioners to answer a "single interrogatory" "seeking basic witness information." *See* ECF No. 586 at pp. 1-2. But that is plainly not the case.

Instead, the Motion to Compel seeks an order compelling Petitioners to respond to an interrogatory directed to each of them that states: "Please Identify each and every witness that You will or may call at the trial of this case, describe in detail the nature of each witness's anticipated testimony, state whether the witness will testify at trial or whether the witness may testify at trial, and state whether You intend to offer the testimony by deposition or live." ECF No. 586 at p. 8; *see also* ECF No. 586-1 at p. 4 (Interrogatory No. 68 to Petitioner Grace Ocean Ptd Ltd.) and ECF No. 586-2 at pp. 3-4 (Interrogatory No. 75 to Petitioner Synergy Marine Pte Lte), which are collectively referred to herein as the "Interrogatory." Of course, the plain text of the Interrogatory belies Claimants' gratuitous characterization of what they are requesting.

In responding to the Interrogatory, Petitioners objected on three separate and independent bases: (1) prematurity, in light of Federal Rule of Civil Procedure 26(a)(3), Local Rule 106, and the April 13, 2026 draft pretrial order deadline for Phase 1 set by the Court in its Case Management Order No. 3 (*see* ECF No. 438 at p. 8); (2) undue burden, including insofar as it asks Petitioners

to describe in detail the nature of each of their trial witness's anticipated testimony; and (3) as violative of the work product privilege. *See* ECF No. 586 at p. 9; *see also* ECF No. 586-1 at p. 4 (Response No. 68) and ECF No. 586-2 at p. 4 (Response No. 75).

The Motion to Compel argues these objections are unfounded because (1) Petitioners would have had to disclose much of the information sought by the Interrogatory in their initial disclosures under Rule 26(a)(1) "had the Court not struck the requirement"; and (2) "[k]nowing what witnesses Petitioners are likely to call and what their anticipated testimony will be informs the discovery efforts Claimants must take" in the remaining time in Phase I for completion of fact discovery. *See, e.g.,* ECF No. 586 at p. 2, 10. Claimants also generally assert that Petitioners are obligated under the federal rules to "identify[] witnesses during discovery" "when requested through interrogatories" and to supplement those responses under Fed. R. Civ. 26(e); therefore, according to Claimants, Petitioners must answer their Interrogatory seeking a list of trial witnesses along with their anticipated testimony at issue in this Motion to Compel. *See id.* at pp. 10-11.

Claimants' arguments miss the mark and are also misleading. In particular, Claimants repeatedly mischaracterize the Interrogatory at issue as seeking only "basic witness information" (*see, e.g.,* ECF No. 586 at pp. 1-2, 8), and they baldly assert that "Petitioners refuse to provide this basic information." *Id.* at p. 2. The implication in the Motion to Compel that Petitioners have "refused to provide" "basic information" during Phase 1 discovery, whether in response to discovery requests or otherwise, is categorically false.

As of the date of this filing, Petitioners have collectively responded in writing to one hundred forty-one (141) interrogatories, eighty-one (81) requests for production of documents, and fifty-eight (58) requests for admission served by Claimants, which does not even take into account the discrete subparts within many of the requests. A copy of Claimants' first set of discovery

requests served in this matter are appended hereto as Exhibits 1 through 5. In responding to these other discovery requests, Petitioners have identified numerous individuals in their respective interrogatory answers (and produced documents reflecting other individuals) as requested by Claimants that have discoverable information or knowledge as to particular topics at issue in this Limitation Proceeding,[1] such as crew members, shoreside employees, persons with certain job responsibilities, knowledge of particular topics, and the like. Notably, Claimants have not objected to the scope of Petitioners' responses to any of these discovery demands. Claimants have also taken more than 25 fact witness depositions to date in both Baltimore and London, with additional depositions noted for the upcoming week.

In addition, Claimants' Motion to Compel seeks to collapse two separate requirements under Federal Rule of Civil Procedure 26(a)—disclosure of persons likely to have discoverable information under Rule 26(a)(1) and disclosure of a party's trial witnesses under Rule 26(a)(3)— into one. However, these are distinct requirements which serve different purposes.

Relevant here, Rule 26(a)(3) governs the exchange of pretrial disclosures between parties, not Rule 26(a)(1) as Claimants contend or suggest in their Motion to Compel, and it requires the disclosure of only the name, address, and telephone number of trial witnesses, as well as a listing of all trial exhibits. *See* Fed. R. Civ. P. 26(a)(3)(A). Further, Rule 26(a)(3)(B) sets a time for providing these disclosures unless otherwise ordered by the court, and Case Management Order No. 3 along with Local Rule 106.4 provide that, in Phase 1 of this Limitation Proceeding, the Rule 26(a)(3) pretrial disclosures must be made in the proposed pretrial order submitted to the court by

---

[1] As the Court may recall from Claimants' prior motion to compel as to deposition location, on December 18, 2024, Petitioners' counsel had also identified certain Synergy employees with knowledge of the day-to-day operations on the Vessel, as a courtesy with the expectation that Claimants probably would likely want to depose such witnesses. *See* ECF No. 475, Ex. A.

April 13, 2026. *See* Fed. R. Civ. P. 26(a)(3)(B); Local Rule 106.4(c) (in this district Fed. R. Civ. P. 26(a)(3) disclosures are made in the parties' pretrial order submission); ECF No. 438 at p. 8.

Moreover, at least one Maryland federal district court has already squarely ruled on these issues in the case of *Marens v. Carrabba's Italian Grill, Inc*., 196 F.R.D. 35 (D. Md. 2000). In that case, the Honorable Paul W. Grimm (retired) considered the issue of whether the plaintiff's interrogatory seeking the names and addresses of every witness the defendant intended to call at trial and a summary of the facts each witness may testify to at trial (just like the Interrogatory here) is objectionable, on the plaintiff's motion to compel the defendant to respond to the interrogatory (like the Motion to Compel here). In the *Marens* case, Judge Grimm held such interrogatories are objectionable because they "would impose a disclosure obligation on the parties, greater in scope, and earlier in time, than otherwise required" by the federal rules and local rules in this district. Judge Grimm found "no compelling reason why [plaintiff] should have the information regarding witnesses…any earlier than they would be required by Rule 26(a)(3) and Local Rule 106."

For these and other reasons set forth more fully below, the Court should deny Claimants' Motion to Compel and sustain Petitioners' objections to the Interrogatory at issue.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of March 26, 2024, the M/V DALI, owned by GRACE OCEAN PRIVATE LIMITED and managed by SYNERGY MARINE PTE LTD (jointly referred to herein as "Petitioners"), allided with the Francis Scott Key Bridge.

On April 1, 2024, pursuant to the Shipowners Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq.* ("Limitation Act"), Petitioners filed a Complaint seeking exoneration from and/or limitation of liability before this Court (the "Limitation Proceeding").

After a Status and Scheduling Conference, the Court issued Case Management Order No. 3 on November 7, 2024, which set the scope of discovery and general procedure as well as a

4

schedule for Phase 1 of the Limitation Proceeding (*see* ECF No. 438), with an initial fact discovery deadline of July 16, 2025, which the Court later extended on joint motion of the parties (*see* ECF No. 509) to the current deadline—August 29, 2025. *See* ECF No. 510 at p. 1 (Order).

On November 13, 2024, Claimants, acting through the Court-appointed Leadership Committee, served Petitioner Synergy with (i) a First Set of Interrogatories containing seventy-four (74) numbered interrogatories including a total of at least 53 subparts; and (ii) a First Set of Requests for Production containing forty-four (44) numbered document requests. *See* Exhs. 1-2. Also on November 13, 2024, Claimants separately served Petitioner Grace Ocean with (i) a First Set of Interrogatories containing sixty-seven (67) numbered interrogatories with at least 5 subparts; and (ii) a First Set of Requests for Production containing thirty-seven (37) numbered document requests. *See* Exhs. 3-4. Claimants also served Synergy with a First Set of Requests for Admission containing fifty-eight (58) numbered requests for admission on December 3, 2024. *See* Exh. 5.

Petitioners served comprehensive written responses and objections to Claimants' First Sets of Interrogatories and Requests for Production of Documents in January 2025, after an agreed upon mutual extension of time to respond. To date, Petitioners have produced nearly 800,000 pages worth of documents in total. Petitioners began producing documents voluntarily before receiving any formal requests and continued producing documents on a rolling basis nearly every week thereafter, along with providing a continuously updated "Appendix to Petitioners' Responses to Claimants' Request for Production" in which Petitioners identify, by filename and bates ranges, the specific request(s) for production to which documents are responsive. Petitioners have also served a privilege and redaction log (which is currently 181-pages in length) as well as a separate privilege and redaction log as to the NTSB investigation privilege.

On June 29, 2025, Claimants served a Second Set of Interrogatories on both Petitioners, which contains the Interrogatory at issue in the Motion to Compel. Petitioners timely served their respective response and objections to the Second Set of Interrogatories on July 29, 2025.[2]

## ARGUMENT

Federal Rule of Civil Procedure 37(a) authorizes a party to move for an order compelling a response to interrogatories, if a party declines to answer an interrogatory. *See* Fed. R. Civ. P. 37(a)(3)(B). Federal Rule of Civil Procedure 33 governs interrogatories. It requires a party to answer an interrogatory to the extent it is not objectionable. *See* Fed. R. Civ. P. 33(a)(2) ("An Interrogatory may relate to any matter that may be inquired into under Rule 26(b)."). However, a party may object to an interrogatory if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 33(b)(4). In addition, all discovery is subject to the proportionality limitations imposed by Rule 26(b). *See* Fed. R. Civ. P. 26(b). "[D]istrict courts 'have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them].'" *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (citation omitted).

### A.   Claimants' Interrogatory seeking a list of Petitioners' trial witnesses is premature in light of Fed. R. Civ. P. 26(a)(3) and Local Rule 106.4

Petitioners objected to the Interrogatory as premature in their respective responses because discovery is not the stage of litigation at which a party identifies its trial witnesses to the opposing party. ECF No. 586-1 at p. 4; ECF No. 586-2 at p. 4. In responding to the Interrogatory, Petitioners agreed to provide a list of its witnesses on the timing provided under Local Rule 106 and

---

[2] In the Motion to Compel, Claimants seemingly imply, without factual support, that Petitioners acted in bad faith or are otherwise in the wrong somehow merely because they responded to this Second Set of Interrogatories on what Claimants call "the last day" to do so under Rule 33. Claimants' assertion is unnecessary, inappropriate, and entirely unwarranted.

established by the Court in its Case Management Order No. 3, and to the extent required under the rules governing pretrial disclosures. *Id.; see also* Local Rule 106.4(a)-(c); Fed. R. Civ. P. 23(a)(3).

The Motion to Compel fails to adequately address Petitioners' prematurity objection to the Interrogatory. Claimants baldly assert that "much of the requested information would have been required under standard Rule 26(a)(1) Initial Disclosures had the Court not struck[3] that requirement[,]" but Claimants cite no case law on this issue in support of their argument. ECF No. 586 at p. 3. Claimants relatedly argue that "waiver of initial disclosures does not excuse a party from identifying witnesses during discovery, particularly when such information is requested through interrogatories[,]" and a party is required to timely supplement or correct its responses under Federal Rule of Civil Procedure 26(e). This argument is inapposite. It conflates two entirely separate Rule 26(a) disclosure requirements which serve different purposes, *compare* Fed. R. Civ. P. 26(a)(1) *with* Fed. R. Civ. P. 26(a)(3), and has no application to Claimants' Interrogatory here.

To be clear, Petitioners do not dispute that the names of persons having knowledge of relevant facts or discoverable matters may be ascertained by interrogatories, or that generally there is a continuing obligation under Federal Rule of Civil Procedure 26(e) to seasonably supplement interrogatory responses. *See, e.g.,* Fed. R. Civ. P. 33(a)(2); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including . . . the identity and location of persons having knowledge of any discoverable matter."). However, an investigative interrogatory seeking such information is very different than the Claimants' Interrogatory here which purports to require Petitioners and their counsel to identify now "each" one of *their trial witnesses*. In other words, the thrust of Claimants' Interrogatory is not to discover investigatory information or evidentiary facts, but to prematurely discover trial

---

[3] It is standard in this district for initial Fed. R. Civ. P. 26(a)(1) disclosures to be waived in civil cases.

witness information in this litigation prior to the date set forth in the Court's Case Management Order No. 3, including counsel's intent in regard to fact witnesses expected to testify at trial.

There is absolutely no obligation under the law—and Claimants do not provide any legal support for claiming one—for Petitioners to disclose a list of witnesses expected to testify at trial in response to an interrogatory request. There is also no rule in this Circuit that a party must provide a list of *its trial* witnesses during the discovery phase. In fact, the rule is to the contrary.

Federal Rule of Civil Procedure 26(b)(1) does <u>not</u> require the parties to state the names and addresses of trial witnesses they propose or expect to testify at trial during the discovery phase. *See, e.g.,* Fed. R. Civ. P. 26(b)(1); *see also Miller v. Narval Shipping Corp.*, No. 00-0804, 2000 WL 1372985, at *2 (E.D. La. Sept. 20, 2000) (plaintiff was not entitled to the information requested in an interrogatory asking defendants to identify each witness which the defendants will or may call to testify at trial because, under Rule 26(b)(2) parties are not required to state that information). Rather, Rule 26(a)(3) requires the parties to disclose the names of non-expert witnesses in accordance with court orders, and under this Court's Local Rule 106.4(c) the disclosures are to be made in the pretrial order. *See* Fed. R. Civ. P. 26(a)(3); Local Rule 106.4(c). The draft pretrial order deadline set forth in the Court's Case Management Order No. 3 for Phase 1 of the Limitation Proceeding is April 13, 2026. ECF No. 438 at p. 8.

Judge Grimm's decision in *Marens v. Carrabba's Italian Grill, Inc.* is particularly instructive. In that case, the plaintiff filed a motion to compel substantive answers from the defendant to two interrogatories which sought: (1) "the name, address and other information regarding every witness the defendant intends to call at trial" and (2) "a summary of the facts each witness may testify to at trial," much like the Claimants in this case. *Marens*, 196 F.R.D. at 42. In denying the plaintiff's motion to compel and sustaining the defendant's objection, Judge Grimm

refused to order disclosure of the identity of defendant's trial witnesses "until the pretrial [statement] is submitted in accordance with Local Rule 106." *Id*.

Judge Grimm explained as follows:

As contemplated by Rule 26(b)(2), the Court has discretion to delay requested discovery, or order that facts sought by one discovery device be obtained by another. Rule 26(a)(3) requires the disclosures of the names and addresses of trial witnesses, as well as a listing of all trial exhibits. The Rule 26(a)(3) disclosures are required to be made in the pretrial order, Local Rule 106.4.c. Given the breath of plaintiff's other discovery requests, there is no compelling reason why [plaintiff] should have the information regarding witnesses and exhibits any earlier than they would be required by Rule 26(a)(3) and Local Rule 106.

*Id.*

Like in the *Marens* case, the Petitioners here should not be required now to identify "each" one of *their trial witnesses* earlier than they are required to be by Rule 26(a)(3), Local Rule 106, and Case Management Order No. 3, especially given the breadth of Claimants' first set of discovery requests. Other district courts have likewise declined to deviate from the established policy in local rules and/or the court's scheduling order providing the time for the exchanging of this sort of pretrial information (*e.g.* names/addresses of witnesses a party will call to testify at trial) sought by an interrogatory. S*ee Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 15 (D.D.C. 2004) (denying motion to compel the defendant to respond to an interrogatory request for the names of witnesses expected to be called at trial and a summary of anticipated testimony, as premature under the local and federal rules, which only required disclosure of the names of certain witnesses expected to testify at trial, at least 30 days prior to trial); *Eshelman v. Puma Biotechnology, Inc.*. No. 7:16-cv-18-D, 2017 WL 2483800, at *8-9 (E.D.N.C. 2017) (denying motion to compel the defendant to respond to a request for production of all evidence it intended to introduce at trial as premature citing to the *Marens* case); *Alfaro-Huitron v. WKI Outsourcing Sols., LLC*, CV 15-210 JCH/WPL, 2016 WL 10516099, at *2-3 (D.N.M. 2016) (denying motion

to compel the plaintiff's answer to an interrogatory asking it to identify "every person who Plaintiff may call to testify as a witness at the time of trial," holding "that disclosure of witnesses to be called at trial [was] premature."); *Woods ex rel. Johnson v. Nw. Airlines, Inc.,* No. 2:09-CV-02317-BBD-dkv, 2010 WL 11598163, at *3 (W.D. Tenn. 2010) (denying motion to compel the defendants to respond to an interrogatory asking them "to disclose those witnesses they may call to testify at trial" because,"[o]rdinarily, discovery is not the stage of litigation at which a party identifies its trial witnesses to the opposing party[.]").

On the other hand, Claimants do not cite a single case on this timing issue that involved an interrogatory seeking disclosure of the witnesses the other party will or may call to testify at trial. The one case Claimants cite in purported support of their arguments has no application to the Interrogatory at issue or this Motion to Compel. *See* ECF No. 586 at p. 10 (citing *Wondimante v. Assefa*, CV DKC 2004-3718, 2006 WL 8456990, at *13 (D. Md. Oct. 12, 2006)). In the *Wondimant* case, the plaintiff moved to strike the defendants' supplemental answer to an interrogatory, unlike here, where Claimants are moving to compel Petitioners to respond to an interrogatory. *Id.* at *1. Further, the interrogatory at issue in the *Wondimant* case did <u>not</u> ask the defendants for a list of the names of *their trial witnesses* or each trial witness's anticipated testimony, as Claimants' Interrogatory does here. Rather, in the interrogatory at issue in that case the plaintiff "had sought the names and addresses of witnesses with information relevant to this action in her first set of interrogatories," *id.* at *12, and the defendants had supplemented their answer to that interrogatory two weeks before the close of discovery to include over 25 new names of friends, relatives, and guests they allegedly knew of from the start. *Id.*

In granting the motion to strike the supplemental interrogatory answer, the *Wondimant* court found that the "[d]efendants' supposed inability to identify their friends, relatives, and guests

in their initial interrogatory responses [was] unpersuasive in the absence of any more specific explanation as to when the identity of any of the additional witnesses came to light. Therefore, Defendants were under a duty to identify these witnesses in that interrogatory response[,]" or at least to seasonably supplement. *Id.* at *13. Remarkably, in its argument, the Motion to Compel purports to quote the phrase "will or may call at the trial of this case" directly from the *Wondimant* case, *see* ECF No. 586 at p. 10 (putting that language in quotation marks). Yet, neither that exact phrase nor some variation of those words can be found anywhere in the *Wondimant* case. This inaccurate and misleading excerpt in the Motion to Compel appears to come from the actual and complete quote of the court's decision Petitioners set forth at the beginning of this paragraph. Thus, the *Wondimant* case is easily distinguishable, involving a standard interrogatory that sought the identity of persons with knowledge of discoverable information relevant to the case, more akin to this Court's "Standard Interrogatory No. 1." *See* Appendix D to the Local Rules.

The Motion to Compel's other case citations are equally unavailing. *See* ECF No. 586 at p. 11 (string cite of cases); *see also id.* at p. 10 n. 2 (citing cases for the general proposition that, a party's failure to comply with its continuing burden to supplement under Rule 26(e) may subject it to sanctions under Rule 37). Not a single case Claimants cite in the Motion to Compel dealt with an interrogatory seeking to require a party to list each of *their trial witnesses* or provide a summary of each trial witness's anticipated testimony during the discovery phase of litigation. And in most (if not all) of the cases they cite, the court was also not considering whether the interrogatory was objectionable or ruling on a motion to compel a party to respond to the discovery request.

Further, the reasons proffered in the Motion to Compel as to why Claimants believe Petitioners should be required to disclose information concerning their trial witnesses now during the discovery phase in response to their Interrogatory, *see* ECF No. 586 at pp. 11-12, are nowhere

close to compelling. For example, contrary to Claimants' contention, *see id.*, there is nothing "distinctive" in this district about Rule 26(a)(1) initial disclosures not being required, including in actions brought pursuant to the Limitation Act, or the parties' disclosure of trial witnesses being after the close of fact discovery. *See* Local Rule 106.4(c). Moreover, international travel to London for depositions abroad has zero relevance to, or impact on, the timing of the parties' exchange of this sort of pretrial information concerning the parties' anticipated trial witnesses. This argument appears to again be confusing investigative interrogatories seeking to identify persons with knowledge of discoverable matter, and Claimants' Interrogatory which seeks to require Petitioners to disclose their trial witnesses. *cf.* Local Rules at Appendix A, "Standard Interrogatory No. 1."

The breadth of Claimants' first set of discovery requests to Petitioners which they responded to in January of 2025, and that Claimants have taken a large number of fact witness depositions in this Phase 1 of persons identified with (potential) knowledge of discoverable matters, further invalidates Claimants' arguments and demonstrates there is no reason to require Petitioners disclose *their trial witness* information now during the discovery phase. *See Rohaley and Son Auto., Inc., v. Travelers Cas. Ins. Co. of Am.*, No. 1:20-cv-2700, 2022 WL 3701600, at *12 (N.D. Ohio 2022) (finding "given the breadth of other discovery requests, which already ask for the identity of persons with knowledge and all documents relied upon by" plaintiff to answer interrogatories and substantiate the allegations in the complaint, there is no reason plaintiff should also have information concerning trial witnesses earlier than contemplated by Rule 26(a)(3).").

For at least all these reasons, the Court should deny the Motion to Compel and sustain Petitioners prematurity objection to the Interrogatory.

**B.      Claimants' Interrogatory request for detailed summaries of the anticipated testimony of Petitioners' trial witnesses is unduly burdensome**

Contrary to Claimants' assertion, *see* ECF No. 586 at p. 10, it is not just a question of *when* the information sought by the Interrogatory be provided, but also the extent of the information that must be disclosed. In their respective responses, Petitioners also objected to the Interrogatory as unduly burdensome, including because it asks them to "describe in detail" the nature of the anticipated testimony of "each and every" witness expected to testify at trial. *See* ECF No. 586-1 at p. 4; ECF No. 586-2 at p. 4.

The Motion to Compel fails to address this objection whatsoever. Rather, Claimants merely state in conclusory fashion the unremarkable proposition that "[c]learly, there is nothing irrelevant, overly broad, harassing, burdensome, vague, ambiguous, or otherwise improper about an interrogatory asking for the names and contact information of potential witnesses and the facts which they possess." ECF No. 586 at p. 9. But, again, as discussed at length above, this type of investigative information is <u>not</u> what the Interrogatory at issue here is requesting.

Under the federal rules and this Court's Local Rules, the parties must disclose in the draft pretrial order they are required to submit in this Limitation Proceeding by April 13, 2026: "A list…of the name, address, and telephone number of each witness, other than those expected to be called solely for impeachment, separately identifying those whom they party expects to present and those whom the party may call if the need arises." Local Rule 106.2(i); *see also* Fed. R. Civ. P. 26(a)(3)(A)(i). Thus, in addition to the Interrogatory being premature, Petitioners should not be required to respond to the Interrogatory because it imposes a burden greater in scope than that required by the applicable federal rules and local rules, and it is therefore also unduly burdensome.

In the *Marens* case, Judge Grimm considered a similar interrogatory seeking "to require the defendant to summarize the substance of the expected testimony of each witness it intends to

call[,]" and held the interrogatory to be objectionable as unduly burdensome. *Marens*, 196 F.R.D. at 42-43 (defendant is not required to respond to an interrogatory requiring the defendant to summarize the expected testimony of each witness it intends to call at trial, "as such requirement imposed an unreasonable burden on defendant."). Other district courts have also sustained objections to interrogatories seeking a summary of anticipated witness testimony at trial on this basis. *See Kraus Indus. v. Moore*, No. 06-542, 2008 WL 4206059, at *3 (W.D. Pa. 2008) (finding an interrogatory asking the plaintiff to provide a summary of what each prospective witness would testify to at trial imposed an "unreasonable burden" upon the plaintiff and sustaining the plaintiff's objection to the interrogatory in ruling on defendant's motion to compel).

The Motion to Compel cites two cases in purported support of the proposition that Claimants' Interrogatory is not burdensome or otherwise improper, *see* ECF No. 586 at p. 9, but again both cases involved standard investigative interrogatories (*e.g.* to identify persons with knowledge about the party's claims or defenses, or other relevant topics), not an interrogatory seeking a list of the party's trial witnesses and their anticipated testimony from an opposing party, like Claimants' Interrogatory here. *See, e.g.*, *Jones v. Bank of Am., N.A.*, 2015 WL 1808916, at *4 n.1 (S.D.W. Va. 2015) (The interrogatory stated: "Please identify all individuals who may have knowledge of the facts of this case, and provide each individual's name, contact information, and the facts of which they have knowledge."); *Nesselrodte v. Underground Casino & Lounge, LLC*, No. 3:11-CV-92, 2012 WL 4378168, at *4 (N.D. W.Va. 2012) ("***Interrogatory 1:*** State the full name, last known address, home and business telephone numbers, and present occupation or business affiliation of each person…having discoverable information that tends to support a position that you have taken or intend to take in this action, including any affirmative defense, and state in detail the information possessed by each person identified."). Accordingly, these cases are

inapposite. They do not support the proposition that the Motion to Compel cites them for with regard to the Interrogatory at issue here.

C.      **Claimants' Interrogatory is also violative of the work product doctrine**

Petitioners further objected to the Interrogatory as violative of the attorney work product doctrine. *See* ECF No. 586-1 at p. 4; ECF No. 586-2 at p. 4. Claimants do not make any argument as to why this objection is not valid. The Motion to Compel fails to address this objection entirely.

Petitioners should not be required to identify their anticipated trial witnesses in response to an interrogatory during the fact discovery phase or to "describe in detail" the nature of each witness's anticipated testimony because, in addition to all the other reasons set forth herein, that determination reflects attorney strategy. In other words, Claimants' Interrogatory purports to require Petitioners and their counsel to perform and disclose affirmative work product during the discovery phase—such as identifying fact witnesses Petitioners will or may call to testify at trial and the nature of each witness's testimony. Claimants' Interrogatory seeks information about Petitioners' *trial witnesses*, not to identify potential witnesses with knowledge of facts relevant to the parties' claims and defenses, or to particular topics at issue, but to discover counsel's evaluation of and intent in regard to anticipated trial witnesses during the discovery phase. This is patently opinion work-product. As such, it is inappropriate and violative of the work product doctrine.

In the *Marens* case, Judge Grimm acknowledged that "a strong argument can be made that certain of the discovery requests," including the plaintiff's interrogatory there that was similar to Claimants' Interrogatory here, "are improper because they seek attorney opinion work product," but ultimately did not reach that issue having found the discovery requests to be objectionable as premature and unduly burdensome. *See id.* at 42-43.

15

In the DISCOVERY PROBLEMS AND THEIR SOLUTIONS, however, Judge Grimm considers the propriety of a similar interrogatory, which asks: "Identify all witnesses whom you intend to call at the trial in this case, including name, home and business address and telephone number, and a summary of the testimony that you expect each witness to give." Judge Grimm's conclusion was:

> . . . barring a local rule that permits such question (such as Local Rule 33.3(a) in the Southern District of New York), the question as posed is objectionable because it invades attorney work product. The selection of witnesses lies at the core of the attorney's preparation for trial—and may not even be determined by the attorney until shortly before the trial. The question can be rendered unobjectionable, however, by simply using the language in Rule 26(a)(1)(A): "Identify the name, and if known, the address and telephone number of each individual likely to have discoverable information,--along with the subjects of that information." The key distinction between these two questions is that the former asks the respondent to disclose his attorney's views about those he may call as witnesses, whereas the latter simply asks for the identity of persons with knowledge of the facts. . . . The latter formulation does not seek disclosure of questions asked by the attorney during interviews, nor does it ask for the responding counsel's estimation as to what information might be helpful or harmful to its case. It simply asks for a summary of information without any subjective characterization as to its value. . . . . . It should also be noted that this form of interrogatory requires disclosure of individuals whose testimony may have impeachment value for the responding party. Even though Rule 26(a)(1)(A)(i) exempts a party from disclosing the identity of impeachment witnesses in its mandatory disclosures, an interrogatory using the same phraseology would not insulate the responding party from making such disclosure.

See PAUL W. GRIMM ET AL, DISCOVERY PROBLEMS AND THEIR SOLUTIONS, at pp. 5, 17 (4th Ed. 2020) (internal citations omitted).

Other district courts have rejected similar interrogatories as violative of the work product privilege. *See, e.g., Banks,* 222 F.R.D. at 15 (interrogatory seeking disclosure of the names of witnesses the defendant anticipated calling at trial "would violate the work-product privilege"); *Mead Corp. v. Riverwood Nat'l Resources Corp.*, 145 F.R.D. 512, 521-522 (D. Minn. 1992).

## **CONCLUSION**

The Motion to Compel's inapposite arguments and authorities provide no support for the Claimants' request for an order compelling Petitioners to respond to the Interrogatory. For at least each of the reasons set forth above, Claimants' Motion to Compel should be denied and Petitioners' objections to the Interrogatory as premature, unduly burdensome, and violative of the work product doctrine should be sustained.

**WHEREFORE**, Petitioners respectfully request that the Court grant an Order as follows:

a.  Denying Claimants' Motion to Compel in its entirety;

b.  Sustaining Petitioners' objections to the Interrogatory; and

c.  Granting such other and further relief as the Court may deem just and appropriate.

Dated: August 8, 2025

DUANE MORRIS LLP

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

17

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on this 8th day of August 2025, the foregoing Opposition to Claimants'

Motion to Compel, along with its Exhibits 1 through 5 and a proposed order, was filed in the

United States District Court for the District of Maryland via the Court's CM/ECF filing system,

which will provide notice of this filing to all counsel of record.


*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com