UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>Of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>And<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**REPLY IN SUPPORT OF CLAIMANTS' MOTION
TO COMPEL PETITIONERS TO ANSWER CLAIMANTS'
INTERROGATORY SEEKING BASIC WITNESS INFORMATION**

Claimants' motion (ECF 586) requests practical relief for a practical problem: how to identify the Petitioners' trial witnesses and learn what they have to say.

If Petitioners do not know this information, then that's how they should answer the Interrogatory. But their Opposition (ECF 595) never suggests they are *unable* to answer all or any portion of the question. Instead, their Opposition, like their Interrogatory response, contains nothing but objections. If Petitioners do know which individuals they may or will call to testify at trial, and what facts those

witnesses are anticipated to testify, then disclosure of that information is neither premature, nor burdensome, nor does it require the creation or disclosure of work product. As this district has ruled before, if a party has knowledge of the witnesses it "will or may call at the trial," then it has "a duty to identify [such] witnesses in [its] interrogatory response." *Wondimante v. Assefa*, No. 2004-3718, 2006 WL 8456990, at *13 (D. Md. Oct. 12, 2006).

Petitioners' Opposition staunchly defends their discovery efforts. Claimants hold a different view.[1] But the Parties can surely agree on this: Petitioners' prior discovery responses have listed so many individuals with "knowledge of any discoverable matter" that Claimants cannot possibly depose all of them.[2] This begets Claimants' practical problem: Petitioners may have identified specific trial witnesses who have not yet been deposed, and who—if Petitioners can avoid identifying them—may be kept under the radar until after the discovery clock runs out.

---

[1] For example, in footnote 2 of their Opposition (ECF 595 at 6), Petitioners chastise Claimants for commenting that Petitioners waited to serve their objections until the very last day (*i.e.,* the 30th day after service). Petitioners describe that observation as "unnecessary, inappropriate, and entirely unwarranted." That is a feigned argument, however, given the parties' prior agreement—first made on November 20, 2024, and later confirmed by email dated December 6, 2024—that "in order to streamline and expedite discovery we would meet and confer in an effort to resolve any discovery disputes *in advance of the deadline for responding to the discovery request(s) at issue*." (Emphasis in original).

[2] Responding to Claimants' discovery, Petitioners identified 35 shoreside managers for the DALI, 40 individuals who sourced or hired the DALI's crew, 19 individuals who trained the DALI's crew, and more than 100 current or former crew members since 2019. Claimants have taken depositions of over 20 Synergy employees, with several depositions still pending.

Finally, given that Claimants placed their entire Interrogatory on the first page of their Memorandum, it is surprising that Petitioners suggest Claimants' motion is oblique. Claimants have told the Court precisely what information they seek to learn. If Petitioners believe Claimants' request is overbroad because it seeks too much detail about the witnesses, then Petitioners could have—and should have—supplied the narrower and unobjectionable information—such as the witnesses' names. But as long as Petitioners are determined to rest on their objections, the Court's intervention is warranted.

Respectfully submitted this 11th day of August 2025,

Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
T: (410) 584-2800

*/s/ David L. Reisman*

R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099

T: (504) 581-7979
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
T: (314) 952-4132

William J. Jackson*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
mpimienta@kelleydrye.com
T: (713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Melissa E. Byroade (31335)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
mbyroade@kelleydrye.com
T: (202) 342-8400

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*
**Attorneys for State of Maryland**

Daniel O. Rose
Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
**Lead Counsel for Personal Injury and Wrongful Death Claimants**

Robert W. Phelan
Cozen O Connor
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
rphelan@cozen.com
Telephone: (212) 908-1274
Facsimile: (866) 850-7490
**Lead Counsel for Property Damage Claimants**

Adam J. Levitt
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
***Lead Counsel for Local Government Claimants***


Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
***Lead Counsel for Private Economic Loss Claimants***


Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road
Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
Telephone: (410) 625-2272
Facsimile: (443) 817-0744
***Lead Counsel for Cargo Claimants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August 2025, a copy of the foregoing pleading was served via the court's CM/ECF system on all counsel of record.

/s/ *David L. Reisman*
David L. Reisman (La. Bar # 21833)