UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**PETITIONERS' OPPOSITION TO CLAIMANT THE STATE OF MARYLAND'S MOTION FOR A LETTER OF REQUEST**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively, "Petitioners"), through undersigned counsel BLANK ROME LLP and DUANE MORRIS LLP, submit this Memorandum in Opposition to Claimant the State of Maryland's (the "State") Motion for a Letter of Request (ECF No. 584) seeking discovery of non-party HD Hyundai Heavy Industries Co., Ltd ("HHI"), and state as follows:

**PRELIMINARY STATEMENT**

Petitioners submit this Opposition for the limited purpose of objecting to the State's attempted use of written deposition questions pursuant to Fed. R. Civ. P. 31 to obtain discovery from non-party HHI, the designer and builder of the M/V DALI (the "Vessel"), on the ground that such method is not an appropriate mechanism for taking the testimony of key fact witnesses whose testimony is likely to be complex, highly technical, and relevant to central issues in this action

1

which are currently in dispute. In particular, the State's questions seek to examine HHI on issues relating to the maintenance history and proper maintenance procedures of key pieces of equipment aboard the Vessel and also to the design, regulatory approval, testing, and operation of key systems onboard. Examination by written questions—even with Rule 31's procedure for submitting "cross-examination" questions—is inadequate to allow Petitioners to fairly cross-examine HHI's witness(es) in respect of any "testimony" they provide in response to the State's written questions and would substantially prejudice Petitioners. Therefore, Petitioners respectfully request that the Court deny the issuance of the Letter of Request or, in the alternative, grant Petitioners' leave to conduct their cross-examination orally.

## FACTUAL BACKGROUND

HHI, a corporation headquartered in South Korea, but which has a substantial U.S. presence and is registered to do business with the Pennsylvania Secretary of State (see below), is the world's largest shipbuilding company and was responsible for the design, construction, and outfitting of the Vessel. On July 29, 2025, pursuant to Rule 31 of the Federal Rules of Civil Procedure, the State served a Notice of Deposition by Written Questions of HHI (the "Notice") on all parties in this Action, which noticed HHI's deposition by written questions for August 28, 2025—one day before the close of discovery.[1] The Notice seeks written deposition testimony from HHI regarding a number of substantive topics, including the maintenance history of the Vessel, the design and operation of key systems onboard the Vessel such as the electrical power system, fuel system, propulsion system, and steering capabilities, and HHI's involvement in post-allision testing. *See, e.g.,* ECF No. 584-1 at 15-22.

---

[1] Discovery in this action has been ongoing since November 2024 and is presently set to close on August 29, 2025.

On July 31, 2025, the State filed the instant motion for a Letter of Request pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") (ECF No. 584). That Letter of Request seeks service under the Hague Rules of the States's Notice. The Letter of Request recites that the evidence sought by the Notice is "material to the question whether the owners and managers of the M/V DALI are entitled to limit their liability as a result of the allision with and destruction of the Francis Scott Key Bridge." *Id.* at 7. By Order dated August 1, 2025, the Court set an initial deadline of August 6, 2025 for any party to oppose the State's application for a Letter of Request. *See* ECF No. 585.

Separately, on July 16, 2025, Petitioners served two subpoenas upon HHI in Pennsylvania, where HHI has registered to do business and has appointed an agent for service of process. *See* PA Department of State website record as of August 11, 2025, copy attached hereto as Exhibit A, available on-line at: https://file.dos.pa.gov/search/business. Petitioners' one subpoena seeks the production of documents relevant to this action and the second seeks oral deposition testimony from one or more HHI witnesses in respect of certain specified topics relevant to these proceedings. Copies of the subpoenas and corresponding Affidavits of Service are attached hereto as Exhibits B and C.

On August 4, 2025, counsel for Petitioners, the State, and HHI had a meet and confer call to discuss (a) Petitioners' objections to the State's application, and (b) HHI's objections to Petitioners' subpoenas. At that time, the parties discussed a possible solution that would resolve both objections amicably; accordingly, with the State's consent, Petitioners submitted a letter application to the Court dated August 5, 2025, requesting an adjournment of the deadline to respond to the State's application for Letter of Request. (ECF No. 593). The Court granted that application and extended the deadline to respond to August 11, 2025. (ECF No. 594).

By email dated August 8, 2025, counsel for HHI wrote to Petitioners' undersigned counsel as follows to advise that it would <u>not</u> agree to compromise its objections to Petitioners' subpoenas:

> Tom, thanks. HHI does not believe that the Vessel Interests' two subpoenas are proper and will respond to them on the August 22 date that we've agreed upon by moving to quash and serving written objections. HHI preserves and does not waive all its defenses and objections to the subpoenas including for improper service and lack of personal jurisdiction. We do not agree to your proposal of combining the Vessel Interest subpoenas with Maryland's pending request for written questions. The two sets of requests are different in scope and burden and the Vessel Interests are differently situated from Maryland given they have attempted to sue HHI in the E.D. of Pennsylvania. Should the Vessel Interests attempt to pursue their subpoenas via the Hague process, HHI reserves all its rights, and will require full compliance with that process.

A copy of the parties' correspondence concerning discovery from HHI is attached hereto as Exhibit D.

## ARGUMENT

A letter of request, also referred to as a letter rogatory, "is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. Jun. 29, 2007) (citing *Marroquin-Manriquez v. Immigration & Naturalization Service*, 699 F.2d 129, 135 n.9 (3rd Cir. 1983).[2] The issuance of a letter of request

---

[2] The terms "letter of request" and "letter rogatory" are synonymous in the case law. *Villella v. Chem. & Mining Co. of Chile, Inc.*, No. 15 Civ. 2106 (ER), 2019 WL 171987, at *2 (S.D.N.Y. Jan. 11. 2019) (citing *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775 n.5 (S.D.N.Y. 2012)); *Pearlstein v. Blackberry Ltd.,* 332 F.R.D. 117, 119 n.1 (S.D.N.Y. 2019) (noting the court uses the two terms "interchangeably"); *see also* Fed. R. Civ. P. 28(b), Notes of Advisory Committee on 1993 amendments to Rules ("[t]he term "letter of request" has been substituted in the rule for the term "letter rogatory" because it is the primary method provided by the Hague Convention. A letter rogatory is essentially a form of letter of request.").

to take deposition testimony of a witness located outside of the United States is governed by Rule 28(b)(2) of the Federal Rules of Civil Procedure.[3]

Although courts have inherent authority to issue a letter of request, the decision to issue such a letter in a particular case is left to the discretion of the trial court. *Asis Internet Servs.*, 2007 WL 1880369, at *3 (citing *United States v. Mason*, 1990 WL 185894, at *3 (4th Cir. 1990)); *see also B & L Drilling Electronics v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1979) ("[t]he determination as to when a request for a letter rogatory should be granted and when it should be refused must be decided in view of the circumstances of the particular case involved").

"[A] court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Asis Internet Servs.*, 2007 WL 1880369, at *3; *see also Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505 DFL PAN, 2006 WL 1652315, at *2 (E.D. Cal. Jun. 13, 2006) (providing that in determining whether to issue a letter of request "Rule 28(b) must be read together with Rule 26(c)"). A party seeking discovery pursuant to the Hague Convention bears the burden of demonstrating that the manner in which they are proceeding is "necessary and appropriate." *Crouch v. Liberty Pride Corp.*, CV 15-974 (JS)(AYS), 2016 WL 4718431, at *2 (E.D.N.Y. Sept. 9, 2016). A party opposing the issuance of a letter of request must establish good cause for the denial; however, some courts have required only "some reason" for justifying the denial. *Compare Evanston Ins. Co.*, 2006 WL 1652315, at *2 (applying good cause standard) (citing *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968)); *Asis Internet Servs.*, 2007 WL 1880369, at *3 (same); *with In re Complaint of Bankers Trust Co.*, 752 F.2d 874, 890 (3rd Cir. 1984)

---

[3] Where a party to a lawsuit seeks discovery from a foreign non-party who is present in the United States, the party seeking the discovery should instead obtain the requested discovery using a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 781 (S.D.N.Y. 2012).

("[a]lthough we decline to hold that a trial court must expressly set forth a 'good reason' for denying [a letter of request], when district judges fail to state any reason, the presumption is less in their favor").

Further, in accordance with Rule 26(c)(1)(C), in deciding whether to issue a letter of request the trial court may alter the method of requested discovery where "just and appropriate." *See DBMS Consultants v. Computer Assocs. Int'l*, 131 F.R.D. 367, 370 (D. Mass. 1990); *B & L Drilling Electronics*, 87 F.R.D. at 545; *Brake Parts, Inc. v. Lewis*, Civil Action No. 09-132-KSF, 2009 WL 1939039, at *5 (E.D. Ky. Jul. 6, 2009) (noting a court may issue a letter of request "on any terms which are 'just and appropriate,' which can include any method prescribed under the Federal Rules"). In determining whether and in what form to issue a letter of request, the issuing court need only be concerned with whether the letter of request complies with the Federal Rules of Civil Procedure—the decision whether to execute the letter of request is a matter "best left to the judicial authorities" of the receiving country. *Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019) (citation omitted); *see also Crouch*, 2016 WL 4718431, at *2 ("while the propriety of issuance of the LOR is a matter for this Court, the decision of whether to execute the LOR will be decided by the sovereign court to which the LOR is addressed").

It is well established that courts generally disfavor depositions by written questions. *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989); *see also, e.g., Perry v. Edwards*, 16 F.R.D. 131, 133 (W.D. Mo. 1954) ("the device of taking a deposition upon written interrogatories under Rule 31, except for the proof of formal matters, is a tool of discovery very inferior to oral examination"); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006) ("[w]ritten questions are rarely an adequate substitute for oral depositions both because it is difficult to pose follow-up questions and because the involvement of counsel in the drafting

process prevents the spontaneity of direct interrogation. Accordingly, depositions upon written questions are disfavored."); *Corker v. Costco Wholesale Corp.*, No. C19-0290RSL, 2021 WL 3124009, at *1 (W.D. Wash. Jun. 21, 2021) (observing that depositions by written questions are "analogous to a take home examination and deprives the deposing party of the chance to ask follow-up questions"). This is especially true where, like here, the deponent is likely to be "hostile" on cross-examination. *See Alliance to End Repression v. Rochford*, 75 F.R.D. 428, 429 (N.D. Ill. 1976) ("[w]ithout doubt, oral deposition is preferable to written interrogatories when dealing with a recalcitrant or hostile witness").

Here, good cause exists for this Court to deny the issuance of the State's application for a letter of request because deposition by written questions is an inadequate method for proper cross-examination. HHI's requested testimony asks 98 questions and focuses on (i) the maintenance history and proper maintenance procedures of key pieces of equipment aboard the Vessel (*e.g.*, "[i]f HHI has provided a recommended maintenance and inspection schedule for the DALI's electrical switchboards, please describe that maintenance and inspection schedule, including the scope of work that HHI recommends be performed during the ship's five-year dry-docking." (ECF No. 584-1 at 15, ¶17)) and (ii) the functionality of the Vessel's key operational systems (*e.g.*, "[i]f the DALI loses 440-volt electrical power while underway, how long should it take to restart the main engine once 440-volt power is restored?" (*Id.* at 21, ¶ 77)), both of which are highly technical issues that are potentially critical to Petitioners' limitation of liability defense.

Further, given that Petitioners recently filed a lawsuit against HHI in the Eastern District of Pennsylvania for its defective design and construction of the same electrical equipment that is the subject of the State's questions, as well as for breach of implied warranties, negligent misrepresentation, and negligence with respect thereto, HHI's cross-examination by Petitioners

7

will likely be hostile. *See Grace Ocean Private Limited, et al., v. Hyundai Heavy Industries Co., Ltd.*, No. 2:25-cv-04374 (E.D. Pa.). A copy of Petitioners' complaint is attached hereto as Exhibit E. In these circumstances, it seems obvious that HHI will have a natural motive to answer the State's questions in a way that deflects scrutiny of its own conduct relevant to this casualty. If the State will be permitted to take testimony from HHI on these points, then Petitioners must be entitled a full and fair opportunity to cross-examine those witnesses to the fullest extent allowed under the Federal Rules of Civil Procedure.[4]

Indeed, HHI's penchant for bias against Petitioners is already plainly revealed in its stated position with respect to Petitioners' subpoenas, *see* Ex. D, to which it has vehemently objected and as to which it has stated that it will insist on full compliance with the formal Hague Convention process.[5] This is all the more notable given that HHI's counsel is apparently quite content to accept informal service of the Court's Letter of Request in respect of the State's notice of deposition by written questions, rather than similarly insisting upon formal service of that Letter of Request under the Hague Rules. Given this apparent double standard, one might fairly wonder whether HHI cooperated with the State in formulating the State's questions. At a minimum, Petitioners should be entitled to fully explore this issue on cross examination.

Given the foregoing, Petitioners respectfully request that this Court either deny the State's Motion for a Letter of Request outright or modify the discovery order to allow Petitioners leave to conduct an oral cross-examination of HHI. *See Oscar Gruss and Son v. Lumbermens Mut. Cas. Co.*, 41 F.R.D. 279, 281-82 (S.D.N.Y. 1966) (denying issuance of letters rogatory to depose

---

[4] Pursuant to Rule 31(a)(5), Petitioners' cross-examination questions are due on August 12, 2025, 14 days after service of the notice of deposition and direct examination questions. However, in light of the pending motion and Petitioners' objections thereto, Petitioners reserve the right to serve their cross-examination questions following resolution of the instant dispute concerning the propriety of a deposition by written questions.

[5] The propriety of Petitioners' subpoenas to HHI, and the sufficiency of Petitioners' service of those subpoenas, is not currently before the Court but will, according to HHI's counsel, soon be the subject of a motion to quash. *See* Ex. D.

foreign third-party witnesses by written questions because "in the light of the deponents' hostility and self-interest, the inadequacy of cross-interrogatories as a means of appropriate cross-examination is manifest. It would be devastatingly prejudicial to plaintiff to issue Letters Rogatory to secure the testimony of these hostile witnesses without the opportunity of confrontation and a face-to-face cross-examination"); *Horvath v. Deutsche Lufthansa, AG*, No. 02 Civ. 3269 (PKC), 2004 WL 241671, at *4 (S.D.N.Y. Feb. 6, 2004) (denying request to take deposition by written questions of foreign third-party witness because the "value of [the witness's] testimony will turn on credibility determinations that cannot be adequately explored or assessed through defendant's proposed use of written questions"); *Winograd Bros., Inc. v. Chase Bank*, 31 F. Supp. 91, 91 (S.D.N.Y. Jan. 20, 1939) (granting defendant leave to cross-examine witness orally rather than by written questions).

    Alternatively, if Petitioners are required to proceed initially with written cross-examination questions, this Court should permit Petitioners to apply for an order to re-open discovery for the limited purpose of authorizing further oral cross-examination of HHI if necessary. *See Wheeler v. West India S.S. Co.*, 11 F.R.D. 396, 397-98 (S.D.N.Y. 1951) (denying request for oral cross-examination but noting that if "[a]fter the receipt of the answers to the interrogatories, if it appears that further cross-examination is necessary, plaintiff can apply to this court for an order permitting [the same]"); *U.S. v. National City Bank of New York*, 1 F.R.D. 367, 368 (S.D.N.Y. 1940) (denying request for oral cross-examination but noting "[i]f the answers of the witness to [defendant's] written cross-interrogatories are evasive, incomplete, unresponsive, or contain any incompetent matters that might render them inadmissible at the trial, the [defendant] may apply to this court for an order to cross-examine the witness orally").

## CONCLUSION

On the basis of the foregoing, Petitioners respectfully request that the Court either deny the State's application for a Letter of Request in respect of its proposed discovery to HHI or, alternatively, modify the letter to allow Petitioners leave to conduct an oral cross-examination of HHI. The Court should grant such other and further relief and may be just and appropriate.

Dated: August 11, 2025

DUANE MORRIS LLP

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

                                        Kierstan L. Carlson\*
                                        Kierstan.Carlson@blankrome.com
                                        Emma C. Jones\*
                                        Emma.Jones@blankrome.com
                                        1825 Eye St. NW
                                        Washington, DC 20006
                                        202-420-2200

                                        \*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 11th day of August 2025, the foregoing Opposition to Claimant the State of Maryland's Motion for Letter of Request, along with its Exhibits A through E and a proposed order, was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
