# EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00941-JKB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Hyundai Heavy Industries Co., Ltd. c/o Registered Agent Corporation Service Company on *(date)* Jul 16, 2025, 10:30 am.

[X] I served the subpoena by delivering a copy to the named individual as follows: _____ on *(date)* Wed, Jul 16 2025; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: 07/16/2025

_____
Server's signature

Kevin Sepulveda ID # 1033
_____
*Printed name and title*

PO Box 304, Lansdale, Pa 19446
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Jul 16, 2025, 1:33 pm EDT at 5235 North Front Street, Harrisburg, PA 17110 received by Hyundai Heavy Industries Co., Ltd. c/o Registered Agent Corporation Service Company. Age: 36; Ethnicity: Caucasian; Gender: Male; Weight: 186; Height: 5'8"; Hair: Black; Eyes: Brown; Other: Went to stated address and handed paperwork to Samuel Adgre title clerk.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

In the Matter of the Petition
of
GRACE OCEAN PRIVATE LIMITED, as
Owner of the M/V DALI,

and

SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,
for Exoneration from or Limitation of Liability.

Civil Case No. 1:24-cv-00941-JKB
IN ADMIRALTY

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hyundai Heavy Industries Co., Ltd. c/o Registered Agent Corporation Service Company, 2595 Interstate Dr. #103, Harrisburg PA 17710

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Blank Rome LLP, ATTN: Emma Jones<br>1825 Eye Street NW<br>Washington, D.C. 20006 | Date and Time:<br>08/15/2025 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT                                OR                    *[signature]*

_____                                    _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd, who issues or requests this subpoena, are:
Emma Jones, Blank Rome, 1825 Eye Street NW, Washington, D.C. 20006, emma.jones@blankrome.com, 202-420-2285

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

246190 47

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

In the Matter of the Petition
of
GRACE OCEAN PRIVATE LIMITED, as
Owner of the M/V DALI,

and
SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,
for Exoneration from or Limitation of Liability.

Civil Case No. 1:24-cv-00941-JKB
IN ADMIRALTY

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*                                           OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-cv-00941-JKB    Document 597-3    Filed 08/11/25    Page 6 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### TO PETITIONERS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To: Hyundai Heavy Industries Co., Ltd.**

### DEFINITIONS

The following definitions shall apply herein, unless the context requires otherwise:

1. "You" or "Your" means Hyundai Heavy Industries Co., Ltd. and any of its representatives, investigators, accountants, consultants, employees, independent contractors, subcontractors, attorneys and/or agents.

2. "Communication(s)" means any writing or any oral conversation or statement, of any kind or character, including, without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, emails, voicemails, telegraphic and telex communications or transmittals of documents and all notes or other documents concerning any writing or such oral conversations, between or among two or more persons, however transmitted.

3. "Document(s)" means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; studies; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

    The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

    Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

4. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, last known mailing and physical addresses and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

5. "Incident" means the M/V DALI's allision with the Francis Scott Key Bridge on the morning of March 26, 2024.

6. "Including" means including, but not limited to.

7. "Key Bridge" or "Bridge" means the Francis Scott Key Bridge, including but not limited to the superstructure, dolphins and fenders.

8. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, contractor, subcontractor, consultant, or other business or legal entity, whether private or governmental.

9. The terms "concerning," "regarding," or "related to" in regard to a particular subject matter means, without limitation, referring directly or indirectly to, embodying, identifying, dealing with, discussing, regarding, describing, noting, pertaining to, mentioning, studying, reflecting, evaluating, analyzing, assessing, containing, comprising, memorializing, stating, constituting, pertinent to, supporting, undermining, evidencing, contradicting, refuting, or disproving, or in any way relevant to such subject.

10. "Limitation Action" means *In the Matter of the Petition of Grace Ocean Private Limited, et al.*, Civil Case No. 1:24-cv-00941-JKB, pending in the United States District Court for the District of Maryland.

11. "DALI" means the container ship bearing IMO No. 9697428.

12. "MAERSK SALTORO" means the container ship bearing IMO No. 9725706.

13. "CEZANNE" means the container ship bearing IMO No. 9697416.

14. "Vessels" means the DALI, MAERSK SALTORO, and CEZANNE.

15. "HHI" means HD Hyundai Heavy Industries.

16. "Terminal block" means the rail / chassis mounted terminal block Wago Model 280 shown in Wago Data Sheet Item Number: 280-681 (Bates Nos. HHI-DALI-00026249 – 26259) installed in the Vessels' switchboards.

17. "6.6KV Switchboard" means the equipment listed at pages 48 – 50 of "FG-02 DATA BOOKLET (MACHINERY PARTICULAR & MAKER'S ADDRESS)" (Bates Nos. HHI-DALI-00013148 – 13150) and shown on HHI drawing "6.6KV SWITCHBOARD No. MKHO-1360" (Bates Nos. HHI-DALI-00020232 – 20488), and all component parts, including but not limited to, circuit breakers, switches, meters, measuring and protective devises, relays, terminal blocks, and mounting rails.

18. "LV Switchboard" means the equipment listed at page 51 of "FG-02 DATA BOOKLET (MACHINERY PARTICULAR & MAKER'S ADDRESS)" (Bates Nos. HHI-DALI-00013148 – 13150) and shown on HHI drawing "LOW VOLTAGE SWITCHBOARD No. MKHO-1360" (Bates Nos. HHI-DALI-00020489 – 20576), and all component parts, including but not limited to, circuit breakers, switches, meters, measuring and protective devises, relays, terminal blocks, and mounting rails.

19. "Flushing pumps" means the electric motor-driven G/E M.D.O. M.G.O. FLUSHING PUMP listed at page 73 of "FG-02 DATA BOOKLET (MACHINERY PARTICULAR & MAKER'S ADDRESS)" (Bates Nos. HHI-DALI-00013173) and shown on HHI drawing "FM-26 PIPING SYSTEM DIAGRAM IN ENGINE ROOM No. 3U-2400-103) (Bates No. HHI-DALI-26405), and the air motor-driven G/E MDO/MGO FLUSH'G P/P shown on HHI drawing "FM-26 PIPING SYSTEM DIAGRAM IN ENGINE ROOM No. 3U-2400-103) (Bates No. HHI-DALI-26405).

20. "Testing protocols" means the procedures used to test, inspect, and collect data from the DALI contained in "H2678 Procedure for NTSB.xlsx" (Bates No. HHI-DALI-00026691), "MV Dali - Protocol for Testing on 4.22 and 4.24.xlsx" (Bates No. HHI-DALI-00026692), and "HHI - Revised Protocol for 4.24.xlsx" (Bates No. HHI-DALI-00026693).

21. "Preliminary reports" means reports provided to the NTSB, specifically "MV Dali - Hyundai Preliminary Report for NTSB re 4.10.2024 Testing.xlsx) (Baes No. HHI-DALI-00026694), "MV Dali - Hyundai Preliminary Report for NTSB re 4.22 and 4.24.2024 Testing.xlsx" (Bates No. HHI-DALI-00026695), "MV Dali - Hyundai Preliminary Report for NTSB - 4.26 and 4.29.24 Testing.xlsx" (Bates No. HHI-DALI-00026696), and "MV Dali - Hyundai Preliminary Report for NTSB - 4.26 and 4.29.24 Testing (Final).xlsx" (Bates No. HHI-DALI-00026697).

22. "Investigation reports" means reports provided to the NTSB, specifically "HHI2678(DALI 10K TEU CNTR) Onboard Investigation Report_2024.04.15_Final.pdf" (Bates Nos. HHI-

DALI-00026698 - 00026707), "NTSB-HHI Second Inspection Report 4.29.24.pdf" (Bates Nos. HHI-DALI-00026708 – 00026721), "HHI - Response to NTSB - 87T Sync.docx" (Bates Nos. HHI-DALI-00026722 – 00026726), and "Synopsis of HHI Findings for NTSB - 2024.05.14.pdf" (Bates Nos. HHI-DALI-00026727 – 00026739).

## **REQUESTED DOCUMENTS, INFORMATION, OR OBJECTS**

1. All documents related to any specifications concerning the terminal block including, but not limited to, voltage or current limitations, wire size, type, or preparation, labeling, and/or spring clamp pressure.

2. All documents related to manufacturer's recommendations concerning the use, installation and maintenance of the terminal block and/or wires connected to the terminal block.

3. All documents related to correspondence with any vessel classification society or flag state administration concerning use of the terminal block in the Vessels' switchboards.

4. All documents related to correspondence concerning use of the terminal block in the Vessels' switchboards.

5. All documents related to any contracts, invoices and/or purchase orders for terminal blocks used in the Vessels' switchboards.

6. All documents concerning the design, construction, procurement, installation, operation, and/or maintenance of the 6.6KV Switchboard and the LV Switchboard installed in the Vessels, including, but not limited to, drawings, manuals, service bulletins, operating instructions, and inspection and maintenance requirements.

7. All documents concerning the inspection and testing of the 6.6KV Switchboard and the LV Switchboard installed in the Vessels, including, but not limited to, production, installation, quality assurance, service, and/or repair reports.

8. All documents related to any contracts, invoices and/or purchase orders for any components or equipment used in the Vessels' 6.6KV Switchboard and LV Switchboard procured from Kukdong Electric Wire Co. and Dongwoo Electric.

9. All documents related to manufacturer's recommendations concerning the use, installation and maintenance of any components or equipment manufactured by Kukdong Electric Wire Co. and Dongwoo Electric.

10. All documents related to correspondence with any vessel classification society or flag state administration concerning any components or equipment manufactured by Kukdong Electric Wire Co. and Dongwoo Electric.

11. All documents concerning the design, construction, procurement, installation, operation, and/or maintenance of the flushing pumps installed in the Vessels, including, but not

     limited to, drawings, manuals, service bulletins, operating instructions, and inspection and maintenance requirements.

12. All documents related to correspondence with any vessel classification society or flag state administration concerning use of the flushing pumps installed in the Vessels.

13. All documents concerning visits to, inspections of, and data collected from DALI by HHI personnel on or about April 1, 9, 10, 22, 24, 26, and 29, 2024, including the identification of the HHI personnel who attended on board DALI, and any notes, records, drawings; photographs, videos, memoranda, and/or reports prepared by such personnel.

14. All documents concerning the testing protocols used during the inspections of DALI by HHI personnel, including metadata showing the author(s) of the protocols.

15. All communications concerning the preparation of the testing protocols used during the inspections of DALI by HHI personnel.

16. All documents concerning HHI's preliminary reports and investigation reports, including metadata showing the author(s) of the reports.

17. All communications concerning HHI's preliminary reports and investigation reports.

18. All documents concerning "HD Hyundai Heavy Industries Final Report to NTSB" dated June 7, 2024 (produced in the Limitation Action as Bates No. HHI-DALI-00026797 – 00026854) and "HD Hyundai Heavy Industries Revised Final Report to NTSB" dated August 14, 2024 (produced in the Limitation Action as Bates No. HHI-DALI-00026740 – 00026796), including metadata showing the author(s) of the reports.

19. All documents and data referenced in or relied on in the preparation of "HD Hyundai Heavy Industries Final Report to NTSB" dated June 7, 2024 (produced in the Limitation Action as Bates No. HHI-DALI-00026797 – 00026854) and "HD Hyundai Heavy Industries Revised Final Report to NTSB" dated August 14, 2024 (produced in the Limitation Action as Bates No. HHI-DALI-00026740 – 00026796), including metadata showing the author(s) of such documents and data.

20. All communications concerning "HD Hyundai Heavy Industries Final Report to NTSB" dated June 7, 2024 (produced in the Limitation Action as Bates No. HHI-DALI-00026797 – 00026854) and "HD Hyundai Heavy Industries Revised Final Report to NTSB" dated August 14, 2024 (produced in the Limitation Action as Bates No. HHI-DALI-00026740 – 00026796).