IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * | Civil No. JKB-24-0941  *IN ADMIRALTY* |

\* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Claimants' Motion to Compel Petitioners to Answer Claimants' Interrogatory Seeking Basic Witness Information ("Motion") (ECF No. 586). Having considered the parties' submissions (ECF Nos. 586, 595 & 596), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

During discovery, Claimants served an interrogatory on Petitioners seeking the following information:

> Please Identify each and every witness that You will or may call at the trial of this case, describe in detail the nature of each witness's anticipated testimony, state whether the witness will testify at trial or whether the witness may testify at trial, and state whether You intend to offer the testimony by deposition or live.

ECF No. 586 at 8-9.

Petitioners object. They claim that the request is premature because the deadline to identify trial witnesses is still eight months away. ECF No. 595 at 10. Petitioners rely on Judge Grimm's reasoning in *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000). In that case, a plaintiff sued his former employer for claims related to his termination. During discovery, the plaintiff sought to compel the defendant to answer interrogatories seeking the identity of the

witnesses it intended to call at trial and a summary of the facts to which they would testify. *Id.* at 42. Judge Grimm denied the motion, finding "no compelling reason" why the plaintiff should need information regarding the opposing party's trial witnesses sooner than the date provided in Local Rule 106. *Id.* Petitioners suggest that, as in *Marens*, there is no reason to deviate from the normal witness disclosure deadline in this case. They point to the rulings of other district courts that have reached the same conclusion. ECF No. 595 at 11-12.

Petitioners also argue that responding to the interrogatory would be unduly burdensome inasmuch as it asks them to "describe in detail" the nature of the testimony of each potential trial witness. *Id.* at 15. They note that neither Local Rule 106.2 nor Rule 26(a)(3) requires the disclosure of such information. Petitioners do not attempt to quantify the burden of responding to the interrogatory in terms of time or cost.

Finally, Petitioners contend that the interrogatory intrudes upon protected attorney work product. *Id.* at 15. They claim that the interrogatory seeks information that is "patently opinion work-product." *Id.* And they cite two district court cases from over 20 years ago and a hypothetical posed by Judge Grimm in his book about resolving discovery problems.

Discovery under Rule 26 is broad in scope and freely permitted. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). In resolving discovery problems that arise in their cases, district courts exercise broad discretion. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). In exercising their discretion, courts must administer the Federal Rules of Civil Procedure in a manner that secures the "just, speedy, and inexpensive determination" of every case. Fed. R. Civ. P. 1.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). A court "*must* limit the frequency or extent of discovery" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Case Management Order No. 3 provides that the parties' joint proposed pretrial order is due by April 13, 2026. ECF No. 438. Under Local Rule 106.2, the pretrial order must contain a list of the witnesses whom each party *will* call at trial and those whom each party *may* call, not including impeachment witnesses.[1] Unless the Court orders otherwise, both parties will have to disclose their trial witnesses by April 13, 2026.

There are compelling reasons to deviate from the normal witness disclosure requirements in this case. Unlike *Marens*, where the former manager of an Italian restaurant sued over his

---

[1] Timely submission of a complete pretrial order is deemed to constitute compliance with Fed. R. Civ. P. 26(a)(3) (requiring, among other things, that parties identify their trial witnesses at least 30 days before trial, unless the court orders otherwise).

3

termination, discovery in this case is complex. Petitioners have identified nearly 200 witnesses with relevant knowledge. ECF No. 595 at 2 n.2. Most of the witnesses reside abroad, beyond the subpoena power of this Court. ECF No. 586 at 11. While the parties have worked cooperatively to conduct international depositions, doing so has imposed a substantial burden on all participants. Arranging and undertaking international travel for so many attorneys and witnesses is very costly and a logistical nightmare. Understandably, Claimants do not wish to depose every single person with knowledge of discoverable information. The Court views the interrogatory as a reasonable means of narrowing down which witnesses are most important to depose before trial.

But as written, the interrogatory appears to impose an undue burden on Petitioners. The parties' pretrial order is not due until April 2026 and trial will not begin until June 2026. With so much time left before trial, and with witness depositions still incomplete, Petitioners have likely not finalized their list of trial witnesses. Requiring them to produce detailed descriptions of the anticipated testimony of potential witnesses now is asking too much. The same goes for whether the witnesses will testify live from the witness box or by deposition. Requiring Petitioners to speculate about how they will present witness testimony at a trial nearly 10 months away cannot be justified, even under the generous provisions of Rule 26.

Still, the Court finds that Claimants' interrogatory seeks relevant information that is not privileged or protected by the work product doctrine. It can be rewritten to comply with the proportionality requirements of Rule 26. Moreover, the Court rejects Petitioners' argument that compelled disclosure of a witness list intrudes upon protected work product. Petitioners will be required to disclose their witness list at some point before trial. The only question is when. And even assuming that the witness list is protected work product, the Court finds that Claimants have

demonstrated a substantial need for this information, which cannot be obtained by other means except with undue hardship. *See* Fed. R. Civ. P. 26(b)(3).

The Court will modify Claimants' interrogatory to address Petitioners' concerns about burden and opinion work product. As modified, the interrogatory will provide Claimants with the information they need to make choices about which depositions to prioritize. The Court recognizes that Petitioners' answers to this interrogatory will be provisional and subject to supplementation under Rule 26(e). Petitioners are only required to answer the interrogatory based on their current knowledge. The Court does not expect them to see into the future. And in their answers, Petitioners should exclude the mental impressions, conclusions, opinions, and legal theories of their attorneys. This Order does not require Petitioners to disclose opinion work product. Petitioners are only required to disclose facts: the identity of the witnesses they plan to call at trial and the subject matter of the witnesses' relevant knowledge.

By August 19, 2025, Petitioners shall answer Claimants' interrogatory, as modified below:

> Please Identify each and every witness that You will or may call at the trial of this case (other than those expected to be called solely for impeachment), state the subject matter of the witnesses' relevant knowledge, and state whether the witness will testify at trial or whether the witness may testify at trial.

For these reasons, Claimants' Motion (ECF No. 586) is **GRANTED IN PART** and **DENIED IN PART**.

Date: August 13, 2025

          /s/
Timothy J. Sullivan
Chief United States Magistrate Judge