**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>Of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>And<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**THE STATE OF MARYLAND'S REPLY IN SUPPORT OF ITS MOTION FOR ISSUANCE OF A LETTER OF REQUEST**

The State seeks to depose non-party HD Hyundai Heavy Industries Co., Ltd. ("HHI"), by written questions, as authorized under Federal Rule of Civil Procedure 31. HHI is a Korean company. It designed and built the M/V DALI. It possesses important information relevant to the case—a point Petitioners emphasize in their Opposition (ECF 597).

To accomplish the HHI deposition, the State filed a motion for a Letter of Request pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters (ECF 584). In opposition, Petitioners concede that they "must establish good cause for the denial" of Letter issuance (ECF 597 at 5), then primarily argue that they would prefer an oral deposition. However, that preference is not "good cause" to deny the surest path to obtaining relevant testimony.

**I. The State's Letter of Request does not prevent Petitioners from seeking an oral deposition.**

To be clear, the State would welcome an oral deposition. That point was made in the letter jointly filed last week by Petitioners and the State (ECF 593). But an oral deposition is objectionable to HHI, and that is what matters for purposes of the present motion. As a Korean company, HHI's position is that it cannot be subpoenaed for trial or deposition in the United States. *See In Re Sealed Case*, 832 F.2d 1268, 1272 (D.C. Cir. 1987) (subpoena for records of a foreign company is enforceable only if the company does sufficient business or otherwise has sufficient contacts within the United States to enable the court to exercise personal jurisdiction over it). While Petitioners have attempted to subpoena HHI in Pennsylvania (*see* ECF 597 at 3), the question of HHI's contacts will not be resolved in time to be useful for this Court's decision on whether to issue a Letter of Request.

Nevertheless, the State's pursuit of a deposition by written questions does not preclude Petitioners from working in parallel to obtain an oral deposition. As Petitioners point out in their motion, HHI has indicated it will submit to an oral deposition if Petitioners satisfy the Hague Convention process. The problem for Petitioners is thus a practical one. Discovery closes on August 29, but "[e]xecution of letters rogatory may take a year or more." *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, CV ELH-22-1956, 2025 WL 1928014, at *17 (D. Md. July 11, 2025) (quoting U.S. Dept. of State). Given that time pressure, this Court might rightly ask why Petitioners waited until now to seek an oral deposition of HHI. The lawsuit Petitioners filed in Pennsylvania (attached as ECF 597-6) shows that the basis for their claims were facts they learned in May and June of 2024, when the NTSB publicly reported the results of its post-allision testing aboard the DALI. But, Petitioners' timing aside, the State offers this: it would be willing to accommodate an oral deposition of HHI after the discovery cutoff, provided (1) the HHI deposition

does not affect the trial date, and (2) the State's Rule 31 deposition proceeds as scheduled (a hedge against the possibility that the HHI oral deposition never happens). As things now stand, the State's pending motion is the *only* avenue for obtaining HHI's testimony in this case.[1]

**II. Petitioners do not establish good cause for denying the State's request.**

A deposition pursuant to Rule 31 of the Federal Rules of Civil Procedure is a useful tool, and none of Petitioners' cited authority indicates good cause for leaving it unused. Petitioners collect cases for the proposition that courts "disfavor" depositions by written question (*see* ECF 597 at 6-7), but those generalized statements occur in highly distinguishable contexts. For instance, all of the cases involved the deposition *of a party*,[2] and all involved a choice between a written or oral deposition—not between a deposition by written question or no deposition at all. And to be clear: in this Limitation Action, given Hague Convention timing and HHI's objections, Petitioners' insistence on an oral deposition is, in effect, an insistence on **no** deposition.

Of Petitioners' cited authority, *Perry v. Edwards* is particularly instructive. 16 F.R.D. 131 (W.D. Mo. 1954). A defendant who lived in Michigan sought to quash his deposition noticed in Missouri. The *Perry* court granted the motion to quash, then gave the plaintiff three options: 1) to notice the deposition where the defendant lived, 2) to notice the deposition in Missouri and pay

---

[1] HHI honored a prior Hague Convention request in this case concerning the production of documents (ECF 472). During the Parties' meet-and-confer call on August 4, HHI made it known that it would also honor a similar Hague Convention request for a deposition by written questions. (Of course, no rule prohibits HHI from sitting for a deposition by written question without invoking the Hague Convention.)

[2] *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547 (S.D.N.Y. 1989) (depositions of defendants); *Perry v. Edwards,* 16 F.R.D. 131 (W.D. Mo. 1954) (deposition of defendant); *Zito v. Leasecomm Corp.,* 233 F.R.D. 395 (S.D.N.Y. 2006) (depositions of plaintiffs); *Corker v. Costco Wholesale Corp.,* No. C19-0290RSL, 2021 WL 3124009 (W.D. Wash. Jun. 21, 2021) (deponent was president and owner of defendant and Court granted Plaintiffs leave to add him as a defendant while the motion for protective order was pending); *Alliance to End Repression v. Rochford,* 75 F.R.D. 428 (N.D. Ill. 1976) (deposition of defendant).

for the defendant's travel, or 3) "plaintiff may take defendant's deposition upon written interrogatories under Rule 31." *Id*. at 134. Thus, a written deposition is appropriate notwithstanding that an oral deposition is available. To borrow from *Perry*, a Rule 31 deposition may be "inferior to oral examination. But no one here seeks to limit [Petitioners] to that or any particular mode." *Id*. at 133. Any limitation is a creature of timing, which is a result of Petitioners' own litigation choices. Petitioners are "perfectly free to take [HHI's] deposition upon oral examination [pursuant to the Hague Convention] if he desires"—and if time permits. *Id*.

Substantively, Petitioners claim that the Rule 31 procedure is insufficient because the subject matter of the questions is "highly technical" and because HHI and Petitioners have become adverse, given that Petitioners have sued HHI. Neither complaint is good cause to forgo HHI's concededly relevant testimony. First, in this case, "technical" is not synonymous with complicated, let alone impossible. The State's questions to HHI are technical in the sense of involving mechanics and methodology, but they are also simple and straightforward. Petitioners' brief proves the point. The two questions they select to illustrate their complaints of "highly technical issues" are these:

- "If HHI has provided a recommended maintenance and inspection schedule for the DALI's electrical switchboards, please describe that maintenance and inspection schedule, including the scope of work that HHI recommends be performed during the ship's five-year dry-docking."

- "If the DALI loses 440-volt electrical power while underway, how long should it take to restart the main engine once 440-volt power is restored?"

(ECF 597 at 7). The Court will observe that these dry questions should not be complicated to answer. (Indeed, the second question seeks only a unit of time.) Thus, they are in stark contrast to questions involving witness credibility or demeanor where courts declined to issue letters rogatory for written depositions. *See* (ECF 597 at 8-9), discussing *Oscar Gruss & Son v.*

*Lumbermens Mut. Cas. Co.*, 41 F.R.D. 279 (S.D.N.Y. 1966) and *Horvath v. Deutsche Lufthansa, AG*, 02 CIV. 3269 (PKC), 2004 WL 241671 (S.D.N.Y. Feb. 9, 2004). Those cases are also distinguishable on other grounds.

In *Oscar Gruss*, a complicated financial case, "[only the most searching inquiry . . . would unearth and expose the details of the claimed manipulation of books and records and [an employer's] collaboration with the employees." 41 F.R.D. at 281-282. Moreover, witness credibility and demeanor was considered "very substantial" in determining who would win the case. *Id*. at 282. Finally, it was "not unlikely" that witness testimony could "be had in open court upon a trial here or their depositions taken upon a consensual arrangement in a country where oral inquiry is permitted." *Id*. And in *Horvath*, the court found that the value of a "potentially relevant" witness' testimony would "turn on credibility determinations," and the written deposition was not sought until "just days before the oft-extended close of discovery." 2004 WL 241671, at *4. In contrast, the State's request was timely made, HHI's testimony is undeniably relevant, and the State's questions are factual or technical in nature such that HHI's demeanor simply does not play the same role here.

Finally, Petitioners suggest that HHI has "a natural motive to answer the State's questions in a way that deflects scrutiny of its own conduct[.]" (ECF 597 at 9). Petitioners ignore the fact that this is a bench trial. The Court is qualified to read HHI's responses to questions and to evaluate the testimony with due consideration for the characteristics of a Rule 31 deposition. At best, Petitioners' preemptive complaints would go to the weight of the evidence—not to the question of whether the State should be able to obtain it in the first place.

## III. Conclusion

It is undisputed that HHI's testimony is relevant and that a Rule 31 deposition is the surest (and perhaps sole) means to obtain it. In these circumstances, there is no reason—let alone good cause—to deny the State's motion for a Letter of Request. The State should be able to obtain testimony from the designer and builder of the DALI, and the Court should be able to evaluate it. The State's motion should be granted, and the Court should sign and issue a Letter of Request to facilitate a Deposition by Written Question of HD Hyundai Heavy Industries Co., Ltd.

Respectfully submitted this 14th day of August, 2025,

Margaret Fonshell Ward (04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
(410) 584-2800

*/s/ David L. Reisman*

R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar # 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
T: (504) 581-7979
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com

Scott S. Partridge*

PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
(314) 952-4132

William J. Jackson*
Ivan Morales*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
imorales@kelleydrye.com
mpimienta@kelleydrye.com
(713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*
***Attorneys for State of Maryland***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August 2025, a copy of the foregoing Motion to Compel was served via the court's CM/ECF system on all counsel of record.

*/s/ David L. Reisman*
David L. Reisman (La. Bar # 21833)