IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * | Civil No. JKB-24-0941 |
|  | * | *IN ADMIRALTY* |
|  | * |  |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is the State of Maryland's Motion for a Letter of Request ("Motion") (ECF No. 584). Having considered the parties' submissions (ECF Nos. 584, 597 & 600), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion is **GRANTED**.

The State requests that the Court issue a Letter of Request to the Director of International Affairs of the National Court Administration of the Republic of Korea pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). ECF No. 584-1. The proposed Letter of Request seeks a deposition by written questions of non-party HD Hyundai Heavy Industries Co., Ltd. ("HHI"). HHI is a Korean company that designed and built the M/V DALI and, according to Claimants, provided support to the M/V DALI, its managers, and its owners as recently as 2024. ECF No. 584 at 2. The Court previously granted Claimants' motion for the issuance of another Letter of Request that sought documents from HHI, and HHI honored that request. ECF Nos. 472 & 600 at 3 n.1. The State anticipates that HHI will honor this Letter of Request as well.

Petitioners object. ECF No. 597. They argue that HHI is a "key fact witness whose testimony is likely to be complex, highly technical, and relevant to central issues" in this case. *Id.*

at 1. Given the scope of the State's 98 questions, which include questions about the M/V DALI's maintenance history, proper maintenance procedures, and the design, regulatory approval, testing, and operation of key systems onboard, Petitioners contend that examination by written questions will be inadequate. *Id.* at 2. They request that the Court deny the Motion or, in the alternative, grant Petitioners leave to conduct an oral cross-examination of HHI (rather than a cross-examination by written questions). *Id.*

Petitioners have filed a complaint against HHI in the Eastern District of Pennsylvania, asserting claims for products liability, breach of implied warranties, negligent misrepresentation, negligence, and indemnity/contribution. *See Grace Ocean Private Limited v. Hyundai Heavy Industries Co., Ltd.*, No. 2:25-cv-04374 (E.D. Pa.). HHI has not yet responded to the complaint, but it has indicated that it will contest personal jurisdiction. ECF No. 25 in Case No. 2:25-cv-04374-KNS. Petitioners have also served subpoenas on HHI in Pennsylvania, where HHI is registered to do business and has appointed an agent for service of process. *Id.* at 3. The subpoenas (ECF Nos. 597-2 & 597-3) seek the production of documents and oral deposition testimony from HHI witnesses about relevant issues in this case. HHI has indicated that it objects to the subpoenas and has already filed a motion to quash the subpoena for oral deposition.[1] *See In re Subpoena of Hyundai Heavy Industries Co., Ltd.*, No. 2:25-mc-00051-JS (E.D. Pa.). Given this other litigation, Petitioners expect that their examination of HHI "will likely be hostile." ECF No. 597 at 8. They suggest that "HHI will have a natural motive to answer the State's questions in a way that deflects scrutiny of its own conduct," and that requiring Petitioners to cross-examine HHI by written questions would be unfairly prejudicial. *Id.* If the Court grants the Motion, and Petitioners are

---

[1] HHI has also notified the parties that "Should the Vessel Interests attempt to pursue their subpoenas via the Hague process, HHI reserves all rights, and will require full compliance with that process." ECF No. 597 at 4.

required to proceed with written cross-examination questions, Petitioners alternatively request that they be permitted to move to reopen discovery for the limited purpose of conducting oral cross-examination of HHI. *Id.* at 9.

Petitioners have not demonstrated good cause to deny the Motion. The State's Motion is timely filed and properly seeks discovery through a mechanism available under the federal rules. Like Petitioners, the State would prefer to conduct an oral examination of HHI, but HHI maintains that it cannot be subpoenaed for trial or deposition in the United States. ECF No. 600 at 2. Recognizing HHI's position, and considering the time it might take to obtain discovery under the Hague Convention, the State has made the practical decision to seek discovery from HHI through written questions. *Id.* Given the scheduling constraints in this case, and considering the lengthy process of obtaining discovery through formal compliance with the procedures of the Hague Convention, a deposition of HHI by written questions might be "the only avenue for obtaining HHI's testimony in this case." *Id.* at 3. The State has thus demonstrated that issuance of the Letter of Request is necessary, practical, and appropriate. *See* Fed. R. Civ. P. 28.

The Court declines to alter the Letter of Request to require that HHI submit to an oral cross-examination by Petitioners. Rule 31(a)(5) provides that "[a]ny questions to the deponent from other parties must be served" in writing. Given HHI's apparent intention to honor the State's request for deposition by written questions, the Court is reluctant to combine the provisions of Rule 30 with those of Rule 31. Doing so might cause HHI to insist on formal compliance with all Hague Convention procedures, which would lead to a delay in the parties obtaining the discovery they seek. For this reason, the Court declines to change the terms of the Letter of Request.[2]

---

[2] Under the terms of Rule 31(a)(5), Petitioners' cross-questions were due on August 14, 2025. But because the State's discovery request also implicates the Hague Convention, and because the Court had not ruled on the Motion by that date, it would be unfair to hold Petitioners

Accordingly, the State's Motion for a Letter of Request is **GRANTED**. The Court has signed the proposed Letter of Request and will file a copy on CM/ECF. The Court modified the second page of the Letter of Request to reflect that the undersigned is a United States Magistrate Judge with chambers in Greenbelt, Maryland. If it believes it is necessary, the State is responsible for ensuring that the Letter of Request is properly transmitted to the Republic of Korea.

Date: August 28, 2025                                        /s/
                                                    Timothy J. Sullivan
                                                    Chief United States Magistrate Judge

---

to that deadline. The Court expects the parties to agree on a date by which Petitioners must submit their cross-questions (along with deadlines for redirect and recross questions), and the Court acknowledges that those dates will fall after the close of fact discovery.