IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | Civ. No. 24-0941-JKB<br><br>*IN ADMIRALTY* |

## MEMORANDUM AND ORDER

On October 14, 2025, Chief Magistrate Judge Timothy J. Sullivan, to whom the Court has referred all discovery matters in this action (ECF No. 477), granted Claimants' Motion to Strike the Confidentiality Designations to the M/V DALI Vessel Employees' Deposition Transcripts (ECF No. 513) ("Claimants' Motion"). (ECF No. 624.) On October 28, 2025, five nonparty deponents objected to Magistrate Judge Sullivan's Memorandum and Order, and on November 11, 2025, Claimants responded to those objections. (ECF Nos. 632 and 637.[1]) Having considered these submissions, the Court finds that the nonparty deponents' objections are—for now—well taken. As to the objecting deponents, Magistrate Judge Sullivan's Order will be reversed and the Claimants' Motion to Strike the Confidentiality Designations will be denied, for the reasons that follow.

### I.    Background

The depositions at issue in Claimants' Motion are those of eight *Dali* crewmembers, none of whom are parties to this action. (*See generally* ECF No. 513.) ████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[1] Redacted versions of the Objections and Responses were filed at ECF Nos. 630 and 638.

Pursuant to the Amended Protective Order entered in this case (ECF No. 467), counsel for the crewmembers designated nearly all of each of the eight deposition transcripts as confidential, ███████████████████████████████████████████████████████████ While agreeing to treat as confidential the crewmembers' personally identifying information and the video recordings of the depositions, Claimants contested the remainder of the crewmembers' confidentiality designations and moved the Court to strike them. (*Id.*) Claimants attached the contested deposition transcripts and confidentiality designations to their Motion, and both the Claimants and the crewmembers moved to seal their briefing on Claimants' Motion. (ECF Nos. 515, 543, 545, 548, 551, 554, 570 (Motions to Seal ECF Nos. 513, 544, 546, 549, 552, 555, 568).)

Magistrate Judge Sullivan granted the Claimants' Motion, reasoning that the crewmembers had not met their burden to establish good cause for the confidentiality designations. To meet this burden, Magistrate Judge Sullivan held that the crewmembers must show, through specific demonstrations of fact rather than broad conclusory allegations, that an identifiable harm would result from disclosure of the designated information. (ECF No. 624 at 2 (citing *Waterkeeper All., Inc. v. Alan & Kristen Hudson Farm*, 278 F.R.D. 136, 140 (D. Md. 2011)).) Magistrate Judge Sullivan "[w]eigh[ed] [the crewmembers'] asserted harms against the burdens imposed on Claimants [by the designations] and the public's presumptive right of access," (*id.* at 7), and concluded that the crewmembers had not identified a specific harm sufficient to outweigh these competing interests. (*Id.* at 13.) For essentially the same reasons, Magistrate Judge Sullivan denied the pending Motions to Seal the briefing on Claimants' Motion and the transcripts and designations attached thereto. (*Id.* at 14–16.) Without there being at least good cause for keeping the designated information confidential, Magistrate Judge Sullivan reasoned there is no basis for

placing such information under seal. (*Id.*)[2] In order to preserve the crewmembers' ability to object to these determinations pursuant to Rule 72, Federal Rules of Civil Procedure, Magistrate Judge Sullivan issued his Memorandum and Order under seal, and, until such time as any such objections are resolved, preserved the crewmembers' confidentiality designations and left the motions to seal pending. (*Id.* at 17.)

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

## II.  Standard of Review

The district court may refer non-dispositive pretrial matters such as discovery disputes to a magistrate judge for disposition. 28 U.S.C. § 636(b)(1). Upon timely objection to a magistrate judge's ruling, the district court "may accept, reject, or modify" it "in whole or in part," or "recommit the matter to the magistrate judge with instructions." *Id.* Under Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." As the Court has previously held (ECF No. 500), the "clearly erroneous" standard applies to factual findings, and the "contrary to law" standard applies to legal conclusions. *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014), *aff'd on other grounds*, 885 F.3d 271 (4th Cir. 2018).

---

[2] For the same reasons, Magistrate Judge Sullivan also denied a related Motion to Seal, ECF No. 559, seeking to seal one paragraph of a report from counsel in advance of a hearing (ECF No. 560). (ECF No. 624 at 13, n.10.)

3

### III. Analysis

The crux of Magistrate Judge Sullivan's reasoning in striking the crewmembers' confidentiality designations was a finding that "the burdens imposed on Claimants [by having to treat such information as confidential] and the public's presumptive right of access" to judicial records outweigh the harms that the crewmembers assert would befall them if the designated information were disclosed. (ECF No. 624 at 7–13.)

The Court is sympathetic to Magistrate Judge Sullivan's assessment that the potential harms of disclosure articulated by the deponent crewmembers are not overwhelming. ███

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Further, the Court concurs that the public's right of access to judicial records must be afforded ample consideration, especially "in this case of significant public interest." *Id.* at 15. Disclosure of such records can indeed "enhance the public's understanding of an important historical event," (*id.* at 16 (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984))), "promot[e] trustworthiness in the judicial process, and provid[e] the public with a more complete understanding of how the judicial system operates," (*id.* (quoting *Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014))).

Given this, the Court finds Magistrate Judge Sullivan's decision to be an eminently practical assessment of the eventualities likely to arise in this case. If and when the deposition

4

testimony at issue gains status as a judicial record, the Court will almost certainly weigh the competing interests as Magistrate Judge Sullivan has, and the testimony will see public light. However, critically, the Court finds Magistrate Judge Sullivan's determination that the designated testimony *is now* a judicial record to be contrary to law.

There is no public right of access to pretrial discovery materials that are not judicial records. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[P]retrial depositions . . . are not public components of a civil trial."); *Smith v. Westminster Mgmt., LLC*, No. JKB-17-3282, 2018 WL 572867, at *3 (D. Md. Jan. 26, 2018) ("The public only has a right to access 'judicial records.'") And not every document filed in court is a judicial record. As this Court explained in *Smith*,

> The underpinning of the public's right to access judicial records is the public's right to 'judge the product of the courts in a given case.' That is, the right to access enables the public to judge the judges. . . . [Thus, the right] naturally encompasses the right to view materials considered by the Court, but does not necessitate access to materials considered only by the parties, even if, broadly speaking, they are part of the adjudicative process.

*Id.* (citations omitted). Applying this rationale here militates against finding the designated deposition testimony to be a judicial record.

The Court has considered the deposition transcripts at issue only for a highly limited purpose thus far—namely to decide whether the transcripts are properly designated as confidential. As Claimants rightly argue (*see* ECF No. 632 at 14–16), where the Court's sole consideration of a document is performed for this limited purpose, it does not play a sufficient role in the adjudicative process to render it a judicial record. Many other courts have held as much. *See, e.g., United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997) ("[W]e do not think that the public would acquire a right of access to a plea agreement simply because a court examined it to determine whether, if it were eventually filed, it might be filed under seal."); *see also* ECF No. 632 at 20

5

(citing cases). No party has asked the Court to rule on a substantive issue, dispositive or otherwise, to which they have argued the deposition testimony is pertinent. For this reason, Claimants' Motion is premature. If necessary, when the documents at issue are submitted to the Court in support of a substantive argument in the case, the Court will weigh the public's right of access to those judicial records against the crewmembers' asserted interests in confidentiality. But until that time, the public's right of access puts no weight at all on the scale.[3]

Without being offset by the substantial right of access to judicial records, the crewmembers' interests in preserving the confidentiality of their testimony—minimal as they may be—are sufficient, for now, to constitute good cause for maintaining the transcripts' status as confidential.



The only other consideration Magistrate Judge Sullivan weighed against the crewmembers' articulations of harm is the practical inconvenience of requiring the parties to continue treating the deposition transcripts as confidential. But the Court finds Claimants' complaints about this burden (*see* ECF No. 637 at 5) to be overblown. Recognizing that sealing procedures are not without cost to the parties, the confidentiality designations at issue plainly do not "color[] virtually every issue

---

[3] Claimants argue that waiting to challenge the crewmembers' confidentiality designations would have risked waiver. Not so. While Claimants may well be right that "a party risks waiving their objections to confidentiality by acquiescing to [a document's] sealing," (ECF No. 637 at 18), they were not forced into any such acquiescence—it was Claimants themselves who first attached the documents to any filing and were therefore obligated to move to seal them.

in this dispute." (*Id.*) For example, briefing on one motion for summary judgment (ECF No. 605) is ripe and has not implicated these issues at all; there have not been numerous hearings or orders placed under seal to date. If the burden of treating the contested transcripts as confidential grows substantially, the calculus here too may shift, but for now, the Court does not find these considerations to be of sufficient significance to undermine the objecting crewmembers' claims for protection.

Thus, for these reasons, the Court will deny Claimants' Motion to strike the objecting crewmembers' confidentiality designations, without prejudice to Claimants re-raising their arguments as needed. Because the Court finds that the objecting crewmembers have shown good cause for maintaining their confidentiality designations (for the time being) and that their transcripts are not yet judicial records, the Court will grant the motions to seal these transcripts. By contrast, Magistrate Judge Sullivan's Order will stand as to the confidentiality designations made for the three crewmembers who raised no objection—these designations will be stricken and the transcripts will not be sealed.[4]

## IV. Conclusion

For the reasons above, it is hereby ORDERED that:

1. Magistrate Judge Sullivan's Memorandum and Order (ECF No. 624) is REVERSED as to the five deponent crewmembers who filed Objections thereto—Karthikeyan Deenadayalan, Chandrashekar Sabhapathy, Chaminda Kariyawasam, Ganeshkumar Subramanian, and Nishanth Pitchaiah (the "objecting crewmembers").

---

[4] So too for Magistrate Judge Sullivan's denial of the Motion to Seal the Report of David Gerger, Esq. (ECF No. 559)—because no objection has been raised, the Court will not disturb the denial.

2. Claimants' Motion to Strike the Confidentiality Designations to the M/V DÁLI Vessel Employees' Deposition Transcripts (ECF No. 513) is DENIED as to the objecting crewmembers.

3. Claimants' Motion to Seal their Motion to Strike (ECF No. 515) is GRANTED as to the objecting crewmembers. ECF Nos. 513 (Claimants' Motion) and ECF Nos. 513-1, 513-2, 513-3, 514-4, 513-5, 513-6, 513-8, 513-11, 513-12, 513-13 (the deposition transcripts and confidentiality designations of the objecting crewmembers) are SEALED.

4. The remaining Motions to Seal the briefing on Claimants' Motion to Strike (ECF Nos. 543, 545, 548, 551, 554, and 570) are GRANTED. ECF Nos. 544, 546, 549, 552, 555, and 568 are SEALED.

5. The Motion to Seal Objections of Nonparty Dali Crewmembers (ECF No. 631) is GRANTED. ECF No. 632 is SEALED. For the same reasons, Claimants' Response in Opposition to Nonparty Crewmembers' Objections (ECF No. 637) is SEALED.

6. Magistrate Judge Sullivan's Memorandum and Order (ECF No. 624) is UNDISTURBED as to the non-objecting crewmembers—Charles Vaz, Rohit Singh Bisht, and Stephen Fernando Kwiteen Jayakumar. Thus, ECF Nos. 513-7, 513-9, 513-10 (the deposition transcripts of the non-objecting crewmembers) and ECF No. 560 (the Report of David Gerger, Esq.) are UNSEALED.

7. Magistrate Judge Sullivan's Memorandum and Order (ECF No. 624) shall remain SEALED.

8. The Clerk is DIRECTED to issue this Memorandum and Order UNDER SEAL.

9. The Clerk is DIRECTED to PUBLICLY DOCKET the redacted version of this Memorandum and Order.

DATED this 17th day of November, 2025.

                               BY THE COURT:

                               /s/ JAMES K. BREDAR
                               James K. Bredar
                               United States District Judge