UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

In the Matter of the Petition of

GRACE OCEAN PRIVATE LIMITED, as
Owner of the M/V Dali,

and                                                         Docket No. JKB 24-CV-941

SYNERGY MARINE PTE LTD, as                  *IN ADMIRALTY*
Manager of the M/V DALI,
for Exoneration from or Limitation of Liability.

**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO LATE-FILE ANSWER
AND CLAIM FOR <u>CLAIMANT/RESPONDENT, UNITED SOURCE ONE, INC.</u>**

Claimant United Source One, Inc. ("US1"), by its attorneys, submits this reply in support of its Motion (the "Motion") for Leave Late-File an Answer and Claim (the "US1 Claim") in this admiralty proceeding.

**<u>DISCUSSION</u>**

US1 filed the Motion on November 5, 2025. The only opposition was filed by Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd. ("Petitioners") on November 19, 2025. No claimants, and no other party to this litigation, opposed the Motion. The Petitioners raise three grounds in opposition to the Motion, none of which separately or together are sufficient to require this Court to deny the Motion.

First, Petitioners argue that the Motion was filed beyond the Court's November 22, 2024 deadline for filing cargo claims. US1 does not deny the US1 Claim was filed beyond that deadline, but that is why US1 filed the Motion seeking leave, and establishing cause for that relief, rather than merely filing a claim.

Even Petitioners correctly assert that this Court did not foreclose the filing of late claims if filed under "compelling circumstances." ECF No. 327 at 2. US1 identified in detail in its Motion and accompanying papers exactly why US1 is justified under the circumstances to a grant of leave. While Petitioners cite case law applicable to limitations periods generally, they do not identify how or why the deadline for filing claims in this pre-existing litigation is akin to a statute of limitations, why such should operate as an absolute bar to the US1 Claim, or why that precludes the Court from exercising the wide discretion afforded to it under Supplemental Admiralty Rule F(4).

Here, US1 is not seeking to initiate a new lawsuit, but rather to join late into this already pending action, and as discussed in the Motion, Rule F(4) does not mandate an absolute bar on late filed claims but rather expressly permits the Court upon a showing of cause to allow them. Indeed, the only case Petitioners cite in support of this argument, *Servicios-Expoarma, C.A. v Indus. Mar. Carriers, Inc.*, 135 F.3d 984 (5th Cir. 1998), does not arise in the context of a petition for exoneration from and/or limitation of liability and does not discuss Rule F(4) at all – it deals only with the timeliness of what was essentially a two party dispute. It is thus not relevant to the Motion itself and does not displace the requirements of Rule F(4) or the relevant case law cited in the Motion. The Court, therefore, is not barred as a matter of law from allowing US1's claim – instead, Rule F(4) remains applicable and the Court should apply it to the facts and circumstances demonstrated in US1's Motion and accompanying papers, and appropriately exercise its discretion.

Second, Petitioners claim that prejudice resulting from allowing the US1 Claim should compel this Court to deny equitable consideration of the Motion. Importantly, Petitioners alone claim prejudice – no claimant or other party opposed the Motion at all, much less on the basis of prejudice.

Petitioners ignore, however, that the great weight of this litigation centers on the liability of Petitioners, not the damages to claimants. As US1 correctly asserted in its Motion, it is identically situated with the other cargo claimants on the question of Petitioners' liability and allowing or denying the US1 claim will have no effect whatsoever on discovery and litigation regarding Petitioners' liability.

Petitioners certainly did not identify how inclusion of the US1 Claim among the cargo claims would somehow make the resolution of liability more expensive or time consuming, because there is no reasonable basis to argue that it would.  At best, Petitioners would incur some additional expense to the extent they wanted to litigate the amount of US1's claim, which is minimal compared to the expense of this litigation generally, and they do not identify any basis to claim doing so would somehow delay this litigation overall.

Finally, Petitioners essentially circle back on their first argument, regarding timeliness, but recast it as a barrier based on the statute of limitations provided by 46 U.S.C. § 30701. This argument, of course, ignores that US1 does not seek to initiate a new lawsuit, which would be subject to limitations, but rather to join the already timely filed proceeding before the Court.  This argument fails for the same reasons as Petitioners' first argument and it again fails to address the plain language of Rule F(4), which allows the Court to enlarge the time for filing claims for "cause shown." *Id*. Given that Petitioners cannot dispute this litigation was timely filed or that Rule F(4) allows the Court to award the relief that US1 seeks, its claim of a one year limitations period  under 46 U.S.C. § 30701 is irrelevant to the Court's consideration of the Motion, particularly given that Petitioners do not assert any authority that this limitations period is even applicable to this litigation, which was initiated by Petitioners to limit their liability.

## CONCLUSION

Nothing in Petitioners' filing prohibits the Court from exercising its discretion and allowing the US1 Claim to be filed late based upon the cause shown by US1 in its filings. There would be no meaningful delay or prejudice to any party if it were allowed, which is no doubt why no other party even opposed US1's Motion. The Court should exercise its discretion and allow the US1 Claim to be filed in this matter.

Dated: December 3, 2025        Respectfully submitted,

                                                /s/    Pierce C. Murphy
William N. Sinclair, Fed Bar No. 28833
Pierce C. Murphy, Fed Bar No. 30030
Silverman|Thompson|Slutkin|White LLC
400 East Pratt St., Suite 900
Baltimore, MD 21201
bsinclair@silvermanthompson.com
pmurphy@silvermanthompson.com
(410) 385-2225 (p)
(410) 547-2432 (f)

Counsel for United Source One, Inc.