IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | Civ. No. 24-0941-JKB<br><br>*IN ADMIRALTY* |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Leave to Late-File an Answer and Claim for Claimant/Respondent United Source One, Inc. (ECF No. 635.) The Motion has been fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, the Motion will be denied.

### I.    Background

This action relates to the allision of the M/V Dali with the Francis Scott Key Bridge on March 26, 2024. (ECF No. 1.) On April 1, 2024, Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd filed suit, seeking the protections of the Shipowners' Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501–30530. (*Id.*) That same day, the Court ordered Petitioners to "issue a notice to all persons asserting claims with respect to which the Petition seeks exoneration from or limitation of liability, admonishing them to file their respective claims . . . on or before September 24, 2024"—roughly six months later. (ECF No. 8.) One day before that deadline, a group of cargo interests moved for an extension of the deadline. (ECF No. 144.) The Court held a motions hearing (ECF No. 343) and issued an Order (ECF No. 353) directing the movants and Petitioners to jointly file a stipulation setting out agreeable limited extensions of time to submit claims. Accordingly, the movants and Petitioners did so, proposing to extend the filing

deadline for two categories of cargo claimants—those who do, and those who do not, have sufficient information about the nature of their alleged injuries to determine whether they have a cognizable claim in this matter even before the cargo reaches its destination and is processed—to October 9, 2024, and November 22, 2024, respectively. (ECF No. 391.) The Court approved these extended deadlines and held:

> To the extent any other owner, insurer or other interested party in cargo carried aboard the Vessel on the voyage which is the subject of this action may . . . seek to file a late claim in this Limitation Action, leave to do so shall only be granted upon good cause shown. . . . In no event shall any late filed cargo claim be accepted after November 22, 2024.

(ECF No. 436.)

United Source One, Inc. ("US1") filed its Motion on November 5, 2025, nearly one year after this extended claim-filing deadline. (ECF No. 635.) US1 argues that it "suffered a substantial loss" of cargo that was carried by the M/V Dali at the time of the allision and that it could not have submitted a timely claim because it "did not receive notice of the day by which it was required" to do so. (*Id.* at 1.) US1 seeks leave of the Court to file a late claim "so that it may participate in this proceeding alongside other similarly situated cargo claimants." (*Id.*)

## II.    Legal Standards

The Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(4) states that when a limitation of liability proceeding is instituted in federal court, the court is empowered to establish a "monition period" during which all claimants must file their respective claims or face default. Rule F(4) also authorizes the Court to permit the late filing of a claim after the monitions period "for cause shown." Supp. Rule F(4).

"The trial court has wide discretion in determining whether to permit the filing of late claims under the Rule." *In re Columbia Leasing LLC*, 981 F. Supp. 2d 490, 495 (E.D. Va. 2013). "[R]elief

from a tardy claim is not a matter of right. It depends upon an equitable showing." *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963). In evaluating whether a late claim should be permitted, courts consider (1) whether granting the motion will prejudice the rights of other parties; (2) whether the movant has provided a reason for the late filing; and (3) whether the limitation proceeding is pending and unresolved. *Id.* at 362.

## III.    Analysis

The Court will not permit the filing of US1's late claim. Though the limitation proceeding is pending and unresolved, US1 has not provided an adequate reason for its tardiness and permitting it to file may prejudice Petitioners' rights in this action.

### A.    Delay

Considering first US1's explanation for the delay, the Court finds the Motion wanting. US1 provides a declaration from its Chief Financial Officer Rich Harrell asserting that "US1 did not receive notice of the Restraining Order from Petitioners and the claim deadline therein before that deadline had passed." (ECF No. 635-1 ¶ 8.) US1 explains further that at the time of the allision, it was insured under a Marine Cargo Policy issued by Tokio Marine America Insurance Company, whom it notified of its claim under the policy "[o]n or about April 1, 2024" (*id.* ¶ 9)—several days after the allision. Tokio undertook an investigation of US1's claim, but "did not, however, notify US1 . . . of the Restraining Order or the claims deadline." (*Id.* ¶ 10.) On November 22, 2024— the extended claim-filing deadline—a group of claimants, including some insured by "the Tokio family of companies," filed answers and counterclaims, but Tokio "did not advise US1 that its other insureds' claims had been filed . . . ." (*Id.* ¶ 14 (citing ECF No. 449).) On December 5 or 6, 2024, Tokio denied coverage of US1's insurance claim (*id.* ¶¶ 12, 15), and US1 retained counsel to negotiate with Tokio, "believ[ing] these actions would afford it relief without incurring undue

expense or compounding this litigation." (*Id.* ¶ 15.) These efforts ultimately failed, and US1 values its remaining loss at approximately $370,363. (*Id.* ¶¶ 13, 16.)

Where "a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to 'all persons' having any claims, whether they receive actual notice thereof or not." *Dowdell v. U.S. Dist. Ct.*, 139 F. 444, 446 (9th Cir. 1905); *see also Cont'l Ins. Co. v. L&L Marine Transp., Inc.,* No. 14-cv-2967, 2016 WL 9412869 (E.D. La. Dec. 7, 2016). Constructive notice is sufficient especially where the movant "live[s] in the area where the notice was published." *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990); *see also In re Clearsky Shipping Corp.*, No. 96-cv-4099, 2000 WL 1132009, at *2 (E.D. La. Aug. 8, 2000) ("Common examples of the requisite cause include . . . lack of publication in the attempted claimant's geographical area.").

US1 does not argue that Petitioners violated Rule F in the publication of notice of the claim-filing deadline. In accordance with the Court's orders (ECF No. 8), Petitioners published the notice in the Baltimore Sun, the Daily Record, and the Washington Post, once per week for four successive weeks in June and July 2024. (ECF No. 195.) And US1 "is a Maryland corporation with its principal office in Belcamp, Maryland." (ECF No. 635-1 ¶ 3.) While the Court takes US1's assertion that it was unaware of the filing deadline at face value, under the circumstances here, it nevertheless finds that US1 had adequate notice of that deadline. Thus, the Court finds US1 has not identified an adequate reason for its delay.

### B. Prejudice

Further, the Court finds that at this stage of the litigation, permitting US1 to file a late claim may prejudice Petitioners' rights in this action. The Phase I trial in this case is set to begin in less than six months, on June 1, 2026. (ECF No. 438.) Fact discovery is closed, and expert discovery

4

is well underway. (*Id.*) Petitioners credibly represent that "[t]he parties have spent thousands of man-hours preparing this exceptionally complex case for the Phase I trial" and that "[p]ermitting this incredibly late claim will divert the parties' attention and resources from dealing with complicated and voluminous expert discovery and preparation for a month-long trial, which is rapidly approaching." (ECF No. 643 at 7.) The Court recognizes US1's assertion that "it is identically situated with the other cargo claimants on the question of Petitioners' liability and allowing [its claim] will [therefore] have no effect whatsoever on discovery and litigation regarding Petitioners' liability." (ECF No. 645 at 3.) But permitting US1 to file its claim "so that it may participate in this proceeding alongside other similarly situated cargo claimants," as US1 requests (ECF No. 635 at 1), would necessarily carry with it the risk of potential prejudice, as such participation comes with attendant rights, the exercise of which would burden Petitioners. Further, the Court concurs with the Petitioners that "it would set a bad precedent—particularly in a case that received such extensive media attention—to allow a Maryland corporation, which is based in the geographical area where notice of the deadline was published, to permit the filing of an extremely late claim." (ECF No. 643 at 6.) Other courts have denied permission to file a late claim on similar bases even where, as here, the limitation proceeding remains pending and the movant alleges a lack of actual notice. *See, e.g., Lloyd's Leasing*, 902 F.2d at 371; *In re Complaint of Kirby Inland Marine, L.P.*, 365 F. Supp. 2d 777, 782 (M.D. La. 2005).

US1's decision not to seek leave of the Court in December 2024, once it was notified of Tokio's denial of its insurance claim, had certain risks as well as potential benefits. Mr. Harrell's assertion that US1 chose to retain counsel at that time "believ[ing] that [this] would afford it relief without incurring undue expense or compounding this litigation" (ECF No. 635-1 ¶ 15) suggests that US1 was aware of and considered its involvement in this litigation at that time. While the

5

Court may, even then, have found US1's delay to be unjustified, certainly Petitioners' claim of prejudice would have been far weaker then, only weeks after the claim-filing deadline had passed and while fact discovery remained open, than it is now, roughly one year later and only months before trial. Thus, while the Court can appreciate that its ruling here is unfortunate for US1, the fact that US1's risk/benefit assessment failed to pan out does not obligate the Court to permit further complication of an already very complex case.

The Court has already noted that

> [i]n a case of this magnitude and complexity, the Court expects all counsel—and indeed all parties—to conduct themselves with the highest degree of professionalism, courtesy, and attention to detail. When parties fail to adhere to Court-set deadlines, all other parties in the case risk suffering needless delays and costs. . . . [A]ll parties are on notice that the Court has little patience for late filings and will not be favorably inclined to granting future untimely requests for relief absent compelling circumstances.

(ECF No. 327.) US1's Motion fails to identify compelling circumstances militating in favor of its Motion. Because the findings above suffice to resolve US1's Motion, the Court declines to reach Petitioners' other arguments at this time.

## IV.    Conclusion

For the foregoing reasons, it is hereby ORDERED that the Motion for Leave to Late-File an Answer and Claim for Claimant/Respondent United Source One, Inc. (ECF No. 635) is DENIED.

DATED this __11__ of December, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

6