IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * * * * * Civ. No. 24-0941-JKB *IN ADMIRALTY* |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On August 29, 2025, Claimants filed a Motion for Summary Judgment. (ECF No. 605.) Claimants filed Exhibit 5 to their Motion (ECF No. 605-6), an employment contract, under seal. On September 2, 2025, Claimants filed two Motions concerning Exhibit 5: a Motion to Seal (ECF No. 607) (itself filed under seal), and a Motion to Substitute (ECF No. 608). Those Motions remained pending when, on November 17, 2025, the Court issued an Order discussing various principles pertinent to the sealing of documents designated by the parties as confidential. (ECF Nos. 640 (redacted public version), 641 (sealed version).) Thus, on January 22, 2026, the Court ordered Claimants to file a short supplemental brief stating whether, in light of the Court's Order (ECF Nos. 640, 641), they wish to maintain in full, maintain in part, or withdraw in full their Motions to Seal and to Substitute (ECF Nos. 607, 608).

On February 3, 2026, Claimants filed a Supplemental Brief, requesting that "the motions [(ECF Nos. 607, 608)] be granted because their purpose was to redact personal information in an employment contract—not to maintain confidentiality designations." (ECF No. 667.) Claimants assert that "[b]ecause the motions pertain to the protection of personal information, the Court's prior Order . . . and the rationale expressed therein regarding when testimony becomes a judicial record is not implicated . . . ." (ECF No. 667.)

Claimants' Motions to Seal and to Substitute Exhibit 5 (ECF Nos. 607, 608) will be denied. As an initial matter, the Court notes that Claimants' representation that the purpose of their Motions was "not to maintain confidentiality designations" (ECF No. 667) directly contradicts their prior filing, which provided only one basis for sealing Exhibit 5, namely that it "contains information that is designated confidential" (ECF No. 607). But further, the Court can discern no basis for sealing the entirety of Exhibit 5 other than its having been designated confidential, and Claimants' Supplemental Brief provides none. Thus, the Court's prior rationale, as expressed in its Order concerning Claimants' Motion to Strike Confidentiality Designations (ECF Nos. 640, 641), is indeed pertinent here. As the Court explained in that Order, once a document gains status as a judicial record by having been considered by the Court in ruling on a substantive issue in the case, the public's right of access to that document becomes weighty, especially in cases of significant public interest like this one. (ECF No. 640 at 5–7.) Exhibit 5, having been considered by the Court in adjudicating Claimants' Motion for Summary Judgment, has gained status as a judicial record, and Claimants have not provided any countervailing consideration that would support sealing it wholesale.

To be clear, the Court takes no issue with Claimants' attempt to preserve the confidentiality of the personally identifiable information reflected in Exhibit 5 (for example, the employee's date of birth and address (but not his name, which is already part of the public record)), and the Court will not unseal Exhibit 5 in its entirety. Rather, Claimants will be required to file a version of Exhibit 5 that redacts only the personally identifiable information contained therein. Further, the Court recognizes that it was Petitioners, rather than Claimants, who designated Exhibit 5 confidential in the first place. (ECF No. 607.) Thus, the Court will afford Petitioners an opportunity to show good cause for maintaining their designation beyond the personally

2

identifiable information that will in any event remain under seal, as Claimants have not coordinated with Petitioners to withdraw their wholesale assertion of confidentiality.

Finally, because Claimants' Motions were filed improperly, the Court takes this opportunity to clarify its sealing procedures for the benefit of the parties if any future such motions are filed. Pursuant to Local Rule 105.11 and the Court's Electronic Case Filing Civil Procedures for Sealed Civil Documents,[1] a party moving to seal an exhibit/attachment to a motion shall file (1) an *unsealed* motion to seal, including "proposed reasons supported by specific factual representations to justify the sealing," but not including the material proposed to be sealed, and (2) under seal, the material proposed to be sealed, attached to a notice of filing exhibit or attachment under seal.

For the foregoing reasons, it is hereby ORDERED that:

1. Claimants' Motion to Seal (ECF No. 607) and Motion to Substitute Exhibit (ECF No. 608 are DENIED;

2. The exhibit these Motions concern (ECF No. 605-6) shall remain SEALED to permit revised filing as described below;

3. Claimants shall MEET AND CONFER with Petitioners concerning whether their confidentiality designation over the exhibit in question goes beyond the personally identifiable information contained therein; and

4. Claimants shall FILE on the public docket, within 7 days of this Order, either:

    a. With Petitioners' permission, a revised version of the exhibit in question (ECF No. 605-6) with only personally identifiable information redacted; or,

    b. A notice that Petitioners wish to preserve their confidentiality designation over information beyond the personally identifiable information, in which case

---

[1] https://www.mdd.uscourts.gov/content/sealed-civil-documents.

Petitioners will be required to file a brief showing good cause for that designation within 14 days of the filing of Claimants' notice.

DATED this 4 of February, 2026.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge