**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Civ. No. 24-00941-JKB<br><br>***IN ADMIRALTY*** |

**JOINT STATUS REPORT**

Petitioners and Claimants (hereinafter the "Parties"), through undersigned counsel, submit this Joint Status Report in accordance with the Court's May 5, 2025, Order Modifying the Scheduling Order (ECF 510).

**STATUS OF DISCOVERY**

Fact and expert discovery are complete with the exception of one expert whose deposition has been delayed due to travel disruptions associated with the war in the Middle East (the witness lives in Singapore). The parties are sorting out the details of that deposition.

**PENDING MOTIONS**

None.

1

## ANTICIPATED MOTIONS *IN LIMINE*

**By Claimants:**

1. **Regarding the NTSB investigation**:  (1) a ruling that the NTSB's final report, its conclusions, and the agency's press conferences are inadmissible; (2) a ruling that the NTSB's underlying factual evidence is admissible, including specifically the agency's interviews and statements from the following witnesses:  Karthik Nair, Chandrashekar Sabhapathy, Karthikeyan Deenadayalan, Kumararaja Kuppuswamy, Xavier Fernando Antony Goodwin, Nishanth Pitchaiah, Chaminda Kariyawasam, Subramanian Ganeshkumar, Dhurai Balaji.

2. **Regarding certain Petitioner employees**:  a ruling that Claimants are entitled to an adverse inference for reasons that may be subject to the Protective Order issued in this case.

3. **Regarding certain Petitioner employees:** a ruling  to preclude  speculative argument and testimony from Petitioners regarding the acts and intentions of certain Petitioner employees, for reasons that may be subject to the Protective Order issued in this case.

4. **Regarding certain individuals**:  a ruling that they cannot now testify live at trial for reasons that may be subject to the Protective Order issued in this case.

5. **Regarding individuals who Synergy did not produce for deposition**:  a ruling that they cannot testify live at trial.  This motion will be directed to the following persons:  Dhurai Balaji (Dali's former Chief Engineer), Kashmiri Lal (Dali's Chief Cook), Nadammal Shershad (Dali's General Steward), Subramanian Selvakumar

(Dali's Oiler), Kumar Sunil (Dali's Oiler), Dominic Peeris Dobus Peeris (Dali's Oiler), Venu Sivalingam (Dali's Fitter), Mahesh Balaji Ankade (Dali's Trainee Electrical Officer), Dharmender Singh, Pawan Kumar, Rajan Margesseri (Dali's AB), Senthil Kumar, Madan Singh Yadav, Charanjiv Nalwa, Ritika Choudhary, Chetan Sharma, Phillip Jason Lewis, and Yogananth Palanichamy.

6. **Regarding certain post-accident studies commissioned by Synergy**: a ruling to preclude the introduction of or reference to the TSI Report titled "Vibration Levels Investigation at some systems and spaces aboard the ship MV DALI, for Synergy Marine Pvt. Ltd."

7. **Regarding certain of Petitioners' experts**: (a) selective *Daubert* motions to limit the scope of their prospective testimony and (b) a ruling to exclude duplicative expert testimony from multiple witnesses.

**By Petitioners**:

1. **Regarding certain of Claimants' experts**: (a) a ruling to exclude duplicative expert testimony from multiple witnesses; (b) a ruling excluding expert testimony purporting to make legal conclusions; and (c) selective *Daubert* motions to limit the scope of their prospective testimony.

2. Regarding Petitioners' experts: a ruling to allow Rajkrish Kumaran to appear remotely at trial due to certain medical issues that restrict his ability to travel.

**SETTLEMENT DISCUSSIONS**

**STATE OF MARYLAND**:  The State of Maryland has engaged in substantive settlement discussions with the Petitioners, including a Settlement Conference with Judge Coulson conducted on March 23, 2026.  No agreement has yet been reached.

**PROPERTY DAMAGE CLAIMANT GROUP**:  Claimant Ace American Insurance Company is currently engaged in active settlement discussions with Petitioners.  Claimants Brawner Builders has had settlement discussions with Petitioners but with no success to date.  No other claimants in the property damage claimant group have engaged in settlement discussions with Petitioners.

**PERSONAL INJURY AND WRONGFUL DEATH CLAIMANT GROUP**:  The Personal Injury and Wrongful Death Claimants have engaged in substantive settlement discussions with the Petitioners.

**PUBLIC ECONOMIC LOSS CLAIMANT GROUP**:  The Public Economic Loss Claimants are working on scheduling a call with Petitioners this week to conduct settlement discussions.

**PRIVATE ECONOMIC LOSS CLAIMANT GROUP**:  The Private Economic Loss Claimant Group has had no settlement discussions with Petitioners but will be asking Magistrate Coulson to schedule a meeting if the Petitioners would like to have one.

**CARGO CLAIMANT GROUP**:  Some members of the Cargo group have reached out to Petitioners to discuss possible settlement of their claims but given the nature of the issues before the Court at this time those discussions have not produced a settlement to date.

**ADDITIONAL ISSUES**

Claimants have identified the following issues to discuss with the Court during the Status and Scheduling Conference on April 2, 2025:

1. **Witnesses**:  Most fact witnesses who have given substantive testimony reside overseas.  Petitioners will not identify which of them they plan to bring to trial.  This requires Claimants to submit page/line designations for every fact witness.  Does the Court want those designations on paper?  Or would it prefer video clips instead?

2. **Trial Procedure**:  How will the Court set the order of proof?  Claimants first?  Or Petitioners' first?  The schedule currently allots 16 trial days.  Is that number fixed, or will the Court permit more time if warranted?  Of those 16 trial days currently set, how will they be allocated among the parties?  Does the Court want opening statements?

3. **Exhibits**:  What is the Court's preference concerning exhibits?  Will they be pre-admitted (subject to lack of objection)?   Will they be admitted into evidence through witnesses?  Will they be joint?

4. **Translators:** If any witnesses will require translators, how will that affect trial length and the allocation of trial days?

5. **Cargo Claimants Trial Attendance:** Cargo Claimants would like to raise with the Court the possibility of the Cargo Claimant Group entering its appearance on the first day of trial and then requesting to be excused for the duration of the

trial.  Cargo Claimants would agree to be bound by any decision reached by the Court, subject to any appeal rights.

6. **Legal Presumptions:** How will legal presumptions such as the *Louisiana* Rule impact or be addressed at trial?

7. **The Limitation of Liability Act's "Imputation" Clause:** which applies to the Personal Injury and Wrongful Death Claimants, and its effect on the presentation of evidence and argument at trial, for reasons that may be subject to the Protective Order issued in this case.

Petitioners have identified the following issues to discuss with the Court during the Status and Scheduling Conference on April 2, 2025:

1. **Expert trial testimony**: Does the Court intend to receive expert direct testimony live or by affidavit?

2. **Deposition testimony**:  Where a party is seeking to introduce deposition testimony into the trial record, will the Court require that to be read into the record, introduced as an exhibit, or handled in some other way?

3. **Certain DALI crew and Synergy Employees**:  How and under what circumstances they might be able to testify at trial. This issue may be subject to the Protective Order issued in this case .

Respectfully submitted this 27th day of March 2026,

/s/ Margaret Fonshell Ward
Margaret Fonshell Ward (Bar No. 04586)
DOWNS WARD BENDER HERZOG
& KINTIGH, P.A.
1350 McCormick Road
Executive Plaza 3, Suite 400
Hunt Valley, Maryland 21031
mward@downs-ward.com
T: (410) 584-2800

/s/ David L. Reisman
R. Keith Jarrett, T.A. *
David L. Reisman, T.A. (La. Bar No. 21833)*
Raymond T. Waid*
Elizabeth B. McIntosh*
Jessie E. Shifalo*
Elizabeth A. Strunk*
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
T: (504) 581-7979
dreisman@liskow.com
rkjarrett@liskow.com
rwaid@liskow.com
ebmcintosh@liskow.com
jshifalo@liskow.com
eastrunk@liskow.com

Scott S. Partridge*
PARTRIDGE LLC
231 Glendale Drive
Metairie, Louisiana 70001
scott@partridgellc.com
T: (314) 952-4132

William J. Jackson*
Maria F. Pimienta*
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, Texas 77027

7

bjackson@kelleydrye.com
mpimienta@kelleydrye.com
T: (713) 355-5000

Philip D. Robben*
Julia Schuurman*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
probben@kelleydrye.com
jschuurman@kelleydrye.com
T: (212) 808-7800

Andrew W. Homer*
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, California 92037
ahomer@kelleydrye.com
T: (858) 795-0426

Melissa E. Byroade (Bar No. 31335)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
mbyroade@kelleydrye.com
T: (202) 342-8400

Mark Lanier*
The Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
mark.lanier@lanierlawfirm.com
T: (713) 659-5200

*Admitted *Pro hac vice*
**Attorneys for State of Maryland**


Daniel O. Rose
Kreindler & Kreindler LLP

8

485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
***Lead Counsel for Personal Injury and
Wrongful Death Claimants***

Lawrence F. Walker
Cozen O Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
lwalker@cozen.com
Telephone: (215) 665-6920
Facsimile: (215) 665-2013
***Lead Counsel for Property Damage Claimants***

Adam J. Levitt
DiCello Levitt LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
***Lead Counsel for Local Government Claimants***

Todd D. Lochner
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
***Lead Counsel for Private Economic Loss
Claimants***

Terry L Goddard, Jr
Skeen & Kauffman LLP
9256 Bendix Road
Suite 102
Columbia, MD 21045

9

tgoddard@skaufflaw.com
Telephone: (410) 625-2272
Facsimile: (443) 817-0744
**Lead Counsel for Cargo Claimants**

s/ *Robert B. Hopkins*
Robert B. Hopkins  (Bar No. 06017)
Laurie G. Furshman (Bar No. 29604)
Tristan A. Dietrick (Bar No. 31238
DUANE MORRIS LLP
1201 Wills Street, Suite 330
Baltimore, MD 21231
T: (410) 949-2900
RBHopkins@duanemorris.com
LGFurshman@duanemorris.com
tdietrick@duanemorris.com

William R. Bennett III*
Thomas H. Belknap, Jr.*
Alan Weigel*
Neil P. McMillan*
Noe S. Hamra*
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
T: (212) 885-5000
William.Bennett@blankrome.com
Thomas.Belknap@blankrome.com
Alan.Weigel@BlankRome.com
Neil.McMillan@BlankRome.com
noe.hamra@blankrome.com

Kierstan L. Carlson*
Emma C. Jones*
BLANK ROME LLP
1825 Eye St. NW
Washington, DC 20006
T: (202) 420-2200
Kierstan.Carlson@blankrome.com
Emma.Jones@BlankRome.com

*Admitted *Pro Hac Vice*

*Counsel for Petitioners, Grace Ocean Private Limited and Synergy Marine Pte Ltd.*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March 2026, a copy of the foregoing

Joint Status Report was served via the court's CM/ECF system on all counsel of record.

/s/ Margaret Fonshell Ward
Margaret Fonshell Ward (Bar No. 04586)

11