**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability** | * | **Civ. No. 24-0941-JKB** |
| | * | |
| | * | *IN ADMIRALTY* |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>**CASE MANAGEMENT ORDER NO. 7**</u>

Earlier today, the Court conducted a Status Conference and discussed the topics addressed in the Parties' March 27, 2026, Status Report (ECF No. 678). For the reasons stated in open court, the Court hereby ORDERS as follows.

1. Case Management Order No. 3 (ECF No. 438) IS MODIFIED in the following respects:

   a. The Parties are *not* required to include proposed findings of fact or conclusions of law in their draft pretrial order, which is now due on or before April 27, 2026. (ECF No. 672.) The draft pretrial order SHALL INCLUDE those items listed in Local Rule 106.2.

   b. In addition to June 1–4, 8–11, 15–18, and 22–25, 2026, the Court plans to conduct trial on June 29–30, 2026. The Court will hear opening statements (not to exceed ninety (90) minutes per side) on June 1, 2026, and will hear closing arguments (not to exceed three (3) hours per side) at the conclusion of trial.

2. As suggested in the Parties' Status Report (*see* ECF No. 678 at 2) and confirmed in open court, Claimants may file one or more motions in limine addressed to topics that may be subject to the Protective Order issued in this case (ECF No. 474) for the same reasons as those that were addressed in the Court's Memorandum and Order denying Claimants'

Motion to Strike Confidentiality Designations as to five nonparty deponents' deposition testimony (ECF Nos. 640, 641). If Claimants seek to be relieved from the burdens that are imposed by the Protective Order in the filing of any such motions in limine, they are DIRECTED to file a new Motion to Strike Confidentiality Designations of any materials they believe no longer warrant the cover of the Protective Order, by no later than 5:00 p.m. on Monday, April 6, 2026. Responses to any such Motion shall be filed by no later than 5:00 p.m. on Wednesday, April 8, 2026.

3. On or before April 13, 2026, the Parties SHALL FILE a Joint Proposal as to the order in which the Parties will present their proof at trial, including a proposed allocation of the sixteen (16) trial days (excluding days for opening statements and closing arguments) as between the proposed stages of trial. Counsel SHALL MEET AND CONFER with respect to the Joint Proposal and shall endeavor to the greatest extent possible to make a single joint proposal. To the extent that the Parties do not reach agreement, they shall so indicate, provide their respective proposals along with brief argument as to the appropriateness thereof, and indicate whether or not there is agreement as to the question of whether the *Louisiana* Rule applies to this case. If the Parties do not agree about the applicability of the *Louisiana* Rule or the implications it has on the appropriate order of proof at trial, each side (Claimants and Petitioners) SHALL FILE a separate brief addressing that question on or before April 13, 2026. Any responses to those briefs shall be filed on or before April 20, 2026.

4. Any use of translators during trial—which the Parties represented at today's Status Conference would likely be minimal—SHALL NOT affect the length of the trial or the allocation of trial days to the various stages of trial.

2

5. Counsel for the Cargo Claimants SHALL ENTER AN APPEARANCE on the first day of trial. At that time, the Court will consider (likely favorably) any Motion requesting that Cargo Claimants be excused for the remainder of the trial.

DATED this 2 of April, 2026.

BY THE COURT:

James K. Bredar
United States District Judge