**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Northern Division

| | |
|---|---|
| IN RE GRACE OCEAN PRIVATE LIMITED, *et al.*, <br><br> Petitioners. | Civil Action No. 24-cv-000941-JKB <br><br> IN ADMIRALTY |

**STATUS REPORT REGARDING ORDER OF PROOF AND ADVERSE INFERENCES PERTAINING TO THE TESTIMONY OF CERTAIN WITNESSES**

**I.      JOINT PROPOSAL REGARDING ORDER OF PROOF AT TRIAL**

As requested by the Court in its April 2, 2026, Case Management Order (ECF No. 687), Claimants and Petitioners have met and conferred regarding the order of presentation of proof at trial. With the exception of the Cargo Claimants, the parties agree that Claimants should go first at trial. This is consistent with other limitation of liability actions involving an allision between a vessel and a stationary object. *See e.g., In re Moran Towing*, 166 F. Supp. 2d 773 (E.D. Pa. 2001). However, there is disagreement over allocation of the sixteen available trial days.

Regarding the Cargo Claimants, there is not consensus as of the deadline for the filing of this pleading within their group on the proposed order of presentation of evidence at trial.

**CLAIMANTS' PROPOSAL**

Claimants, with the exception of the Cargo Claimants, propose that they be allocated seven trial days for their case-in-chief. Then, Petitioners would have seven days for their case-in-chief. The remaining two days would be for Claimants' rebuttal.

Claimants believe this allocation is consistent with one possible structure of the trial articulated by the Court during the April 2 status conference (with the exception of who goes first).

In addition, in going first, Claimants anticipate a substantial portion of the first two trial days will address the case's factual background, including the actual events of the allision and complex systems within the vessel, including its electrical and propulsion systems. Therefore, this justifies allocation of an additional two trial days.

Claimants contend that the *Oregon Rule*, and its subset, the *Louisiana Rule* apply to this matter because the *Dali*, without dispute, struck a stationary object, the Francis Scott Key Bridge. *See Tug Ocean Prince, Inc. v. U.S.*, 584 F.2d 1151, 1159 (2d Cir. 1978), *cert. denied*, 440 U.S. 959 (1979) ("It is hornbook law that when a moving vessel strikes a stationary object an inference of negligence arises and the owner of the vessel then has the burden of rebutting such inference."). Claimants respectfully submit that the full import of these presumptions can be presented and briefed by the parties during and after trial.

Petitioners' suggestion for a "sur-rebuttal" is unsupported and inappropriate in a Limitation Action. As Petitioners acknowledge, after Claimants case-in-chief, the burden of proof shifts to them on Privity and Knowledge, including in light of the Imputation Clause, 46 USC 30506(e). At that point, Claimants should then be entitled to rebut that case, but thereafter the case should be submitted.

**PETITIONERS' PROPOSAL**

This is a complex case with many witnesses, and both sides will be challenged to present their respective cases within the available trial days. Given that fact, only an even allocation of trial days would be fair. How claimants choose to allocate their trial time between their case in chief and their rebuttal case is for them to decide. Petitioners would respectfully request seven trial days and one day reserved for sur-rebuttal, if necessary.

2

Claimants contend that the *Oregon* Rule creates a presumption of fault where a moving object strikes a stationary object (they also incorrectly cite the *Louisiana* rule, which more narrowly relates to when a vessel breaks loose from mooring); however, those are issues to be briefed post-trial and should not affect the order or scope of proof.  This is particularly so in a limitation of liability action where the law is clear that the claimants must specifically demonstrate negligence or unseaworthiness before the burden shifts to the Petitioners to show lack of privity and knowledge as to those demonstrated instances of negligence or unseaworthiness.  In *In Re Bay Runner Rentals*, 113 F. Supp. 2d 795, 798 (D. Md. 2000) (Bredar, J.), this Court stated the general standard for determining whether a shipowner is entitled to limit:

> The Fourth Circuit has adopted a two-step process for determining whether a shipowner may limit liability under Section 183(a): "First, the Court must consider what acts of negligence or conditions of unseaworthiness caused the accident.... [T]he second question [is] whether the shipowner had knowledge of the events which caused the loss." *Empresa,* 730 F.2d at 155. "The burden of proving negligence lies on the person claiming to be injured, but once negligence is established, the vessel's owner must prove lack of knowledge or privity to the negligence." *In re Cleveland Tankers, Inc.,* 67 F.3d 1200, 1203 (6th Cir.1995).

In any event, to the extent the *Oregon* Rule or the *Louisiana* Rule imposes an additional burden on Petitioners at trial, that fact weighs in favor of giving them more time – rather than less – to present their evidence to rebut the presumption.

## II.    STIPULATION REGARDING ADVERSE INFERENCES

Petitioners and Claimants have conferred over the anticipated motion for adverse inferences based on certain deposition testimony and, given the Court's discussion of pre-trial motions at the status conference, and the potential need for the Court to consider evidence elicited at trial to apply the requested inferences, the Parties agree that this issue is better considered through requests at trial and/or through findings of fact and conclusions of law. Petitioners do not

object to Claimants seeking the inferences at such time, without prejudice to Petitioners' right to

contest the application of the requested inferences.

Dated:  April 13, 2026

Respectfully submitted

/s/ *Daniel O. Rose*
Daniel O. Rose*
Kevin Mahoney*
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com
kmahoney@kreindler.com
T: (212) 973-3414
*Lead Counsel for Personal Injury and
 Wrongful Death Claimants*

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
BLANK ROME LLP
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

/s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse*
Daniel O. Schwartz*
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900
*Lead Counsel for Local Government
 Claimants*

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
BLANK ROME LLP
1825 Eye St. NW
Washington, DC 20006
202-420-2200

/s/ *Todd D. Lochner*
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite 201 Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
*Lead Counsel for Private Economic Loss
 Claimants*

*Attorneys for Petitioners*

* Admitted *pro hac vice*

/s/ *Terry L. Goddard, Jr.*

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
LGFurshman@duanemorris.com

4

Terry L Goddard, Jr.
SKEEN & KAUFFMAN LLP
9256 Bendix Road Suite 102
Columbia, Maryland 21045
tgoddard@skaufflaw.com
T: (410) 625-2272
*Lead Counsel for Cargo Claimants*

\* Admitted *pro hac vice*

Robert B. Hopkins (Bar No. 06017)
RBHopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
TDietrick@duanemorris.com
DUANE MORRIS LLP
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April, 2026, I caused copies of the foregoing document to be served through the ECF system on all registered counsel of record.

   /s/ *Kevin Mahoney*

Kevin Mahoney