UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED,<br>as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as<br>Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of<br>Liability | Civ. No. 24-00941-JKB<br><br>*IN ADMIRALTY* |

**MOTION *IN LIMINE* TO EXCLUDE NTSB FINDINGS AND
CONCLUSIONS AND ADMIT FACTUAL INVESTIGATION
MATERIALS, INCLUDING WITNESS STATEMENTS AND INTERVIEW
TRANSCRIPTS OF CREWMEMBERS AND SHORESIDE MANAGERS**

The Personal Injury/Wrongful Death Claimants, the Local Government Claimants and the Private Economic Loss Claimants respectfully submit this motion *in limine*.

Following the M/V DALI's allision with the Francis Scott Key Bridge, the National Transportation Safety Board ("NTSB") and United States Coast Guard ("USCG") commenced an investigation into the incident. After a series of

preliminary reports, the NTSB issued its final report on November 18, 2025.[1]

Pursuant to well-settled law, the analysis, findings, and conclusions of the NTSB are

inadmissible at trial. The purely factual portions of the report, however, along with

supporting investigation materials, including the interview transcripts and written

statements of the DALI's crewmembers and shoreside managers, are admissible

evidence. Claimants thus seek an Order from this Court excluding the NTSB

findings and conclusions and permitting the use at trial of any supporting factual

materials, including the interview transcripts and written statements of the

crewmembers and shoreside managers.

## I.     ARGUMENT

### A.     The NTSB findings and conclusions should be excluded, however, the supporting factual evidence and materials are admissible evidence.

The Independent Safety Board Act of 1974, specifically 49 U.S.C. § 1154(b),

provides: "No part of a report of the [NTSB], related to an accident or an

investigation of an accident, may be admitted into evidence or used in a civil action

for damages resulting from a matter mentioned in the report." As this Court has

recognized, however: "The regulations adopted pursuant to the Safety Act explicitly

prohibit the use of **non-factual portions** of NTSB reports." *Major v. CSX Transp.*,

278 F. Supp. 2d 597, 603 (D. Md. 2003) (emphasis added).

---

[1] The USCG has not yet issued a report.

Indeed, under 49 C.F.R. § 835.2:

> Board accident report means the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs" of accidents). Pursuant to section 701(e) of the Federal Aviation Act of 1958 (FA Act), and section 304(c) of the Independent Safety Board Act of 1974 (49 U.S.C. 1154(b)) (Safety Act), no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports.

> Factual accident report means the report containing the results of the investigator's investigation of the accident. The Board does not object to, and there is no statutory bar to, admission in litigation of factual accident reports. In the case of a major investigation, group chairman factual reports are factual accident reports.

*Id.* at 604 (quoting 49 C.F.R. § 835.2).

Accordingly, "[c]ourts have consistently held that 'factual portions of a NTSB report are admissible into evidence, while excluding any agency conclusions on the probable cause of the accident.'" *Id.* (quoting *Hurd v. United States*, 134 F. Supp. 2d 745 (D.S.C. 2001), *aff'd*, 34 F. App'x. 77 (4th Cir. 2002); *Travelers Ins. Co. v. Riggs*, 671 F.2d 810, 816 (4th Cir. 1982) ("[§ 1154(b)] forbids the use of conclusory sections of NTSB reports, and [we] thus hold that the district court properly excluded them.")). Recognizing this distinction, this Court in *Major* specifically held that citations to the "Accident Narrative" portion of the NTSB report, which contained "factual materials like … witness accounts" were not "excludable" under § 1154(b) "because they are part of the factual investigation narrative of the NTSB Report rather than the analysis, findings, or recommendations sections of the Report." *Id.*

-3-

at 604-05. Thus, while the NTSB's findings and conclusions are inadmissible and should be excluded at trial, use of the underlying factual evidence and supporting investigation materials should be permitted.

**B.      The admissible factual materials include interview transcripts and witness statements of the crewmembers and shoreside managers.**

As part of the NTSB/USCG investigation, several of the DALI crewmembers and shoreside managers of Petitioner Synergy Marine PTE LTD ("Synergy") were interviewed by the NTSB and/or USCG and/or provided written statements. As set forth above, this Court has previously held that "factual materials like . . . witness accounts" are admissible into evidence. *Major*, 278 F. Supp. 2d at 604-605; *see also In re East Palestine Train Derailment*, No. 4:23CV0242, 2025 WL 581525, at *6 (N.D. Ohio Feb. 21, 2015) (considering statements from NTSB interviews cited in opposition to a motion for summary judgment); *Brokaw v. Boeing Co.*, 137 F. Supp. 3d 1082, 1089-90, 1098 (N.D. Ill. 2015) (considering NTSB interviews in remand ruling); *United States v. Colonial Pipeline Co.*, No. 1:00-CV-3142-JTC, 2003 WL 26131791, at *3-4 (N.D. Ga. Jan. 14, 2003) (granting Government's motion to introduce into evidence NTSB depositions and interview summaries).

This Court in *Major* also rejected the defendant's hearsay challenge to the witness statements, finding that the NTSB report qualified as a public record under Federal Rule of Evidence 803(8). 278 F. Supp. 2d at 604-05. In addition to the

public records exception, several other exclusions to the hearsay rule apply to these interview transcripts and statements.

First, the crewmembers and shoreside managers were employees of Petitioners Grace Ocean and Synergy at the time the statements were made, and the statements related to matters within the scope of their employment. The statements therefore qualify as admissions of a party opponent, which are not hearsay under Federal Rule of Evidence 801(d)(2). *See, e.g., Holzhauer v. Golden Gate Bridge Hwy. & Transp. Dist.*, 745 F. App'x. 265, 268 (9th Cir. 2018) (USCG interview summary was admissible under public records exception and as admission of a party opponent: "The statement of a party opponent, in this case Captain Shonk as an employee of Golden Gate Bridge, is not hearsay."); *U.S. v. Petraia Maritime Ltd.*, 489 F. Supp. 2d 90, 96 n.4 (D. Me. 2007) (statements by defendant's engineering officers and crewmen during USCG inspection "fall within the purview of Rule 801(d)(2)(D) admissions"); *Alan, Sean & Koule, Inc. v. S/V Corsta V,* 286 F. Supp. 2d 1367, 1374 (S.D. Ga. 2003) ("[D]eclarations or statements made by the captain or master of a ship are admissible as evidence against the owner.") (citations omitted).

Second, the residual exception to the hearsay rule, which applies when "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made," is applicable

here.  Fed. R. Evid. 807(1).  The witnesses were represented during their interviews by counsel of their choosing,[2] and pursuant to 18 U.S.C. § 1001, which prohibits knowingly and willfully making false statements to a federal agency, they were speaking under penalty of perjury.  These statements thus carry sufficient guarantees of trustworthiness to fall within the residual exception to hearsay set forth in Federal Rule of Evidence 807.

Accordingly, the interviews and written statements provided by the crewmembers and shoreside managers are neither excluded by statute or regulation, nor barred by any hearsay barrier.  These statements, like any other supporting factual investigation materials, are therefore admissible at trial.

## II.    CONCLUSION

For the reasons set forth herein, Claimants respectfully move this Court for an Order excluding the findings and conclusions of the NTSB reports and permitting the use at trial of any underlying factual evidence and investigative materials, including the interview transcripts and witness statements of the crewmembers and shoreside managers.

Respectfully submitted this 13th day of April, 2026.

---

[2] In some instances, the witnesses chose the same counsel who represent Petitioners in this litigation. For example, Karthik Nair, a Synergy shoreside manager, was represented in his interview by William Bennett of Blank Rome.  Dhurai Balaji, the DALI's former chief engineer, was also represented by Blank Rome attorney Alan Weigel.

/s/ *Daniel O. Rose*
Daniel O. Rose
Kevin Mahoney
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com
kmahoney@kreindler.com
T: (212) 973-3414
*Lead Counsel for Personal Injury and*
 *Wrongful Death Claimants*


/s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel O. Schwartz
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900
*Lead Counsel for Local Government*
 *Claimants*


/s/ *Todd D. Lochner*
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite 201
Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
*Lead Counsel for Private Economic*
*Loss*
 *Claimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2026, I caused copies of the foregoing document to be served through the ECF system on all registered counsel of record.

$\underline{\quad\text{/s/ }\textit{Kevin Mahoney}\quad}$
Kevin Mahoney