UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

<table>
<tr><td>

In the Matter of the Petition

of

GRACE OCEAN PRIVATE LIMITED,
as Owner of the M/V DALI,

and

SYNERGY MARINE PTE LTD, as
Manager of the M/V DALI,

for Exoneration from or Limitation of
Liability

</td><td>

Civ. No. 24-00941-JKB

*IN ADMIRALTY*

</td></tr>
</table>

**CLAIMANTS'[1] SEALED MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AT TRIAL FROM WITNESSES WHO PLED THE FIFTH AMENDMENT OR OTHERWISE FAILED TO <u>PARTICIPATE IN DISCOVERY</u>**

Within six days of the M/V DALI's tragic allision with the Francis Scott Key Bridge, Petitioners, Grace Ocean Private Limited ("Grace Ocean") and Synergy Marine PTE LTD ("Synergy"), the DALI's owner and operator, respectively, filed this action seeking to limit their liability under the 1851 Limitation of Liability Act. During discovery, Claimants sought to depose the DALI's crewmembers, including the Master and the Chief Engineer, as well as Synergy's shoreside managers who

---

[1] With the exception of the Cargo Claimants, who may advise the Court of their position on this motion by separate filing.

were responsible for ensuring the ship's safe voyage.  Of these witnesses, the following eight individuals invoked the Fifth Amendment to the majority, if not virtually all, of substantive questions that were asked:

1. Chandrashekar Sabhapathy (DALI crewmember – master)
2. Karthik Nair (Synergy shoreside manager – Technical Superintendent)
3. Karthikeyan Deenadayalan (DALI crewmember – chief engineer)
4. Kumararaja Kuppuswamy (DALI crew member – 2nd engineer)
5. Antony Goodwin (DALI crew member – 3rd engineer)
6. Nishanth Pitchaiah (DALI crew member – 4th engineer)
7. Chaminda Kariyawasam (DALI crewmember – electrician)
8. Subramanian Ganeshkumar (DALI crewmember – oiler)

Upon information and belief, some or all of these witnesses are precluded from leaving the United States until the completion of the criminal investigation into the circumstances surrounding the Dali/Key Bridge allision.

In addition, Dhurai Balaji, former DALI Chief Engineer, refused to appear for a deposition altogether.  Petitioners initially agreed that Mr. Balaji would be presented for deposition in London and memorialized this representation in a Joint Status Report submitted to the Court on April 23, 2025.  ECF 506.  Mr. Balaji's subsequently retained criminal counsel informed Claimants that Mr. Balaji would no longer appear for a deposition at any time.

The discovery period has now been closed for months, and trial is imminent. To prevent a prejudicial trial by ambush, Claimants request that the Court preclude these nine witnesses who refused to participate in discovery (the "Non-Participating Witnesses") from offering testimony at trial.  To hold otherwise would unfairly prejudice Claimants' ability to try their case while allowing Petitioners to benefit from obstructions of the discovery process.[2]  Claimants thus seek an Order from this Court precluding the Non-Participating Witnesses from testifying at trial.

## I.    ARGUMENT

### A.    Witnesses who invoked the Fifth Amendment should not be allowed to testify at trial.

The Fifth Amendment generally allows civil litigants to avoid answering deposition questions that may incriminate them.[3] But a litigant may not invoke the Fifth Amendment "as a shield to oppose depositions," only to discard the privilege at a later date to surprise an opponent with new testimony. *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) (trial court properly struck affidavit from witness who previously invoked the Fifth Amendment). Such use of the Fifth Amendment  would

---

[2] Petitioners' latest witness list (produced only after Judge Sullivan granted Claimants' Motion to Compel, ECF 599) listed all nine of the Non-Participating Witnesses as "may call" witnesses. Despite multiple requests from Claimants, Petitioners have refused to disclose their "will call" witnesses, leaving open the possibility that they will attempt to call the Non-Participating Witnesses at trial and requiring Claimants to file the instant motion.

[3] Claimants will also seek adverse inferences based upon the invocation of the Fifth Amendment (*See Eplus Technology v. Aboud*, 313 F.3d 166, 179 (4th Cir 2002) *citing Baxter v. Palmigiano,* 425 US 308, 319 (1976)), at trial.

prevent the opposing party from obtaining relevant evidence and preparing its case for trial. *See United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 82 (2nd Cir. 1995) (citing *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3rd Cir. 1994)) ("[I]nvocation of the Fifth Amendment poses substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth.") (internal marks omitted).

Courts thus routinely preclude witnesses from testifying at trial when they have previously refused to participate in discovery by invoking the Fifth Amendment. *See, e.g., In re Edmond*, 934 F.2d at 1308; *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 915 (9th Cir. 2008); *Harris v. City of Chicago*, 266 F.3d 750, 754 (7th Cir. 2001); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576-77 (1st Cir. 1989); *S.E.C. v. Benson*, No. 84-CIV2262, 1985 WL 1308, at *2 (S.D.N.Y. Apr. 9, 1985). To hold otherwise would "reduce the trial to a game of blindman's buff and less of a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 549 (S.D.N.Y. 1985) (internal marks omitted).

The sole issue to be determined in this limitation proceeding is whether Petitioners can prove that they lacked privity or knowledge of the multiple negligent acts and unseaworthy conditions that caused or contributed to the allision.  When

-4-

Claimants questioned the Non-Participating Witnesses regarding these acts and conditions, however, as well as Petitioners' knowledge of them, the witnesses invoked the Fifth Amendment and refused to answer. In fact, seven of the eight witnesses responded to *every question* after stating their name and address by invoking the Fifth Amendment.[4]

These repeated invocations prevented Claimants from discovering critical information from key witnesses on the core issues in this case. Because these eight witnesses pled the Fifth Amendment in response to such substantive questioning at their depositions, Petitioners should not be permitted to call them to testify substantively at trial. To hold otherwise would allow Petitioners to wage a "trial by ambush," the precise tactic the federal rules are designed to prevent. *Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 49 F. Supp. 2d 456, 460 (D. Md. 1999).

### B. Dhurai Balaji refused to sit for a deposition and should not be allowed to testify at trial.

The Court also should not allow testimony from Dhurai Balaji, the former chief engineer of the DALI, who refused to be deposed altogether.

The Federal Rules of Civil Procedure were drafted to ensure that factual disputes are "fully and fairly litigated by parties to the action from the outset." *Twigg*

---

[4] Mr. Ganeshkumar (oiler) began his deposition by providing substantive testimony, but once the questions turned to the ship's operations, safety concerns, and the events of March 25-26, 2024, he invoked the Fifth Amendment for the remainder of the deposition.

*v. Norton Co.*, 894 F.2d 672, 675 (4th Cir. 1990). The rules are designed to "narrow and clarify the basic issues between the parties in order that they may obtain the fullest possible knowledge of the issues and facts before trial." *Id.* The Fourth Circuit has repeatedly warned that attempts to wage a trial by ambush will not be tolerated. *Id.* ("The technique of playing the cards close to the vest and hoping by surprise or maneuver at the trial to carry the day, whether or not right and justice lies on the side of one's client, won't be tolerated.") (quoting *Changes in Trial Tactics*, Address Before the American College of Trial Lawyers (April 1958)).

To this end, the Fourth Circuit has held that when a witness refuses to sit for a deposition, exclusion of the witness's testimony is appropriate. *Nagy v. Baltimore Life Ins. Co.*, 215 F. 3d 1320, at *6 (4th Cir. 2000). In *Nagy*, the Fourth Circuit affirmed the district court's exclusion of testimony from a witness who, despite refusing to be deposed, submitted an affidavit to support the plaintiffs' opposition to the defendants' summary judgment motion. *See Nagy v. Baltimore Life Ins. Co.*, 49 F. Supp. 2d 822, 827 (D. Md. 1999). The Fourth Circuit affirmed the district court's conclusion that the witness's

> contumacious behavior, demonstrably designed and intended to bolster the plaintiffs' claims while erecting a bar to defendants' legitimate efforts to conduct reasonable discovery of important facts, should not be allowed to go unchecked. Exclusion of his testimony is a measured and appropriate response under the circumstances, and therefore the defendants' motion *in limine* is granted.

*Id.*

-6-

The same result is warranted here. Claimants would certainly be unfairly prejudiced if Petitioners are allowed to call Balaji at trial. Petitioners identified Mr. Balaji as a witness they would make available. By the time Balaji apparently became available, he had conveniently secured individual counsel to voice Balaji's refusal to participate in a deposition. Petitioners should not now be allowed to benefit by now unveiling surprise testimony from Balaji at trial.

## II.    CONCLUSION

For the reasons set forth herein, Claimants respectfully move this Court for an Order precluding testimony at trial from the nine Non-Participating Witnesses, specifically:

1.  Chandrashekar Sabhapathy (DALI crewmember – master)

2.  Karthik Nair (Synergy shoreside manager – Technical Superintendent)

3.  Karthikeyan Deenadayalan (DALI crewmember – chief engineer)

4.  Kumararaja Kuppuswamy (DALI crew member – 2nd engineer)

5.  Antony Goodwin (DALI crew member – 3rd engineer)

6.  Nishanth Pitchaiah (DALI crew member – 4th engineer)

7.  Chaminda Kariyawasam (DALI crewmember – electrician)

8.  Subramanian Ganeshkumar (DALI crewmember – oiler)

9.  Dhurai Balaji (DALI former chief engineer)

Respectfully submitted this 13th day of April 2026.

-8-

Respectfully Submitted,

/s/ *Daniel O. Rose*
Daniel O. Rose
Kevin Mahoney
KREINDLER & KREINDLER
LLP
485 Lexington Avenue, 28th
Floor
New York, New York 10017
drose@kreindler.com
kmahoney@kreindler.com
T: (212) 973-3414
*Lead Counsel for Personal
Injury and
 Wrongful Death Claimants*

/s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel O. Schwartz
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth
Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900
*Lead Counsel for Local
Government
 Claimants*

/s/ *Todd D. Lochner*
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite
201 Mailbox 6

Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
*Lead Counsel for Private*
*Economic Loss*
 *Claimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April 2026, a copy of the foregoing motion was served via the court's CM/ECF system on all counsel of record.

/s/ Daniel O. Rose
Daniel O. Rose (NY Bar # DR9012)