**UNITED STATED DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition:<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. 24-cv-941 (JKB)<br><br>*In Admiralty* |

**CLAIMANTS' CONSOLIDATED MOTION *IN LIMINE***
**MEMORANDUM OF LAW**

NOW COMES, Claimants collectively, and on behalf of the Private Economic Loss, Local Government, Personal Injury and Wrongful Death groups, by and through their undersigned counsel of record, and moves the Court to preclude Petitioners, GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE LTD. (collectively, "Petitioners"), from introducing testimony, documents, and any other evidence, and from making any argument, at the trial of the above-captioned matter relating to the three witnesses identified in the attached proposed Order. In so moving, the Claimants herein named do move as follows:

I.     **INTRODUCTION**

This matter is before the Court regarding the catastrophic allision of the M/V DALI (the "Vessel"), owned by GRACE OCEAN PRIVATE LIMITED ("Owner") and managed by SYNERGY MARINE PTE LTD ("Synergy") (jointly referred to as "Petitioners") and the Francis Scott Key Bridge, in Baltimore, Maryland on or about March 26, 2024.  The matter

originates pursuant to the Shipowners Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, et seq. ("Limitation Act"), filed on or about April 1, 2024, and Claimants' timely filed intersessions for recovery of damages associated with the Bridge's collapse and for subrogation proceedings filed by an insured party.

This motion is necessitated by an eleventh-hour effort by Petitioners to identify for the first time, three testifying witnesses at four thirty p.m. the last business day before Motions in Limine are due to this Court and a mere five days before the Claimants must provide Petitioners with an amalgamated contribution to the final pretrial order. Beyond simply being late identified, these presumptively "fact" witnesses are also cloaked efforts to introduce never identified expert testimony.

## II.   <u>LEGAL STANDARD</u>

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Brasko v. First National Bank of Pennsylvania*, 700 F. Supp. 3d 354, 364 (D. Md. 2023) (internal quotation omitted). "Typically, pretrial motions *in limine* seek to exclude prejudicial evidence before it is offered at trial." *Id*.

This is a federal suit under admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Thus, the admissibility of evidence will be determined pursuant to the Federal Rules of Evidence, which require a court to "conduct a … trial so that inadmissible evidence is not suggested to the [fact finder] by any means." Fed. R. Evid. 103.

Furthermore, pursuant to Federal Rule of Civil Procedure 26(a)(2),

[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. . . . Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case.

Moreover, Federal Rule of Civil Procedure 37(c)(1) states that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Further, "[i]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with Rule 37(c)(1) was either justified or harmless[.]'" *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (quoting *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)).

Further, the Rule states that in addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).[1] *Westmoreland v. Prince George's County*, 876 F. Supp. 2d 594 (2012) (quoting Fed. R. Civ. P. 37(c)).

Regarding a substantially justifiable, or harmless, failure to timely disclose, the courts of the 4th Circuit have adopted a five-factor test to adjudicate disputes;

(1) The surprise to the opposing party;
(2) The ability of the opposing party to cure the surprise;
(3) The extent to which allowing the evidence would disrupt the trial;
(4) The importance of the evidence; and
(5) The non-disclosing party's explanation for its failure to disclose.

*Intercollegiate Women's Lacrosse Coaches Ass'n (IWLCA) v. Corrigan Sports Enters.*, 694 F. Supp. 3d 625, 652 (2023).

---

[1] "Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, " [w]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c) (1)." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (citing *S. States Rack & Fixture*, 318 F.3d at 595).

### III.   <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>

On or about August 1, 2025, during the process of discovery, Claimants moved this Honorable Court to compel Petitioners to answer Claimants' interrogatory seeking basic witness information. *See* Docket Entry 586, *Claimants' Motion To Compel Petitioners To Answer Claimants' Interrogatory Seeking Basic Witness Information.*

Claimants sought an answer to the following request:

"Please Identify each and every witness that You will or may call at the trial of this case, describe in detail the nature of each witness's anticipated testimony, state whether the witness will testify at trial or whether the witness may testify at trial, and state whether You intend to offer the testimony by deposition or live."

Petitioners filed a timely response on August 15, 2025 (Docket Entry 595), which was followed shortly thereafter by an Order of the Court granting the motion in part and denying in part. See Docket Entry 599. In granting the Claimants requested relief, the Court ordered as follows:

"Petitioners are only required to disclose facts: the identity of the witnesses they plan to call at trial and the subject matter of the witnesses' relevant knowledge. By August 19, 2025, Petitioners shall answer Claimants' interrogatory, as modified below:

Please Identify each and every witness that You will or may call at the trial of this case (other than those expected to be called solely for impeachment), state the subject matter of the witnesses' relevant knowledge, and state whether the witness will testify at trial or whether the witness may testify at trial."

On or about April 10, 2026, Claimants received via email Petitioner, Synergy Marine PTE Ltd's, Amended Response to Claimants' First Amended Request for Admission. See **EXHIBIT A,** email notification and **EXHIBIT B**, Amended Response.

Included among the attached exhibits to Petitioner's Amended Response is an appended document titled "Amended Appendix A to Synergy Marine Pte Ltd's Response to Claimants' Second Set of Interrogatories." See **EXHIBIT C.**

Included in this document are three names of material fact witnesses not previously disclosed to Claimants. The three individuals are identified as:

1. *Ramadass Venkatarao*, who is expected to testify regarding his assistance as COO of Synergy Group with M/V Dali operations from shore,

2. *Publio Beltran,* who purportedly conducted vibration tests on board M/V Dali (on behalf of TSI), and

3. *Bartholomew "Bart" Barnum*, of the National Transportation and Safety Board, who participated in, and supervised the NTSB investigation into the M/V Dali allision.

To justify its disclosures, Counsel for Petitioners aver that "we [the Petitioners] have modified RFA Responses No. 2 and 3 in light of clarifying facts that have been developed through review of documents and deposition testimony." Emphasis added.   No further explanation or justification is noted.

The disclosure of these three witnesses falls outside the timelines prescribed by this Court regarding designation of witnesses, designation of experts, and delivery and disclosure of relevant discoverable materials. See attached Scheduling Order as Amended as **EXHIBIT D.**

## IV.    <u>ARGUMENT</u>

### A. <u>THE TESTIMONY OF LAY WITNESSES RAMADASS VENKATARAO AND BATHOLOMEW BURNAM MUST BE EXCLUDED.</u>

Among the many core precepts underlying the administration of the United States' Legal System is that the timely disclosure of facts and witnesses is tantamount to efficient and equitable litigation. That is to say, the Court has a vested interest in ensuring all parties receive the relevant facts and that witnesses are thoroughly fleshed out prior to trial. This avoids inequity in the administration of justice, and avoids the grim specter of endless re-litigation.

By plain reading of this Court's August 18, 2025 Order, the Petitioners were required to disclose "each and every witness that [they] will or may call at the trial" on or before August 19, 2025. As such Claimants need not belabor the point, Petitioners may not call Ramadass Venkatarao, or Batholomew Burnam as fact witnesses during trial as they were not properly disclosed. That said, Claimants concede that the Federal Rules do permit discretion and flexibility, therefore, assuming *arguendo* that Petitioners have a justification for late disclosure, Claimants aver as follows:

Despite a case management order establishing a hard deadline for pretrial disclosures (under Rule 26(a)(3)(A)) and a specific Order of this Court establishing the same, Petitioners failed to disclose their intention to call witnesses Ramadass Venkatarao and Batholomew Burnam, to appear and give testimony. Further, if Petitioners were merely following their obligations under Rule 33 via supplement of an interrogatory, to the extent that these witnesses are offered as fact witnesses their disclosure comes seven (7) months and two weeks after close of factual discovery.

Although Petitioners do not expressly or explicitly identify the nature of Mr. Venkatarao's or Mr. Burnam's role in the presentation of their case, given reasonable inferences drawn from the brief description provided, Claimants understand that Mr. Venkatarao will testify regarding his personal knowledge regarding March 26, 2024 allision (in his formal capacity as Chief Operating Officer (COO) of Synergy Marine) and to the extent he has none, then to attempt to rebut the various instances of privity and knowledge related to the causes of the allision which Claimants will present to this Court;  and Mr. Burnam, will testify regarding his role as investigator and supervisor of the National Transportation and Safety Board's review of the allision.  Presumptively, Mr. Burnam is offered as a fact witness given the constraints the law

places on the use of NTSB investigative materials, which are well known to this Court and Petitioners.

To date, Claimants have not been provided a written report by either Mr. Venkatarao nor Mr. Burnam, nor have they been offered to the Claimants for deposition, nor have they been previously identified in any request for discovery or listed in any responsive pleading prior to April 10, 2026. As such, the claimants have had no opportunity to investigate the statements or conclusions either individual will provide at trial, nor have they been afforded the pre-trial opportunity to question the witnesses under oath.

As stated in *S. States Rack & Fixture, Inc. v. Sherwin—Williams Co.*, in exercising discretion to determine whether a nondisclosure of evidence is substantially justified or harmless

> a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

318 F.3d 592, 595 (4th Cir. 2003). That said, the court is not required to tick through each of the factors, but rather it enjoys "broad discretion" to decide harmlessness and "should" -- not "shall" -- "be guided by" the five factors. *Id* at 597.

Restating from above, none of the previous pleadings filed by the Petitioner gives rise to an assumption that Ramadass Venkatarao or Batholomew Burnam were expected to be called as witnesses during trial. Further, given the late hour of this witness identification, it is a certainty that Claimants have insufficient time to cure the surprise as fact discovery closed over seven (7) months ago, and approximately thirty-six experts have penned reports and been deposed based upon information provided following the close of fact discovery.  Obviously, trial is very rapidly approaching.

Lastly, given Mr. Venkatarao's executive level role with Synergy Marine and Mr. Burnam's role as lead investigator and supervisor with the NTSB, it is fair to presume that their testimony will be of great importance to the Petitioners' presentation of the case should they be permitted to testify.   To allow that testimony would be an afront to Claimants' ability to fairly put on their case and the mere attempt to so name these witnesses, cloaked as fact witnesses, is an afront to this Court's careful attention to the discovery process in the matter.

Therefore, Claimant avers that it is wholly appropriate and justifiable for this Court to enter an order excluding the testimony of Ramadass Venkatarao and Bartholomew Burnam.

B. **<u>THE TESTIMONY OF PUBLIO BELTRAN AS A QUASI-EXPERT WITNESS MUST BE EXCLUDED.</u>**

In the interests of expediency Claimant restates by reference the arguments set forth in Paragraph A. of this chapter and incorporates them herein as if fully recited.

As with Mr. Venkatarao, Petitioners have not expressly or explicitly identified the nature of Mr. Publio Beltran's role in the presentation of their case, however given the inferences drawn from the brief description provided, Claimants can reasonably conclude that Mr. Beltran shall called to testify as an expert in the field of vibration testing. Further, it is apparent he shall be called regarding his personal knowledge of vibration testing and/or employed by TSI, Petitioners own consulting expert.

A lay witness may offer opinion testimony provided that it is, among other things, "not based on scientific, technical, or other specialized knowledge within the scope of [FRE] 702." Fed. R. Evid. 701. Accordingly, FRE 701 does not permit a lay witness to offer opinions on matters "which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232

F.3d 200, 203 (4th Cir. 2000) (internal citation omitted). Expert witnesses, by contrast, may answer hypothetical questions and offer opinions not based on first-hand knowledge because their opinion presumably "will have a reliable basis in the knowledge and experience of his discipline." *See id.* (citing *Daubert*, 509 U.S. at 592). The Fourth Circuit has made it clear that FRE 701 "forbids the admission of expert testimony dressed in lay witness clothing." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) (quoting *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006)).

Admission of such falsely-characterized testimony was addressed by the Fourth Circuit in *Sinkovich*. *See Sinkovich*, 232 F.3d at 203. There, the Fourth Circuit ordered a new trial after the district court permitted testimony from a fact witness—whom the defendant declined to disclose as an expert—that exceeded the limits of FRE 701. *Id.* at 206. Although the district court stated it would confine the witness's testimony to lay opinion, the witness repeatedly responded to questions requiring specialized knowledge. *Id.* at 203. The witness, a marine surveyor and investigator hired by defendants with no firsthand knowledge of the at-issue boating accident, testified about what would have occurred had the plaintiff taken different hypothetical actions. *Id.* at 203-04. The Fourth Circuit held that such testimony required "specialized knowledge and calculations of an expert," exceeded the witness's personal knowledge, and went beyond "the scope of common experience." *Id.* The Fourth Circuit held that the district court erred by admitting expert testimony as lay witness testimony, finding that it should have been excluded. *Id.* at 205.

Specifically, and directly, relating to the testimony of Publio Beltran, the same reasoning applies here. As stated above herein, it is evident from Petitioner's disclosure that Mr. Beltran shall be called to testify as an expert in the field of vibration testing, specifically by TSI.

Any testimony by TSI personnel concerning the vibration testing performed on the Dali, the preparation of the protocol and TSI Report, or the significance of the testing results would constitute expert testimony governed by FRE 702. Such testimony would require specialized knowledge of vibration measurement, instrumentation, testing protocols, and the interpretation of vibration data: all subjects beyond the understanding of a layperson. If permitted to testify, TSI representatives would be asked to explain what testing showed, why it was conducted in a particular manner, and what conclusions should be drawn from the results. That line of questioning would invite—explicitly or implicitly—answers to hypothetical questions about vessel operation and reasonableness of crew conduct before and during the Allision. Accordingly, any attempt by Petitioners to offer TSI personnel as "fact" or "lay" witnesses would improperly cloak expert testimony in lay witness clothing. Whether labeled as factual background or technical explanation, testimony regarding vibration testing and its interpretation falls within the scope of FRE 702, and as such, witnesses proffering such testimony must be properly disclosed under the Federal Rules of Civil Procedure.

a. <u>Petitioners Failed to Make Timely Disclosure of Pablo Beltran's Expert Testimony Under the Federal Rules of Civil Procedure.</u>

The Federal Rules of Civil Procedure ("FRCP") impose clear and mandatory requirements governing the disclosure of expert testimony. FRCP 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present expert testimony under FRE 702, 703, or 705. *See* Fed. R. Civ. P. 26. When the expert is retained or specially employed to provide expert testimony, or when the witness's duties as a party's employee regularly involve giving expert testimony, FRCP 26(a)(2)(B) further mandates the disclosure of a written expert report prepared by the witness, setting forth all opinions to be offered and the bases for those opinions.

*See id.* FRCP 26(e) imposes a continuing duty to supplement expert disclosures when a party learns that its disclosures are incomplete or incorrect in any material respect. *See id.* A party must make these expert at least 90 days before the date set for trial. *See id.* These obligations are enforced by FRCP 37(c)(1), which provides that a party who fails to comply with FRCP 26(a) or (e) is not permitted to use the undisclosed expert testimony unless the failure was substantially justified or harmless, making exclusion the default sanction. *See* Fed. R. Civ. P. 37.

Petitioners did not disclose any TSI representative as an expert witness under FRCP 26(a)(2). Nor have they supplemented their expert disclosures to include any TSI witness, despite possessing the TSI Report for months and despite the expert disclosure supplementation deadline of March 27, 2026. No written expert witness reports have been submitted by TSI personnel. Although the June 1, 2026 trial is less than 90 days away, and Rule 26(e) imposes a continuing duty to supplement expert disclosures, Petitioners have made no effort to do so here.

Because TSI personnel would necessarily offer expert testimony, and because Petitioners failed to disclose any TSI witness as an expert as required by FRCP 26(a)(2) and FRCP 26(e), such testimony is barred. Petitioners may not evade the expert disclosure requirements by recasting undisclosed expert testimony as "fact" testimony. Under Rule 37(c)(1), exclusion is mandatory absent a showing of substantial justification or harmlessness, neither of which is present here. Accordingly, any testimony by TSI representatives relating to the TSI Report must be excluded.

        b.   <u>Even Limited "Fact" Testimony of TSI Representatives is Inadmissible</u>**.**

Even limited "fact" testimony by TSI representatives is inadmissible. TSI personnel were never properly disclosed as witnesses with knowledge under the Federal Rules, and permitting

their testimony would unfairly prejudice Claimants by serving as a conduit for an otherwise inadmissible, litigation generated report.

    c.  <u>TSI Personnel May Not Provide Fact Testimony, as They Were Not Identified in Response to Interrogatories as Witnesses With Knowledge of Factual Issues.</u>

Federal Rule of Civil Procedure 26(e) imposes a continuing duty on parties to supplement interrogatory responses when they learn that a prior response is incomplete or incorrect in any material respect. *See* Fed. R. Civ. P. 26(e)(1)(A). Where a party fails to identify a witness as required by Rule 26(a) or (e), Rule 37(c)(1) provides that the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial," unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Here, both Grace Ocean and Synergy Marine were expressly asked to identify individuals with factual knowledge of the issues in this case, and both failed to identify TSI or any TSI personnel. Interrogatory No. 2 served on each Petitioner required them to "state the name, address and telephone number of each person known to you who witnessed the Incident or otherwise has knowledge or information of the facts alleged in your Petition," along with a summary of that knowledge. *See* Ex. K, Synergy Marine Interrogatory Responses; Ex. L, Grace Ocean Interrogatory Responses. Neither Grace Ocean nor Synergy Marine identified TSI, Sergio Lopez Rueda, Luis Antonio Piqueras, Publio Beltran Palomo, or any other TSI affiliated individual in response to that interrogatory. Likewise, Interrogatory No. 3 required identification of all interviews or statements taken from persons with knowledge of relevant facts, including the identity of the individuals involved and the entities that conducted the interviews; again, neither Petitioner identified TSI or any TSI personnel. *Id.* Despite conducting vibration testing

central to Petitioners' theory of the case, TSI and its personnel were omitted entirely from these disclosures.

That failure was never properly cured. Petitioners served their interrogatory responses on February 11, 2025. By that date, Petitioners were at least aware that TSI had conducted vibration testing in January 2025, if they did not already have the TSI Report itself in hand. Yet Petitioners never supplemented their interrogatory responses to identify TSI personnel, notwithstanding their ongoing duty to do so under Rule 26(e). As a result, Claimants were deprived of the opportunity to conduct discovery directed to the individuals who performed the testing, generated the data, and authored the TSI Report. Under Rule 37(c)(1), Petitioners may not now offer fact testimony from TSI personnel to supply evidence at trial. Because the failure to disclose was neither substantially justified nor harmless, exclusion of any fact testimony by TSI personnel is necessary.

   d.  <u>Fact Testimony of TSI Representatives Would Be Unfairly Prejudicial to Claimants.</u>

Even if Petitioners were permitted to call TSI personnel as "fact" witnesses, their testimony should be excluded under FRE 403. *See* Fed. R. Evid. 403. The TSI Report reflects unilateral, post-repair testing conducted under conditions materially different from those existing before the Allision. Testimony about that testing would invite the fact finder to treat it as reliable evidence of incident-time conditions, despite its lack of connection to the operative facts. Describing how TSI's testing was performed, what data was collected, or what systems were examined would improperly authenticate and legitimize a litigation-generated report that Claimants had no opportunity to observe, verify or cross-examine—effectively serving as a backdoor means of introducing the otherwise inadmissible TSI Report. Any minimal probative value is substantially outweighed by the risk of unfair prejudice, confusion, and misleading the

fact finder. Because even limited "fact" testimony would primarily bolster an inadmissible report and inject unreliable technical evidence into the trial, it must be excluded.

As indicated above, evidentiary rules exist to ensure the fair, equitable, and efficient administration of litigation. Said rules are not guidelines, but markers each party must abide by both pre and post-trial. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). This is doubly so when a party intends to present testimony that may be classified as specialist testimony, or expert testimony. *See e.g. Captain Sheriff Saudi, v. Northrop Grumman Corporation, et al.*, 427 F.3d 271 (4th Cir. 2005).

By their admission, Mr. Beltran is being called to testify regarding a vibration test purportedly conducted by TSI on the M/V Dali. Therefore, it is a reasonable inference to infer Mr. Beltran's testimony will be of a scientific nature, or at the very least one suggesting specialized training, knowledge, or experience regarding vibration testing and the methodology employed.

**WHEREFORE**, for all the foregoing reasons, Claimants respectfully requests that the Court grant this Consolidated Motion *in Limine* and enter an Order precluding Petitioners from introducing or otherwise calling to testify Ramadass Venkatarao, Publio Beltran, or Bartholomew "Bart" Barnum as fact witnesses be they lay witness or expert witness.

Respectfully submitted this 13th day of April 2026.

/s/ Todd D. Lochner
Todd D. Lochner (25691)
Lochner Law Firm, P.C.
7076 Bembe Beach Rd; Suite 201
Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
*Lead Counsel for Private Economic Loss Claimant*

/s/ Daniel O. Rose
Daniel O. Rose*
Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
*Lead Counsel for Personal Injury and Wrongful Death Claimants*

/s/ Adam J. Levitt
Adam J. Levitt
DiCello Levitt LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
**Lead Counsel for Local Government Claimants**

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the foregoing using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program, and otherwise consented to receive notice and service via CM/ECF.

*/s/ Todd Lochner*
Todd Lochner (25691)