**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Docket No. 24-cv-941 (JKB)<br><br>**PETITIONER, SYNERGY MARINE PTE LTD'S AMENDED RESPONSE TO CLAIMANTS' FIRST AMENDED <u>REQUESTS FOR ADMISSION</u>** |

Petitioner, SYNERGY MARINE PTE LTD ("Synergy"), as Manager of the M/V DALI (the "Vessel"), by its attorneys Blank Rome LLP, hereby formally objects and responds pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure to Claimants' First Set of Requests for Admission (the "Requests") as follows:

<u>**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**</u>

1. These Responses are made solely for purposes of this action. Synergy reserves the right to object to the introduction into evidence at trial or any proceeding herein of any information or materials produced in response to the Requests. Each response is subject to all objections as to privilege, competence, relevance, materiality, propriety and admissibility, or any other ground permitted by any applicable law or rule, as well as any and all other objections and grounds which would require the exclusion of any statement or response herein if the Requests were asked of, or any statements or responses contained herein were made by, a witness present and testifying in

1

court, all of which objections and grounds are reserved and may be interposed, where appropriate, at the time of trial or otherwise.

2.    The investigation of facts and information relating to the Requests is continuing. Synergy's Responses represent information currently available and known following a reasonable and diligent investigation to respond to the Requests.  The following responses to the Requests are made without prejudice to Synergy's right under Rule 26(e) of the Federal Rules of Civil Procedure to clarify, revise, modify, amend or supplement any and all responses herein and to utilize subsequently discovered facts, rely upon additional documents and to formulate and to rely upon any additional or different contentions in this action.

3.    These Responses should not be construed as, and do not constitute, a waiver of Synergy's right to prove additional facts at trial.  Synergy reserves the right to rely upon and introduce at trial or any other proceedings relating to this action any information or documents that it may discover after the service of these Responses.

4.    These Responses do not constitute an admission by Synergy as to the accuracy or relevance of the factual predicate(s) of the Requests.  Nothing contained in any Response herein shall be deemed to be an admission, concession, or waiver by Synergy as to the validity of any allegation asserted by Claimants in this action.

5.    Synergy objects to the Requests to the extent that they purport to seek discovery beyond the limits imposed by, or inconsistent with, the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Maryland. Synergy will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure and/or the Local Rules.

6.    Synergy objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, vexatious, harassing, oppressive, and/or seek information that is not relevant to the claim or defense of any party, or are otherwise not subject to discovery under the Federal Rules of Civil Procedure and/or the Local Rules.

7.    Synergy objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege, immunity or protection against disclosure.  Nothing contained herein is intended as, or shall be deemed, a waiver of any attorney-client privilege, attorney work product protection, or any other applicable privilege.  To the extent that any such information is inadvertently produced, such production shall not be deemed a waiver of any applicable privilege, immunity or protection.

8.    Synergy objects to the "Definitions" set forth in the Requests to the extent they are incorrect or seek to impose any meaning or interpretation onto the Requests other than that evident from the plain and ordinary meaning of the words used therein.

### RESPONSES TO REQUESTS FOR ADMISSIONS

Subject to and without waiving the foregoing General Objections, which are incorporated into each specific Response below as if fully repeated in each Response and are intended, and shall be deemed included therein, Petitioner makes the following specific objections and responses to the Requests:

**REQUEST FOR ADMISSION 1**

Please admit that in 2020, the fuel system for the DALI's Generators underwent a reconfiguration.

**Response No. 1:**  Synergy objects to this Request on the grounds that the term "reconfiguration" is vague and undefined.  Subject to and without waiving this objection or the General Objections

set forth above, Synergy admits that in 2020, the fuel system for the DALI's Generators were modified as shown in the document labeled Petitioner_00000075.

**REQUEST FOR ADMISSION 2**

Admit that the document labeled Petitioner_00000075 is a true and accurate depiction of the DALI's Fuel System after the 2020 reconfiguration.

**Response No. 2:**  Synergy objects to this Request on the grounds that the term "reconfiguration" is vague and undefined.  Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that the document labeled Petitioner_00000075 is a true and accurate depiction of the DALI's Fuel System as it existed at the time it was modified in 2020.

**REQUEST FOR ADMISSION 3**

Admit that the document labeled Petitioner_00000075 is a true and accurate depiction of the DALI's Fuel System at the time of the Allision.

**Response No. 3:**  Denied. Petitioner_0710951 is a true and accurate depiction of the DALI's Fuel System at the time of the Allision.

**REQUEST FOR ADMISSION 4**

Please admit that as a result of the DALI's Fuel System reconfiguration, the piping that supplies fuel from the Generator Side Fuel Pumps to Generators DG1 and DG2 was blanked off at the flanges depicted inside the circles on the diagram below (portion of Petitioner_00000075), with the result that DG1 and DG2 could only be supplied by fuel from the Main Engine side of the Fuel System.

**Response No. 4:**  Synergy objects to this Request on the grounds that the term "reconfiguration" is vague and undefined and there are no flanges depicted inside of the circles on the referenced diagram.  Subject to and without waiving this objection or the General Objections set forth above,

Synergy admits that the piping that supplies fuel from the Generator Side Fuel Pumps to Generators DG1 and DG2 was blanked off at the flanges attached to FM-125-40A and FM-126-40A.

**REQUEST FOR ADMISSION 5**

Please admit that as a result of the DALI's Fuel System reconfiguration, the Generator Side Fuel Pumps could only supply fuel to Generators DG3 and DG4.

**Response No. 5:**  Synergy objects to this Request on the grounds that the term "reconfiguration" is vague and undefined.  Subject to and without waiving this objection or the General Objections set forth above, Synergy admits following the Fuel System modification in 2020, the Generator Side Fuel Pumps supply Generators DG3 and DG4.

**REQUEST FOR ADMISSION 6**

Please admit that the DALI's Generator Side Fuel Pumps were out of service between January 1, 2024, and the Allision.

**Response No. 6:**  Denied

**REQUEST FOR ADMISSION 7**

Please admit that the DALI's Generator Side Fuel Pumps were not used between January 1, 2024, and the Allision.

**Response No. 7:**  Admitted.

**REQUEST FOR ADMISSION 8**

Please admit that the DALI's Generator Side Pumps were not being used to supply fuel to any Generator between Departure and the time of the Allision.

**Response No. 8:**  Admitted.

**REQUEST FOR ADMISSION 9**

Please admit that between January 1, 2024, and the Allision, whenever the DALI's Generators DG3 and DG4 were in use, they were being supplied fuel by the Flushing Pump.

**Response No. 9:** Admitted.

**REQUEST FOR ADMISSION 10**

Please admit that between January 1, 2024, and the Allision, Management was aware that whenever the DALI's Generators DG3 and DG4 were in use, they were being supplied fuel by the Flushing Pump.

**Response No. 10:** Denied.

**REQUEST FOR ADMISSION 11**

Please admit that the DALI's Safety Management System did not authorize the use of the Flushing Pump as the sole fuel supply to Generators DG3 and DG4 while the Vessel is underway.

**Response No. 11:** Synergy admits that the DALI's Safety Management System did not address the use of the Flushing Pump as the sole fuel supply to Generators DG3 and DG4 while the Vessel is underway.

**REQUEST FOR ADMISSION 12**

Please admit that You did not solicit approval from either Class or the Flag State to use the Flushing Pump as the sole fuel pump to supply fuel to Generators DG 3 or DG4 while the DALI is underway.

**Response No. 12:** Admitted.

**REQUEST FOR ADMISSION 13**

Please admit that Management did not instruct the crew of the DALI to refrain from using the Flushing Pump as the sole fuel supply to Generators DG3 and DG4.

**Response No. 13:**  Synergy objects to the Request as vague with respect to time.  Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that prior to the Allision it did not instruct the crew of the DALI to refrain from using the Flushing Pump as the sole fuel supply to Generators DG3 and DG4.

**REQUEST FOR ADMISSION 14**

Please admit that while underway in Emissions Control Areas in 2024, the DALI operated with Generators DG3 and DG4 receiving their fuel supply via the Flushing Pump.

**Response No. 14:**  Synergy objections to the Request as vague with respect to time. Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that, at certain times within Emissions Control Areas in 2024, the DALI operated with Generators DG3 and DG4 receiving their fuel supply via the Flushing Pump.

**REQUEST FOR ADMISSION 15**

Please admit that the DALI's Flushing Pump will shut down and stop working upon loss of electrical power supply.

**Response No. 15:**  Admitted.

**REQUEST FOR ADMISSION 16**

Please admit that the DALI's Flushing Pump will not restart automatically upon the recovery from an Electrical Blackout.

**Response No. 16:**  Admitted.

**REQUEST FOR ADMISSION 17**

Please admit that during the Voyage and until the first Electrical Blackout, the DALI's Generators DG3 and DG4 were being supplied fuel solely from the Flushing Pump.

**Response No. 17:**  Admitted.

**REQUEST FOR ADMISSION 18**

Please admit that on March 25, 2024, the first Electrical Blackout occurred because a DALI crew member closed the exhaust damper on DG2.

**Response No. 18:**  Admitted.

**REQUEST FOR ADMISSION 19**

Please admit that on March 25, 2024, after the first Electrical Blackout, the DALI's Generator DG3 was on standby and started automatically.

**Response No. 19:**  Admitted.

**REQUEST FOR ADMISSION 20**

Please admit that on March 25, 2024, after the first Electrical Blackout, when the DALI's Generator DG3 started automatically, it was not receiving its fuel via the Flushing Pump.

**Response No. 20:**  Admitted.

**REQUEST FOR ADMISSION 21**

Please admit that on March 25, 2024, between the first and second Electrical Blackouts, the sole source of fuel supply to the DALI's Generator DG3 was the Pneumatic Pump.

**Response No. 21:**  Admitted.

**REQUEST FOR ADMISSION 22**

Please admit that on March 25, 2024, the second Electrical Blackout occurred because the DALI's Generator DG3 was starved of fuel when its sole source of fuel supply, the Pneumatic Pump, was unable to keep up with its fuel requirements.

**Response No. 22:**  Admitted.

**REQUEST FOR ADMISSION 23**

Please admit that the image below is a true and accurate photograph of the Flushing Pump circuit breaker:

**Response No. 23:** Denied.

**REQUEST FOR ADMISSION 24**

Please admit that on March 25, 2024, after the second Electrical Blackout and before the DALI left its berth for the Voyage, a member of the DALI's crew manually pressed the "start" button on the Flushing Pump depicted in the picture above.

**Response No. 24:** Synergy admits that on March 25, 2024, after the second Electrical Blackout and before the DALI left its berth for the Voyage, a member of the DALI's crew manually pressed the "start" button on the Flushing Pump motor controller depicted in the picture in Request for Admission No. 23.

**REQUEST FOR ADMISSION 25**

Please admit that on March 25, 2024, Management received electronic notification (whether read or not) that the DALI had sustained one or more Electrical Blackouts.

**Response No. 25:** Denied.

**REQUEST FOR ADMISSION 26**

Please admit that prior to Departure, You did not conduct a root cause analysis of the first Electrical Blackout on March 25, 2024.

**Response No. 26:** Synergy objects to this Request on the grounds that the term "root cause analysis" is vague and undefined. Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that it did not conduct an analysis of the first Electrical

Blackout on March 25, 2024: Synergy was not aware of the first Electrical Blackout on March 25, 2024 prior to Departure.

**REQUEST FOR ADMISSION 27**

Please admit that prior to Departure, You did not conduct a root cause analysis of the second Electrical Blackout on March 25, 2024.

**Response No. 27:** Synergy objects to this Request on the grounds that the term "root cause analysis" is vague and undefined. Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that it did not conduct an analysis of the second Electrical Blackout on March 25, 2024: Synergy was not aware of the second Electrical Blackout on March 25, 2024 prior to Departure.

**REQUEST FOR ADMISSION 28**

Please admit that prior to Departure, You did not report the two Electrical Blackouts to the United States Coast Guard.

**Response No. 28:** Admitted: Synergy was not aware of the two Electrical Blackouts prior to Departure

**REQUEST FOR ADMISSION 29**

Please admit that following an Electrical Blackout, the DALI's Main Engine is capable of restarting within 120 seconds of the resumption of electrical power by one or more Generators.

**Response No. 29:** Denied.

**REQUEST FOR ADMISSION 30**

Please admit that on March 26, 2024, during the period between the DALI's first Electrical Blackout (at approximately 0125 hours) and the Allision, the vessel's crew never attempted to restart the Main Engine.

**Response No. 30:**  Denied.

**REQUEST FOR ADMISSION 31**

Please admit that on March 26, 2024, after the DALI's first Electrical Blackout (at approximately 0125 hours) and the Allision, the ship never sounded the danger signal.

**Response No. 31:**  Synergy objects to this Request on the grounds that the term "danger signal" is vague and undefined.  To the extent "danger signal" refers to whistle signals required by COLREGS Rule 34, Synergy objects on the grounds that that Rule is not applicable to the facts of this matter.  Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that the DALI did not sound its whistle between the time of the first Electrical Blackout on March 26, 2024 and the Allision.

**REQUEST FOR ADMISSION 32**

Please admit that on March 26, 2024, after the DALI's first Electrical Blackout (at approximately 0125 hours), the emergency generator never connected to the electrical switchboard.

**Response No. 32:**  Denied.

**REQUEST FOR ADMISSION 33**

Please admit that in 2024 the DALI sometimes operated while underway with the Step Down Transformer control knobs in manual mode (as opposed to automatic mode).

**Response No. 33:**  Synergy objects to this Request on the grounds that the term "sometimes" is vague as to time.  Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that DALI operated with the Step Down Transformer control knobs in manual mode on March 26, 2024, but denies operating with the Step Down Transformer control knobs in manual mode at any other time.

**REQUEST FOR ADMISSION 34**

Please admit that the DALI's Safety Management System did not authorize the Step Down Transformer control knobs to be in manual mode while the Vessel is underway.

**Response No. 34:**  Synergy admits that the DALI's Safety Management System does not specify the position required for the Step Down Transformer control knobs while the Vessel is underway.

**REQUEST FOR ADMISSION 35**

Please admit Your Management was aware that between January 1, 2024, and the Allision, that the DALI sometimes operated while underway with the Step Down Transformer control knobs in manual mode (as opposed to automatic mode).

**Response No. 35:**  Denied.

**REQUEST FOR ADMISSION 36**

Please admit that upon the DALI's Departure, the Step Down Transformer control knobs were in manual mode (as opposed to automatic mode).

**Response No. 36:**  Admitted.

**REQUEST FOR ADMISSION 37**

Please admit that prior to the DALI's Departure, the Vessel crew tried but was unable to start Generator DG1 and bring it online.

**Response No. 37:**  Admitted.

**REQUEST FOR ADMISSION 38**

Please admit that prior to the DALI's Departure, the Vessel crew tried but was unable to start Generator DG2 and bring it online.

**Response No. 38:**  Denied.

**REQUEST FOR ADMISSION 39**

Please admit Your company policy requires the DALI to operate with three Generators online whenever the Vessel is underway in inland waters (e.g., in Emissions Control Areas).

**Response No. 39:**  Denied.

**REQUEST FOR ADMISSION 40**

Please admit the DALI's bow thruster is designed to be operated with three Generators online.

**Response No. 40:**  Denied.

**REQUEST FOR ADMISSION 41**

Please admit it was the DALI's policy and/or practice to operate with three Generators online whenever the bow thruster might be needed.

**Response No. 41:**  Synergy objects to this Request on the grounds that it is vague as to time and the term "DALI's policy and/or practice" is vague and undefined.  Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that it was the DALI's crew's recommended practice to operate with three Generators online whenever the bow thruster might be needed.

**REQUEST FOR ADMISSION 42**

Please admit the DALI's bow thruster can be effective at a Vessel speed of seven knots.

**Response No. 42:**  Denied.

**REQUEST FOR ADMISSION 43**

Please admit that on 26 March 2024, the DALI's bow thruster was unavailable when the Maryland Pilots asked it to be activated.

**Response No. 43:** Denied; when the Maryland Pilots first asked for "full bow thruster to port" seconds before the allision, the bow thruster was available but the power to the bow thruster had been secured.

**REQUEST FOR ADMISSION 44**

Please admit that upon the DALI's Departure, the hydraulic brake on the DALI's port anchor windlass was not operational.

**Response No. 44:** Denied.

**REQUEST FOR ADMISSION 45**

Please admit that on 26 March 2024, the DALI's crew did not manually set the brake on the port anchor prior to the Allision.

**Response No. 45:** Admitted.

**REQUEST FOR ADMISSION 46**

Please admit that prior to Departure, You did not advise the Maryland State Pilots that the DALI's port anchor windlass was not fully operational.

**Response No. 46:** Admitted: DALI's port anchor windlass was fully operational.

**REQUEST FOR ADMISSION 47**

Please admit that prior to Departure, You did not advise the Maryland State Pilots that the DALI's bow thruster would be unavailable during the Voyage.

**Response No. 47:** Admitted: DALI's bow thruster was available for its intended use during the Voyage.

**REQUEST FOR ADMISSION 48**

Please admit that prior to Departure, You did not advise the Maryland State Pilots that the DALI had suffered two unexpected Electrical Blackouts on 25 March 2024.

**Response No. 48:** Admitted.

**REQUEST FOR ADMISSION 49**

Please admit You did not finance the DALI's fuel system reconfiguration in 2020.

**Response No. 49:** Synergy objects to this Request on the grounds that the term "reconfiguration" is vague and undefined. Subject to and without waiving this objection or the General Objections set forth above, Synergy admits that it did not finance the modifications to DALI's fuel system in 2020.

**REQUEST FOR ADMISSION 50**

Please admit You must obtain consent from Grace Ocean for any repairs to the DALI.

**Response No. 50:** Denied.

**REQUEST FOR ADMISSION 51**

Please admit You do not pay for the fuel used by the DALI.

**Response No. 51:** Admitted.

**REQUEST FOR ADMISSION 52**

Please admit You do not pay for the hull insurance for the DALI.

**Response No. 52:** Admitted.

**REQUEST FOR ADMISSION 53**

Please admit You do not pay for the protection and indemnity insurance for the DALI.

**Response No. 53:** Admitted.

**REQUEST FOR ADMISSION 54**

Please admit You do not have authority to use the DALI as security for any loan.

**Response No. 54:** Admitted.

**REQUEST FOR ADMISSION 55**

Please admit You do not have the authority to charter the DALI to a third party.

**Response No. 55:**  Admitted.

**REQUEST FOR ADMISSION 56**

Please admit You did not time-charter the DALI to Maersk.

**Response No. 56:**  Admitted.

**REQUEST FOR ADMISSION 57**

Please admit You do not set the commercial terms for the carriage of cargo aboard the DALI.

**Response No. 57:**  Admitted.

**REQUEST FOR ADMISSION 58**

Please admit You do not determine the DALI's schedule or ports of call.

**Response No. 58:**   Synergy objects to this Request on the grounds that the term "schedule" is vague.  Subject to and without waiving the General Objections set forth above, Synergy admits it does not control the DALI's ports of call.

Dated: April 10, 2026

BLANK ROME LLP

/s/ *William R. Bennett, III*
William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Alan M. Weigel*
Alan.Weigel@blankrome.com
Noe S. Hamra*
Noe.Hamra@blankrome.com
Neil McMillan*
Neil.McMillan@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

DUANE MORRIS LLP
Robert B. Hopkins (Bar No. 06017)
rbhopkins@duanemorris.com
Laurie G. Furshman (Bar No. 29604)
lgfurshman@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21231
(410) 949-2900

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a copy of the above Responses was served upon all counsel of record by e-mail.

/s/ *Emma C. Jones*
Emma C. Jones