**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

<table>
<tr><td>

In the Matter of the Petition

of

GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,

and

SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,

for Exoneration from or Limitation of Liability.

</td><td>

Docket No. JKB 24-cv-941

*IN ADMIRALTY*

</td></tr>
</table>

**PETITIONERS' OPPOSITION TO CLAIMANTS' MOTION *IN LIMINE*
TO EXCLUDE LATE-DISCLOSED FACT WITNESSES**

Petitioners Grace Ocean Private Limited ("Grace Ocean") and Synergy Marine Pte Ltd ("Synergy Marine," collectively "Petitioners"), through undersigned counsel BLANK ROME LLP and DUANE MORRIS LLP, submit this Memorandum in Opposition to Claimants' Motion in limine to Exclude Late Disclosed Fact Witnesses at ECF No. 697 ("Motion" or "Brief").

**SUMMARY OF OPPOSITION**

Claimants' primary argument in support of their Motion is that Petitioners' newly-identified witnesses should be precluded from testifying because Petitioners did not disclose them by August 19, 2025 in accordance with the Court's August 13, 2025 Order, which Claimants neglected to cite in full. Br. at 6. Essentially, Claimants argue that Petitioners should have identified these witnesses before they determined such testimony might be relevant or necessary. Claimants' position is impractical and unsupported by the law.

1

Claimants' brief makes a number of incorrect assumptions about the subject matter on which the recently-identified witnesses may testify, including an unfounded allegation that Petitioners are seeking to offer expert testimony cloaked as a fact witness. This is plainly false. Petitioners were entitled to, and indeed were obligated to, update their disclosures in accordance with Fed. R. Civ. P. 26 (e), and they are not offering any of the recently-identified witnesses as experts.

More importantly though, none of the witnesses identified in Petitioners' amended list of potential witnesses (Br. Ex. C) should come as a surprise to Claimants.

## **LEGAL STANDARD**

The Fourth Circuit has held that "in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis," district courts should examine the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Benjamin v. Sparks*, 986 F.3d 332, 342 (4th Cir. 2021). The Court is "not required to tick through each of the *Southern States* factors," *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014), and retains "broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (internal quotation marks omitted).

However, Rule 26 not only permits, but it also actually *requires*, a party to supplement its disclosures when it determines that its original disclosures were "incomplete or incorrect." Fed.

2

R. Civ. P. 26(e). That is precisely what Petitioners did here when they began preparations for trial.

Accordingly, Rule 37's punitive measure precluding undisclosed witnesses from testifying at trial, which Claimants cite, is inapplicable. Rule 37(c)(1) states that where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." If Rule 37(c)(1) applied, which is denied, any failure to disclose was substantially justified or harmless. Notably though, here, Petitioners did identify the additional witnesses pursuant to Rule 26(e). Thus, Rule 37(c)(1) is inapplicable.

## **ARGUMENT**

### I.   **The Court's August 13, 2025 Order Did Not Bar Petitioners from Amending their Witness List.**

Claimants mischaracterize the record on this issue.  In particular, in referring to the Court's order granting in part Claimants' motion to compel Petitioners to answer their interrogatory with respect to witnesses they intend to call at trial, Claimants suggest that this Court set a hard and final deadline of August 19, 2025 by which Petitioners had to make a final determination about what witnesses they intended to call at trial. Br. at 4. This could not be further from the truth. Indeed, Claimants entirely ignore the part of the Court's Order which noted as follows:

> The court recognizes that Petitioners' answers to this interrogatory will be provisional and subject to supplementation under Rule 26(e).  Petitioners are only required to answer the interrogatory based on their current knowledge.  The Court does not expect them to see into the future.

Dkt No. 599, p. 5. Pursuant to the letter of Rule 26(e) and the plain language of the Court's order, Petitioners were entitled to amend their interrogatory response.

3

II.    **Petitioners' Newly-Identified Witnesses were Disclosed in Accordance with Fed. R. Civ. P. 26(e).**

In the course of preparing for trial, Petitioners have determined that three additional witnesses may be required to address various points, specifically Publio Beltran, Ramadass Venkatarao, and Barton "Bart" Barnum.  We address each of these witnesses in turn.

**1.  Publio Beltran**

Publio Beltran is the founder and CEO of Técnicas y Servicios de Ingeniería, S.L. ("TSI"). TSI was engaged by Synergy Marine and Grace Ocean to conduct various vibration testing after the Vessel came out of drydock following permanent repairs of damage resulting from the allision. It subsequently issued a report that has been produced in this case ("TSI Report"). The vibration testing was performed in the ordinary course of Grace Ocean's and Synergy Marine's business to ensure that the drydock repairs had been effectively completed and that the Vessel was able to safely continue trading.

During the course of expert discovery, Petitioners' vibration expert Brian Graney relied on the TSI Report in connection with expressing his opinion that there was no evidence of any significant vibration in the vicinity of the Node 381 "loose" wire, which was found by the NTSB and Hyundai Heavy Industries ("HHI") during their post-casualty investigation to have been the cause of the low-voltage power loss which caused the Dali's main engine to shut down on the morning of the casualty. During the course of Mr. Graney's deposition, which was taken on March 5, 2026, counsel for the Claimants raised various issues concerning the reliability of the TSI Report. In particular, they raised questions about the qualifications of the individuals who conducted the testing and also about the methodology and reliability of the testing that was performed.

Claimants have indicated their intention to object to the admissibility of the TSI Report at trial. *See* Joint Status Report, Dkt No. 678, p. 3. This objection is not well-founded; the TSI Report was prepared in the ordinary course of Synergy Marine's and Grace Ocean's business and is clearly admissible as a Synergy Marine/Grace Ocean business record under F.R.E. 803(6). To the extent Claimants seek to undermine the credibility of that Report, however, which intention only became evident on March 5 during Mr. Graney's deposition, Petitioners are entitled to introduce evidence to rebut Claimants' criticisms of the Report.

Claimants specifically object to allowing the testimony of Mr. Beltran on the basis that he would be introduced as an expert in vibration testing. Br. 8-10. Although Publio Beltran is undoubtedly well-qualified to be an expert on this topic, he is not being offered as an expert witness in this matter. His testimony will be as a third-party fact witness, focused on explaining the circumstances of TSI's engagement in this matter, explaining the testing protocol TSI developed for the DALI, describing the qualifications of the individuals who performed the testing, and explaining the testing procedures followed during testing. Petitioners do not intend to seek to elicit any expert opinion testimony from Mr. Beltran.

In view of the foregoing, there is no basis to exclude Mr. Beltran's testimony wholesale in this matter. If, during trial, Claimants believe that any questioning by Petitioners may be crossing the line into expert testimony, they can certainly raise their objections in the context of specific questions and testimony, and the Court can address those specific objections at that time.

### 2. Ramadass Venkatarao

Ramadass Venkatarao is Director of Synergy Marine.[1] His name was well known to the Claimants from the early stages of this litigation, and his name appears on over 400 emails

---

[1] Director is an officer title in this context; Mr. Venkatarao is not a member of the board of the directors of Synergy Marine.

produced in the litigation. Mr. Venkatarao was also mentioned several times during the Synergy Marine depositions taken by the Claimants, where he was described as the overall head of Quality, Health, Safety and Environment (QHSE).

Claimants argue that Mr. Venkatarao was "not offered to the Claimants for deposition," but that is not how it works. Early on in the case the Claimants presented Petitioners with a list of witnesses they wanted for deposition and a very specific order in which they wanted them to appear, and Petitioners' obliged to the best of their ability and made all requested witnesses available for deposition to the extent possible. It was never Petitioners' obligation to suggest witnesses to the Claimants for deposition. Claimants have conducted their own exhaustive review of the discovery materials produced in this case and have made their own decisions about who they do and do not want to depose. As noted in *Membreno v Atlanta Rest. Partners,* where certain witnesses names were mentioned during a deposition, "the disclosure of the identities of the witnesses during discovery was sufficient to alert [plaintiff] that they were persons with knowledge of the claim and defenses in his case." 2021 U.S. Dist. LEXIS 21112, at *80 (D. Md. Feb. 2, 2021) (Sullivan, J.).

And it is far from evident that even if Petitioners had added Mr. Venkatarao to their response to Claimants' interrogatory earlier that Claimants would have requested to depose him. Indeed, a clear majority of potential witnesses listed on Petitioners' response to this interrogatory were never requested for deposition notwithstanding that their identities were disclosed nearly a year ago. Moreover, Claimants' suggestion that Petitioners should have disclosed Mr. Venkatarao

6

earlier as a witness with potentially relevant knowledge ignores the fact that Claimants' own interrogatories never asked Petitioners for this information.[2]

The fact is that Petitioners have only recently determined that it may be necessary to call Mr. Venkatarao as a fact witness in light of the potential unavailability of other Synergy witnesses who Petitioners might otherwise call to testify at trial. In the first place, Mr. Venkatarao is knowledgeable about the circumstances of the engagement of TSI and can confirm the admissibility of the TSI report as a business record. Additionally, Mr. Venkatarao has direct knowledge of Synergy's SmartShip data collection system, which is the system through which operational and technical data from the Dali was collected and maintained.

He can also explain the corporate structure of Synergy and the nature of the interactions among the fleet's various Document of Compliance ("DOC") holders.  As overall Head of QHSE, he also has extensive knowledge of Synergy's Safety Management System ("SMS") and how that is managed among the various DOC holders.

Finally, Mr. Venkatarao may be called upon to address other topics that would otherwise be covered by other Synergy witnesses who may not be available for trial. Given the logistical challenges of securing the attendance of witnesses who are located overseas and who are actively engaged in the management of a global shipping operation, there is a realistic possibility that one or more of Petitioners' planned witnesses may be unable to attend trial. Mr. Venkatarao, as Director, has broad familiarity with Synergy's operations and is capable of addressing a range of subjects that may otherwise go uncovered if other witnesses are unavailable. Petitioners should

---

[2] It is not clear why Claimants append Petitioners' Amended Responses to Requests for Admission as Exhibit A to their motion rather than providing Claimants' Interrogatories, but Claimants can point to no Interrogatory that sought this information from Petitioners.

not be penalized for prudent trial preparation by identifying a witness who can ensure that relevant evidence is presented to the Court even in the event of unforeseen scheduling difficulties.

### 3.  Bart Barnum

Bart Barnum was the Chairman and lead investigator of the NTSB Engineering Group investigating the Dali allision with the Key Bridge. Mr. Barnum led the investigation into the cause of the power losses on the DALI and coordinated directly with HHI to determine the cause of the breaker trip which caused the Vessel's main engine to shut down unexpectedly a mere three ship-lengths from the Key Bridge.

Claimants readily acknowledge that the factual investigation by the NTSB is admissible – indeed, they have separately filed a motion to confirm that position at the same time they filed the present motion. Dkt No. 695. Mr. Barnum would be called to testify solely as a fact witness to explain the investigation into the cause of the power loss and the investigation by HHI which, only after hundreds of man-hours of work, led to the discovery of an improperly installed wire in a switchboard which caused a breaker trip and, ultimately, the engine shutdown. These facts are clearly admissible, and Mr. Barnum's testimony would help the Court understand the latent nature of the defect and the significant difficulties the investigators experienced in finding and diagnosing the problem. *See* 49 C.F.R. § 835.3(b); *U.S v. Pac. Gas and Elec. Co.*, 178 F. Supp. 3d 927, 948 (N.D. Cal. 2016) (court agrees that NTSB witnesses can testify about their firsthand factual observations during an investigation).[3]

Here again, Mr. Barnum's name has been well known to the Claimants since the early stages of the casualty investigation. Claimants can claim no surprise that Mr. Barnum may have

---

[3] Petitioners acknowledge that 49 C.F.R. § 835.5(a) indicates an NTSB employee may not ordinarily testify in court in a civil suit; however, 49 C.F.R. § 835.8 establishes that the NTSB's General Counsel has discretion to set the terms by which an NTSB investigator may provide such testimony. Obviously, if the NTSB concludes that the regulations do not allow Barnum to testify at trial that will likely resolve the issue; however, that question is beyond the scope of the present motion.

relevant information. The NTSB's factual reports have been a matter of public record for months and, indeed, the Claimants have used much of the NTSB investigative materials during their examination of Synergy Marine's fact and expert witnesses. Mr. Barnum's central role in the investigation is widely known.  And Claimants' complaint that Petitioners never "offered" him for deposition is nonsensical – he is not Petitioners' to offer.

Finally, Claimants' suggestion that Mr. Barnum's testimony will be "of great importance" and therefore should be excluded is just backwards. Br. at 8. Without making any representations to the Court about how "important" his testimony may be relative to any other evidence the Court may hear, Petitioners submit that, in consideration of the *Southern States* factors, "importance" weighs in favor of admissibility rather than against it. *Southern States*, 318 F.3d 592 at 597. Presumably the Court would like to hear all the important relevant facts when making its determination in this matter.

## CONCLUSION

WHEREFORE, for at least all the reasons set forth above, Claimants' Motion should be denied.


Dated: April 20, 2026                         DUANE MORRIS LLP

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 20th day of April 2026, the foregoing Opposition to Claimants'

Motion to Compel was filed in the United States District Court for the District of Maryland via the

Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.


*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com

11