**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**PETITIONERS' OPPOSITION TO CLAIMANTS' MOTION *IN LIMINE* TO EXCLUDE NTSB FINDINGS AND CONCLUSION AND ADMIT FACTUAL INVESTIGATION MATERIALS, INCLUDING WITNESS STATEMENTS AND INTERVIEW TRANSCRIPTS OF CREWMEMBERS AND SHORESIDE MANAGERS**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners"), through undersigned counsel BLANK ROME LLP and DUANE MORRIS LLP, submit this Memorandum of Law in response to the Motion in Limine by the Claimants concerning the admissibility of certain portions of the investigation file of the National Transportation Safety Board ("NTSB") and seeking the exclusion at trial of certain other portions of their investigation file ("Motion"). Dkt. 695.

**ARGUMENT**

Broadly speaking, Petitioners agree that the factual elements of the NTSB's investigation file are admissible at trial in this matter whereas the NTSB's conclusions are not. The problem

with Claimants' motion is that it is too vague to allow the Court to issue concrete rulings. This is compounded by the fact that Claimants failed to append a proposed order to their application.

Claimants presumably mean to include within the "admissible" bucket the various documents titled "Factual Report" issued by the NTSB during the course of the investigation which have been published on their docket,[1] and Petitioners agree these are fully admissible. Claimants also concede at pages 2-3 of their brief that those portions of the NTSB's Final Report dated November 18, 2025 that contain facts are also admissible. Claimants are not specific as to which portions they mean,[2] but we assume they mean the "Factual Information" Section (pages 23 through 136), as well as "Appendix C: Voyage Timeline" (pages 221 through 226). In this respect, we agree these portions of the Final Report are admissible at trial. The full list of documents that Petitioners intend to submit as trial exhibits from the NTSB docket is attached as Exhibit 1.

Claimants also contend that the written transcripts of the NTSB's witness interviews are admissible as public records under F.R.E. 803(8). Motion at 4. Petitioners agree these documents are admissible; however, we note that the NTSB transcripts contain numerous transcription errors and gaps where the reporter was apparently unable to decipher certain witnesses' accents. The NTSB recently produced their audio recordings of these interviews, and these have been produced to the Claimants in this matter. Petitioner_0815321. Petitioners respectfully submit that the Court should not accept the NTSB's written transcripts as carrying the same reliability that a deposition transcript might be accorded. None of the witnesses were given the opportunity to review and correct the transcripts or prepare errata sheets. Accordingly, while the transcripts may be admissible, they are in some instances legitimately subject to challenge as being unreliable

---

[1] The NTSB's public docket can be found here: https://data.ntsb.gov/Docket/?NTSBNumber=DCA24MM031
[2] The NTSB's final report can be found here:
https://www.ntsb.gov/investigations/AccidentReports/Reports/MIR2540.pdf

accountings of certain witnesses' statements to the NTSB.  Petitioners reserve the right to challenge the correctness of any portion of any written transcript sought to be relied upon at trial. In this respect, the audio recordings are also admissible at trial and represent the best evidence of what the witnesses actually said during their interviews. The NTSB interview recordings and transcripts that Petitioners intend to submit as trial exhibits are set forth in Exhibit 1.

## **CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court rule in accord with their position as set forth above and that it grant Petitioners such further and other relief as may be appropriate.


Dated: April 20, 2026                              DUANE MORRIS LLP

                                                   */s/ Laurie G. Furshman*
                                                   Laurie G. Furshman (Bar No. 29604)
                                                   Lgfurshman@duanemorris.com
                                                   Robert B. Hopkins (Bar No. 06017)
                                                   Rbhopkins@duanemorris.com
                                                   Tristan A. Dietrick (Bar No. 31238)
                                                   tdietrick@duanemorris.com
                                                   1201 Wills Street, Suite 330
                                                   Baltimore, MD 21321
                                                   (410) 949-2900
                                                   BLANK ROME LLP

                                                   Luke M. Reid (Bar No. 31228)
                                                   Luke.Reid@blankrome.com
                                                   125 High Street, 3rd Floor
                                                   Boston, MA 02110
                                                   617-415-1200

                                                   William R. Bennett, III*
                                                   William.Bennett@blankrome.com
                                                   Thomas H. Belknap, Jr.*
                                                   Thomas.Belknap@blankrome.com
                                                   Noe S. Hamra
                                                   Noe.Hamra@blankrome.com*

Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Admitted *pro hac vice*

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on this 20th day of April 2026, the foregoing Opposition to Claimants'

Motion to Compel was filed in the United States District Court for the District of Maryland via the

Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.


*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com