**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

In the Matter of the Petition

of

GRACE OCEAN PRIVATE LIMITED, as
Owner of the M/V DALI,

and

SYNERGY MARINE PTE LTD, as Manager
of the M/V DALI,

for Exoneration from or Limitation of
Liability.

**FILED UNDER SEAL**

Docket No. JKB 24-cv-941

*IN ADMIRALTY*

**PETITIONERS' OPPOSITION TO CLAIMANTS' MOTION *IN LIMINE***
**TO EXCLUDE WITNESSES WHO**
**PLED THE FIFTH OR DID NOT PARTICIPATE IN DISCOVERY**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners") submit this Memorandum of Law in response to "Claimants' Sealed Motion in Limine to Preclude Testimony at Trial From Witnesses Who Pled the Fifth Amendment or Otherwise Failed to Participate in Discovery" ("Motion"). Dkt. 696.

**SUMMARY OF OPPOSITION**

Claimants' request that the Court block nine witnesses from testifying at trial should be denied as it is excessive and unduly prejudicial to Petitioners' rights to present their case. The Court should decline to wholly bar witness testimony without first considering the facts relevant to each witness's decision to plead the Fifth Amendment or to decline to testify during fact discovery for the same purpose. Claimants have not been prevented from fully and fairly preparing their case, as many other witnesses have testified and full fact discovery has been completed.

1

Claimants will not be prejudiced at trial due to their ability to cross-examine the witnesses and because the subjects about which these witnesses would be examined during trial are neither new nor novel. There is danger of neither surprise nor prejudice against Claimants' ability to present their case.

Even if prejudice were possible, which is denied, the proper remedy is not a total bar against witness testimony, but a case-specific inquiry at trial into the reasons for each witness's invocation of the Fifth Amendment, the relevance of the trial testimony, and the potential for prejudice. As such, the Court should permit each witness to testify and evaluate the full evidentiary picture at trial.

## BACKGROUND

Criminal investigations have proceeded in parallel with this limitation action, prompting seven crew members and one shoreside manager to invoke their Fifth Amendment right against self-incrimination in depositions taken in this civil proceeding. A ninth witness declined to testify on advice of his counsel.[1] Petitioners have included these nine witnesses on their list of "may call" witnesses for trial. As the category suggests, this does not mean that Petitioners will definitely call any of these witnesses at trial; it merely means that they reserve the right to do so should circumstances change between now and the time of trial such that any of these witnesses would be willing to withdraw their invocation of their Fifth Amendment privilege and provide trial testimony concerning the matter. Meanwhile, during discovery, numerous other depositions have taken place with witnesses testifying unreservedly regarding the facts in issue, including vessel operations, seaworthiness, and privity and knowledge.

---

[1] For purposes of this Opposition, all nine witnesses are treated as if they invoked the Fifth Amendment. Although the ninth did not testify, the calculus regarding each witnesses' testimony is the same.

## **ARGUMENT**

"[*A*]*ll* parties—those who invoke the Fifth Amendment and those who oppose them—should be afforded every reasonable opportunity to litigate a civil case fully and [the] exercise of Fifth Amendment rights should not be made unnecessarily costly[.]" *U.S. v. Certain Real Property and Premises Known as: 4003-4005 5th Ave., Brooklyn, NY*, 55 F.3d 78 (2d Cir. 1995) (emphasis in original) (citing *Spevack v. Klein*, 385 U.S. 511, 515 (1967)). To further that objective, "courts, upon an appropriate motion, should seek out those ways that further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." *Id.* When a timely request is made, "the court should explore all possible measures in order to 'select that means which strikes a fair balance and accommodates both parties.'" *Id.* (quoting *United States Currency*, 626 F.2d 11, 16 (6th Cir. 1980)).

To strike a fair balance, courts "should give due consideration to the nature of the proceeding, how and when the privilege was invoked, and the potential for harm or prejudice to opposing parties." *Id.* (citing *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1088 (5th Cir. 1979) (a court should "measure the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible.")). This inquiry "necessarily depends on the precise facts and circumstances of each case." *Id.* at 85. As such, the appellate courts have not set out a hard and fast rule because district courts are in a better position to manage these competing interests. *Id.* Perhaps most important to this balancing act is recognition of the purpose and importance of the Fifth Amendment privilege, which requires that the measures imposed against an invoking witness be the minimum necessary to protect the opposing party. *See SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994) ("Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side.").

**A.**     **There is No Abuse of Discovery and the Witnesses Will be Subject to Cross Examination**

Claimants rely on *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) to support the proposition that litigants may not use the Fifth Amendment as both a shield and a sword. *See* Motion at 3. Petitioners do not dispute the law, but the facts in *In re Edmond*—and the other cases Claimants cite—are readily distinguished and show that in light of the nature of this proceeding, how and when the privilege was invoked, and the potential for prejudice, limiting the testimony would be improper.

*In re Edmond* dealt with a witness's attempt to submit an affidavit in support of a summary judgment motion after invoking the Fifth Amendment at deposition. The court clearly took issue with the fact that Edmond's opponent would not be able to cross examination the witness or otherwise impeach Edmond's testimony: "By selectively asserting his Fifth Amendment privilege, Edmond attempted to insure that his unquestioned, unverified affidavit would be the only version." *In re Edmond*, 934 F.2d at 1308; *see also, Foster v. Vignola*, No. GLR-13-3758, 2015 WL 4615905, at * 4 (striking affidavit "[b]ecause Defendants did not have an opportunity to challenge [the] testimony[.]").

This conclusion—at summary judgment—was reached after the court offered Edmond the opportunity to sit for another deposition, which he declined. Even more importantly, the court's decision to strike the affidavit from summary judgment evidence was made after the court's admonishment that "the alternative is to deny your motion for summary judgment and *hold the June 20 trial*." *Id.* (emphasis added). Here, Petitioners would not be seeking to offer unverified affidavits, but would be seeking to elicit testimony at trial where the witnesses will be subject to cross examination on topics that Claimants are wholly aware of and prepared for. As in *In re*

*Edmond*, the witnesses here should be permitted to testify at trial and there the Court can make evidentiary rulings as appropriate.

Claimants also rely on *U.S. v. Certain Real Property*, 55 F.3d 78 to support their proposition that the invocation of the Fifth Amendment has prevented them from preparing their case. *See* Motion at 3-4. However, *Certain Real Property* involved careful consideration by the trial court of the parties' conduct, something Claimants have neglected to request. *Certain Real Property* also involved a finding that the party utilizing the Fifth Amendment did so "in an abusive or manipulative fashion," something not alleged, much less supported or proven, here. *U.S. v. Certain Real Property*, 55 F.3d at 85. In that case, the witness displayed a "pattern of abusing the discovery process," which included: failing to answer interrogatories for nearly a year; responding to interrogatories only after being compelled to do so by the Magistrate Judge with answers limited by the Fifth Amendment; asserting privilege again after being ordered to supplement; and finally seeking to waive the privilege only after summary judgment was moved for six months later.

Here, there is no pattern of discovery abuse and no attempt to offer uncontested testimony. As such, the cases presented by Claimants fail to provide support for Claimants' proposition that all testimony from the nine witnesses should be completely precluded.

**B.    The Claimants Are Not Being Ambushed**

Claimants argue that permitting the witnesses to testify at trial is akin to permitting Petitioners to try the case by ambush. *See* Motion at 3, 5. Yet, Claimants fail to point out what information the witnesses could have that Claimants have been unable to prepare for or discover. As Claimants concede, the issue in this limitation action is whether Petitioners had privity or knowledge of the conditions alleged to have caused or contributed to the allision. *Id.* at 4. This is precisely what discovery in this case has been directed toward and Claimants make no claim and provide no compelling argument that they have been prevented from conducting such discovery

to any degree.

In *FTC v. Kitco of Nevada, Inc.*, the FTC sought to strike defendant's testimony because he refused to answer deposition questions by invoking the Fifth Amendment. 612 F. Supp. 1282, 1290 (D. Minn. 1985). As Claimants argue here, the FTC argued that the defendant should not be able to exploit the Fifth Amendment's protective shield by subsequently selectively testifying at trial. *Id.* The court found that the testimony should be admitted, finding that "[a] complete bar of testimony seems unjustified . . . since the plaintiff did receive pretrial information from [defendant] relating to certain areas of inquiry." *Id.* at 1291. But the court went even further, finding that neither did "a more limited ban on testimony seem appropriate" because the FTC had not been unfairly prejudiced due to the other discovery in the case. *Id.*

> In the instant case the court finds that the FTC has not been unfairly surprised or prejudiced by [defendant's] assertion of privilege and subsequent decision to testify at trial. The FTC thoroughly prepared its case and seemed able to anticipate through other witnesses what [defendant's] testimony might be. It was not solely dependent upon the testimony of [defendant] for pertinent information.

*Id.* Such is the case here. Claimants have been actively engaged in discovery for months on the precise issues over which the witnesses may testify at trial. The invocation of the Fifth Amendment has not hampered Claimants' ability to prepare their case, consider other evidence, or anticipate the testimony that would be presented at trial. In short, Claimants are not at risk of being ambushed. As such, there is no basis to preclude the testimony of the witness from trial.

## C.   Any Potential Prejudice Can be Avoided

If the Court finds that prejudice is possible—which is denied—other, less drastic means than a total bar on witness testimony at trial are available to minimize same and should be utilized. "Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *SEC v.*

*Graystone Nash, Inc.*, 25 F.3d at 192. Such alternatives include pretrial depositions, striking any testimony regarding which a witness refuses to testify on cross examination, or limiting the scope of the testimony to be offered to specific topics. Potential prejudice could also be remedied by the Court taking note of the fact that the witnesses previously invoked the Fifth Amendment. These options, which the court must consider in the context of specific circumstances and not broadly and theoretically, are all the more reasonable in the case of a bench trial where the Court is capable of appropriately evaluating the credibility of evidence.

## CONCLUSION

Claimants' Motion to prevent the witnesses from testifying at trial should be denied. Claimants will not be prejudiced, surprised, or ambushed. In the event Petitioners are able to present trial testimony of any of these witnesses, Claimants would be able to cross-examine the witnesses at trial and the Court would be able to properly consider the facts and circumstances surrounding each witness's invocation of the Fifth Amendment in light of their testimony and make any proper evidentiary rulings at that time. Claimants have been able to adequately prepare their case and should not be allowed to prevent Petitioners from offering fact witness testimony at trial because those witnesses previously exercised their right to invoke the Fifth Amendment against self-incrimination.

WHEREFORE, for at least all the reasons set forth above, Claimants' Motion should be denied.

Dated: April 20, 2026

DUANE MORRIS LLP

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)

7

tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Admitted *pro hac vice*

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on this 20th day of April 2026, the foregoing Opposition to Claimants' Sealed Motion in Limine to Preclude Testimony at Trial from Witnesses Who Pled the Fifth Amendment or Otherwise Failed to Participate In Discovery was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com