## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * <br> * <br> * <br> * | Civ. No. 24-0941-JKB <br><br> *IN ADMIRALTY* |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

For the reasons stated in the foregoing Memorandum, it is hereby ORDERED:

1. Claimants' Motion for Relief Regarding Confidentiality Designations ("Motion for Relief") (ECF No. 691, and its redacted version ECF No. 694) is GRANTED.

2. The Motions to Seal the briefing on the Motion for Relief (ECF Nos. 692, 709) and the Motions to Seal the briefing on Claimants' Motion in Limine to Preclude Testimony at Trial from Witnesses Who Pled the Fifth Amendment or Otherwise Failed to Participate in Discovery (ECF Nos. 698, 714) are DENIED. The briefing (ECF Nos. 691, 696, 707, and 713) shall be UNSEALED.

3. Any Party MAY USE the written deposition transcripts of Karthikeyan Deenadayalan, Chandrashekar Sabhapathy, Chaminda Kariyawasam, Ganeshkumar Subramanian, Nishanth Pitchaiah, Kumararaja Kuppuswamy, Antony Goodwin, and/or Karthik Nair ("the Deponents") in civil judicial proceedings without regard for the Protective Order issued in this case (ECF No. 474), provided that the addresses, residential locations, phone numbers, and dates of birth of the witness are excluded or redacted from the submission or reference.

4. When used, only those portions of the Deponents' deposition transcripts that are cited or relied upon shall be filed with the Court. Inadvertent filing of irrelevant portions of the transcript shall not be deemed a violation of this Order provided reasonable efforts are made immediately after the error is discovered to retract or seal the filing.

5. Any Party MAY PLAY video recordings of the Deponents' depositions in civil judicial proceedings or related proceedings such as mediations without regard for the Protective Order issued in this case (ECF No. 474) (e.g., may play the video recording at trial without moving to seal that portion of the trial proceedings), but all Parties must otherwise treat the video recordings as confidential pursuant to the terms of the Protective Order.

6. The fact itself that a Deponent invoked their Fifth Amendment rights at deposition shall not be deemed confidential pursuant to the terms of the Protective Order issued in this case (ECF No. 474).

7. The papers and exhibits filed in connection with the Claimants' Motion to Strike the Confidentiality Designations to the M/V DALI Vessel Employees' Deposition Transcripts. (ECF No. 513) and the Objections of Certain Nonparty Dali Crewmembers to Magistrate Judge Decisions on Motion to Strike Confidentiality Designations and Motions to Seal (ECF No. 632)—specifically, ECF Nos. 513, 542, 544, 546, 547, 549, 550, 552, 553, 555, 568, 569, 624, 630, 631, 632, 637, 638, 639, 640, 641—SHALL REMAIN SEALED or REDACTED.

8. Deponents HAVE NOT WAIVED their right to argue in a criminal proceeding that adverse publicity arising from the use of their deposition transcripts or video recordings thereof has affected their material rights.

2

DATED this 21 day of April, 2026.

BY THE COURT:

James K. Bredar
United States District Judge