**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Civ. No. 24-00941-JKB<br><br>*IN ADMIRALTY* |

**JOINT PRETRIAL ORDER**

Petitioners and Claimants (hereinafter the "Parties"), by their undersigned counsel and pursuant to Local Rule 106 of the Rules of the United States District Court for the District of Maryland, hereby submit the Parties' Joint Pretrial Order.

## I.    CLAIMANTS' STATEMENT OF FACTS AND LEGAL THEORIES

Local Rule 106.2(a): *A brief statement of facts that each [claimant] proposes to prove in support of that [claimant's] claims, together with a listing of the separate legal theories relied upon in support of each claim.*

Claimants' Statement of Facts and Legal Theories is set forth in **Exhibit A**.

## II.    PETITIONERS' STATEMENT OF FACTS AND LEGAL THEORIES

Local Rule 106.2(b): *A brief statement of facts that each [petitioner] proposes to prove or rely upon as a defense thereto, together with a listing of the separate legal theories relied upon in support of each affirmative defense.*

Petitioners' Statement of Facts and Legal Theories is set forth in **Exhibit B**.

1

### III.    COUNTER/CROSS/THIRD-PARTY CLAIM STATEMENTS OF FACT/LEGAL THEORIES

Local Rule 106.2(c): *Similar statements as to any counterclaim, crossclaim, or third-party claim.*

None.

### IV.    AMENDMENTS TO PLEADINGS

Local Rule 106.2(d): *Any amendments required of the pleadings.*

#### A.  Petitioners' Amendment

Pursuant to Federal Rule of Civil Procedure 15(b), during or after trial Petitioners intend to seek leave to amend Paragraph 7 of the Petition for Exoneration from or Limitation of Liability (ECF No. 1) to conform with the evidence. The requested changes will be as follows:

> 7. On March 26, 2024, the Vessel ~~commenced a voyage from~~ **departed** Baltimore, Maryland **on a voyage that commenced at Newark, New Jersey,** bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The Vessel had a cargo of 4678 containers.

Petitioners' proposed amendment does not raise a new legal theory or cause of action and relates to the same underlying facts already at issue in this case. The proposed amendment merely seeks to conform the pleadings with the evidence. There can be no prejudice to Claimants as facts relating to the Vessel's voyage, including its prior port calls and anticipate route have been the subject of fact discovery. Moreover, Claimants will have the opportunity to present their evidence concerning the Vessel's voyage at trial.

#### B.  Claimants' Response

Claimants oppose any such amendment. On April 1, 2024, six days after the *Dali* allided with the Key Bridge, Petitioners filed their Petition for Exoneration from or Limitation of Liability. (ECF No. 1). In Paragraph 7 of the Petition, they stated:  "On March 26, 2024, the Vessel commenced a voyage from Baltimore, Maryland, bound for Colombo, Sri Lanka, with an ultimate

2

destination of Yantian, China. The Vessel had a cargo of 4679 containers." (ECF No. 1). That admission remains operative to date, thirty-five days before trial.

On November 7, 2024, this Court entered a Case Management Order No. 3, setting the deadline for amending pleadings as June 2, 2025. (ECF No. 438). That date has long past. There is no justification for the proposed amendment. Petitioners have been on notice since September 20, 2024, that the Personal Injury and Wrongful Death Claimants would rely on the Limitation Act's imputation clause, which provides "the privity or knowledge of the master . . . at or before the beginning of each voyage, is imputed to the owner." 46 U.S.C. § 30524(e); *see also, e.g.*, ECF No. 90, ¶ 10 ("At the time of the allision, the Dali was a seagoing vessel at the beginning of its voyage under 46 U.S.C. § 30524); ECF No. 92, ¶ 4 ("Claimants admit that the Dali was at the beginning of its voyage to Sri Lanka."). Now, in an obvious effort to evade the legal implications of their own Petition, Petitioners seek to improperly retract that admission through amendment.

The Personal Injury and Wrongful Death Claimants would be extremely prejudiced by this late amendment. To date, it has been uncontested that the incident voyage began in Baltimore and Claimants have not been put on notice of any contention that the voyage commenced, inexplicably, in Newark, New Jersey. Should the Court entertain Petitioners attempt to amend the Petition, Claimants respectfully request this Court order that application be made by formal motion and implement a briefing schedule and argument.

## V.    ISSUES TO BE ABANDONED

Local Rule 106.2(e): *Any issue in the pleadings that is to be abandoned.*

None.

## VI.    STIPULATIONS OF FACT

Local Rule 106.2(f): *Stipulations of fact or, if the parties are unable to agree, requested stipulations of fact.*

3

1. Following the M/V DALI's allision with the Francis Scott Key Bridge, Resolve Marine located the DALI's port anchor on the river bottom. Resolve Marine documented the location which was approximately 270 feet aft of the DALI's port hawse pipe.

2. The following witnesses will not testify live, remotely, by deposition, *via* affidavit or declaration, or otherwise in the trial of this Limitation Action or in connection with any hearing or motion in the Limitation Action:

   a. Kashmiri Lal (Chief Cook)
   b. Nadammal Shershad (GS)
   c. Subramanian Selvakumar (AB)
   d. Kumar Sunil (OS)
   e. Dominic Peeris Dobus Peeris (Oiler)
   f. Venu Sivalingam (Fitter)
   g. Mahesh Balaji Ankade (TEO)
   h. Dharmender Singh (Oiler)
   i. Pawan Kumar (Cadet)
   j. Rajan Margesseri (AB)
   k. Senthil Kumar
   l. Madan Singh Yadav
   m. Charanjiv Nalwa
   n. Ritika Choudhary
   o. Chetan Sharma
   p. Phillip Jason Lewis
   q. Yogananth Palanichamy

3. The parties stipulate to the admissibility of the Voyage Data Recorder audio transcript prepared by Steve Cunningham.

4. Dorlian Ronial Castillo Cabrera died in the collapse of the Francis Scott Key Bridge on March 26, 2024.

5. Carlos Daniel Hernandez Estrella died in the collapse of the Francis Scott Key Bridge on March 26, 2024.

6. Alejandro Hernandez Fuentes died in the collapse of the Francis Scott Key Bridge on March 26, 2024.

7. Jose Mynor Lopez died in the collapse of the Francis Scott Key Bridge on March 26, 2024.

8. Miguel Luna died in the collapse of the Francis Scott Key Bridge on March 26, 2024.

9. Maynor Yasir Suazo Sandoval died in the collapse of the Francis Scott Key Bridge on March 26, 2024.

10. Julio Cervantes Suarez alleges he was injured in the collapse of the Francis Scott Key Bridge on March 26, 2024.

11. Marisela Hernandez Salgado brings loss of consortium claims as a result of injuries she alleges her husband suffered as a result of the collapse of the Francis Scott Key Bridge on March 26, 2024.

12. Damon Davis alleges he was injured in the collapse of the Francis Scott Key Bridge on March 28, 2024.

13. The following claims are "claim[s] for personal injury or death" as those terms are used in 46 U.S. Code § 30524(e): (1) ECF No. 90: Claims of Julio Cervantes Suarez and Marisela Hernandez Salgado; (2) ECF No. 93: Claims arising from death of Daniel Hernandez Estrella; (3) ECF No. 96: Claims arising from death of Alejandro Hernandez Fuentes; (4) ECF No. 99: Claims arising from death of Miguel Angel Luna; (5) ECF No. 100: Claims arising from death of Dorlian Ronial Castillo Cabrera; (6) ECF No. 103: Claim arising from the death of Maynor Suazo Sandoval; (7) ECF No. 104: Claims arising from death of Jose Mynor Lopez; (8) ECF No. 318: Claims of Damon Davis.

## VII.   DAMAGES

Local Rule 106.2(g): *The details of the damages claimed or any other relief sought as of the date of the pretrial conference.*

Damages will not be addressed in the trial of this Limitation Action.

## VIII.   EXHIBIT LIST

Local Rule 106.2(h): *A listing of each document or other exhibit, including summaries of other evidence, other than those expected to be used solely for impeachment, separately identifying those which each party expects to offer and those which each party may offer if the need arises. The listing shall indicate which exhibits the parties agree may be offered in evidence without the usual authentication. This requirement may be met by attaching an exhibit list to the pretrial order.*

Claimants and Petitioners will provide their Exhibit Lists by May 11, 2026 in accordance with the

Court's April 24, 2026 Order (ECF No. 721).

## IX.   WITNESS LIST

Local Rule 106.2(i): *A list for each party of the name, address, and telephone number of each witness, other than those expected to be called solely for impeachment, separately identifying those whom the party expects to present and those whom the party may call if the need arises.*

### A.  Claimants' Witnesses

Claimants' Witness List is set forth in **Exhibit C**.

### B.  Petitioners' Witnesses

Petitioners' Witness List is set forth in **Exhibit D**.

## X.   EXPERT WITNESSES

Local Rule 106.2(j): *A list for each party of the name and specialties of experts the party proposes to call as witnesses including hybrid fact/expert witnesses such as treating physicians.*

### A.  Claimants' Expert Witnesses

Claimants' Expert Witness List is set forth in **Exhibit E**.

### B.  Petitioners' Expert Witnesses

Petitioners' Expert Witness List is set forth in **Exhibit F**.

## XI.   DEPOSITION DESIGNATIONS

Local Rule 106.2(k): *A list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations under Fed. R. Civ. P. 32(a)(4).*

Claimants and Petitioners will provide their Deposition Designations by May 11, 2026 in

accordance with the Court's April 24, 2026 Order (ECF No. 721).

## XI.    OTHER PRETRIAL RELIEF

Local Rule 106.2(l.): *Any other pretrial relief, including a reference to pending motions, which is requested.*

### A.  Claimants

The following motions were filed by Claimants on April 13, 2026:

1. Motion to exclude NTSB findings and conclusions and admit factual investigation materials, including witness statements and interview transcripts of crewmembers and shoreside managers.

2. The following witnesses who pled the Fifth Amendment and declined to answer questions in their depositions or who were never produced to testify by Petitioners may not substantively testify at trial:

   a. Karthik Nair

   b. Chandrashekar Sabhapathy

   c. Karthikeyan Deenadayalan

   d. Kumararaja Kuppuswamy

   e. Xavier Fernando Antony Goodwin

   f. Nishanth Pitchaiah

   g. Chaminda Kariyawasam

   h. Subramanian Ganeshkumar

   i. Dhurai Balaji

3. Motion to exclude late-identified witnesses.

4. Motion for miscellaneous relief with regards to confidentiality designations.

5. In the event that the Court denied Claimants' motion to preclude the Fifth Amendment witnesses, a determination that: (1) in the event counsel for the Fifth Amendment witnesses represents that the witness intends to invoke the Fifth Amendment at trial, that exceptional circumstance justify using the depositions of the Fifth Amendment witnesses in lieu of live testimony; (2) Claimants may elect to submit transcripts of Fifth Amendment witnesses at trial rather than read or play the testimony into the record.

6. That Petitioners' requested amendment to the Petition be denied or, in the alternative, that Petitioners be instructed to move to amend the Petition and a briefing and argument schedule set.

14. Claimants may seek judicial notice that the following claims are "claim[s] for personal injury or death" as those terms are used in 46 U.S. Code § 30524(e):  (1) ECF No. 90: Claims of Julio Cervantes Suarez and Marisela Hernandez Salgado; (2) ECF No. 93: Claims arising from death of Daniel Hernandez Estrella; (3) ECF No. 96: Claims arising from death of Alejandro Hernandez Fuentes; (4) ECF No. 99: Claims arising from death of Miguel Angel Luna; (5) ECF No. 100: Claims arising from death of Dorlian Ronial Castillo Cabrera; (6) ECF No. 103: Claim arising from the death of Maynor Suazo Sandoval; (7) ECF No. 104: Claims arising from death of Jose Mynor Lopez; (8) ECF No. 318: Claims of Damon Davis.

### B. Petitioners

Petitioners' Responses to the above-referenced motions in Points 1-4 were filed on April 20, 2026.

During or after trial, Petitioners intend to seek leave to amend the pleadings to conform with the evidence. Please see Section IV.A. above.

Respectfully submitted this 27th day of April, 2026.

s/ *Daniel O. Rose*
Daniel O. Rose
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, NY 10017
drose@kreindler.com
Telephone: (212) 973-3414
***Lead Counsel for Personal Injury and
Wrongful Death Claimants***

s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel Schwartz
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
alevitt@dicellolevitt.com
Telephone: (312) 214-7900
***Lead Counsel for Local Government Claimants***

s/ *Todd D. Lochner*
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road
Suite 201, Mailbox 6
Annapolis, MD 21403
tlochner@lochnerlawfirm.com
Telephone: (443) 716-4400
***Lead Counsel for Private Economic Loss Claimants***

s/ *Terry L. Goddard, Jr.*
Terry L. Goddard, Jr.
SKEEN & KAUFFMAN LLP
9256 Bendix Road, Suite 102
Columbia, MD 21045
tgoddard@skaufflaw.com
Telephone: (410) 625-2272

9

Facsimile: (443) 817-0744
***Lead Counsel for Cargo Claimants***

/s/ *Andrew J. Connolly*
Andrew J. Connolly (Bar No. 20882)
Colin E. Burgess, Esquire (Bar No. 20665)
POST & SCHELL, P.C.
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Tel.: 215-587-1000
aconnolly@postschell.com
cburgess@postschell.com
***Counsel for Claimant Brawner Builders, Inc.***

s/ *Robert B. Hopkins*
Robert B. Hopkins (Bar No. 06017)
Laurie G. Furshman (Bar No. 29604)
Tristan A. Dietrick (Bar No. 31238)
DUANE MORRIS LLP
1201 Wills Street, Suite 330
Baltimore, MD 21231
T: (410) 949-2900
RBHopkins@duanemorris.com
LGFurshman@duanemorris.com
TDietrick@duanemorris.com

Luke M. Reid (Bar No. 31228)
William R. Bennett III*
Thomas H. Belknap, Jr.*
Alan Weigel*
Neil P. McMillan*
Noe S. Hamra*
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
T: (212) 885-5000
William.Bennett@blankrome.com
Thomas.Belknap@blankrome.com
Alan.Weigel@blankrome.com
Neil.McMillan@blankrome.com
Noe.Hamra@blankrome.com

Kierstan L. Carlson*
Emma C. Jones*

10

BLANK ROME LLP
1825 Eye St. NW
Washington, DC 20006
T: (202) 420-2200
Kierstan.Carlson@blankrome.com
Emma.Jones@blankrome.com

*Admitted *Pro Hac Vice*

**Counsel for Petitioners, Grace Ocean Private Limited and Synergy Marine Pte Ltd.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April 2026, a copy of the foregoing Joint Pre-Trial Order was served via the court's CM/ECF system on all counsel of record and on the Court via MDD_JKBChambers@mdd.uscourts.gov.

/s/ Kevin Mahoney
Kevin Mahoney