**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

In the Matter of the Petition

of

GRACE OCEAN PRIVATE LIMITED, as
Owner of the M/V DALI,

and

SYNERGY MARINE PTE LTD, as Manager
of the M/V DALI,

for Exoneration from or Limitation of Liability

Civ. No. 24-00941-JKB

*IN ADMIRALTY*

**CLAIMANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE***
**TO PRECLUDE TESTIMONY AT TRIAL FROM WITNESSES WHO**
**PLED THE FIFTH AMENDMENT OR OTHERWISE**
**FAILED TO PARTICIPATE IN DISCOVERY**

Claimants respectfully submit this reply in further support of their motion *in limine* (ECF 696), and in response to petitioners' opposition (ECF 713).

The central issue in this litigation is Petitioners' privity and knowledge of the negligent acts and unseaworthy conditions giving rise to the M/V DALI's allision with the Francis Scott Key Bridge on Mar 26, 2024. For the personal injury and wrongful death claimants, this includes the Master's own privity and knowledge before the voyage. As the Court knows, the Captain of the *Dali*, and seven other central witnesses, the vessel's entire engineering department and the shoreside Technical Superintendent, have refused to testify by asserting Fifth Amendment protections. Petitioners, who employ most if not all of the Fifth Amendment witnesses, should not now be permitted to turn these proceedings into a "trial by ambush".

1

The blanket scope of the Fifth Amendment invocations in this case is without precedent. In light of that fact, the circumstances here are very distinct from other cases where witnesses selectively invoked the Fifth Amendment, and the court was able to undertake a discrete analysis of particular questions to see whether other testimony would suffice or whether the Fifth Amendment witnesses' testimony would be necessary. Having deprived Claimants of meaningful discovery of these witnesses' knowledge through blanket invocations of the Fifth Amendment protection and refusal to testify, Petitioners should not be permitted to transform that wholesale silence into an ambush at trial. Petitioners make the incredible argument that Claimants can somehow guess what these witnesses would testify to at trial by looking to the testimony of *other* witnesses in this case. But Claimants are entitled to know *before trial* what is within the personal knowledge of these witnesses in advance. Those are the rules. Requiring Claimants to try the case blind, as Petitioners urge, would impose an enormously prejudicial burden on Claimants that is neither just nor permitted by law.

The Court should preclude the nine witnesses from testifying at trial.

I.   <u>**ARGUMENT**</u>

   A. **All Nine Witnesses Must be Precluded from Testifying at Trial for their Failure to Substantively Participate in Discovery.**

It is well settled that a party "may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 577 (1st Cir. 1989). Courts thus routinely preclude witnesses from testifying at trial when they have previously refused to participate in discovery by invoking the Fifth Amendment:

- *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) (Fourth Circuit affirmed trial court striking affidavit from witness who previously invoked the Fifth Amendment);

- *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 909, 915 (9th Cir. 2008) (Ninth Circuit found the trial court did not abuse its discretion in barring insured's wife from testifying to her lack of involvement in his murder, after she asserted her Fifth Amendment privilege and refused to answer seven questions in her deposition related to the murder; the court allowed testimony on matters she did testify to at her deposition.);

- *Harris v. City of Chicago*, 266 F.3d 750, 754, 756 (7th Cir. 2001) (Seventh Circuit reversed lower court's permitting defendant-appellee to testify at trial after having refused to respond to a number of discovery requests, and refusing to answer questions regarding his own criminal activity by invoking the Fifth Amendment. The court found that permitting the officer's testimony at trial, while also precluding evidence of his invocation via an adverse inference, was reversible error.);

- *Gutierrez-Rodriguez*, 882 F.2d at 576-77 (First Circuit affirmed lower court's decision to bar witness's trial testimony after refusing to give deposition testimony throughout the six months prior to trial, requiring him "to abide by his decision" and "protect[ing] plaintiff from any unfair surprise at trial.");

- *S.E.C. v. Benson*, No. 84-CIV2262, 1985 WL 1308, at *2 (S.D.N.Y. Apr. 9, 1985) (Defendant refused to respond to interrogatories, citing Fifth Armament privilege. The court granted a motion for sanctions and precluded the defendant from offering evidence in support of his denials and affirmative defenses, noting "a litigant may not maintain a position while refusing to furnish basic discovery of it.… Although he cannot be required to incriminate himself, he may not use the shield to the disadvantage of civil adversaries.").

Importantly, "[c]ourts have not been afraid to bar a party from testifying where doing so was necessary to prevent the 'thwarting [of] the purposes and policies of the discovery rules.'" *Gutierrez-Rodriguez*, 882 F.2d at 576 (quoting *Meyer v. Second Judicial Dist. Court, etc.*, 95 Nev. 176, 591 P.2d 259 (1979)). To hold otherwise would "reduce the trial to a game of blindman's buff and less of a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 549 (S.D.N.Y. 1985) (internal marks omitted).

The *Dali's* master, Chandrashekar Sabhapathy, sat for his deposition for over six hours, and his deposition transcript is 320 pages of questions concerning his knowledge of the failures that lead to the allision. Mr. Sabhapathy provided only his name and date of birth before invoking his Fifth Amendment right to not answer every question, including about his personal knowledge of the failures. The deposition of Synergy's shoreside manager and technical superintendent,

3

Karthik Nair, proceeded the same, with over seven hours of deposition testimony spanning 443 pages of transcript, during which he provided only his name and address. All eight testifying witnesses noted in Claimants' motion *in limine* followed this pattern, and the ninth witness, Dhurai Balaji, refused to sit for a deposition.

Petitioners' opposition improperly suggests that testimony from other witnesses can substitute for, or predict, the testimony of these nine witnesses. The Fifth Amendment is a personal privilege concerning personal knowledge and information and is unique to that witness; it cannot be overcome by treating other witnesses' testimony as a proxy for what the invoking witnesses would have said. *See e.g., S.E.C. v. Graystone Nash, Inc.,* 25 F.3d 187, 192 (3d Cir. 1994) (approving of the decision in *FTC v. Kitco of Nevada, Inc.*, 612 F. Supp. at 1291, to allow a witness's testimony at trial despite invoking the Fifth Amendment at deposition because the FTC "had received some information" from the witness himself about "specific areas of inquiry."). Petitioners improperly conflate the testimony of other witnesses who did testify with the requested testimony of witnesses who invoked the Fifth Amendment. Without any prior deposition testimony or written discovery responses from these nine witnesses specifically, it is unreasonable and unfair to require Claimants to try to guess what these witnesses would say at trial, and Claimants should not be forced to do so.

**B.      Trial by Ambush Is Prohibited.**

The Fourth Circuit has expressed zero tolerance for "playing cards the cards close to the vest and hoping by surprise or maneuver at the trial to carry the day[.]" *Twigg v. Norton Co*., 894 F.2d 672, 675 (4th Cir. 1990) (quoting *Changes in Trial Tactics*, Address Before the American College of Trial Lawyers (April 1958)). If Petitioners were to call any of these nine witnesses, it would be trial by ambush. *See e.g. Nationwide Life Ins. Co.*, 541 F.3d at 910 ("'when one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and

4

decides to waive the privilege[,] [a]t that stage, the adverse party—having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter— would be placed at a disadvantage.'") (citation omitted).

The federal rules are meant to "narrow and clarify the basic issues between the parties in order that they may obtain the fullest possible knowledge of the issues and facts before trial." *Twigg*, 894 F.2d at 675. They are not tools to be used to deceive the opposing party and this court. *See McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir.1982) ("A defendant cannot have it both ways.... [He may not] testify in attack ... and at the same time seek refuge behind the shield of the Fifth Amendment."); *see also Gutierrez-Rodriguez,* 882 F.2d at 576 ("The court would not tolerate nor indulge a practice whereby a defendant by asserting the privilege against self-incrimination during pre-trial examination and then voluntarily waiving the privilege at the main trial surprised or prejudiced the opposing party.") (citation and quotation marks omitted).

Petitioners argue that precluding these witnesses from testifying at trial "is excessive and unduly prejudicial to Petitioners' rights to present their case." ECF 713 at 1. Yet Petitioners also contend that "[t]ere is danger of neither surprise nor prejudice against Claimants' ability to present their case." ECF 713 at 2. Those positions are logically inconsistent. If these witnesses' testimony is important enough that Petitioners would be prejudiced by its exclusion, then Claimants are at least as prejudiced by being forced to confront that testimony without prior deposition testimony, written discovery responses, or any fair notice of what these witnesses will say.

### C.    Petitioners' Position is Not Workable.

Moreover, Petitioners offer no workable solution. To now, on the eve of trial, attempt to parse out areas where testimony should be permissible would burden the Court with piecemeal adjudication of every disputed question and area the witnesses were previously asked. Indeed, Petitioners do not even propose and a workable model for achieving the goal of "strik[ing] a fair

balance" by "giv[ing] due consideration to the nature of the proceeding, how and when the privilege was invoked, and the potential for harm or prejudice to opposing parties." That is because, under such an approach, it would require days if not weeks of satellite litigation on the import of other testimony and the prejudice to the parties. The only workable and fair outcome is to preclude all nine witnesses from testifying at trial as courts have recognized. *See, supra,* pp. 3-4.

Petitioners rely on *FTC v. Kitco of Nevada, Inc.* a Minnesota case, as an example of where the court declined to implement a complete bar on a defendant's testimony after having pled the Fifth. 612 F. Supp. 1282 (D. Minn. 1985). While the court there found a complete bar inappropriate, the subject witness had actually testified to matters at his deposition and invoked his Fifth Amendment privilege "only in regard to certain areas of inquiry." *Id.* at 1290. This is entirely different than a witness pleading the fifth to every question asked of him. Here, there is no partial testimony to potentially allow in from any of these nine witnesses.

Petitioners similarly mischaracterize *U.S. v. Certain Real Property and Premises Known as: 4003-4005 5th Ave., Brooklyn, NY*, where they paint the court's decision as one relied solely on the defendants' "abuse" of the discovery process. 55 F.3d 78 (2d Cir. 1995). However, the defendants' discovery abuse was only one factor in the court's calculus, and the court made no suggestion that a bar of testimony based on the witness's invocation of the Fifth Amendment must be predicated solely on the defendant having committed prior bad acts. Such a conclusion is neither supported by the court's reasoning, nor appropriate here.

## II.    **CONCLUSION**

Petitioners' attempt to minimize the breadth of the eight testifying witnesses' Fifth Amendment invocations is a transparent effort to diminish the substantial prejudice to Claimants

and should be rejected by this Court. With such sweeping invocations, and with the ninth witness refusing to testify altogether, Claimants have no way to know what these witnesses would testify to at trial let alone meaningfully prepare for such testimony.

For the reasons set forth herein, Claimants respectfully move this Court for an Order precluding testimony at trial from the nine Non-Participating Witnesses, specifically:

1. Chandrashekar Sabhapathy (DALI crewmember – master)

2. Karthik Nair (Synergy shoreside manager – Technical Superintendent)

3. Karthikeyan Deenadayalan (DALI crewmember – chief engineer)

4. Kumararaja Kuppuswamy (DALI crew member – 2nd engineer)

5. Antony Goodwin (DALI crew member – 3rd engineer)

6. Nishanth Pitchaiah (DALI crew member – 4th engineer)

7. Chaminda Kariyawasam (DALI crewmember – electrician)

8. Subramanian Ganeshkumar (DALI crewmember – oiler)

9. Dhurai Balaji (DALI former chief engineer)

Respectfully submitted this 27th day of April 2026.

Respectfully submitted,

/s/ *Daniel O. Rose*
Daniel O. Rose
Kevin Mahoney
KREINDLER & KREINDLER
LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com
kmahoney@kreindler.com
T: (212) 973-3414
*Lead Counsel for Personal Injury*
*and Wrongful Death Claimants*

/s/ *Adam J. Levitt*          
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel O. Schwartz
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth
Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900
*Lead Counsel for Local*
*Government Claimants*


/s/ *Todd D. Lochner*          
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite 201
Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
*Lead Counsel for Private Economic*
*Loss Claimants*

/s/ *Terry L. Goddard, Jr.*          
Terry L Goddard, Jr.
SKEEN & KAUFFMAN LLP
9256 Bendix Road Suite 102
Columbia, Maryland 21045
tgoddard@skaufflaw.com
T: (410) 625-2272
*Lead Counsel for Cargo Claimants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April 2026, a copy of the foregoing motion was served via the court's CM/ECF system on all counsel of record.

/s/ *Daniel O. Rose*                    
Daniel O. Rose (NY Bar # DR9012)

8