**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Civ. No. 24-00941-JKB<br><br>*IN ADMIRALTY* |

**CLAIMANTS' OPPOSITION TO PETITIONERS' ANTICIPATED MOTION FOR LEAVE TO AMEND THEIR APRIL 1, 2024, PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Claimants respectfully submit this brief in opposition to Petitioners' anticipated motion for leave to amend their April 1, 2024, Petition for Exoneration from or Limitation of Liability. (ECF No. 1).

For more than two years, the operative Petition in this case stated that the incident voyage started in Baltimore. Now, thirty days before trial, Petitioners wish to amend their Petition, insisting that the voyage somehow began in Newark. Petitioners' purpose is clear: they want to evade the legal implications of their own admission under 46 U.S.C. § 30524. That statute provides that, for personal injury and wrongful death claimants, "the privity or knowledge of the master . . . at or before the beginning of each voyage, is imputed to the owner." 46 U.S.C. § 30524(a).

Petitioners are too late: the deadline to amend the Petition was June 2, 2025. And fact discovery ended on August 29, 2025. Petitioners have been in near-exclusive possession of information pertaining to the voyage since the allision occurred: they are the ones who conducted

1

it. Therefore, there is not good cause for the late amendment, which would significantly prejudice Claimants, who cannot test the new allegation in discovery. Petitioners' motion for leave to amend should be denied.

## I.     BACKGROUND

### A.  The April 1, 2024, Petition (ECF No. 1).

On April 1, 2024, six days after the allision, Petitioners commenced this Limitation Action. (ECF No. 1). Petitioners allege that "On March 26, 2024, the Vessel commenced a voyage from Baltimore, Maryland for Columbo, Sri Lanka, with an ultimate destination for Yantian China." (*Id.*, ¶ 7). Until just days ago, the fact that the incident voyage began in Baltimore was undisputed. *See, e.g.*, *Answer of Claimant Julio Cervantes Suarez and Marisel Hernandez Salgado*, ECF Nos. 92, ¶ 7 ("Claimant admits that the Dali was at the beginning of its voyage to Sri Lanka from Baltimore on March 26, 2024, when the incident occurred.").[1] And discovery has confirmed this basic fact. Petitioners' own Passage Plan for the Baltimore trip has a unique voyage number, distinct from that of the March 20, 2024, Norfolk-bound departure from Newark, where Petitioners now bizarrely insist the incident voyage began.

---

[1] Paragraph 7 of the Personal Injury and Wrongful Death Claimants' respective Answers are identical. (ECF Nos., 89, 92, 94, 97, 98, 101 102, 105).



*Exhibit 1*, Passage Plan, Baltimore to Columbo Voyage (No. 410W) (Excerpt)



*Exhibit 2*, Passage Plan, Newark to Norfolk Voyage (No. 405E) (Excerpt)

### B.  The June 2, 2025, Amendment Deadline (ECF No. 438)

On November 7, 2024, this Court set the deadline for amending the Petition to June 2, 2025. (ECF No. 438, at 7). Fact discovery in this matter ended on August 29, 2025. (ECF No. 510). Petitioners made no attempt to amend their pleading at any point until now.

Presently, paragraph 7 of the operative Petition unequivocally states:

> On March 26, 2024, the Vessel **commenced a voyage from Baltimore, Maryland**, bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The Vessel had a cargo of 4679 containers.

Now, one month before trial, Petitioners wish to, baselessly, amend paragraph 7 to state:

> On March 26, 2024, the Vessel **departed Baltimore, Maryland on a voyage that commenced at Newark, New Jersey**, bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The Vessel had a cargo of 4679 containers.

ECF. 723 (emphasis added).

### C.  Petitioners' Motive for Amending

The reason for Petitioners "newly found" position is no doubt because of their realization that where the allision voyage began is of significant legal consequence in this case. In claims arising from personal injury or death caused by a seagoing vessel, "the privity or knowledge of the master or the owner's superintendent or managing agent, at or before the beginning of each voyage, is imputed to the owner." 46 U.S.C. § 30524(a); (e). Consequently, the Personal Injury and Wrongful Death Claimants need only show that the Master was negligent "at or before" the beginning of the voyage to defeat limitation. *Id.* § 30524(e). Claimants have alleged and will prove at trial numerous instances of the Master's pre-voyage negligence, including a failure to properly investigate an identical dockside blackout that occurred when the Master left the vessel the day prior without leaving anyone in command of the ship. *See, e.g.*, ECF No. 90, ¶ 66(e) ("Failed to properly troubleshoot and diagnose defects with the electrical system."). Petitioners have been on notice of these allegations since at least September 20, 2024. What is more, on that same date, The Personal Injury and Wrongful Death Claimants expressly invoked § 30524 in both their claims and answers. *See, e.g.*, ECF No. 90, at 4 ¶ 6; ("At the time of the allision, the *Dali* was a seagoing vessel at the beginning of its voyage under 46 U.S.C. § 30524. The Master of the *Dali* committed numerous reckless and negligent acts prior to the disaster, each of which is imputable to Petitioners

as a matter of law"); ECF No. 92 ("46 U.S.C. § 30524 applies to this action as *Dali* was a seagoing vessel.").

## II.   **ARGUMENT**

Because the deadline for amending pleadings (June 2, 2025) has long past, Petitioners' amendment is untimely. And an "untimely motion for leave to amend will be granted only if it satisfies *both* the good-cause standard of Federal Rule of Civil Procedure 16(b)(4) and the standard of Rule 15(a)(2) for allowing the amendment of pleadings." *Valentine v. Monahan*, 350 F.R.D. 22, 28 (D. Md. 2025) (Bredar, J.) (emphasis in original). Importantly, "[i]n this area, the district court's discretion is substantial—especially where Rule 16(b) applies in addition to Rule 15(a)(2)." *Id.* (internal quotation marks omitted) (alteration in original).

### A.   **There is No "Good Cause" to Permit Petitioners' Amendment Under Fed. R. Civ. P. 16(b)(4).**

Courts begin with good cause: "if a party has not shown good cause for its tardy motion, the Court need not consider the substance of that party's request." *Id.* "To establish good cause, a moving party must show that deadlines could not 'reasonably be met despite the party's diligence.'" *Id.* (quoting *G.W. Aru, LLC v. W.R. Grace & Co.-Conn.*, 344 F.R.D. 446, 449 (D. Md. 2023)); *see also, e.g.*, *Rassoull v. Maximus, Inc.,* 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard.") (internal quotation and citation omitted). The Court must consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). "Good cause for a tardy amendment motion 'generally exists when at least some of the evidence needed for a [party] to prove his or her claim did not come to light until after the amendment deadline.'" *Valentine*, 350

5

F.R.D. at 28   (quoting *G.W. Aru*, 344 F.R.D. at 449)). This Court is resistant to permitting extremely tardy amendments. *See id.* (declining to find good cause to permit a request to amend made "over a year after the amendment deadline" and "without ever having requested its extension," in a case that was at this point "over two and a half years old."). Good cause "does not exist if the [party] knew of the conduct giving rise to a claim and 'simply failed to raise it in an initial complaint.'" *Id.* at 28 (quoting *G.W. Aru*, 344 F.R.D. at 449); *see also Wonasue v. U. Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (Internal quotation marks omitted)). This is precisely the situation here.

Petitioners have not been diligent. Oddly they insist they want to amend their Petition to "conform the pleadings to the evidence." (ECF No. 723, at 2).   But Petitioners conducted the voyage themselves and, at the time they filed their Petition, were in near-exclusive possession of most of the information pertaining to the voyage. Regardless, Petitioners have been on notice since September 20, 2024, that the Personal Injury and Wrongful Death Claimants would rely on the Limitation Act's imputation clause. 46 U.S.C. § 30524(e). Petitioners cannot demonstrate that any evidence that they need to be able to allege the *Dali's* voyage commenced in Newark came to light after the amendment deadline. *See Valentine*, 350 F.R.D. at 28. And they cannot possibly show that such evidence was unavailable until now, just one month before trial. Finally, as seen in the Passage Plan, the evidence supports the heretofore undisputed and simple fact that the incident voyage commenced in Baltimore. (Ex. 1). It is clear that Petitioners "knew of the conduct" giving rise to their need to amend and "'simply failed to raise it in an initial [petition]. . . .'" *Id.* (quoting *G.W. Aru*, 344 F.R.D. at 449).   Petitioners lack good cause for their proposed amendment, and their motion should be denied on that basis alone.

6

**B.** **The Amendment Must Be Rejected Under Fed. R. Civ. P. 15(a)(2) Because It Would Be Extremely Prejudicial to Claimants**

Because there is no "good cause" for the Court to permit Petitioners' untimely amendment, the Court need not consider the substance of the proposed amendment. *See Valentine*, 350 F.R.D. at 31. But, should the Court elect to substantively consider the issue, the Court should reject Petitioners' eleventh-hour request.

Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed, R. Civ. P. 15(a)(2). However, this Court recognizes that leave should be denied "when the amendment would be prejudicial to [an] opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile.'" *Valentine*, 350 F.R.D. at 28 (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). The closer a case is to trial, "the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber*, 438 F.3d at 427. For that reason, "the Court retains broad discretion to deny the request 'so long as it does not outright refuse to grant the leave without any justifying reason.'" *Id.* (quoting *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010)); *see also Moore v. Equitrans, L.P.,* 818 F. App'x 212, 219 (4th Cir. 2020) ("The district court had substantial discretion to deny leave to amend, especially at this late stage of litigation.").

Claimants would be substantially prejudiced by the proposed amendment. The Federal Rules do not permit a party to allege a fact, induce reliance on that allegation, and then change it just before trial. *See Yates v. Ford Motor Co.*, 2015 WL 3932687, *3 (E.D. N.C. June 26, 2015) ("[T]he proposed amendment is unduly prejudicial because defendants are entitled to rely upon the claims and allegations in the complaint as a basis for preparing for and presenting their defense at trial."). To the contrary, Claimants are entitled to rely on, and *use*, Petitioners' allegation as a binding judicial admission. *See id.* ("[T]he proposed amendment is unduly prejudicial because

7

defendants may rely upon factual allegations in the complaint as judicial admissions."). At no point have Claimants been put on notice of any contention that the voyage commenced, inexplicably, in Newark, New Jersey. And Claimants cannot possibly now test this belated self-serving assertion through discovery, which has been closed now for eight months.

Finally, Petitioners incorrectly state their amendment "does not raise a new legal theory." (ECF No. 723, at 2). This is simply not true. As already addressed, the departure location has enormous legal consequences for the Court's decision on privity and knowledge as it relates to the Personal Injury and Wrongful Death Claimants. The motivation for Petitioners' amendment is plainly to try and avoid imputation of the Master's poor decision-making on March 25, 2024. This is not a good faith reason for an amendment, and it is far too late: discovery is over and trial is in thirty days.

Petitioners' motion for leave to amend should be denied.

## III.    CONCLUSION

Petitioners cannot demonstrate "good cause" under Fed. R. Civ. P. 16 for the Court to permit their tardy amendment over one year after this court's deadline to amend. Further, because substantial prejudice would befall Claimants if the amendment were permitted, the amendment cannot be permitted under Fed., R. Civ. P. 15(a)(2). The Court should deny Petitioners' request for leave to amend its Petition.

Respectfully submitted,

/s/ *Daniel O. Rose*
Daniel O. Rose
Kevin Mahoney
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com

8

kmahoney@kreindler.com
T: (212) 973-3414

*Lead Counsel for Personal Injury and Wrongful Death Claimants*

/s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel R. Schwartz
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900

*Lead Counsel for Local Government Claimants*

/s/ *Todd D. Lochner*
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road; Suite 201 Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400

*Lead Counsel for Private Economic Loss Claimants*

/s/ *Terry L. Goddard, Jr.*
Terry L Goddard, Jr.
SKEEN & KAUFFMAN LLP
9256 Bendix Road Suite 102
Columbia, Maryland 21045
tgoddard@skaufflaw.com
T: (410) 625-2272

*Lead Counsel for Cargo Claimants*

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 1st day of May 2026, a copy of the foregoing motion was served via the court's CM/ECF system on all counsel of record.

/s/ *Kevin Mahoney*

Kevin Mahoney