**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>***IN ADMIRALTY*** |

**PETITIONERS' MOTION FOR LEAVE TO AMEND PETITION**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners") submit this Memorandum of Law pursuant to the Court's Order dated April 28, 2026. (ECF No. 726.) Petitioners respectfully reserve the right to move to amend the pleadings during or after trial pursuant to FED. R. CIV. P. 15(b).

## I.    Introduction

The sole amendment sought is a change to the allegations contained in Paragraph 7 of the Petition. (ECF No. 1.) While Paragraph 7 of the Petition is accurate, the term "voyage" is undefined and Petitioners seek to include a more precise set of facts to define the term "voyage." Petitioners intend to present evidence at trial that the M/V DALI (the "Vessel") was on a voyage that commenced in Newark, New Jersey, with a stop in Baltimore, before it continued its journey to Sri Lanka, and ultimately China.

Paragraph 7 reads:

> On March 26, 2024, the Vessel commenced a voyage from Baltimore, Maryland, bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The Vessel had a cargo of 4679 containers.

The proposed changes to Paragraph 7 are as follows:

> On March 26, 2024, the Vessel ~~commenced a voyage from~~ **departed** Baltimore, Maryland **on a voyage that commenced at Newark, New Jersey,** bound for Colombo, Sri Lanka, with an ultimate destination of Yantian, China. The Vessel had a cargo of 4679 containers.

(additions in bold.)

## II.    Applicable Legal Standards

Rule 15 provides that "leave shall be freely granted when justice so requires." FED. R. CIV. P. 15(a)(2). Amended pleadings can do many things: for example, they can add or drop parties, change the names of parties, add or remove claims for relief, amplify previously asserted claims, and seek additional damages or remedies. *See generally* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1474 (3d ed). With respect to amendments that merely conform to the evidence, Rule 15 expressly provides that the Court can amend pleadings to conform to the evidence *at trial or after trial*, and in such a case, the party opposing amendment bears the burden of showing "that the evidence would prejudice the party's action or defense on the merits." FED. R. CIV. P. 15(b). Because Petitioners can permissibly modify their Petition *at trial* if the amendment is merely one to conform to the evidence, it is clear that there is no "prejudice" simply because fact discovery has closed.

Rule 15(b)[1] has two grounds for attachment. Rule 15(b)(1) provides "the court should freely permit an amendment" when evidence introduced is not within the pleadings and

---

[1] Although Rule 15(b) specifically speaks of amendments during and after trial to conform pleadings to the evidence, courts have also recognized conformity of the pleadings to the evidence as a reason to justify amending a complaint

amendment would not prejudice the opposing party's action or defense on the merits. FED. R. CIV. P. 15(b)(1). Rule 15(b)(2) allows a party to move to amend the pleadings during or after trial to conform to the evidence presented when the evidence raises an unpleaded issue. FED. R. CIV. P. 15(b)(2).

"Unfair prejudice exists only where the opposing party would experience undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the movant." 61A AM. JUR. 2D PLEADINGS § 665. It is insufficient for the non-moving party to "allege an imagined grievance or to seek to protect some tactical advantage, and a delay alone is not a sufficient measure of prejudice." 61A AM. JR. 2D PLEADINGS § 724.

There is no prejudice where the proposed amendment raises new factual allegations that do not significantly transform the complaint or assert new substantive claims. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) ("[p]rejudice . . . could hardly flow" from the addition of allegations "derived from evidence obtained during discovery regarding matters already obtained in the complaint in some form"); *Davis v. Piper Aircraft Co.*, 615 F. 2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."); *see also Connelly v. General Medical Corp.*, 880 F. Supp. 1100, 1110 (E.D. Va. 1995) (no prejudice where amendment involved new factual allegations and "the Court [could] easily stir these new allegations into the analytical brew of [the] case and still apply the same controlling legal principles"); *Sandcrest Outpatient Servs. v. Cumberland Cty. Hosp.,* 853

---

even prior to trial.  See for example *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 248 F.R.D. 408 (S.D.N.Y. 2008) in which the plaintiff argued that such changes were intended to "supplement the pleadings to conform to the evidence."  248 F.R.D. at 416.  The Court granted the plaintiff's motion "to amend its complaint to add new substantive claims as well as the factual elaborations." *Id*.

F.2d 1139, 1148-49 (4th Cir. 1988) (suggesting in *dictum* that an amendment "to add more particularized or newly discovered facts" might be proper); 61A AM. JUR. 2D PLEADINGS § 682 ("The defendants cannot legitimately claim surprise or prejudice related to the plaintiff's motion to amend the pleadings, where the proposed amendments are premised upon the same facts, transactions, or occurrences alleged in the original complaint..")

**III.     Leave to Amend the Petition Should be Granted to Conform the Pleadings to Evidence Because There Are No New Facts and Claimants Will Not Be Prejudiced**

Petitioners' Motion to Amend does not introduce new elements to the suit that would prejudice or fail to provide notice to Claimants. The proposed amendment includes no new facts and does not add any new claims or any new parties – on the contrary, the proposed amendment effects only a change in one of the allegations in the Petition. The fact that the Vessel was transiting between the United States and Asia, and making port stops along the way, is a fact that Claimants have been aware of based on their participation in discovery proceedings. Claimants, therefore, have had notice of the Vessel's regular route of trade and would have known that she regularly called in multiple ports in the United States – including Newark and Baltimore – before commencing her return voyage to various ports in Asia. As explained by the Master of the Vessel in his NTSB interview:

> Q:     …In those five months, take me through your port calls. Where have you been in those five months?
>
> A:     Doing the same run, around the world eastbound, so from Columbo we went to Maylasia [sic], Maylasia [sic] to China Coast. We did about a few ports in China. Then South Korea, Busan, then came back, went all the way to Panama. We transited and then we came and did previously the same ports here, Newark, Norfolk, and Baltimore.
>
> Then we went again eastbound to Salalah, Oman, then went to Malaysia and then I went to China posting, then Busan,

then came back to Panama and came back here. It's around
the world eastern, East service.

*Transcript of NTSB Interview of Chandrashekar Sabhapathy*, NTSB, at 7:17-8:3 (Mar. 27, 2024),
https://data.ntsb.gov/Docket/?NTSBNumber=DCA24MM031.

Claimants have had ample opportunity to investigate and develop the facts, and no new witnesses, experts, or discovery are required. Accordingly, the amendment does not expand the factual issues for trial; it simply aligns the pleading with evidence already exchanged and to be presented.

Contrary to Claimants' assertion, there has been no "admission" by Petitioners that the voyage at issue was limited to the transit between Baltimore and Sri Lanka. Claimants themselves have used different definitions of the term "Voyage" during the course of discovery. Thirteen of Claimant's various discovery requests to Petitioners, including amended and corrected requests for production and interrogatories, define the capitalized term "Voyage" as "*a journey by sea which starts when a vessel begins to load cargo or sails in ballast to a loading port and continues during the entire ensuing period through discharge until the vessel begins to load a subsequent cargo or sails in ballast for a loading port*." On the other hand, in Claimants' Requests for Admission, they define the term "Voyage" as "*the DALI's voyage from Baltimore to Colombo, Sri Lanka that began not long after midnight on 26 March 2024*." Notably, at no point in Petitioners' response to Claimants' Requests for Admission did Petitioners admit that the voyage at issue was limited to the DALI's transit between Baltimore and Sri Lanka.

IV.    **In the Alternative, if the Court Declines to Grant Petitioners' Motion, the Court Should Determine at Trial What Constitutes a "Voyage" For the Purposes of the Limitation Act**

Under the Limitation Act, "In a claim for personal injury or death, the privity or knowledge of the master or the owner's superintendent or managing agent, at or before the beginning of each

voyage, is imputed to the owner." 46 U.S.C. § 30524. The term "voyage" is undefined by the statute.

In the context of a maritime action, "[w]hat constitutes a voyage is a question of fact, which depends on the circumstances of the situation." *In re Caribbean Sea Transport Ltd.*, 748 F.2d 622, 626-27 (11th Cir. 1985). While Claimants would suggest that a voyage is simply a transit from Port A to Port B, the issue is more complex. Indeed, the term voyage "may have different meanings under different circumstances, depending on the subject to which it relates or the context of the particular contract in which the word is employed." *La Bourgogne*, 210 U.S. 95, 135 (1908). For a vessel that delivers cargo from one port to another, the one-way trip from termini to termini may constitute a voyage. *See id.* (finding that for a vessel making trips between France and New York without any intermediate stops, each east or westbound trip between France and New York constitutes a separate "voyage'). But when a vessel is engaged in round-trip service, and loads and unloads cargo various ports, the question of what constitutes a voyage is more complex. For example, in *The San Simeon*, while on a voyage from the Pacific Coast to the East Coast, the vessel had delivered cargo in New York and was on her way to Philadelphia when she collided with another vessel. The Second Circuit found that the "voyage" in question was the entire trip from the West Coast to Philadelphia. *The San Simeon*, 63 F.2d 798 (2d Cir.), *cert. denied*, 290 U.S. 643 (1933). Similarly, in *The William J. Riddle*, the court found the entire round trip constituted the voyage where a vessel delivered cargo to multiple ports and returned to the United States. *The William J. Riddle*, 111 F. Supp. 657 (S.D.N.Y. 1953).

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court grant their Motion to Amend. Rule 15 contemplates such amendments to conform the pleadings to the evidence, and Claimants will suffer no prejudice. In the alternative, Petitioners respectfully submit that the determination of what constitutes a "voyage" is a fact-specific determination for the Court to decide at trial.

Dated: May 1, 2026

DUANE MORRIS LLP

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020

212-885-5000

Kierstan L. Carlson\*
Kierstan.Carlson@blankrome.com
Emma C. Jones\*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

\*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on this 1st day of May, 2026, the foregoing Motion for Leave to Amend Petition, along with a proposed order, was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

<u>/s/ *Laurie G. Furshman*</u>
Laurie G. Furshman (Bar No. 29604)
LGFurshman@duanemorris.com