IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability | * | Civ. No. 24-0941-JKB |
| | * | |
| | * | *IN ADMIRALTY* |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On May 5, 2026, the Parties appeared before the Court for the Pretrial Conference, which shall be continued on May 20, 2026, at 2:00 p.m. in the J. Frederick Motz Ceremonial Courtroom (Courtroom 1A). For the reasons stated on the record in open court, it is hereby ORDERED:

1. Claimant Brawner Builders, Inc.'s Motion for Joinder of Claimants' Motions in Limine (ECF No. 708) is GRANTED.

2. Claimants' Motion in Limine to Exclude NTSB Findings and Conclusions and Admit Factual Investigation Materials, Including Witness Statements and Interview Transcripts of Crewmembers and Shoreside Managers (ECF No. 695) is GRANTED IN PART and DENIED IN PART. Pursuant to 49 U.S.C. § 1154(b), "[n]o part of a report of the [NTSB], related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." Thus, no part of a Board accident report, as the term appears in 49 C.F.R. § 835.2, shall be admitted at trial, though factual accident reports, as the term appears in the regulation, may be admitted, as may other underlying factual materials (if they are otherwise admissible). None of the Parties objected to this approach, and they are directed to incorporate this guidance into the Exhibit Lists they will file with the Court on May 11, 2026.

3. Claimants' Motion in Limine to Preclude Testimony at Trial From Witnesses Who Pled the Fifth Amendment or Otherwise Failed to Participate in Discovery (ECF No. 696) is DENIED WITHOUT PREJUDICE to reconsideration when the issues therein have ripened. Petitioners stated in open court that they have no indication the witnesses at issue in Claimants' Motion would provide any testimony at trial beyond a repeated invocation of their Fifth Amendment privilege against self-incrimination and that Petitioners therefore may not call them to testify. If they are not called to testify, Claimants' Motion may be moot, and accordingly, the Court is not persuaded that the issues raised in the Motion are ripe. However, as a general matter, the Court concurs with Claimants that the witnesses' near-complete assertions of privilege at deposition have deprived Claimants of needed discovery as to the witnesses' anticipated testimony and accordingly, the exclusion of their trial testimony would likely be warranted.

4. Claimants' Consolidated Motion in Limine (ECF No. 697) is GRANTED IN PART and DENIED IN PART as follows:

   a. The Motion is DENIED as moot with respect to Bartholomew Barnum, whom Petitioners have withdrawn as a witness who may testify at trial.

   b. The Motion is GRANTED with respect to Ramadass Venkatarao, who MAY NOT testify at trial. Petitioners were required by an Order issued by Magistrate Judge Sullivan (ECF No. 599) to disclose "each and every witness that [they] will or may call at the trial of this case" by no later than August 19, 2025. (*Id.*) Petitioners' responses were "provisional and subject to supplementation under Rule 26(e)." (*Id.*) The Court finds that Petitioners failed to supplement their response in a timely manner, as Rule 26(e) requires, by failing to disclose Mr. Venkatarao as a witness

until April 10, 2026. Petitioners have not established that their late disclosure was substantially justified or harmless under Rule 37(c)(1). The Court concurs with Claimants that the surprise to them is substantial, their ability to cure it at this late date is minimal, allowing the testimony may cause a substantial disruption of the trial, and Petitioners' explanation of its failure to timely disclose the witness is unpersuasive. While the Court sympathizes with the difficulties that are inherent in Petitioners' preparation for a trial of this nature and scope, those complexities have plainly been present from the start and do not justify a departure from the rules, which exist precisely to bring order to such a proceeding.

c.  The Motion is DENIED WITHOUT PREJUDICE to Claimants re-raising their arguments with respect to Publio Beltran. The Parties are DIRECTED to file simultaneous briefing by no later than May 11, 2026, at 9:00 a.m., presenting their arguments on whether "the TSI Report" is admissible as a business record under Federal Rule of Evidence 803(6) and on whether Petitioners' late disclosure of Mr. Beltran as a witness was substantially justified or harmless under Federal Rule of Civil Procedure 37(c)(1).

5.  Petitioners' Motion for Leave to Amend the Petition (ECF No. 733) is DENIED. A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will be granted only if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing the amendment of pleadings. *Glaser v. Strein*, Civ. No. JKB-12-2299, 2013 WL 6284581, at *1 (D. Md. Dec. 3, 2013). Petitioners have not met their burden to show good cause for the requested amendment. Petitioners argue that the proposed amendment does nothing more than raise a new factual allegation and does

not significantly transform their petition or assert new substantive claims. However, Claimants have persuaded the Court that the allegation at issue has such substantial legal significance, in light of 46 U.S.C. § 30524, that its timely disclosure would reasonably have affected Claimants' chosen course of conduct during discovery. Amendment at this late date would therefore be prejudicial to Claimants, and Petitioners have not provided any reason why an earlier amendment was impractical, let alone impossible. Indeed, insofar as Petitioners argue Claimants were on notice, through discovery, of the basic facts they now intend to assert, so too Petitioners were obviously on notice thereof and only they could have anticipated that they intend to assert these facts as pertinent to the legal issue of when the relevant voyage began. Even if Claimants were on notice of the Dali's whereabouts preceding its arrival in Baltimore, given their anticipated ability to rely on Petitioners' allegations in the Petition, they had reason to limit their discovery of the privity or knowledge of the master/superintendent/managing agent to that which occurred before what Petitioners represented was the relevant voyage, beginning in Baltimore. Petitioners cannot now, without justification, deprive Claimants of that reliance.[1]

6. The Motion for Leave to File Late Claim that was filed pro se by Shabir Nabizadah and Mahdi Sultanzadah (ECF No. 727) is DENIED. Petitioners stated their opposition to the Motion in open court and subsequently filed an opposition. (ECF No. 739.) The Court agrees with Petitioners that the reasons for denying leave to file that claim generally also apply here, and the Court adopts its prior rationale in denying that claim (ECF No. 646). In particular, the Court declines to exercise its discretion to permit the filing of this late

---

[1] Petitioners may again move to amend their petition "during or after trial" pursuant to Rule 15(b), but to prevail, will be required to show that the amendment would not prejudice Claimants' case on the merits. For the reasons stated herein, the Court is skeptical that Petitioners will be able to make such a showing.

4

claim, as the equities do not favor the putative Claimants. The putative Claimants have not established that they lacked legally sufficient notice of the applicable filing deadline—now a year and half ago—or that they had any other adequate reason for failing to meet that deadline.

7. By no later than May 11, 2026, Claimants SHALL FILE a brief identifying any expert testimony they intend to introduce in the form of deposition testimony rather than live testimony and presenting their arguments as to the admissibility thereof. Petitioners SHALL FILE a response brief presenting their arguments against the admissibility of any such testimony by no later than May 14, 2026.

8. There will be NO REQUIREMENT for Parties or party representatives to appear at trial; appearances may be made through counsel alone.

DATED this 5 day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge