**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**PETITIONERS' BRIEF IN SUPPORT OF ADMISSIBILITY OF TSI REPORT**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners") submit this Memorandum of Law, and the Accompanying Declarations of Capt. Ajith Kumar dated May 11, 2026 and Publio Beltrán Palomo dated May 8, 2026, further to the Court's Order dated May 6, 2026, (ECF No. 741), in support of the admissibility of the "TSI Report" at trial as a business record under Federal Rule of Evidence 803(6) and in opposition to Claimants' objection to Petitioners' designation of Beltrán[1] as a trial witness.

---

[1] As noted, his full name is Publio Beltrán Palomo; however, for uniformity in the submissions we refer to him herein as Beltrán.

## ARGUMENT

### 1.  The TSI Report

Whether a document is a business record involves issues of fact.  *Fambrough v. Wal-Mart Stores, Inc.*, 611 Fed.Appx. 322, 326-9 (6th Cir. 2015).  Accordingly, Petitioners submit the accompanying Kumar and Beltrán Declarations, which explain the circumstances under which TSI was hired and the TSI Report was commissioned. The facts are clear: the report was generated in the ordinary course of business and not in anticipation of litigation.

In sum, following the allision, Synergy Marine, being a prudent ship manager, engaged Técnicas y Servicios de Ingeniería, S.L. ("TSI") to conduct vibration analysis testing on DALI when it departed the shipyard following post-allision permanent repairs.  The purpose of the testing was to determine whether there were any areas aboard the vessel where there were vibration issues that might need to be rectified.

TSI regularly performs vibration and noise analysis for vessel operators.  TSI's scope of work is described in its Quotation, (Beltran Declaration, Ex. A), and included measurements and assessment of vibration levels for the main engines, generator engines, shaft bearings, engine control room, transformers, various locations on the 3rd deck in the vicinity of the main and generator engines, and other locations of interest.  Synergy's Purchase Order is attached as Beltrán Declaration, Ex. B. Many of the areas tested are not related to the events of March 25th or 26th.  Moreover, TSI was not informed about any issues relating to this litigation and was not asked to do any work in connection with this litigation.

TSI conducted tests aboard DALI between January 11 and 13, 2025, following completion of the shipyard repairs in China.  During testing, representatives from ClassNK were present on board the vessel at that time.  ClassNK is the Vessel's classification society and is responsible for

inspecting the Vessel periodically, including post-repair, on behalf of the flag state to ensure the Vessel is conforming with international safety standards and requirements. Technical superintendent Yoganath Palanichamy from Synergy Marine also attended on board DALI during the TSI tests. The results of these measurements and tests were provided to Synergy Marine in TSI document TB-3689/24, dated February 2025, which is the report that is the subject of the Claimants' objections. A copy of the TSI Report is attached as Exhibit C to the Beltrán Declaration.

### 2. The TSI Report Is An Admissible Business Record

Under Federal Rule of Evidence 803(6), a document may be admissible as a business record if it meets the following criteria:

1. The record was made at or near the time of the event by someone with knowledge.

2. It was kept in the regular course of a regularly conducted business activity.

3. It was the regular practice of that business activity to make such a record.

4. A qualified witness can testify to these foundational facts.

5. The opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6). The key consideration for admissibility is the reliability of the record. *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278 (11th Cir. 2022); *see also Washington Cent. R. Co. v. National Mediation Bd.*, 830 F.Supp. 1343, 1353-5 (E.D. Wash. 1993). The rationale behind the business records exception is that such records are presumed reliable because they are created as part of a routine business activity, where accuracy is incentivized. *United States v. Harper*, 118 F.4th 1288 (10th Cir. 2024). However, documents prepared in anticipation of litigation are generally excluded because they lack the same guarantees of reliability and are considered "dripping with motivations to misrepresent." *See Certain*

*Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204 n.2 (4th Cir. 2000) citing *Hoffman v. Palmer,* 129 F.2d 976, 991 (2d Cir. 1942).

The TSI report is admissible as a business record under Federal Rule of Evidence 803(6) because, as the Kumar and Beltrán Declaration show, it was prepared in the ordinary course of the vessel's regular operations, and not in anticipation of litigation. The report was commissioned by the owners and managers of the vessel as a fitness-for-service and safety compliance document, the type of assessment that responsible vessel operators routinely obtain to evaluate whether a vessel remains safe to operate following a structural event. The independent third party that prepared the report (*i.e.* TSI) did so in its professional capacity as a technical consultant performing the kind of work it regularly performs for vessel operators, and the owners and managers relied on the report for the operational purpose of determining whether the vessel could safely continue in service. These circumstances satisfy each element of Rule 803(6).

The fact that the report is also relevant to issues in the litigation does not alter this analysis. *See generally Badeaux v. Eymard Brothers Towing Company, Inc.*, 570 F.Supp.3d 385 (E.D. La. 2021); *United States Underwriters Ins. Co. v. ITG Development Group*, 294 F.Supp.3d 18 (E.D.N.Y. 2018). The decisive inquiry is the purpose for which the record was created, and here that purpose was operational fitness and safety compliance, not litigation.

Moreover, the circumstances of the report's preparation affirmatively support its trustworthiness under Rule 803(6)(E). The report was prepared by an independent third party with no stake in the outcome of the litigation, retained not by counsel but by the vessel's owners and managers in their operational capacity. The third party's professional obligation was to render an accurate technical assessment of the vessel's condition, an obligation driven by safety considerations and, where applicable, classification society and regulatory requirements, not to

advocate a litigation position. Nothing about the source of the information or the method of the report's preparation indicates a lack of trustworthiness. To the contrary, the independence of the preparer, the operational purpose of the engagement, and the safety-critical nature of the assessment all reinforce the reliability that the business records exception is designed to ensure.

### 3. Beltran Should Not Be Excluded At Trial

Claimants' Objection to Petitioners' designation of Publio Beltrán Palomo as a trial witness should be rejected.  As noted, Beltrán is the founder and CEO of TSI, who were engaged by Synergy Marine and Grace Ocean to conduct the vibration testing described above.

During the course of expert discovery, Petitioners' vibration expert Brian Graney relied on the TSI Report in connection with expressing his opinion that there was no evidence of any significant vibration in the vicinity of the Node 381 "loose" wire, which was found by the NTSB and Hyundai Heavy Industries ("HHI") during their post-casualty investigation to have been the cause of the low-voltage power loss which caused the Dali's main engine to shut down on the morning of the casualty. During the course of Mr. Graney's deposition, which was taken on March 5, 2026, counsel for the Claimants raised various issues concerning the reliability of the TSI Report. In particular, they raised questions about the qualifications of the individuals who conducted the testing and also about the methodology and reliability of the testing that was performed.

Claimants have now objected to the admissibility of the TSI Report at trial.  As noted above, Beltrán's testimony is relevant to rebut Claimants' arguments challenging the admissibility of this report.  Moreover, to the extent Claimants seek to undermine the credibility of the TSI Report at trial, which intention only became evident on March 5 during Mr. Graney's deposition, Petitioners are entitled to introduce evidence to rebut Claimants' criticisms of the Report. *See*, *e.g.*,

*Diaz–Garcia v. Surillo–Ruiz*, 321 F.R.D. 472 (2017); *Hernandez–Torres v. Intercontinental Trading, Inc.*, 158 F.3d 43, 49 (1st Cir. 1998).

Claimants primarily object to allowing the testimony of Mr. Beltran on the basis that he would be introduced as an expert in vibration testing. Although Publio Beltran is undoubtedly well-qualified to be an expert on this topic, he is not being offered as an expert witness in this matter. His testimony will be as a third-party fact witness, focused on explaining the circumstances of TSI's engagement in this matter, explaining the testing protocol TSI developed for the DALI, describing the qualifications of the individuals who performed the testing, and explaining the testing procedures followed during testing.  Petitioners do not intend to seek to elicit any expert opinion testimony from Mr. Beltran.

In view of the foregoing, there is no basis to exclude Mr. Beltran's testimony wholesale in this matter.  If, during trial, Claimants believe that any questioning by Petitioners may be crossing the line into expert testimony, they can certainly raise their objections in the context of specific questions and testimony, and the Court can address those specific objections at that time.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court deny Claimants' application to exclude the TSI Report from evidence and to to exclude trial testimony from Publio Beltrán Palomo and grant Petitioners such other and further relief as may by just and proper.

Dated: May 11, 2026

DUANE MORRIS LLP

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200
*Admitted *pro hac vice*

7

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that on this 11th day of May 2026, the foregoing Petitioners' Brief in Support of Admissibility of TSI Report was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
LGFurshman@duanemorris.com