**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability | Civ. No. 24-00941-JKB<br><br>*IN ADMIRALTY* |

**CLAIMANTS' MOTION *IN LIMINE* FOR THE ADMISSION OF CERTAIN
EXPERT WITNESS TESTIMONY VIA VIDEO DEPOSITION AT TRIAL**

COME NOW Claimants, collectively and on behalf of the Private Economic Loss, Local Government, Personal Injury and Wrongful Death groups, by and through their undersigned counsel of record, and respectfully submit this Motion *in Limine* for the Admission of Certain Expert Witness Testimony given in this Proceeding for use, Via Video Deposition, at Trial.

The Federal Rules give Claimants the right to utilize deposition transcripts for witnesses who testified in this case but are unavailable for trial. Fed. R. Civ. P. 32(a). The rules draw no distinction between fact and expert witnesses. As is their right, Claimants have designated the deposition testimony of several expert witnesses disclosed by settled parties in this case (the State of Maryland and ACE American Insurance Company). The State of Maryland, which, upon information and belief, acquired all of ACE American Insurance's expert witnesses, will not voluntarily permit its experts to testify live on behalf of the Personal Injury/Wrongful Death,

Public Economic Loss or Local Government groups, given that their bar to testifying at trial was, apparently, a term of the settlement.

Petitioners have no proper basis for their objections: not only did they subject each of the witnesses to hours of cross-examination and discussion of the respective witnesses' background, training and experience, but they ensured that the witness specifically understood that his/her testimony was intended to assist the Court in resolving issues relevant to this Proceeding and as such that it was critical that these experts be unbiased.[1] But now Petitioners seek to prevent the Court from considering this relevant testimony. The Court should allow this expert testimony subject to any objections on specific testimony actually offered at trial.

## I.    INTRODUCTION

On October 14, 2025, the State of Maryland (the "State") served its initial expert disclosures, attached hereto as **Ex. 1**. Certain experts identified by the State are over 100 miles away from the Courthouse where this matter will be tried, outside of the country, or both. Those witnesses include: 1) RADM John Nadeau, USCG (Ret.), whose address is in Kure Beach, North Carolina (Coast Guard and regulatory expert); 2) Captain Jeremy Ayling, whose address is TMC (Marine Consultants) Ltd, 125 Old Broad St., London, EC2N 1AR, UK (Captain Expert); 3) Gary Rawlings, whose address is TMC (Marine Engineer) Ltd, 125 Old Broad St., London, EC2N 1AR, UK; 4) Lionel Fernandes, whose  address is TMC (Marine Engineer) Ltd, 125 Old Broad St., London, EC2N 1AR, UK; 5) Harrison Cassidy, whose address is TMC (Electrical Engineer) Ltd,

---

[1] *See*, *e.g.*, deposition of RADM John Nadeau, USCG (Ret.), excerpts of which are attached hereto as **Ex. 2**, at pp. 14-15; deposition of Capt. Jeremy Ayling, excerpts of which are attached hereto as **Ex. 3**, at pp.11-13, and 15; deposition of Gary Rawlings, excerpts of which are attached hereto as **Ex. 4**, at p. 13; deposition of Lionel Fernandes, excerpts of which are attached hereto as **Ex. 5**, at pp.19-22; deposition of Harrison Cassidy, excerpts of which are attached hereto as **Ex. 6**, at p.167; and deposition of Eric Winkel, Ph.D., excerpts of which are attached hereto as **Ex. 7**, at pp.27-30.

125 Old Broad St., London,EC2N 1AR, UK; and 6) Eric Winkel, Ph.D., whose address is Design Research and Engineering, 46475 DeSoto Court, Novi, MI 48377 (vibration expert). *See id*.

Petitioners' counsel noticed and took the video depositions of each of these experts in January and February 2026. All parties had an opportunity to examine these witnesses.

The State settled its claims against Petitioners and, by Order dated April 21, 2026, the Court dismissed said claims [Doc. No. 719]. Pursuant to Federal Rule of Civil Procedure 32, Claimants may call some or all of the State's expert witnesses by video deposition during the trial of this matter and, accordingly, have designated their respective testimony. Accordingly, Claimants move the Court to rule that they may do so, reserving specific rulings on admissibility for trial, when and if the testimony is actually proffered.

## II.   <u>LEGAL STANDARD</u>

Rule 32 of the Federal Rules of Civil Procedure states, in pertinent part, as follows:

(a) Using Depositions.

(1) In General. **At a hearing or trial, all or part of a deposition may be used against a party on these conditions**:

(A) **the party was present or represented at the taking of the deposition or had reasonable notice of it**;
(B) **it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying**; and
(C) the use is allowed by Rule 32(a)(2) through (8).

(2) Impeachment and Other Uses. Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

. . .

(4) **Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds**: . . .

> (B) **that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition . . .**

Fed. R. Civ. P. 32 (emphasis added).

### III.    <u>ARGUMENT</u>

The U.S. Court of Appeals for the Fourth Circuit thoroughly analyzed the application of Fed. R. Civ. Pro. 32 in *Tatman v. Collins*, 938 F.2d 509 (4th Cir. 1991). In that case, a motorist suffered a brain aneurysm when his vehicle was rear-ended by a tractor-trailer near Winfield, West Virginia. Nearly a year later, the aneurysm ruptured and the motorist died. The motorist's wife subsequently filed suit against the driver of the tractor-trailer and his employer in the U.S. District Court for the Southern District of West Virginia, sitting in Charleston.

During discovery, the defendants deposed the deceased motorist's treating physician, who was located in Columbus, Ohio. The physician testified that the motorist's ruptured aneurysm was causally related to the injuries he received in the collision. Due to a scheduling conflict, the physician was unable to testify at the trial. The motorist's wife sought to introduce the physician's testimony at trial via his deposition due to the scheduling conflict and the fact that the physician was located over 100 miles away from the place of the trial. The Court excluded the deposition because it was taken early in the litigation and because Columbus, Ohio, was within 100 miles of the Court's geographical boundaries. In the absence of the physician's testimony, the Court granted the defendants a directed verdict on the wrongful death claim.

On appeal, the U.S. Court of Appeals reversed the order excluding the physician's testimony from trial explaining, in relevant part, as follows:

> Fed. R. Civ. P. 32 provides that a deposition may be offered at trial, subject to the rules of evidence, as though the witness were present and testifying, and **no distinction is now made in the rule with respect to the purpose for which the deposition was taken**. While the rule makes distinctions in the circumstances when

depositions of parties and witnesses may be used, **it provides in section (a)(3) that when a witness is unavailable as therein provided, the deposition of the witness may be used for any purpose**. Parties cognizable of the rule can overcome limitations of the deposition format and its timing in the discovery process by appropriate cross-examination, objections, and motions as permitted by Rules 30 and 32 (both of which govern depositions), Rule 29 (regarding stipulations), and Rule 26 (governing discovery in general). **When, as here, the witness' deposition was duly noticed and all parties had the opportunity to attend (and did attend), it may be introduced at trial, subject to the rules of evidence, if the witness is unavailable as described in Rule 32(a)(3). It is irrelevant to the issue that one party or the other initiated the deposition, that it was initiated only for discovery purposes**, or that it was taken before other discovery was completed.

*Tatman*, 938 F.2d 509, 511 (emphasis added).

U.S. Magistrate Judge J. Mark Coulson applied this same analysis in the context of a witness specifically designated as an expert in *Hauser v. Powell*, No. 17-cv-3844-JMC, 2022 U.S. Dist. LEXIS 167622 (D. Md. Sep. 15, 2022):

Defendant Powell acknowledges that **Rule 32(a)(4) allows a party to use a deposition for any purposes under circumstances such as this where the opposing party had an opportunity to participate in the deposition and the deponent is more than 100 miles away from the courthouse so as to be beyond subpoena power for trial appearance purposes, absent the sponsoring party's "procurement" of the witnesses' absence. Fed. R. Civ. P. 32(a)(4)(B)**. Defendant Powell also acknowledges that *Tatman v. Collins*, 938 F.2d 509 (4th Cir. 1991) would appear to support use of the deposition under similar circumstances. However, Defendant Powell attempts to distinguish the present case from *Tatman* on two grounds: (1) Dr. Herman was designated as an expert, and (2) because Defendant Powell's deposition of Dr. Herman was for discovery purposes, it was more open-ended and solicitous than counsel's cross examination at trial would be. As to that latter point, Defendant Powell suggests that deposition excerpts under such conditions give undue weight to Dr. Herman's opinions since those opinions were elicited by Defense Counsel.

The Court acknowledges Defendant Powell's concerns, which echo similar concerns by some legal scholars. *See*, *e.g.*, Steven D. Parman, Twisting the Purposes of Discovery: Expert Witnesses and the Deposition Dilemma, VAND. L. REV., November 1983, at 1616. However, as Plaintiff points out, **Rule 32(a) does not distinguish between expert and other depositions, or whether the purpose of the deposition was for discovery or for use of trial. Further, Tatman reinforced that interpretation despite similar arguments from the opposing party in that case both as to the type and purposes of the proffered deposition.** *Tatman*, 938 F.2d at 510-511; *see also Holman v. Greyhound Lines, Inc.*, *et al.*, No.

21-112-BAH, 2022 U.S. Dist. LEXIS 95577, 2022 WL 1720152, at 7 (D. Md. May 27, 2022).

> **To the extent that Defendant Powell is concerned that the deposition excerpts will be presented out of their appropriate context, Rule 32(a)(6) provides the opportunity to introduce other portions as necessary**. Therefore, the Court will permit the use of Dr. Herman's deposition testimony, and Defendants will have the opportunity to introduce other portions of that deposition testimony as necessary.

*Hauser*, No. 17-CV-3844-JMC, 2022 WL 4280578, at *1 (D. Md. Sept. 15, 2022) (emphasis added); *see also Payne Inc. v. Bore Express, Inc*., No. 1:21-cv-00048-JMC, 2023 U.S. Dist. LEXIS 148966, at *3 (D. Md. Aug. 22, 2023) (permitting the use of an expert's deposition at trial where the expert was unavailable due to death).

The expert depositions at issue in the case at bar fall squarely within Rule 32's requirements and the decisional law cited above. The Claimants' use of the expert depositions in their case in chief satisfies Rule 32(a)(1) because: 1) Petitioners' counsel noticed, were present for, and took each of the depositions at issue; 2) the Claimants will use the depositions only to the extent they are admissible under the Federal Rules of Evidence as if the deponents were present and testifying; and 3) the use is allowed by Rule 32(a)(4)(B) because the witnesses are over 100 miles away from the Courthouse, are out of the county, or both. *See Tatman*, *Hauser*, and *Payne, Inc*., *supra*. Claimants have every right to use the deposition testimony under the rules and ask that the Court issue a ruling confirming as much, reserving any rulings on specific testimony when and if that testimony is proffered at trial.

### III.    CONCLUSION

For the reasons set forth herein, Claimants respectfully move this Court for an Order admitting certain expert witness testimony via video deposition at trial. A proposed Order has been affixed to this instant Motion *in Limine.*

Respectfully submitted,


/s/ *Daniel O. Rose*
Daniel O. Rose
Kevin Mahoney
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
drose@kreindler.com
kmahoney@kreindler.com
T: (212) 973-3414
*Lead Counsel for Personal Injury and*
 *Wrongful Death Claimants*


/s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel O. Schwartz
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
T: (312) 214-7900
*Lead Counsel for Local Government*
 *Claimants*


/s/ *Todd D.* Lochner
Todd D. Lochner
LOCHNER LAW FIRM, P.C.
7076 Bembe Beach Road;
Suite 201 Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
T: (443) 716-4400
*Lead Counsel for Private Economic Loss*
 *Claimants*