**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**PETITIONERS' BRIEF IN OPPOSITION TO CLAIMANTS' MOTION FOR ADMISSION OF CERTAIN EXPERT WITNESS TESTIMONY VIA VIDEO DEPOSITION AT TRIAL**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners") submit this Memorandum of Law further to the Court's Order dated May 6, 2026, (ECF No. 741), and in opposition to the Motion *in Limine* filed by counsel for the Private Economic Loss, Local Government, Personal Injury and Wrongful Death groups in this action (collectively "Claimants") seeking the admission of certain expert witness testimony via video deposition at trial. ECF No. 744.

For the reasons set forth below, the Court should exercise its discretion to preclude the Claimants from introducing or relying on the opinions of experts retained by now-settled parties the State of Maryland and Ace American Insurance Company ("Ace") (together, the "Settled

Claimants"), or on testimony relating to those opinions.[1] As expressly stated in Claimants' motion, Settled Claimant the State of Maryland, which "acquired all of" of Ace's witnesses "will not voluntarily permit its experts to testify live on behalf of the Personal Injury / Wrongful Death, Public Economic Loss or Local Government groups, **given that their bar to testifying at trial was, apparently, a term of the settlement**." Cl. Br. At 1 (emphasis added).  For the sake of good order, Petitioners confirm this was a term of their settlement with the State of Maryland.

As will be discussed further below, parties are well within their rights to restrain the testimony of retained experts upon settlement. It is telling that Ace tendered its experts to the State of Maryland, but the State of Maryland did not do the same for the remaining Claimants. This was no oversight: the Injury/Death Claimants and the Economic Loss Claimants have all asserted claims against the State of Maryland and, although they cooperated to a degree in this matter, are actually adverse vis-à-vis each other.

This explains why the Claimants retained their own experts on *all* of the same issues covered by the Settled Claimants' experts. The parties' agreement and the State of Maryland's intentions with respect to the further use of their experts' testimony in this matter should be respected, and the deposition testimony of the Settled Claimants' retained experts should not be admitted at trial.

## ARGUMENT

### I. The Court Should Preclude Claimants from Offering Testimony from the Settled Claimants' Expert Witnesses.

This Court plainly has the discretion to preclude Claimants from relying on testimony of experts that were retained by the Settled Claimants. The Federal Rules of Evidence establish that

---

[1] Petitioners' objection extends to the deposition testimony of the Settled Claimants' expert witnesses, as well as the reports authored by those experts and the material cited therein (to the extent not otherwise in the record).

a court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence . . .." Fed. R. Evid. 611(a). Moreover, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Accordingly, a court may exercise its discretion to prohibit a party from relying on deposition testimony of another party's expert witness during trial. *See, e.g., Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999) (applying discretionary standard to prohibit a party's request to call the opposing party's expert as a witness); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 461, 1995 U.S. Dist. LEXIS 3456 (S.D.N.Y. March 20, 1995) (same, inclusive of deposition testimony at n. 2); *In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo. on Nov. 15 1987*, 720 F. Supp. 1493, 1502 (D. Colo. 1989) ("Under Rule 32 and the Rules of Evidence, the admission of deposition testimony in lieu of oral testimony lies in the sound discretion of the trial court."). Specifically with respect to Fed. R. Civ. P. 32, in *Polys v. Trans-Colorado Airlines, Inc.*, the Court of Appeals agreed with defendant that "the district court was not automatically required to admit the deposition testimonies [of two of plaintiffs' expert witnesses] under Federal Rule of Civil Procedure 32(a)([4])(B) just because the witnesses were more than 100 miles away . . .." 941 F. 2d 1404, 1401 (10th Cir. 1991).

The cases relied on by Claimants are readily distinguishable. First, clearly none considers a party's intended use of deposition testimony from a settling party's experts where they have readily available for trial their own experts retained for the same purpose on the exact same topics.

In *Tatman v. Collins*, 938 F.2d 509 (4th Cir. 1991), the court specifically noted that plaintiff's "other critical expert testimony was dependent on" a deposition that had been excluded by the trial court. Thus, such expert testimony was critical to the fact-finding mission. Similarly, in *Hauser v. Powell*, No. 17-cv-3844-JMC, 2022 U.S. Dist. LEXIS 167622, 2022 WL 4280578

(D. Md. Sept. 15, 2022), plaintiff sought to introduce deposition testimony of its *own* expert witness, which was not cumulative of multiple experts retained by parties that were still in the case. And in *Payne Inc. v. Bore Express, Inc.* Civ. No. 1:21-cv-00048, 2023 WL 5408431, at *1 (D. Md. Aug. 22, 2023), the expert retained by one of the parties died, and the party that retained him sought to rely on his deposition testimony at trial *and* to substitute one of the decedent's colleagues in his stead. Magistrate Judge Coulson was mindful of not allowing cumulative testimony and specifically noted the Court's "concerns regarding Plaintiffs' plan to introduce both the deposition testimony of [decedent expert] and the trial testimony of [substitute expert]." Judge Coulson thus directed the plaintiff to choose whether they would prefer to introduce the deposition testimony of the decedent, or the live testimony of the substitute expert. *Id*. at *2.[2] Because here it would be improper for Claimants to rely on expert testimony from the Settled Claimants who expressly agreed not to offer their witnesses at trial, Claimants should not be given such choice, and should also not force the Court to hear cumulative testimony.

In *In re Air Crash Disaster at Stapleton*, "because of the judicial preference for personal testimony in court," the court relied on a five-factor "balancing test" to determine the admissibility of such testimony: (1) offeror's need for the evidence to be presented through the deposition, (2) opportunity provided the opponent to cross-examine the deposition witness on those issues, (3) nature of the evidence to be presented, (4) jury's need to observe the demeanor and credibility of the witness, and (5) actual unavailability of the witness, as distinguished from mere geographic distance from the courthouse. 720 F. Supp. at 1502.

Petitioners are not arguing the plain language of Fed. R. Civ. P. 32 or that there is a difference between a discovery deposition and a trial deposition. Rather, Petitioners contend that

---

[2] The docket of that case indicates that the plaintiff elected to proceed with the substitute expert rather than introduce the decedent expert's deposition testimony. Dkt. No. 166.

4

the particular factual circumstances here warrant the Court's exercising its discretion to conclude that, while the rules of civil procedure *permit* the admission of an expert's deposition testimony, the circumstances of this case weigh against doing so here.

**II.    Settling Parties are Entitled to Place Restrictions on Use of Expert Testimony at Trial.**

Courts have held that the designation of a witness as an expert does not "create an 'entitlement'" of one party to use another party's expert at trial. *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999) (applying discretionary standard to prohibit a party's request to call the opposing party's expert as a witness). Moreover, "[t]here is a strong policy against permitting a non-diligent party from free-riding off the opponent's industry and diligence." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1048 (E.D. Cal. 2002); *see also Rubel*, 160 F.R.D. at 460; *West Virginia ex rel. Ward v. Hill*, 200 W. Va. 270, 277 489 S.E. 2d 24 (W. Va. 1997) ("[t]he remaining defendants had the same opportunity as the settling defendant to select their own expert witnesses and to identify those experts to the plaintiffs, or the defendants could have agreed to a formal arrangement to share expert witnesses. Neither was done in this case.")

In a case with similar procedural facts, the District of Colorado granted plaintiffs' motion to preclude testimony at trial of expert witnesses that had been retained by a defendant that had settled out of the case, and which settlement agreement contemplated that the experts would "have no further role in [the] litigation.[3]" One of the experts had been deposed. The remaining defendant sought to call both settled experts at trial. *Giles v. The Inflatable Store, Inc.*, Civ. No. 07-cv-00401, 2009 WL801729, at *6 (D. Colo. Mar. 24, 2009). Ultimately, the court concluded:

> Having taken a calculated risk to rely on other parties' experts, [defendant] cannot complain when those parties exercised control over their experts and removed them

---

[3] In *Giles*, the settling parties expressly withdrew their designated experts. Here, as Claimants have conceded, preclusion of the Settled Claimants' experts from testifying at trial was part of the Settled Claimants' settlement agreement(s) with Petitioners. These are functionally equivalent for present purposes.

from the case. Allowing [defendant] to use the experts would reward [defendant's] strategic decision and unfairly deprive plaintiffs of their bargain with the Settling Defendants. Thus, the expert testimony of [both experts] should be excluded.

*Id.* at *7.

To paraphrase the *Giles* court, Claimants' predicament is one of their own creation. Claimants could have attempted to retain the Settled Claimants' experts jointly with the Settled Claimants (as the State of Maryland and Ace did with their respective experts), but they did not. *See Giles* at *6. The circumstances here, however, are far less dire for Claimants than for the parties in *Giles* because Claimants *already have* six of their own experts retained and available to testify live at trial on the very same issues. The fact that Claimants might *prefer* the testimony of certain of the Settled Claimants' experts to their own should not permit them to piggyback off the Settled Claimants' efforts or to undermine the Petitioners' settlement with those parties.

Claimants retained their own experts to offer opinions on the issues in dispute and there is simply no need for them to proffer deposition testimony on the same issues from the Settled Claimants' experts.

### III.    All of Claimants Experts Can Testify on the Subject Matter that the Settled Experts Would be Offered For.

Petitioners acknowledge the Court's statement that whether or not testimony is cumulative "has nothing to do with the fact that it was once somebody else's expert. That just has to do with the general rule that you don't get to bring in two, three, four people to say the exact same thing." ECF No. 740 at 112:11-18. However, for the purposes of this briefing and to inform the Court's analysis of this question, it is important that the Court is aware that ***all*** of the Settled Parties' expert testimony would be cumulative of the topics covered by Claimants' experts in their expert reports.[4]

---

[4] Petitioners note that Claimants have their experts John Bloomfield and Melissa Bert listed on their "may call" list, and Settled Claimants' experts on their "expect to call" list. ECF No. 723-5. For the reasons set forth in this brief,

Further, an assessment of the cumulative nature of the experts' specialties and testimony is important at this stage because Claimants should not be permitted to procure the unavailability of their own experts to ensure the Settled Claimants' experts' testimony would not be cumulative thereof.

In *Rubel*, the court considered the question of whether to permit expert testimony from a witness retained by another party to be governed principally by Federal Rule of Evidence 403:

> Although one might debate whether the issue should be dealt with under the Rules of Civil Procedure or the Federal Rules of Evidence and the appropriate standard for allowing a party to call an expert previously retained by the other side, we do not consider such a debate particularly meaningful, as any appropriate standard would involve consideration both of the **degree of need for the testimony by the calling party and of the extent of the prejudice to the party seeking exclusion**. Indeed, Judge Friendly's opinion in *Carter-Wallace, Inc. v. Otte* took a similar approach to an analogous question. In holding that the trial court had not erred in receiving former testimony of expert witnesses, albeit in circumstances that did not involve the special risk of prejudice inherent in calling one previously retained by the adversary, the Court said that **unavailability of an expert witness does not alone justify receipt of the former testimony**. "**There also should be showing . . . that no other expert of similar qualifications is available or that the unavailable expert has some unique testimony to contribute**."

160 F.R.D. 458 at 461 (internal citations omitted) (citing *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 at 536-37 (2d Cir. 1972), *cert. denied*, 412 U.S. 929, 37 L. Ed. 2d 156, 93 S. Ct. 2753 (1973)) (emphasis added). The Court must therefore consider the degree of need (or lack thereof) for the Claimants to use the opinions or testimony of the Settled Claimants' experts. When examining the Claimants' expert reports and deposition testimony, it is clear there is no such need.

All of the Settled Claimants' experts have been designated to testify on essentially the same issues as the remaining Claimants' retained experts. *See Giles*, 2009 WL801729, at *6 (if the experts were "the only experts who could render opinions" on the subjects in question, then "there

---

Claimants should not be permitted to refrain from calling live the experts *they retained* in favor of testimony *on the same topics* by witnesses retained by the Settled Claimants to be presented via video deposition testimony.

may be a more compelling argument that a settlement agreement precluding their testimony has the effect of suppressing relevant evidence," but "that is not the case."). In a case with multiple parties and dozens of experts, the Court should avoid delaying the trial or cluttering the record with needless, duplicative testimony. *Rubel* at 462 (stating that a "Court's interest[s] in avoiding cumulative evidence" is "substantial."). The parties in this litigation designated multiple experts to offer opinions on the key issues in dispute, and the Settled Claimants and remaining Claimants each retained their own experts on all such issues. In their PTO designations, (ECF No. 723-5), Claimants identify the "specialties" on which each proposed expert will testify. As generated in the below compilation of Claimants' stated specialties, all but two of the experts retained by Claimants are offered for the same specialties as Settled Claimants' experts:

| Settled Claimants' Expert | Specialties Identified by Claimants | Claimants' Retained Expert(s) |
|---|---|---|
| Venturella | Marine engineering, regulatory analysis | Dennen, Ramsay |
| Thomas | Compliance with U.S. and International Maritime Laws and Regulations | Bert |
| Winkel | Mechanical Engineering, Vibration Analysis, and Regulations | |
| Eby | Mechanical Engineering and Materials Science | |
| Nadeau | Compliance with U.S. and International Maritime Laws and Regulations | Bert |
| Ayling | Duties of a vessel Captain and Crew, seamanship | Hibbard |
| Rawlings | Marine Engineering and related subjects | Dennen, Ramsay |
| Fernandes | Marine Engineering and related subjects | Dennen, Ramsay |
| Cassidy | Marine Electrical Engineering and related subjects | Bloomfield |

*See* ECF No. 723-5.

While Claimants' descriptions in their Expert Witness List regarding the specialties of each expert witness are broad and generalized, it is clear from the deposition transcripts and the reports issued by the various experts that there is significant overlap in topics such that any testimony offered by the Settled Claimants' expert witnesses would be cumulative of what Claimants' retained experts could testify to. Based on the expert reports and deposition testimony, Settled Claimants' testimony overlaps with Claimants' retained experts as follows:

| Settled Claimants' Expert | Cumulative of Claimants' Experts |
|---|---|
| Venturella | Bloomfield, Dennen, Hibbard, Nielsen, and/or Ramsay |
| Thomas | Bert, Dennen, Hibbard, Nielsen, and/or Ramsay |
| Winkel | Bloomfield, Dennen, Nielsen, and/or Ramsay |
| Eby | Bloomfield, Dennen, Nielsen, and/or Ramsay |
| Nadeau | Bert |
| Ayling | Bloomfield, Dennen, Hibbard, Nielsen, and/or Ramsay |
| Rawlings | Bloomfield, Dennen, Hibbard, Nielsen, and/or Ramsay |
| Fernandes | Bloomfield, Dennen, Hibbard, Nielsen, and/or Ramsay |
| Cassidy | Bloomfield, Dennen, Hibbard, Nielsen, and/or Ramsay |

As the above highlights, the Claimants have designated their own experts to testify on all of the subject matter they would seek to introduce from the Settled Claimants' experts. Accordingly, any suggestion that the remaining Claimants are *entitled* to rely on the Settled Claimants' experts should not stand, especially where the Settled Claimants specifically elected *not* to share their retained experts with the remaining Claimants. Claimants should have relied on

9

no one but their own experts in preparing their case, which is prudent strategy in multi-party litigation where any party may settle at any time and be dismissed from the case before trial.

**IV.  As a Policy Matter, the Remaining Claimants Should Not be Permitted to Use or Rely on the Settled Claimants' Expert Witnesses.**

There also is a practical reason to preclude the Claimants from relying on the expert opinions and testimony of the Settled Claimants' experts. Courts have repeatedly held that there is a strong public policy against permitting non-settling parties from using or relying on the expert witnesses of a settling party. *See, e.g., FMC Corp.*, 196 F. Supp. 2d at 1047 (holding that allowing non-settling parties to use settling parties' expert witnesses "has the potential to discourage settlement in contravention of public policy favoring settlement and to upset the expectations of parties."); *Wolt v. Sherwood*, 828 F. Supp. 1562 (D. Utah 1993) ("To preclude a [party] from buying the expertise of a settling defendant could discourage the settlement process, and frustrate the public policy in favor of settlement."); *Giles*, 2009 WL 801729, at *6 (holding that the "non-settling defendant could not take advantage of the settling defendant's diligent trial preparation and, absent a formal agreement among defendants in a litigation proceeding involving multiple defendants, the [ ] court should not generally permit a settling defendant's expert witnesses to testify for the remaining defendants.") (citation omitted).

As explained in *FMC*:

> [The non-settling party's] counsel are experienced and competent in the field of environmental law. It is indisputable that CERCLA litigation inevitably results in a "battle of the experts." It is inconceivable that [the non-settling party's] counsel could not have known of the need for experts to defeat the opposing parties' claims. Rewarding [the non-settling party] by allowing it to use [the settling party's] experts under these circumstances has the potential to discourage settlement in contravention of public policy favoring settlement and to upset the expectations of parties, the court, and the policy of the law that encourages diligence and discourages profit from the work product and industry of the opponent.

10

196 F. Supp. 2d at 1047. Here, all litigants were represented by experienced and competent lawyers who understand the need for experts in a case of this complexity and magnitude, and they in fact retained numerous experts to testify, as shown above. Under these circumstances, allowing Claimants to pile on with the experts retained by the Settled Claimants serves no legitimate purpose.

Moreover, the Court should take into account the relative unfairness of allowing Claimants to put in deposition transcripts where Petitioners cannot conduct trial cross examination, bearing in mind that the record has developed since these experts were deposed and additional lines of questioning could have been pursued that were not necessarily apparent at the time of their depositions. As noted in *In re Air Crash Disaster at Stapleton*, "the witness's opinions and observations could only be afforded the appropriate weight through complete direct and cross-examination before the finder of fact." 720 F. Supp. at 1502. Moreover, Petitioners will have no opportunity to voir dire the witnesses or to challenge their qualifications as an expert.

**V.     If Claimants' Motion is Granted, Petitioners are Entitled to Object to or Otherwise Challenge such Testimony.**

In the alternative, if the Court permits Claimants to introduce video deposition testimony from the Settled Claimants' experts, Petitioners reserve the right to challenge the relevance and admissibility of such testimony, as well as the qualifications of those experts.

**CONCLUSION**

For the reasons stated above, Petitioners respectfully request that the Court exercise its discretion to deny Claimants' application to admit testimony of the Settled Claimants' experts at trial, and grant Petitioners such other and further relief as may by just and proper.

11

Dated: May 14, 2026

DUANE MORRIS LLP

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200
*Admitted *pro hac vice*

12

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on this 14th day of May 2026, the foregoing Brief in Opposition to Claimants' Motion for Admission of Certain Expert Witness Testimony via Video Deposition at Trial, along with a proposed order, was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com