UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

PETITIONERS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR ENTRY OF DEFAULT

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners"), by undersigned counsel, submit this Memorandum in Support of their Motion for Entry of Default against all non-appearing parties and all non-asserted claims, and state as follows:

I.    **BACKGROUND**

This case arises from the M/V Dali's ("Vessel") allision with the Francis Scott Key Bridge ("Key Bridge") on March 26, 2024 (the "Casualty").

On April 1, 2024, Petitioners filed a Petition for Exoneration from or Limitation of Liability (ECF No. 1) pursuant to the Shipowners Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq.* ("Act") and Supplemental Rule (F), seeking exoneration from and/or limitation of liability for any and all injuries, losses, claims, or damages of whatever description occasioned by or arising out of the Casualty. *See* ECF No. 1. The same day, Petitioners filed a Motion for Other Relief to

Accept Interim Stipulation for Value and Stipulation for Costs and Entry of Restraining Order and Order for Issuance of Notice (ECF No. 2). The Court then issued an Order transferring this matter and all related actions to Chief Judge James K. Bredar (ECF No. 6).

On April 1, 2024, this Court entered its Order Allowing Interim Stipulation for Value and Stipulation for Costs (ECF No. 7), its Restraining Order and Order for Issuance of Notice that Claims be Filed (ECF No. 8) ("Restraining Order") and a Notice to Claimants of Petition for Exoneration from or Limitation of Liability (ECF No. 9) ("Notice"). The Restraining Order directed all potential claimants to file their claims with the Clerk of this Court, located at the United States Court House, 101 West Lombard, Baltimore, MD 21201, and to serve a copy of such claims upon Petitioners' attorneys on or before September 24, 2024. *See* ECF No. 8 ¶ 1. The Restraining Order also directed Petitioners to publish the Notice specified in the Restraining Order in the Baltimore Sun, the Daily Record, and the Washington Post once a week for four (4) successive weeks, and to mail a copy of the Notice to every person known to have made or who may make a claim arising out of the Casualty no later than the day of the second publication. *See id.* ¶ 2. The Notice specifically stated that "failure to file claims with the Clerk and failure to serve claims upon Petitioners' attorneys will result in default." ECF No. 9 at 2.

In accordance with the Court's Restraining Order and Supplemental Rule F(4), Petitioners published the required Notice of this limitation action and claim-filing deadline in the Baltimore Sun, the Daily Record, and the Washington Post once a week for four (4) successive weeks, advising all persons of their right to assert a claim by September 24, 2024, or be in default. *See* Certificate of Publication and Exhibits A, B, and C thereto at ECF No. 195. Petitioners also sent a copy of the Notice to every person known to have any claim against Petitioners or the Vessel, or to their respective attorneys, if known, on July 5, 2024, by first-class mail, postage pre-paid and

2

by electronic mail. *See* Declaration of Laurie G. Furshman, attached hereto as **Exhibit 1**. With respect to the death claims, Petitioners sent the Notice to the decedents at their last known address, and to any person who had made a claim on account of such death, or to their respective attorneys, if known, on July 5, 2024, by first-class mail, postage pre-paid and by electronic mail. *See id.*

The deadline for receipt of claims and answers was September 24, 2024 (ECF No. 8). *See* Supplemental Rule F(5). Nearly 50 claims were timely filed prior to September 24, 2024, including claims by the State of Maryland and its agencies that owned/operated the Bridge, as well as personal injury and wrongful death claims related to the individuals working on the Key Bridge at the time of the Casualty. This Court also extended the claim filing deadline for certain cargo interests to November 22, 2024, upon request made before the original deadline. *See* ECF Nos. 391, 436 (noting, in paragraph 7, "In no event shall any late filed cargo claim be accepted after November 22, 2024.").

Therefore, pursuant to the Court's Restraining Order, an entry of default of all claims arising from the Casualty not yet presented and against all persons and entities not yet appearing in this matter is proper. *See* Proposed Entry of Default Against Non-Appearing Parties and Non-Asserted Claims, attached hereto as **Exhibit 2.**

The Phase 1 trial is scheduled to begin with all remaining parties on June 1, 2026.

## II.    LEGAL ANALYSIS

The purpose of the Act is two-fold. First, a limitation action will bring all claims within the *concursus* so that a court shall decide whether a vessel owner is entitled to exoneration or to limit its liability. Second, by bringing all claims within a *concursus*, the parties will be provided with the opportunity to evaluate and resolve claims. *In re: Exoneration from Liability of Shell Oil Co.*, 780 F. Supp. 1086, 1091, 1992 AMC 2062 (E.D. La. 1991). As part of this process, any potential claims not filed within the specified notice period are subject to default pursuant to Supplemental

Rule F; courts routinely enter such default after expiration of the specified time period for filing claims. *See* Supplemental Rule F(5) (stating that all claims "shall be filed and served on or before the date specified in the notice provided for in subdivision 4 of this rule."); *see also e.g., In re Koch* ("*Koch I*"), No. 8:25-CV-300-WFJ-NHA, 2025 WL 2774405, at *2 (M.D. Fla. Sept. 12, 2025), *report and recommendation adopted*, 2025 WL 2771064 (M.D. Fla. Sept. 29, 2025); *Buie v. Naviera Chilena Del Pacifico, S.A.*, No. 86-2622, 86-2664, 1987 WL 37943 (4th Cir. June 24, 1987); *In re Cangiano,* 411 F. Supp. 3d 234, 240–43 (D. Conn. 2019).

After the deadline for filing a claim or answer has expired, a limitation plaintiff/petitioner may move for entry of default under Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a)[1] ("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "[I]n Limitation of Liability Actions, entry of Clerk's default is warranted against each party who fails to file a claim within the period designated by the Court, provided that the petitioner has supplied the required notice." *Koch I*, 2025 WL 2774405, at *2;

As stated above, the Notice issued in this matter explicitly stated that "failure to file claims with the Clerk and failure to serve claims upon Petitioners' attorneys will result in default." ECF No. 9 at 2. Petitioners published and mailed the Notice as required by this Court's Restraining Order and Supplemental Rule F. *See* ECF No. 195; *see also* Ex. 1 ¶¶ 2-4. Nearly 50 claims were timely filed prior to September 24, 2024, including claims by the State of Maryland and its agencies that owned/operated the Key Bridge, as well as personal injury and wrongful death claims

---

[1] The Federal Rules of Civil Procedure apply to admiralty claims unless they are inconsistent with the Supplemental Admiralty Rules. *See* Supplemental Rule A(2); *see also e.g.,* LAR(c)(4) (which permits a plaintiff to move for entry of default under Fed. R. Civ. P. 55(a) after the time for filing a claim or answer has expired and to move for judgment under Fed. R. Civ. P. 55(b) at any time after defaulted has been entered); *In re Koch*, 2025 WL 2774405, at *2 ("Federal Rule of Civil Procedure 55 is not inconsistent with the Supplemental Admiralty Rules governing limitation of liability actions.").

related to the individuals working on the Key Bridge at the time of the Casualty. This Court granted a limited extension to November 22, 2024, for certain cargo interests, *see* ECF No. 436, which subsequently filed claims.

III.    **CONCLUSION**

WHEREFORE, for the foregoing reasons, Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd respectfully request that the Court direct the Clerk of Court to enter the proposed Order Entering Defaults Against Non-Appearing Parties and Non-Asserted Claims attached as **Exhibit 2** to this Motion and/or such other Order entering defaults as to all non-appearing parties and non-asserted claims occasioned by, incurred during, or arising from the Vessel's voyage and/or allision with the Key Bridge on March 24, 2026 as the Court deems appropriate. Petitioners note that the entry of such defaults—and the subsequently anticipated default judgment—will also aid the parties continuing efforts to resolve claims in advance of the Phase 1 trial.

Dated: May 15, 2026                                             DUANE MORRIS LLP

                                                               /s/ *Laurie G. Furshman*
                                                               Laurie G. Furshman (Bar No. 29604)
                                                               LGFurshman@duanemorris.com
                                                               Robert B. Hopkins (Bar No. 06017)
                                                               RBHopkins@duanemorris.com
                                                               Tristan A. Dietrick (Bar No. 31238)
                                                               TDietrick@duanemorris.com
                                                               1201 Wills Street, Suite 330
                                                               Baltimore, MD 21321
                                                               (410) 949-2900

                                                               BLANK ROME LLP

                                                               Luke M. Reid (Bar No. 31228)
                                                               Luke.Reid@blankrome.com
                                                               125 High Street, 3rd Floor

Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Admitted *pro hac vice*

6