**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**DECLARATION OF ANAND SASHIDHARAN**

I, Anand Sashidharan, declare as follows:

1. I am employed as the Group General Counsel for Synergy Marine Pte Ltd ("Synergy"), one of the Petitioners in this matter. I am an attorney duly admitted to practice in India.

2. My duties as Group General Counsel include oversight of outside litigation involving Synergy, including the captioned matter.

3. I understand that the following Synergy (or Synergy affiliate) employees were identified by Petitioners to Claimants as their most likely fact witnesses at the upcoming trial, and that they would also be called in Claimants' case in chief:

   - Balaji Vanmeekesan (Fleet Manager)

   - Rajesh Inigo (QHSE Manager)

   - Capt. Melroy Dsouza (Marine Superintendent)

- ▪ Ranjan Sham Shetty (Fleet Manager – Synergy Maritime Recruitment)

- ▪ Capt. Ravi Sekhar BV (Marine Manager/Designated Person Ashore)

- ▪ Capt. Ajith Kumar (Managing Director)

4. There are a number of other witnesses listed on Petitioners' "may call" list, but except for Capt. Ravi Sekhar, Petitioners do not presently plan to call any of those witnesses at trial.

5. The above-listed individuals are all employees who had varying levels and scope of responsibility in connection with the management of the M/V DALI. With the exception of Capt. Ajith Kumar, discussed below, none of the identified individuals are officers, directors, or managing agents of the company. Rather, they are all mid-level employees who provide varying levels of technical supervision and assistance depending on their qualifications and experience. For instance, technical superintendents are typically responsible for about 5 ships; marine superintendents are responsible for about 10 ships, and the Fleet Manager, Marine Manager and QHSE manager are responsible for between 45-60 vessels, all out of a global fleet of approximately 650 vessels within the Synergy Group.

6. Capt. Kumar is a Managing Director of Synergy, though is not on the Board of Directors, and sat for depositions both in his capacity as Managing Director and as Synergy's corporate designee.

7. I have spoken with each of the identified individuals about testifying in this matter. Further, each has had the opportunity to speak with separate U.S. counsel. All of these individuals have expressed to me that, based on their discussions with counsel, they will not travel to the U.S. testify at trial.

2

8. The main reason these employees do not want to travel to the United States of America to give trial testimony is that they are concerned they would be detained by the U.S. government as material witnesses and/or face personal jeopardy due to the recent criminal indictment of Synergy, a Synergy affiliate, and one of their colleagues. The individuals fear that, if detained, they would not be able to return home for a very long time. In this respect, they are all well-aware that several crew members have been in Baltimore for over two years – unwillingly – pursuant to a Security Agreement with the government.

9. The Security Agreement's requirement to maintain crew members in the United States continues until they are repatriated after the latter of the following: (1) all related cases are declined (not applicable in light of the recent indictment); (2) depositions are taken in accordance with Rule 15 of the Federal Rules of Criminal Procedure after indictments or information have been returned and the United States advises the witness's presence is no longer necessary; or (3) judgment has been entered and sentencing is complete on all related cases.

10. For the Synergy employees in India and Singapore, being detained in the United States would negatively affect their well-being, as they would be away from their homes and families for a significant period of time.

11. Such detention, if it occurred, would also be of significant detriment to Synergy as these employees would not be able to perform many of their usual duties.

12. Further, after consulting with independent counsel, each of the identified individuals expressed serious reservations about testifying by video, though they are still conferring with counsel on this point.

13. Based on my discussions with the above individuals, they may be willing to travel to the United States or at least appear remotely if the Department of Justice would grant them immunity in the criminal proceedings or otherwise ensure that they would not be detained or face individual charges.

14. All of the above individuals are Indian citizens with Indian passports and are based in Synergy Maritime Pvt. Ltd.'s office at Chennai, except for Capt. Ajith Kumar and Balaji Vanmeekesan who are both Indian citizens with Indian passports, but are based in Singapore.

15. Under Indian law and, I understand, under Singaporean law, Synergy cannot force these employees to travel to the United States to testify at trial in a foreign litigation.

I make this Declaration pursuant to 28 USC §1746.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:   May 18, 2026
    Singapore      Anand Sashidharan