**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| |
|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability |

Civ. No. 24-00941-JKB

*IN ADMIRALTY*

**CLAIMANTS' RESPONSE TO**
**PETITIONERS' SECOND MOTION TO STAY CIVIL PROCEEDINGS**

Claimants stand ready to begin trial on June 1, 2026. Given the recent settlements that have been presented to this Court, however, they agree that there is efficiency to be gained by staying the action as the United States' criminal case against Petitioners proceeds. Indeed, a criminal conviction would likely make the trial unnecessary, as it would conclusively demonstrate that Petitioners cannot invoke the protection of the Limitation of Liability Act. 46 U.S.C. §30505(b).

Additionally, the criminal proceedings have the potential to significantly impact the application of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). *See Barber Lines A/S v. M/V Donau Maru*, 764 F.2d 50 (1st Cir. 1985) (Breyer, J.) (explicitly recognizing an intentional torts exception to *Robins Dry Dock* by holding that plaintiffs who cannot recover for foreseeable economic loss based on a negligently caused oil spill could recover if the oil spill was intentional); *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, n.1 (9th Cir. 1994) (citing *Dick Meyers*

*Towing Service, Inc. v. U.S.*, 577 F.2d 1023 (5th Cir. 1978)) (referring to cases of intentional torts as a "classic exception" to *Robins Dry Dock*). See *generally In re Deepwater Horizon,* 784 F.3d 1019 (5th Cir. 2015) (holding that the Fifth Circuit has recognized an exception to *Robins Dry Dock* for "criminal or intentional conduct"), *accord Amoco Transport Co. v. S/S Mason Lykes*, 768 F.2d 659, 666 (5th Cir. 1985) ("*Robins Dry Dock* means that there can be no recovery for economic losses caused by **unintentional** maritime torts absent physical damage….") (emphasis added); *Showa Line, Ltd. v. Diversified Fuels, Inc.,* 1991 WL 211527 (E.D. La. 1991) (denying a motion for summary judgment based on *Robins Dry Dock* because the Claimant made allegations of fraud and other intentional torts that "[took] the claims out of the *Robins Dry Dock* parameters"); *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409 (5th Cir. 2008) (citing *Showa*, 1991 WL 211527 at *1) (recognizing that in the absence of physical injury or intentional torts, a claimant was not eligible for relief under *Robins Dry Dock*).

Thus, allowing the criminal proceeding to progress will promote judicial economy, given the impact that those proceedings will have on both this limitation proceeding and the eventual motion practice relating to the *Robins Dry Dock* issue in Claimants' affirmative cases.

Petitioners request to presently engage in *Robins Dry Dock*-related motion practice asks this Court to ignore the above-cited cases, which demonstrate that the needed analysis under *Robins Dry Dock* will be informed by and benefit from the outcome of the criminal proceedings. Claimants respectfully aver that Petitioners' argument also must fail in light of the disposition of this case so far—discovery has, by the Court's Order, not proceeded into damages issues (CMO #3), including issues relevant to a *Robins Dry Dock* analysis—and because federal law making clear that damages issues should be reserved for courts of claimants' choosing following the

limitations proceeding.[1]  Put another way, the "reason for enjoining state court suits is to distribute effectively a limited fund in a single proceeding, not to 'transform the (Limitations) Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common law rights.'"  *Id* at 723, citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957).

Should the Court, however, wish to entertain such argument regarding the ability to litigate *Robins Dry Dock* issues during the proposed stay, Claimants respectfully request the Court set an appropriate briefing schedule to allow the parties to fully explain their positions. Such an important issue should not be decided hastily.

<u>**CONCLUSION**</u>

For the foregoing reasons, the motion to stay should be granted, and the case stayed in full pending the disposition of the Federal Government's criminal proceeding.

 Dated:  May 30, 2026

Respectfully submitted,

/s/ *Adam J. Levitt*
Adam J. Levitt
Diandra "Fu" Debrosse
Daniel R. Schwartz
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
(312) 214-7900

***Lead Counsel for Local
Government Claimants***

---

[1] *See, e.g., Fecht v. Makowski*, 406 F.2d 721, 722 (5th Cir. 1969) (where "no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the savings to suitors clause"). *See also* 28 U.S.C. § 1333.

/s/ *Todd D. Lochner*
Todd D. Lochner (25691)
**LOCHNER LAW FIRM, P.C.**
7076 Bembe Beach Road; Suite 201
Mailbox 6
Annapolis, Maryland 21403
tlochner@lochnerlawfirm.com
(443) 716-4400

*Lead Counsel for Private*
*Economic Loss Claimants*


/s/ *Terry L. Goddard, Jr.*
Terry L Goddard, Jr.
**SKEEN & KAUFFMAN LLP**
9256 Bendix Road Suite 102
Columbia, Maryland 21045
tgoddard@skaufflaw.com
(410) 625-2272

*Lead Counsel for Cargo Claimants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of May 2026, a copy of the foregoing response brief was served via the court's CM/ECF system on all counsel of record.

/s/ *Adam J. Levitt*
Adam J. Levitt

4