**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Petition<br><br>of<br><br>GRACE OCEAN PRIVATE LIMITED, as Owner of the M/V DALI,<br><br>and<br><br>SYNERGY MARINE PTE LTD, as Manager of the M/V DALI,<br><br>for Exoneration from or Limitation of Liability. | Docket No. JKB 24-cv-941<br><br>*IN ADMIRALTY* |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION TO DISMISS THE CLAIM FILED BY TIMOTHY MARK WILSON FOR FAILURE TO PROSECUTE**

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd (collectively "Petitioners"), through undersigned counsel BLANK ROME LLP and DUANE MORRIS LLP, hereby submit this Memorandum of Law in support of their Motion to Dismiss the Claim Filed by Timothy Mark Wilson for Failure to Prosecute.

## I.      BACKGROUND

This case arises from the M/V Dali's ("Vessel") allision with the Francis Scott Key Bridge ("Key Bridge") on March 26, 2024 (the "Casualty"). On April 1, 2024, Petitioners filed a Petition for Exoneration from or Limitation of Liability pursuant to the Shipowners Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq.* ("Act") and Supplemental Rule (F), seeking exoneration from and/or limitation of liability for any and all injuries, losses, claims, or damages of whatever description occasioned by or arising out of the Casualty. See ECF No. 1.

On September 24, 2024—the day of the claim-filing deadline pursuant to this Court's Restraining Order (ECF No. 8)—Claimant Timothy Mark Wilson ("Claimant") filed a "Claim of Timothy Mark Wilson for Losses Incurred" (the "Claim") (ECF No. 206). Claimant alleges that he resides in Brisbane, Australia. *Id.* at 1. He alleges he is "the owner of a container of household goods that were aboard [the Vessel] and were significantly delayed to the incident." *Id.* at 2. He claims damages totaling $6,054 AUD (approximately $4,265 USD as of the date of this filing). *Id.* at 3. He further requests "to reserve the right to pursue future damages, up to the full value of $83,405, as I have not received evidence that my container is accounted for and undamaged." *Id.*

Claimant has not filed a single pleading since filing his Claim. Claimant has never responded to Petitioners' discovery requests. Petitioners' counsel has emailed Claimant regarding the status of his discovery responses and requesting a settlement demand. Claimant has never responded to Petitioners' counsel or otherwise made any efforts to advance his case.

On April 3, 2025, Petitioners served requests for production of documents on Claimant. *See* Petitioners' First Set of Document Requests to Cargo Claimants, attached hereto as **Exhibit A**; *see also* Email from Petitioners' counsel of record dated April 3, 2025, attached hereto as **Exhibit B**. Claimant never responded to the discovery requests. *See* Email from Petitioners' counsel of record dated May 14, 2026, attached hereto as **Exhibit C**. Petitioners' counsel followed up with Claimant numerous times. *See* Emails from Petitioners' counsel of record dated September 11, 2025 (**Exhibit D**), May 14, 2026 (**Exhibit E**), and May 28, 2026 (**Exhibit F**). Claimant has never responded to Petitioners' counsel's correspondence. *See* attached Declaration of Noe S. Hamra.

Petitioners have settled—or claimants have dismissed—the claims filed by every other cargo claimant. *See* Petitioners' Supplemental Notice filed May 31, 2026 at ECF No. 834. Despite

Petitioners' best efforts to contact Claimant, ascertain the basis for his claims, evaluate his alleged damages, and procure a settlement demand, Claimant has remained unresponsive. Claimant's Claim is the only outstanding claim pertaining to lost or damaged cargo.

II.    **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 41(b), if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The trial court has the "inherent power" to dismiss an action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). This "judicial power derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir.) (quoting *Link*, 370 U.S. at 630–31); *see also, e.g.*, *Kenney v. California Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) (recognizing authority of federal district courts to dismiss for want of prosecution in admiralty cases); *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir. 1968) (same); *In re Societa Italiana De Armamento*, 210 F. Supp. 444, 450 (E.D. La. 1962) (dismissing claim in limitation action under former "counterpart of Civil Rule 41(b) in Admiralty).

The Fourth Circuit has identified four criteria to guide a district court in determining whether dismissal for failure to prosecute is warranted:

> (1) the degree of **personal responsibility** . . . **of the plaintiff**; (2) the amount of **prejudice to the defendant** caused by the delay; (3) the presence or absence of a drawn out **history of deliberately proceeding in a dilatory fashion**; and (4) the **effectiveness of sanctions less drastic** than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (emphasis added) (internal quotation marks and citation omitted). These criteria do not constitute "a rigid four-prong test. Rather, the propriety of

3

a [Rule 41(b)] dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

In this case, all four criteria counsel in favor of dismissal. First, Claimant has full personal responsibility as a pro se claimant. This Court designated lead counsel for the Cargo claimants (ECF No. 409), but lead counsel was not responsible for prosecuting Claimant's individual claim. Moreover, Claimant has failed to participate in this litigation altogether. He has refused to respond to discovery or otherwise communicate with Petitioners' counsel. *See* Exhibits C–F.

Second, Petitioners are significantly prejudiced by Claimant's delay because it will prevent the resolution of this action. Petitioners have settled with the vast majority of claimants. The remaining claimants' damages are limited to economic loss[1] and, therefore, are likely to be resolved during the Court's impending decision as to *Robins Dry Dock*.

Third, Claimant has demonstrated a history of inaction. Claimant has failed to file any pleadings since his Claim, appear in court, respond to discovery requests, or respond to correspondence from Petitioners' counsel. Such conduct represents not only dilatory action, but complete stagnation. Claimant has demonstrated no intent to prosecute his claim.

Fourth, dismissal with prejudice is the only effective sanction to achieve resolution of this matter. Claimant resides in Australia and is outside the jurisdiction of this Court. He has failed to respond to correspondence from counsel. He has not participated in this matter other than filing his initial claim. Any lesser sanction will be inconclusive and futile.

Accordingly, the Claim of Timothy Mark Wilson should be dismissed with prejudice.

---

[1] The City of Baltimore maintains a "very specific and easily cabined portion of their case" that "claim[s] a discrete loss for injury to physical property." *See* Transcript dated June 1, 2026, 10:1–3; *see also* ECF No. 844 (Notice of Filing of Transcript).

**III.     CONCLUSION**

WHEREFORE, Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd respectfully request that the Court enter an order dismissing Claimant's Claim (ECF No. 206) with prejudice for failure to prosecute.

Dated: June 15, 2026                                   DUANE MORRIS LLP

/s/ *Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
LGFurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
RBHopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
TDietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900

BLANK ROME LLP

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra*
Noe.Hamra@blankrome.com*
Neil P. McMillan*
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

*Admitted *pro hac vice*