### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **In the Matter of the Petition of GRACE** | * | **Civ. No. 24-0941-JKB** |
| **OCEAN PRIVATE LIMITED, *et al.*, for** | * | |
| **Exoneration from or Limitation of** | | ***IN ADMIRALTY*** |
| **Liability** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM AND ORDER

Timothy Mark Wilson, proceeding pro se, filed a claim in this case. (ECF No. 206.) Petitioners have filed a motion to dismiss for lack of prosecution (ECF No. 857), and the Court issued an order advising Mr. Wilson of that motion and that he must file a response in opposition by June 29, 2026 (ECF No. 860). The Court further advised Mr. Wilson that his failure to file an opposition could result in the dismissal of his claim without any further notice. (ECF No. 860.)[1] Mr. Wilson has not filed any opposition, nor has he otherwise appeared in this case other than to file his claim in September 2024. His claim will be dismissed for lack of prosecution.

Federal Rule of Civil Procedure 41(b) provides that, if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[2] And "[a]lthough Rule 41(b) of the Federal Rules of Civil Procedure provides an

---

[1] Although Mr. Wilson consented to electronic service via EDSS, the Court also directed the Clerk to mail a copy of the Order to Mr. Wilson to ensure its receipt. Further, the Clerk's Office advised the Court that Mr. Wilson's email address was incorrect on the docket. As such, Mr. Wilson may not have received notice of docket filings electronically. However, the emails attached to Petitioners' motion to dismiss for lack of prosecution include Mr. Wilson's correct email address. (ECF No. 857-3–7.) Accordingly, Mr. Wilson may move for reconsideration of this ruling to the extent that he can demonstrate that he did not receive filings through no fault of his own.

[2] Given that this is a limitation of liability action, the parties here are petitioners and claimants rather than plaintiffs and defendants. However, the Court treats the Federal Rules and case law addressing a plaintiff's failure to prosecute as instructive in determining whether to dismiss Mr. Wilson's claim. Pursuant to the injunction issued in this case (ECF No. 8) and the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, claimants in a limitation of liability action—like plaintiffs in ordinary civil cases—incur certain obligations to pursue their claims or risk dismissal.

explicit basis for" dismissing a case, "it is not the source of that inherent power." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). That power "derives from the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citation and internal quotation marks omitted). Courts must weigh "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citation and internal quotation marks omitted). Courts need not apply this test rigidly, but rather weigh these four factors in view of the facts of each case. *Id.*

Dismissal is appropriate here. Mr. Wilson filed a claim in September 2024 but otherwise has not participated in this case. He apparently has not responded to any of Petitioners' several emails regarding discovery or settlement. (ECF Nos. 857-2–7.) He likewise did not respond to this Court's Order advising him to file an opposition to Petitioners' motion to dismiss for lack of prosecution. Nearly all claims—other than those to which a pending Motion for Judgment on the Pleadings is directed—have been settled and dismissed from this action. While dismissal is a drastic sanction, given that Mr. Wilson has not responded to Petitioners' emails nor to an Order of this Court, no less drastic sanctions will be effective.

Accordingly, it is ORDERED that Mr. Wilson's Claim (ECF No. 206) is DISMISSED with prejudice.

DATED this _8_ day of July, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

2