**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| |
|---|
| In the Matter of the Petition <br><br> of <br><br> GRACE OCEAN PTE LTD., as Owner of the M/V DALI, <br><br> and <br><br> SYNERGY MARINE PTE LTD, as Manager of the M/V DALI, <br><br> for Exoneration from or Limitation of Liability. |

Docket No. JKB 24-cv-941

*IN ADMIRALTY*

**PETITIONERS' REPLY TO MUKESH DESAI, ON BEHALF OF R.M.  METALS, A DIVISION OF R.M. CREATIONS, INC.'S OPPOSITION TO MOTION FOR <u>JUDGMENT ON THE PLEADINGS</u>**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ballard Shipping Co. v. Beach Shellfish*,
   32 F.3d 623 (1st Cir. 1994)................................................................................................1, 2

*In re Deepwater Horizon*,
   784 F. 3d 1019 (5th Cir. 2015) ............................................................................................2

*Nautilus Marine, Inc. v. Niemela*,
   170 F.3d 1195 (9th Cir. 1999) ............................................................................................3

**Statutes**

Clean Water Act, 33 U.S.C. §§ 1251-1387....................................................................................1

**Other Authorities**

The Law of Torts § 29 (2d ed. 2011) ...........................................................................................2

Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd. (collectively "Petitioners") submit this Memorandum of Law in Reply to Claimant Mukesh Desai, on behalf of R.M. Metals, a Division of R.M. Creations, Inc.'s ("R.M. Metals") Opposition to Petitioners' Motion for Judgment on the Pleadings. ECF No. 874. This brief incorporates by reference Petitioners' Replies to the Oppositions filed by the Mayor and City Council of Baltimore's ("City of Baltimore") (ECF No. 876), Baltimore County (ECF No. 872) and Private Economic Loss Claimants ("PEL Claimants") (ECF No. 873), (collectively "Claimants"), which are filed contemporaneously with this Reply.

## ARGUMENT AND AUTHORITY

As explained in Petitioners' Memorandum of Law in Support of their Motion (ECF 856-1) and other Replies filed contemporaneously, Claimants' suggestion that any alleged intentional or criminal acts preclude the application of the rule of *Robins Dry Dock* lacks support. In *dicta* in a handful of cases, courts have discussed the *possibility* that the intentional act exception *could be applied* more broadly, but no cases have actually held that an exception related to intentional acts is warranted. Here, R.M. Metals cites to no caselaw and merely incorporates the PEL Claimants' brief, which only touches on the topic. *See* ECF No. 873 at 17-18. In fact, the caselaw is clear that there is no available "criminal exception" to *Robins Dry Dock*.

In *Ballard Shipping Co. v. Beach Shellfish*, an oil tanker ran aground off the coast of Rhode Island, spilling hundreds of thousands of gallons of oil. *See* 32 F.3d 623, 624 (1st Cir. 1994). The captain and the shipping company pled guilty to criminally negligent violations of the Clean Water Act and paid over $10 million in fines and cleanup costs. *Id.* Shellfish dealers alleging severe economic losses brought a lawsuit alleging violations of, *inter alia*, general maritime law. *Id.* The First Circuit affirmed the dismissal of the general maritime law claims based on *Robins Dry Dock*, holding that the claims did not fit into the "recognized exception[]" for claims based on "economic

1

losses that are intentionally caused." *Id.* at 625. Effectively, the court held that criminal negligence did not bar application of *Robins Dry Dock. See id.*

In *In re Deepwater Horizon*, the court rejected arguments that BP's alleged obstruction of a congressional investigation relating to the casualty overcame *Robins Dry Dock. See* 784 F. 3d 1019, 1024 (5th Cir. 2015). The court's analysis explicitly noted that the parties claiming economic losses would need to demonstrate that the intent required to prove the crime needed to "speak to" intent to cause the relevant damage. *Id.* at 1025 (citing Dan B. Dobbs et al., The Law of Torts § 29 (2d ed. 2011) ("Intent is not a general state of mind. One has a purpose to accomplish, or a substantial certainty of accomplishing one or more specific objectives. The defendant might intend to touch and also intend his touching to have harmful effects. These are two different intents.")).

Here, there are no allegations that Petitioners had any intent to cause the damage in question. As set forth in Petitioners' Memorandum of Law, "[n]ot only is there no evidence, there is quite simply no rational explanation as to why Petitioners would intentionally run the Vessel into the Key Bridge in order to interfere with the various Economic Loss Claimants' businesses, or to interfere with the City of Baltimore's tax revenues." ECF No. 856-1 at 15.[1]

---

[1] Moreover, this Court has, on the record, already expressed skepticism with Claimants' position in the following exchange from the June 1 hearing:

> MR. LOCHNER: However, one of the reasons that things must move forward, in our view, and the reason we stand here as a clinical matter, saying it's a better idea to let the criminal case come to fruition, is because that criminal -- whether it's a guilty plea, whether it is an actual trial, that all bears on the *Robins* analysis. And we believe that it is impossible for you to do that analysis without having either the benefit of the criminal outcome or, as well, if you wanted to do so, you could hang your hat on the single piece of fraud along with the other items that we would be able to prove in a criminal trial. And there are hosts of them. But the one that is most egregious is the one that I'm referring to. So the case law is not just intentional tort. That's why I think we need some briefing on whether or not this should even be heard as a *Robins*.
>
> THE COURT: I've read your cases, and I'm not seeing much. Even the Louisiana case, the BP case, it's not doing much for you.

(June 1, 2026 Tr. at 31:3-21).

As noted in Petitioners Memorandum of Law and as expressly called out in *Nautilus Marine, Inc. v. Niemela*, 170 F.3d 1195, 1197 (9th Cir. 1999):

> Nautilus's problem is that, because of the nature of its injury, its true claim of injury is for interference with its contractual relation. It cannot show that such interference was intentional, and therefore actionable notwithstanding *Robins*, because the tortfeasor did not know of the contract. Accordingly, it has attempted to convert its claim into one for intentional allision with the [vessels]. But that tactic yields it nothing, because *Robins* precludes Nautilus from recovering solely because of an intentional tort to the owner of the [vessels]. Of course, if O'Hara had intentionally allided with those vessels in order to interfere with Nautilus's contract, we would have a different case. But an intent to allide with the [vessels] does not equate to an intent to interfere with Nautilus's contract. The latter intent has not and cannot be shown.

*See* ECF 856-1 at 14.

## CONCLUSION

For the reasons set forth herein, and in Petitioners' Memorandum of Law in Support of their Motion for Judgment on the Pleadings, the Court should grant Petitioners' motion and dismiss R.M. Metals' claim as a matter of law and should grant Petitioners such further relief as may be appropriate.

Dated: July 20, 2026

DUANE MORRIS LLP

*/s/ Laurie G. Furshman*
Laurie G. Furshman (Bar No. 29604)
Lgfurshman@duanemorris.com
Robert B. Hopkins (Bar No. 06017)
Rbhopkins@duanemorris.com
Tristan A. Dietrick (Bar No. 31238)
tdietrick@duanemorris.com
1201 Wills Street, Suite 330
Baltimore, MD 21321
(410) 949-2900
BLANK ROME LLP

Luke M. Reid (Bar No. 31228)

Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Noe S. Hamra
Noe.Hamra@blankrome.com*
Neil P. McMillan
Neil.McMillan@blankrome.com*
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200
*Admitted *pro hac vice*

4

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on this 20th day of July 2026, the foregoing Reply to Mukesh Desai, on behalf of R.M.  Metals, a Division of R.M. Creations, Inc.'s Opposition to Motion for Judgment on the Pleadings was filed in the United States District Court for the District of Maryland via the Court's CM/ECF filing system, which will provide notice of this filing to all counsel of record.

<u>/s/ <i>Laurie G. Furshman</i></u>
Laurie G. Furshman (Bar No. 29604)
LGFurshman@duanemorris.com

5