**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

In the Matter of the Petition

        Of

GRACE OCEAN PRIVATE LIMITED,           Docket No. JKB 24-cv-941
as Owner of the M/V Dali,

                                   *IN ADMIRALTY*

        And

SYNERGY MARINE PTE LTD, as
Manager of the M/V Dali,

for Exoneration from or Limitation of Liability

**CLAIMANT BALTIMORE COUNTY'S SURREPLY TO PETITIONERS' REPLY TO BALTIMORE COUNTY'S OPPOSITION TO JUDGEMENT ON THE PLEADINGS AS TO ALL PURELY ECONOMIC LOSS CLAIMS**

Pursuant to the Court's order permitting the County to submit a surreply (ECF No. 893), Claimant Baltimore County ("Claimant" or "the County"), through its undersigned counsel, respectfully submits this Surreply to Petitioners' Reply to Baltimore County's Opposition to Judgement on the Pleadings As To All Purely Economic Loss Claims (ECF No. 879) ("Reply Brief"), filed on July 20, 2026.

**PRELIMINARY STATEMENT**

Petitioners' novel assertion in their Reply Brief that any portion of the County's damages are barred under the "Free Public Services Doctrine" is without foundation. Petitioners failed to make this argument in their opening brief, introducing it for the first time on reply, thus necessitating this Surreply. Because Petitioners could foresee the potential relevance of the argument at the time they filed their motion and failed to raise it, the Court may disregard

Petitioners' arguments. If the Court is inclined to consider Petitioners' arguments, the Court should reject them because they misstate the law. In addition, Petitioners' Reply Brief fails to contend with established principles of loss-shifting and other exemptions under *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927) in relation to the County's claims and operates with an inadequate and legally unsupported construction of "proprietary interest," as well as misstating the legal principles guiding the Court's evaluation of the Oil Pollution Act ("OPA"), Md. Code Ann., Envt § 4-401(c)(2)(vii), and 46 U.S. § 2304, and other authorities relied upon by the County. Because Petitioners' arguments on these points have not been raised for the first time on reply, the County adds no further argument in this Surreply concerning them, other than to note that Petitioners fundamentally misstate the law and draw mistaken conclusions from their tortured and misleading readings of statutory and judicial authorities.

<u>**ARGUMENTS AND AUTHORITY**</u>

I. **Petitioners raise novel arguments in their Reply that should not be considered by the Court.**

In their Reply Brief, Petitioners raise for the first time the argument that the County may not recover for damages it sustained in its search and rescue efforts necessitated by the Casualty on the grounds that such recovery would violate the Free Public Services Doctrine (the "Doctrine"). Reply at 2. Not only does this argument fail on its merits (as discussed in greater detail below), but it should not be considered by the Court at all, given that it was not timely raised. "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006); *see also Hamed v. Saul*, 432 F. Supp. 3d 610, 613 (E.D. Va. 2020) ("The Fourth Circuit has made clear that ordinarily it is improper to consider arguments raised for the first time in a reply brief because it would be unfair to the appellee and would risk an

improvident or ill-advised opinion on the legal issues raised.") (internal quotations and citation omitted); *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

Petitioners' argument regarding the purported applicability of the Doctrine presents no unique or extenuating circumstances. The County detailed the damages it suffered as a result of the Casualty, including those related to its extensive search-and-rescue efforts, in its initial *Claim Pursuant to Supplemental Federal Rule F(5) In Relation to The Francis Scott Key Bridge*,1:24-cv-00941-JKB, Doc. 171 ¶¶ 63-81, 102 (Sept. 24, 2024). As such, Petitioners have been on notice as to the scope of the County's claims relating to its search-and-rescue efforts since at least September 2024. If Petitioners believed the Doctrine should apply to limit or preclude the County's recovery of such damages, it could and should have said so in its opening brief. Petitioners have failed to raise any arguments that such damages should be limited or barred under the Doctrine—or even that the doctrine exists within Maryland or the Fourth Circuit, which is itself an unsupported proposition—until its Reply. Accordingly, the Court need not and should not consider Petitioners' arguments on this point now, as the argument was waived.

## II. Petitioners' argument that the County may not recover damages under the Free Public Services Doctrine is without foundation.

Even if the Court were to consider Petitioners' argument regarding the Free Public Services Doctrine, Petitioners' argument fails as a matter of law. Tellingly, Petitioners do not cite to, and the County has been unable to locate, any caselaw or other authority from either Maryland or the Fourth Circuit recognizing or affirmatively applying the doctrine. Indeed, in the only case in which a court within this Circuit has discussed the doctrine, it declined to apply or otherwise address it. *City of Charleston, W. Va. v. Joint Comm'n*, 473 F. Supp. 3d 596, 614 (S.D.W. Va. 2020). In addition, insofar as the Doctrine would necessarily be a creature of state law (if, contrary to fact,

Maryland had adopted it), this Court's position as an admiralty court in this litigation would likely prevent it from applying it anyway.

While Petitioners characterize the Doctrine as "broadly-accepted" (Reply at 2), the doctrine itself is far from universally adopted or mechanically applied across state and federal jurisdictions. *See, e.g.*, *Cherokee Nation v. McKesson Corp.,* 529 F. Supp. 3d 1225, 1234 (E.D. Okla. 2021) (declining to bar public-entity plaintiff's recovery claims under the doctrine on the grounds that, (1) "there are no Oklahoma cases adopting this doctrine to preclude the recovery of costs related to public services[,]" (2) "abatement of a public nuisance is a legitimate basis for recovery related to the performance of public services[,]" and (3) "other state courts have rejected application of this doctrine where the harms arise from allegedly continuous, persistent, and ongoing wrongful conduct . . .") (internal citations omitted); *In re Nat'l Prescription Opiate Litig.*, 458 F. Supp. 3d 665, 685 (N.D. Ohio 2020) (rejecting the Doctrine as a bar to public-entity plaintiff's claims, citing to prior jurisdictional caselaw similarly declining to adopt the Doctrine, and reiterating the inapplicability of the Doctrine where a defendant's conduct has "resulted in new and additional costs for protecting the public welfare that [go] far beyond what a government entity might ordinarily be expected to pay.") (internal quotations and citations omitted); *City of Martinsville v. OptumRX, Inc.*, 116 Va. Cir. 305 (2026) (noting that "[t]here is no case on point from either the Supreme Court of Virginia or the Court of Appeals" pertaining to the Doctrine); *see also In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 645 (N.D. Cal. 2020).

Where the Doctrine does apply (*i.e.*, in jurisdictions, unlike Maryland, where it has been adopted), as Petitioners' own authorities show, it serves only to restrict recovery by public-entity plaintiffs of "costs of routine … services," and *not* extraordinary or unusual costs, *not* damage to

the plaintiff's own property interests, *not* to injuries to the public health and welfare, and *not* to costs relating to services mandated by or consistent with independent legal duties, such as environmental statutes. *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099, 1146 (Ill. 2004) (applying Doctrine to prevent recovery by public-entity plaintiff of costs of "routine" services while noting that the Doctrine does not restrict recovery of many other categories of costs or damages). Even if the Doctrine could be applied in this case—and it cannot, for reasons already adduced—it would not operate to restrict or limit, let alone preclude, the County's recovery of any category of damages or other relief sought in this action. The costs and damages and other relief sought by the County here are not "routine" costs but extraordinary and unusual costs necessitated by an unforeseen and unforeseeable series of tortious events that simply do not happen every day, every week, every month, every year, or even every decade. Moreover, the County has introduced support for the claim that its own property interests have been invaded by Petitioners' malfeasance, that injuries to the public health and welfare are at stake in this case, and that the County's costs relate directly to services provided and property utilized (and lost) pursuant to independent legal duties, including environmental and other statutes such as OPA, Md. Code Ann., Envt § 4-401(c)(2)(vii), and 46 U.S. § 2304.

In short, even if the Court were to consider Petitioners' novel argument raised as to the applicability of the Free Public Services Doctrine to the County's claims at bar, the argument would not prevail as it is without foundation and inapplicable to the instant case.

## CONCLUSION

For the foregoing reasons, the Court should reject Petitioners' arguments concerning the Free Public Services Doctrine and, for reasons stated herein as well as in the County's opposition

to Petitioners' motion for judgment on the pleadings, deny Petitioners' motion as to Baltimore County.

Date: July 31, 2026

Respectfully submitted,

/s/ *Kyle J. McGee*
Kyle J. McGee

**BALTIMORE COUNTY OFFICE OF LAW**
James R. Benjamin, Jr. (Bar No. 27056)
jrbenjamin@baltimorecountymd.gov
Jennifer R. Frankovich (Bar No. 26052)
jfrankovich@baltimorecountymd.gov
401 Washington Avenue, Suite 219
Towson, Maryland 21204
Tel. (410) 887-4420
Fax. (410) 296-0931

**BEKMAN, MARDER, HOPPER, MOORE & QUINN, L.L.C.**
Paul D. Bekman (Bar No. 00019)
bekman@mdtrialfirm.com
1829 Reisterstown Road, Suite 200
Baltimore, MD 21208
Tel. (410) 539-6633
Fax.: (410) 625-9554

**GRANT & EISENHOFER P.A.**
Kyle J. McGee (*pro hac vice*)
kmcgee@gelaw.com
123 S. Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax.: (302) 622-7100

*Attorneys for Claimant Baltimore County*

**CERTIFICATE OF SERVICE**

In compliance with Local Rule 102.1(c), I hereby certify that on the 31st day of July, 2026,

I electronically filed the foregoing pleading with the Clerk of Cert by using the CM/ECF system,

which will send notice of electronic filing to all counsel who are CM/ECG participants.


/s/ *Kyle J. McGee*