**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **In the Matter of the Petition of GRACE OCEAN PRIVATE LIMITED, *et al.*, for Exoneration from or Limitation of Liability** | * * * * * | **Civ. No. 24-0941-JKB** <br> ***IN ADMIRALTY*** |

* * * * * * * * * * * *

# MEMORANDUM

On August 25, 2026, the Court docketed a Memorandum and Order disposing of most of the remaining claims in this case (the "Memorandum and Order"). (ECF Nos. 906, 907.) The Mayor and City Council of Baltimore (the "City") has filed a Motion to Certify Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Maintain Existing Stay Pending Appellate Review ("Motion to Certify"). (ECF No. 930.) Petitioners Grace Ocean Private Limited and Synergy Marine Pte Ltd. do not oppose, "[g]iven the posture of the overall case, and the numerous appeals noticed by the other remaining claimants in this matter[.]" (ECF No. 940.) For the reasons that follow, the Motion will be granted.

## I. Background

On April 1, 2024, Petitioners filed suit seeking the protections of the Shipowners' Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501–30, in relation to the March 26, 2024, allision of the M/V Dali with the Francis Scott Key Bridge. (ECF No. 1.) More than fifty claims arising from the allision were filed. This case was scheduled for a bench trial on the question of Petitioners' entitlement to exoneration from or limitation of liability. (*See* ECF No. 438.)

Shortly before trial, most of the claims that were then still pending were settled, leaving only two categories of claims: those filed by Local Government Claimants (the City and the

County of Baltimore) and by Private Economic Loss Claimants. (*See* ECF No. 827.) Petitioners filed a motion to stay the proceedings, which the Court granted. (*See* ECF Nos. 840.) The Court vacated the trial date and "grant[ed] a stay to permit the parties to brief and to permit the Court to consider the applicability of *Robins Dry Dock & Repair Company v. Flint*, 275 U.S. 303 (1927) to the remaining claims." (*Id.*)

Petitioners filed a Motion for Judgment on the Pleadings as to All Purely Economic Loss Claims. (ECF No. 856.) The Court largely granted the motion and dismissed nearly all of the remaining claims, with only limited exceptions. (ECF Nos. 906, 907.) As to the City, the Court concluded:

> [I]ts claim will survive, though narrowed: the Court holds that the City may continue to assert claims for damage to the water main it owns, lying beneath the span of the Patapsco that the Key Bridge once spanned, and other damages flowing therefrom. But the City's claim will be dismissed as to the remainder of its damages—including increased maintenance and repair costs resulting from damage to its streets, lost tax revenue resulting from reduced local business activity, and others . . .

(ECF No. 906 at 19.)

Nearly all of the claimants that had claims dismissed have filed notices of appeal. (ECF Nos. 914, 917–920, 926.) The City has filed the pending Motion to Certify. (ECF No. 930.) It seeks certification with respect to "two controlling questions of law":

> 1. Whether a limitation court may adjudicate and dismiss portions of a claimant's substantive maritime claim before determining the vessel owner's entitlement to limitation, where the claimant remains before the court on a viable physical-damage claim and has preserved its rights under the Saving to Suitors Clause.
>
> 2. Whether, on a Rule 12(c) motion, general maritime law permits dismissal of a claim alleging physical damage to property in which the claimant has a proprietary interest based on the conclusion that the alleged causal chain is too remote to support recovery.

(*Id.* at 5–6.)

## II. Legal Standards

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Once a district judge has so determined, "[t]he Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order . . ." *Id.* Thus, "a district court may only certify an interlocutory order for appeal if: (1) it involves a controlling question of law; (2) there exists a substantial ground for difference of opinion as to that question; and (3) the interlocutory appeal would materially advance the ultimate termination of the litigation." *EMCOR Grp., Inc. v. Great Am. Ins. Co.*, Civ. No. ELH-12-0142, 2013 WL 12243950, at *1 (D. Md. May 30, 2013) (quotation marks omitted). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930. The Fourth Circuit has "cautioned that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quotation marks and citation omitted).

## III. Analysis

The Court will grant the pending Motion, as it is "of the opinion that [the Memorandum and Order] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b).[1]

Because the Court concludes that the first question posed by the City meets the § 1292(b) standard, it does not address the second question. As the Supreme Court has explained, an appellate court's jurisdiction with respect to an appeal taken pursuant to § 1292(b) "applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis in original). So, while the Court of Appeals here could not "reach beyond the certified order to address other orders," "it may address any issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court." *Id.* (quotation marks and citation omitted, emphasis in original). Thus, the Court need not conclude that both questions posed by the City meet the § 1292(b) standard to certify the Memorandum and Order for appeal.

**A. Controlling Question of Law**

The first question posed by the City is a "controlling question of law." 28 U.S.C. § 1292(b).

---

[1] A threshold issue not addressed in the briefing is that 28 U.S.C. § 1292(b) applies to "an order not otherwise appealable under this section" and that § 1292(a)(3) provides that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." The parties do not address whether the Memorandum and Order is appealable under § 1292(a)(3) (and the Court notes that Baltimore County filed a direct appeal to the Court of Appeals pursuant to that provision). However, this does not prevent the Court from certifying the Memorandum and Order. As explained in Wright & Miller:

> There is no point in certifying appeal of an order clearly appealable under § 1292(a) or other subsections of § 1292. If appeal is not available under § 1292(a), on the other hand, certification under § 1292(b) may cure defects in § 1292(a) or respond to special needs in particular cases. *And in cases of doubt it is proper to ensure appealability by certifying the order under § 1292(b).* If appeal proves available as a matter of right, the § 1292(b) appeal can be put aside as redundant, and if need be the petition for permission to appeal can be treated as a notice of appeal.

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3929.1. (footnotes omitted) (emphasis added). Thus, the Court proceeds with the § 1292(b) analysis.

"[Section] 1292(b) review may be appropriate where the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Michaels*, 848 F.3d at 340–41 (quotation marks and citation omitted). The question is one of law, as it does not involve a "genuine issue of fact" or the question of "whether [this Court] properly applied settled law to the facts or evidence of a particular case." *Id.* at 341 (quotation marks and citation omitted). Rather, it is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Price v. Atl. Ro-Ro Carriers, Inc.*, Civ. No. CCB-11-1735, 2014 WL 7358729, at *1 (D. Md. Dec. 22, 2014).

The question is also controlling: if the Court of Appeals concludes that the Court did not have the authority to adjudicate and dismiss portions of the City's claim prior to determining Petitioners' entitlement to limitation, those portions of its claim would be reinstated. *See Fitch v. Maryland*, Civ. No. PJM 18-2817, 2022 WL 2106101, at *2 (D. Md. June 10, 2022) ("A ruling can . . . be controlling it if controls many aspects of the proceedings in substantial respects, particularly the scope of the discovery." (citation, quotation marks and alterations omitted)); *Sealed Plaintiff 1 v. Front*, Civ. No. 22-00670, 2024 WL 3642414, at *2 (E.D. Va. Aug. 2, 2024) ("A legal issue is controlling if it could materially affect the outcome of the case." (citation omitted).)

**B. Substantial Ground for Difference of Opinion**

While the Court believes its ruling was correct, there "is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion may exist where there is a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits, or where a court's challenged decision conflicts with decisions of several other courts." *Coal. For Equity & Excellence in Maryland Higher Educ. v. Maryland Higher Educ. Comm'n,*

Civ. No. CCB-06-2773, 2015 WL 4040425, at *6 (D. Md. June 29, 2015).

The Court agrees with the City that there is substantial ground for difference of opinion. In the Memorandum and Order, the Court concluded that it could assess "*Robins'* impact on economic loss claims before a determination on limitation was made." (ECF No. 906 at 17 (citing *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, 835 F. Supp. 2d 175, 183 (E.D. La. 2011), *aff'd sub nom. In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014); *Petition of Cleveland Tankers, Inc.*, 791 F. Supp. 669, 678–79 (E.D. Mich. 1992); *Complaint of Nautilus Motor Tanker Co.*, 900 F. Supp. 697 (D.N.J. 1995)).) But it also recognized that "other courts have postponed the assessment of *Robins* issues until after deciding limitation, as this Court previously indicated it would (ECF No. 438)." (*Id.* at 17 (citing *In re Skanska USA Civ. Se. Inc.*, No. 3:20-cv-5980/LAC/HTC, 2021 WL 4955040, at *9 (N.D. Fla. Jul. 28, 2021), *aff'd*, 75 F.4th 1290 (11th Cir. 2023).) While the Court reasoned that "such deferrals have stood on grounds of prudence and efficiency, not prohibition," (*id.* at 17–18), the Court also recognizes that courts—including the Fourth Circuit Court of Appeals—have underscored the "limited purpose" of the Limitation of Liability Act. *See, e.g.*, *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985); *see also Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999) (describing the typical procedure in a limitation of liability action).

Thus, the Court concludes that there is a substantial ground for difference of opinion with respect to this important threshold question in the context of a complicated limitation of liability action. The Court so concludes particularly because "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930. Indeed, "[i]f proceedings that threaten to endure for several years

depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." *Id.*

**C. Materially Advances the Ultimate Termination of the Litigation**

Further, appellate review of the City's question "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "In determining whether immediate appeal would advance termination of the litigation, courts may look to whether early appellate review might avoid protracted and expensive litigation." *Sealed Plaintiff 1*, 2024 WL 3642414, at *3 (internal quotation marks and citation omitted). "Courts employ a case-specific analysis to determine whether the time and expense saved on interlocutory appeal would materially advance the ultimate termination of the litigation." *Id.* (internal quotation marks and citation omitted).

A decision from the Court of Appeals would provide clarity as to the scope of the City's claims in the limitation action. Certification will permit resolution of the threshold question of which claims are still live before the Court proceeds to a lengthy and costly trial on the question of whether Petitioners are entitled to limitation. In addition, the Court has made no secret of the fact that it has crafted the proceedings in this case in such a way as to encourage settlement. (*See, e.g.*, ECF No. 438 at 3.) And most claimants have in fact settled their claims. Clarity as to the scope of the City's claims would likewise encourage settlement, and thus could materially advance the ultimate termination of this litigation.

Importantly, this is an unusual case, as the other claimants whose claims were fully or partially dismissed in the Memorandum and Order have filed direct appeals to the Court of Appeals. Thus, there is no danger that certifying the Memorandum and Order will result in the sort of piecemeal litigation against which the general prohibition on interlocutory appeals guards. In fact, the practical reality is that *denying* certification of the Memorandum and Order for appeal

risks a fragmented appellate review of the issues in this case.

**D. Stay**

28 U.S.C. § 1292(b) provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." A stay is appropriate here, where much of this case has already been appealed, where no party opposes a stay, and where the next logical step in this case would be to reschedule a lengthy trial on the limitations issue. *See Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 953 (D. Md. 2019) (considering the "balance of the equities" in determining whether a stay is appropriate).

## IV. Conclusion

For the reasons set forth above, the Memorandum and Order will be certified for appeal and the case will be stayed. The City and the Petitioners will be directed to file a joint status report within three months.

DATED this 9 of November, 2026.

BY THE COURT:

James K. Bredar
United States District Judge